1  Robert Tauler (SBN 241964)
2  Leticia Kimble (SBN 262012)
   Tauler Smith LLP
3  626 Wilshire Blvd., Suite 510
   Los Angeles, California 90017
4  Tel: (310) 492-5129
   rtauler@taulersmith.com
5  leticia.kimble@taulersmith.com

6

7  Attorneys for Plaintiff
   OUTLAW LABORATORY, LP
8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **SOUTHERN DISTRICT OF CALIFORNIA**

12

13
   OUTLAW LABORATORY, LP, a          CASE NO.  '18CV0840 GPC BGS
14 Texas limited partnership,

15             Plaintiff,             **COMPLAINT FOR:**

16 vs.                                **(1)   FALSE ADVERTISING IN
                                             VIOLATION OF THE
17                                           LANHAM ACT § 43 (a)(1)(B))**
   DG IN PB, LLC dba QUIK CORNER
18 LIQUOR, a California Corporation,
   KACHI ENTERPRISES INC. dba        **[DEMAND FOR A JURY TRIAL]**
19 HILLTOP LIQUOR, a California
   Corporation, T&M LIQUOR, INC.
20 dba THE BOULEVARD WINE AND
21 SPIRITS, a California Corporation,
   MAIN CALIF, INC. dba MAIN
22 STREET LIQUOR #4, a California
   Corporation, PACIFIC BEACH GAS,
23 INC., a California Corporation, R&M
24 PALM, INC. dba PALM PLAZA
   LIQUOR, a California Corporation,
25 ZAYA ENTERPRISES INC dba
26 NEW WAY LIQUOR, a California
   Corporation, SUMMER'S LIQUOR,
27 INC., a California corporation,
28

COMPLAINT

| | |
|---|---|
| 1 | FOUNTAIN TRADING CORP dba MIDWAY WINE & SPIRITS, a California corporation, JOHN IBRAHIM dba SEA TRADER LIQUOR & DELI, a California corporation, EASHOU, INC. dba SAN DIEGO CASH & CARRY, a California corporation, and DOES 1 through 100, inclusive, |
| | Defendants. |

Plaintiff Outlaw Laboratory, LP, a Texas limited partnership ("OLP" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants DG IN PB, LLC dba QUIK CORNER LIQUOR, a California Corporation, KACHI ENTERPRISES INC. dba HILLTOP LIQUOR, a California Corporation, T&M LIQUOR, INC. dba THE BOULEVARD WINE AND SPIRITS, a California Corporation, MAIN CALIF, INC. dba MAIN STREET LIQUOR #4, a California Corporation, PACIFIC BEACH GAS, INC., a California Corporation, R&M PALM, INC. dba PALM PLAZA LIQUOR, a California Corporation, ZAYA ENTERPRISES INC dba NEW WAY LIQUOR, a California Corporation, SUMMER'S LIQUOR, INC., a California corporation, FOUNTAIN TRADING CORP dba MIDWAY WINE & SPIRITS, a California corporation, JOHN IBRAHIM dba SEA TRADER LIQUOR & DELI, a California corporation, EASHOU, INC. dba SAN DIEGO CASH & CARRY, a California corporation, and Does 1-100 (collectively, the "Defendants"), and in support thereof avers as follows:

## INTRODUCTION

1. Defendants are engaged in a scheme to distribute and sell "male enhancement" pills containing undisclosed pharmaceuticals to the general public. Specifically, Defendants offer for sale various sexual enhancement products, including but not limited to Black Mamba, Rhino 25K 15000, Boss-Rhino Gold X-tra Strength, Rhino 5 1500, Bl4ck 4k Capsules, Rhino 7 Platinum 5000, Rhino 12 Titanium 6000, New Stiff Nights Platinum 10K, Grande X 5800, Royal Honey VIP, Blue Diamond, Triple Green, Libigrow XXXTREME, Rhino 7 Platinum 3000, Extreme Diamond 3000, Libigirl, Libigrow, Herb Viagra, Hard Ten Days, Rhino 12 Titanium 6000, Rhino 8 Platinum 8000, and OrgaZen 3500 (collectively, the "Enhancement Products"). All of the Enhancement Products have been the subject of laboratory testing and public announcements by the FDA, which found these products to contain hidden drug ingredients such as sildenafil (a prescription drug), desmethyl carbodenafil (an analogue

