MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendants Roma Mikha, Inc., Big City Liquor, Servall Market Inc., Cardiff Gas, Inc., Hillcrest Smoke Shop, Ban & Rami Inc. dba Magic Market, Point Loma Liquor, Inc., Kalyana, Inc. dba Farmers Liquor Store, Little Brown Jug Liquor, HH Eagles Market, Bel Air Market, F&F Food Bargain, Inc. dba Food Bargain Market, Sunset Mini Mart, Inc., Midway Cigars & Smoke Shop, Midway M3, Inc. dba Shell Gas Station, Greene Cat Liquors, Criscola's Liquor Store; and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION | Case No. 3:18-cv-840-GPC-BGS (consolidated with 3:18:CV:1882-GPC-BGS)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, defendants Big City Liquor, Servall Market Inc., Cardiff Gas, Inc., Hillcrest Smoke Shop, Ban & Rami Inc. dba Magic Market, Point Loma Liquor, Inc., Kalyana, Inc. dba Farmers Liquor Store, Little Brown Jug Liquor, HH Eagles Market, Bel Air Market, Inc., F&F Food Bargain, Inc. dba Food Bargain Market, Sunset Mini Mart, Inc., Midway Cigars & Smoke Shop, Midway M3, Inc. dba Shell Gas Station, Greene Cat Liquors, and Criscola's Liquor Store (collectively, "Defendants") state as follows for their Answer and Affirmative Defenses to the Complaint:

1. The following responses are made only with respect to each of the Defendants. Accordingly, where an allegation in the Complaint is made against "Defendants" generally, Defendants admit or deny that allegation only as to themselves. They lack sufficient knowledge or information to form a belief as to the truth of such allegations as toward each of the other Defendants or the "Retailer Defendants" referenced in the Complaint and accordingly deny them on that basis.

2. Pursuant to Rule 8(b)(5), Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the following paragraphs of the Complaint, and accordingly deny them: 1, 4, 5, 12, 14-19, 21-23, 25-26, 29, 31-34, 37-38, 40-43, 45-46, 48, 52, 55-56, 58-70, 72-74, 77, 81-85, 87-89, 91-92, 95, 97-100, 103-104, 106-109, 111-112, 114, 118, 121-122, 124-131, 143, 151.

3. Pursuant to Rule 8(b)(3), Midway M3, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 20.

4. Pursuant to Rule 8(b)(3), Kalyana, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 24.

5. Pursuant to Rule 8(b)(3), Big City Liquor admits to the allegations set forth in the following paragraphs of the Complaint: 13, 27.

6. Pursuant to Rule 8(b)(3), HH Eagles Market admits to the allegations set forth in the following paragraphs of the Complaint: 13, 28.

7. Pursuant to Rule 8(b)(3), Little Brown Jug Liquor admits to the allegations set forth in the following paragraphs of the Complaint: 13, 30.

8. Pursuant to Rule 8(b)(3), Midway Cigars & Smoke Shop admits to the allegations set forth in the following paragraphs of the Complaint: 13, 35.

9. Pursuant to Rule 8(b)(3), Point Loma Liquor, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 36.

10. Pursuant to Rule 8(b)(3), Sunset Mini Mart, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 39.

11. Pursuant to Rule 8(b)(3), Servall Market Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 44.

12. Pursuant to Rule 8(b)(3), Hillcrest Smoke Shop admits to the allegations set forth in the following paragraphs of the Complaint: 13, 47.

13. Pursuant to Rule 8(b)(3), Ban & Rami Inc. dba Magic Market admits to the allegations set forth in the following paragraphs of the Complaint: 13, 49.

14. Pursuant to Rule 8(b)(3), Criscola's Liquor Store admits to the allegations set forth in the following paragraphs of the Complaint: 13, 50.

15. Pursuant to Rule 8(b)(3), F&F Food Bargain, Inc. dba Food Bargain Market admits to the allegations set forth in the following paragraphs of the Complaint: 13, 51.

16. Pursuant to Rule 8(b)(3), Greene Cat Liquors admits to the allegations set forth in the following paragraphs of the Complaint: 13, 53.

17. Pursuant to Rule 8(b)(3), Bel Air Market, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 54.

18. Pursuant to Rule 8(b)(3), Cardiff Gas, Inc. admits to the allegations set forth in the following paragraphs of the Complaint: 13, 57.

19.     Pursuant to Rule 8(b)(3), Defendants deny the allegations set forth in the following paragraphs of the Complaint: 3, 6-9, 71, 75-76, 78-80, 134-139, 142, 144-149, 152-160.

20.     Responding to paragraph 2 of the Complaint, Defendants admit that they received a demand letter from the Outlaw Enterprise, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in that paragraph, and accordingly deny them.