of sildenafil), dapoxetine (an unapproved anti-depressant drug) and tadalafil (a prescription drug), among other dangerous undisclosed ingredients.

2. The Enhancement products are distributed by individuals and business entities, including, without limitation, EASHOU, INC. dba San Diego Cash & Carry (the "Supplier Defendants") through retail stores which are named herein as co-defendants (the "Retail Defendants"). Plaintiff has sent letters to each of the Retail Defendants making demands that they cease and desist from the illicit activity. The Retail Defendants have not complied with the demands.

3. The Retail Defendants profit from the sale of the Enhancement Products by disseminating false statements including that the Enhancement Products are "all natural," contain "no harmful synthetic chemicals," "no prescription necessary," and have limited side effects. Aside from these patently false statements, Defendants have failed to disclose the true nature of the Enhancement Products to their customers, even though they are aware of the dangerous secret ingredients.

4. Plaintiff is the manufacturer of competing products called "TriSteel" and "TriSteel 8hour," which are DSHEA-compliant male enhancement products made in the USA and distributed for sale in all 50 US States.

5. The proliferation of mislabeled male enhancement pills has grown in the shadows of intermittent enforcement of nutritional supplement laws. In this regard, the FDA has issued several public notices regarding the use of sildenafil in over the counter "male enhancement" supplements, but has only taken action on a handful of cases. The Supplier Defendants and the Retail Defendants have taken full advantage of this regulatory landscape, making significant profits selling dangerous products while openly engaging in illicit activity.

6. Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the scheme detailed herein. As such, Defendants have knowingly and materially participated in a false and misleading

advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe when in reality, Defendants are well aware that the Enhancement Products contain hidden drug ingredients.

7. Defendants' false and misleading statements and advertising pose extreme health risks to consumers in at least two ways. First, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of the sildenafil and other drug ingredients hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are not made aware they contain sildenafil.

8. Defendants have knowingly and materially participated in false and misleading marketing, advertising, dissemination and labeling to promote and sell the Enhancement Products, giving consumers the false impression that these products are safe and natural dietary supplements when in reality Defendants know that the Enhancement Products contain synthetic prescription drug ingredients that pose serious health dangers when taken without the supervision of a licensed medical professional.

9. Such false and misleading marketing and advertising is dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. Consumers of the Enhancement Products have little or no incentive to use natural, legitimate and safe sexual performance enhancement products, such as Plaintiff's TriSteel or TriSteel 8hour, until they are harmed or Defendants' Enhancement Products are taken off of the shelves. Defendants' continuing false, misleading, and deceptive practices have violated the

Lanham Act and have unjustly enriched Defendants at the expense of Plaintiff, and have harmed Plaintiff's commercial interests, including but not limited to, loss of revenue, disparagement and loss of goodwill.

10. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Enhancement Products, disgorgement of Defendants' profits, treble damages, punitive damages and attorneys' fees provided by the Lanham Act.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction).

12. This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products, including but not limited to the Enhancement Products, in the United States, the State of California and this district. Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district and the Retail Defendants are all located in this district.

## PARTIES

14. Plaintiff Outlaw Laboratory, LP is a Texas limited partnership organized under the laws of the State of Texas.

15. Defendant DG in PB, LLC dba Quik Corner Liquor is a California limited liability company with its principal place of business at 1059 Garnet Avenue, San Diego California 92109.

16. Defendant Kachi Enterprises, Inc. dba Hilltop Liquor is a California corporation with its principal place of business located at 2499 Market Street, San Diego California 92102.

17. Defendant T&M Liquor, Inc. dba The Boulevard Wine and Spirits is a California corporation with its principal place of business located at 4245 El Cajon Blvd., San Diego California 92105.

18. Main Calif, Inc. dba Main Street Liquor #4 is a California corporation with its principal place of business located 2996 National Ave, San Diego, California 92113.

19. Defendant Pacific Beach Gas, Inc. is a California corporation with its principal place of business located at 4404 Ingraham Street, San Diego, California 92109.

20. Defendant R&M Palm, Inc. Dba Palm Plaza Liquor is a California corporation with its principal place of business located at 3329 Palm Ave., San Diego, California 92154.

21. Defendant Zaya Enterprises, Inc. dba New Way Liquor is a California corporation with its principal of business located at 5591 University Avenue, San Diego, California 92105.

22. Defendant Summer's Liquor, Inc. is a California corporation with its principal place of business located at 4602 Park Blvd., San Diego, California 92116.

23. Defendant Fountain Trading Corporation dba Midway Wine & Spirits is a California corporation with its principal place of business located at 3040 Midway Drive, San Diego, California 92110.

24. Defendant John Ibrahim dba Sea Trader Liquor & Deli is a California corporation with its principal place of business located at 1403 Ebers Street, San Diego, California 92107.

25. Defendant EASHOU, INC. dba San Diego Cash & Carry is a California corporation with its principal place of business located at 1090 E Washington Ave., El Cajon, California 92020.

26. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-100, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

### Sildenafil

27. The FDA has approved sildenafil for treatment of erectile dysfunction. However, because of known side effects, drug interactions and contraindications, the FDA has deemed sildenafil to be a prescription drug that can only be administered under the supervision of a medical professional.

28. The serious side effects of sildenafil include, for example, priapism (i.e., prolonged penile erections leading to tissue death and potential permanent erectile dysfunction), severe hypotension (i.e., low blood pressure), myocardial infarction (i.e., heart attack), ventricular arrhythmias, stroke, increased intraocular pressure (i.e., increased eye fluid pressure), anterior optic neuropathy (i.e., permanent optic nerve damage), blurred vision, sudden hearing loss, and dizziness.

29. The serious negative drug interactions of sildenafil include, for example, (i) interacting with alkyl nitrites and alpha-1 blockers to cause angina and life-threatening hypotension, (ii) interacting with protease inhibitors to increase the incidence and severity of side effects of sildenafil alone, and (iii) interacting with erythromycin and cimetidine to cause prolonged plasma half-life levels.

30. In addition to these risks, contraindications of sildenafil include underlying cardiovascular risk factors (such as recent heart surgery, stroke or heart attack) since

consumption of sildenafil by individuals with these conditions can greatly increase the risk of heart attack.

31. Because of these dangerous side effects, drug interactions and contraindications, the advice and authorization of appropriate licensed medical professionals is absolutely crucial for the safe consumption of sildenafil. Without such safeguards, the consequences can be dire; the sale of mislabeled sildenafil in similar circumstances has led to multiple deaths reported in the media.

### Defendants' Scheme

32. The Supplier Defendants are wholesale suppliers and distributors of various sexual enhancement supplements, which are often imported from China, rarely disclose any manufacturer information on their packaging and contain hidden drug ingredients. The Enhancement Products are generally sold in single-pill form. The Supplier Defendants distribute the Enhancement Products through a network of Retail Defendants, detailed herein, who own and operate independent businesses selling the Enhancement Products, disseminate false claims about the Enhancement Products, and profit from the sale of dangerous products to consumers at a large markup on each pill.

33. The Supplier Defendants contact retailers such as the Retail Defendants and offer the Enhancement Products for sale. The Enhancement Products are high-margin products and as such are situated at or near the checkout counter. The Enhancement Products are all subject to FDA public announcements regarding their illicit contents; however, the Retail Defendants still participate in their sale, due to their profitability.

### Defendants' False Statements Regarding The Enhancement Products

34. DG in PB, LLC dba Quik Corner Liquor owns and operates the retail location at 1059 Garnet Avenue, San Diego California 92109, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Black Mamba, Rhino 25K 15000, Boss- Rhino Gold X-tra Strength, Rhino 5 1500, and Bl4ck 4k capsules.

35. Kachi Enterprises, Inc. dba Hilltop Liquor owns and operates the retail location at 2499 Market Street, San Diego California 92102, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000, Rhino 12 Titanium 6000, Black Mamba, New Stiff Nights Platinum 10K, Grande X 5800 and Rhino 8 Platinum 8000.

36. T&M Liquor, Inc. dba The Boulevard Wine and Spirits owns and operates the retail location at 4245 El Cajon Blvd., San Diego California 92105, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 3000.

37. Main Calif, Inc. dba Main Street Liquor #4 owns and operates the retail location at 2996 National Ave, San Diego, California 92113, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Royal Honey VIP, Blue Diamond, Libigrow, Rhino 7 Platinum 3000, and Triple Green.

38. Pacific Beach Gas, Inc. owns and operates the retail location at 4404 Ingraham Street, San Diego, California 92109, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 8 Platinum 8000 and Libigrow.

39. R&M Palm, Inc. Dba Palm Plaza Liquor owns and operates the retail location at 1868 Fuerte Valley Drive, El Cajon California 92019, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Libigrow XXXTREME, and Libigrow.

40. Zaya Enterprises, Inc. dba New Way Liquor owns and operates the retail location at 5591 University Avenue, San Diego, California 92105, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow, Rhino 7 Platinum 5000, Rhino 7 Platinum 3000, Extreme Diamond 3000 and Libigirl.

41. Summer's Liquor, Inc. owns and operates the retail location at 4602 Park Blvd., San Diego, California 92116, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow.

42. Fountain Trading Corporation dba Midway Wine & Spirits owns and operates the retail location at 3040 Midway Drive, San Diego, California 92110, which advertise and offer for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 3000, Libigrow XXX TREME, Libigrow, Herb Viagra and Hard Ten Days.

43. John Ibrahim dba Sea Trader Liquor & Deli owns and operates the retail location at 1403 Ebers Street, San Diego, California 92107, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000, Rhino 12 Titanium 6000, rhino 8 Platinum 8000, and OrgaZen 3500.

44. Eashou, Inc. dba San Diego Cash & Carry owns and operates the wholesale supplier location at 1090 E. Washington Avenue, El Cajon, California 92020, which supplies, distributes, advertises and offers for sale various sexual enhancement supplements, including without limitation, the Enhancement Products.

45. The Defendants commercially market, advertise, distribute, disseminate, offer for sale and profit from the Enhancement Products. The Enhancement Products claim that they are "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary." They also claim to offer "NO HEADACHE" and to have limited side effects. However, such claims are materially false and misleading. Contrary to Defendants' statements, recent FDA laboratory analyses have confirmed that the Enhancement Products contain sildenafil, a synthetic pharmaceutical with profound side effects, among other hidden drug ingredients.

46. Defendants' false statements and advertising pose extreme health risks to consumers in at least two ways. First, by stating that no prescription is necessary to

consume the Enhancement Products, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of sildenafil hidden in the Enhancement Products.  Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are unaware that they contain sildenafil.

47.    Accordingly, Defendants' false and misleading advertising is dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products.  The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products, and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, are at a huge disadvantage in their efforts to obtain market share.

**Plaintiff's Dietary Supplements:  TriSteel and TriSteel 8hour**

48.    Plaintiff OLP is a manufacturer of DSHEA-compliant dietary supplements. Plaintiff manufactures and offers for sale TriSteel and TriSteel 8hour, male sexual performance enhancement supplements that promote increased sexual desire and stamina. The ingredients in TriSteel are Epimedium Extract (leaves), Yohimbe Extract (8mg Yohimbine Alkaloids), Xanthoparmelia Scarbrosa Extract (Lichen), Gamma Amino Butyric Acid (GABA), L-Arginine, Gelatin, Cellulose, Magnesium Stearate and Silica. Plaintiff sells TriSteel and TriSteel 8hour in all 50 states through its website, as well as through many other online and storefront retail locations.

///

# CLAIM FOR RELIEF

## (False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)

49. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

50. Defendants have knowingly and purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the Enhancement Products by, without limitation, commercially marketing and claiming that the Enhancement Products that they sell are safe and natural "dietary supplements" that will enhance a consumer's sexual performance without requiring a doctor's prescription, all while purposefully omitting that (a) the Enhancement Products contain sildenafil and therefore cannot be "dietary supplements," (b) sildenafil is not naturally occurring, (c) sildenafil is a prescription drug requiring the prior authorization and supervision of a licensed medical professional, and (d) consumption of sildenafil without consultation and advice from a licensed medical professional poses extreme health risks, including without limitation, hypotension, heart attack and death.

51. The use of such false, misleading and disingenuous marketing has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

52. This deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer (a) is looking for an all-natural sexual enhancement dietary supplement, (b) is purchasing the Enhancement Products out of an attempt to avoid Sildenafil because the consumer knows that Sildenafil poses special health risks given such consumer's medical history or current drug prescriptions, and/or (c) wants to avoid taking any prescription drugs, generally, but especially without the supervision of a licensed medical professional. The deception is also material because

consumers decision to purchase the Enhancement Products could lead to dangerous and unanticipated health consequences of which consumers are not informed.

53. Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising on product packages and labels, and on display cases placed in retail locations in the state of California. Defendants sell or offer to sell the Enhancement Products to transient interstate travelers.

54. Plaintiff has been injured as a result of Defendants' false and misleading statements. Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of TriSteel and TriSteel 8hour because both products are intended for sexual performance enhancement and target the same consumers. Thus, Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, struggle to obtain market share. Moreover, Defendants conduct has created reputational damage in that Defendants' misconduct damages the marketplace as a whole and has the tendency to disparage the goodwill associated with Plaintiff's brand.

55. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## **PRAYER**

Wherefore, plaintiff OLP prays for judgment against Defendants as follows:

56. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing, and selling any of the Enhancement Products, including

but not limited to, Black Mamba, Rhino 25K 15000, Boss-Rhino Gold X-tra Strength, Rhino 5 1500, Bl4ck 4k Capsules, Rhino 7 Platinum 5000, Rhino 12 Titanium 6000, New Stiff Nights Platinum 10K, Grande X 5800, Royal Honey VIP, Blue Diamond, Triple Green, Libigrow XXXTREME, Rhino 7 Platinum 3000, Extreme Diamond 3000, Libigirl, Libigrow, Herb Viagra, Hard Ten Days, Rhino 12 Titanium 6000, Rhino 8 Platinum 8000, and OrgaZen 3500;

57. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

58. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

59. For restitution of Defendant's ill-gotten gains;

60. For treble damages in accordance with 15 U.S.C. § 1117;

61. For punitive damages;

62. For costs and attorneys' fees; and

63. Any other relief the Court may deem appropriate.

DATED: May 2, 2018                    TAULER SMITH LLP


                                      By:  /s/ Robert Tauler
                                           Robert Tauler, Esq.
                                           PLAINTIFF
                                           OUTLAW LABORATORY, LP

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 2, 2018				TAULER SMITH LLP


						By:	/s/ Robert Tauler
							Robert Tauler, Esq.
							PLAINTIFF
							OUTLAW LABORATORY, LP