21.     Responding to paragraph 86 of the Complaint, Midway M3, Inc. admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

22.     Responding to paragraph 90 of the Complaint, Kalyana, Inc. dba Farmers Liquor Store admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

23.     Responding to paragraph 93 of the Complaint, Big City Liquor admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

24.     Responding to paragraph 94 of the Complaint, HH Eagles Market admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

25.     Responding to paragraph 96 of the Complaint, Little Brown Jug admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

26. Responding to paragraph 101 of the Complaint, Midway Cigars & Smoke Shop admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

27. Responding to paragraph 102 of the Complaint, Point Loma Liquor, Inc. admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

28. Responding to paragraph 105 of the Complaint, Sunset Mini Mart, Inc. admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

29. Responding to paragraph 110 of the Complaint, Servall Market, Inc. admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

30. Responding to paragraph 113 of the Complaint, Hillcrest Smoke Shop admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

31. Responding to paragraph 115 of the Complaint, Ban & Rami Inc. dba Magic Market admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

32. Responding to paragraph 116 of the Complaint, Criscola's Liquor Store admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a

1  belief as to whether it in fact offered for sale each of the products alleged.

2  33.  Responding to paragraph 117 of the Complaint, F&F Food Bargain, Inc. dba Food Bargain Market admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

34.  Responding to paragraph 119 of the Complaint, Greene Cat Liquors admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

35.  Responding to paragraph 120 of the Complaint, Bel Air Market admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

36.  Responding to paragraph 123 of the Complaint, Cardiff Gas, Inc. admits that it does business at the address alleged, but its investigation is just beginning, so at this time it lacks knowledge or information sufficient to form a belief as to whether it in fact offered for sale each of the products alleged.

37.  The following paragraphs of the complaint state legal conclusions and assertions to which no response is required:  10-11, 132-133, 140-141, 150.

**AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses to the Complaint.  By designating the following as affirmative defenses, Defendants do not admit any of the allegations in the Complaint, or waive or limit any defenses which are or may be raised by their denials, allegations and averments set forth herein.  Defendants have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses.  Defendants reserve the right to amend their answer to assert such

additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### First Affirmative Defense
### (Failure to State a Claim for Relief)

1. Outlaw has failed to state claims upon which relief can be granted.

### Second Affirmative Defense
### (Unclean Hands)

2. Some or all Outlaw's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense
### (Causation)

3. Outlaw's claims against Defendants are barred because its damages, if any, were not caused by Defendants.

### Fourth Affirmative Defense
### (Failure to Mitigate Damages)

4. Outlaw's claims are barred by its failure to mitigate damages.

### Fifth Affirmative Defense
### (No Damages)

5. Without admitting that the Complaint states a claim in the first place, there has been no damage to Outlaw in any amount, and the relief prayed for in the Complaint therefore cannot be granted.

### Sixth Affirmative Defense
### (Equitable Estoppel)

6. Outlaw's claims are barred by the doctrine of equitable estoppel.

| | | |
|---|---|---|
| 1 | Dated: December 26, 2018 | GAW | POE LLP |
| 2 | | |
| 3 | | By: /s/ Mark Poe |
| 4 | | Mark Poe |
| 5 | | Attorneys for Roma Mikha, Inc., Big City Liquor, Servall Market Inc., Cardiff Gas, Inc., Hillcrest Smoke Shop, Ban & Rami Inc. dba Magic Market, Point Loma Liquor, Inc., Kalyana, Inc. dba Farmers Liquor Store, Little Brown Jug Liquor, HH Eagles Market, Bel Air Market, F&F Food Bargain, Inc. dba Food Bargain Market, Sunset Mini Mart, Inc., Midway Cigars & Smoke Shop, Midway M3, Inc. dba Shell Gas Station, Greene Cat Liquors, Criscola's Liquor Store; and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc. |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2018, I filed the following documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

GAW | POE LLP

By: /s/ Mark Poe
Mark Poe

Attorneys for Roma Mikha, Inc., Big City Liquor, Servall Market Inc., Cardiff Gas, Inc., Hillcrest Smoke Shop, Ban & Rami Inc. dba Magic Market, Point Loma Liquor, Inc., Kalyana, Inc. dba Farmers Liquor Store, Little Brown Jug Liquor, HH Eagles Market, Bel Air Market, F&F Food Bargain, Inc. dba Food Bargain Market, Sunset Mini Mart, Inc., Midway Cigars & Smoke Shop, Midway M3, Inc. dba Shell Gas Station, Greene Cat Liquors, Criscola's Liquor Store; and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc.