UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18CV0840 GPC (BGS)<br><br>**ORDER:**<br>**(1) GRANTING IN PART JOINT MOTION**<br>**(2) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>[ECF 61] |

On September 5, 2018, the Court held an Early Neutral Evaluation and Case Management Conference in this case, Case No. 18cv840 GPC (BGS), referred to by the parties as the "*DG in PB* action."[1] (ECF 24.) The September 7, 2018 Scheduling Order followed. (ECF 25.) On November 14, 2018, Case No. 18cv1882 GPC (BGS), referred

---

[1] When necessary to distinguish between the two cases the Court follows the parties' use of the term "*DG in PB* action" to refer to the first filed case, 18CV840 GPC (BGS), and "*San Diego Outlet* action" to refer to the later filed case, 18CV1882 GPC (BGS).

to by the parties as the San Diego Outlet action, was consolidated with the DG in PB action. ECF 26.)

On March 26, 2019, counsel for numerous defendants filed a Request to Convene Rule 16(b) Scheduling Conference. (ECF 61.) The Request effectively sought a new scheduling conference to set a new schedule for the already consolidated *San Diego Outlet* action. (*Id.*) As explained in the Court's Order denying in part that request, it was not clear which parties the counsel filing the request represented, whether the parties had met and conferred regarding the request, or what the parties' positions were regarding modification of the existing September 7, 2018 Scheduling Order to accommodate the later filed and consolidated case. The Court ordered the parties to meet and confer and prepare a Joint Motion with a joint proposal for modification of the September 7, 2018 Scheduling Order.

Although the parties do not agree as to the modifications of the September 7, 2018 Scheduling Order, they have filed a Joint Motion setting out the positions of Plaintiff Outlaw Laboratories LP ("Outlaw"), the Plaintiff in both cases, and each group of defendants in the consolidated litigation. (ECF 81.) Defendants group themselves into two categories. The Elia Parties, defendants in the *DG in PB* action, are Defendants Eashou, Inc. (dba San Diego Cast & Carry), Fountain Trading Corp. Kachi Enterprises, Inc., Main Calif, Inc., R&M Palm, Inc. and Zaya Enterprises, Inc. The Gaw Poe Parties, defendants in the later filed *San Diego Outlet* action, are nineteen defendants listed in footnote 1 of the Joint Statement. (ECF 81 at 4 n.1.[2]) Based on the Court's review of the parties' respective proposals and justification for them, the Court **GRANTS** in part the Joint Motion and enters the following modified Scheduling Order.

///

///

---

[2] The Court references the electronically generated CM/ECF pagination appearing at the top of each page of the Joint Statement.

## I. Outlaw and the Elia Parties

As to Outlaw and the Elia Parties, the Court finds little modification of the existing September 7, 2018 Scheduling Order is justified. Outlaw proposes extended deadlines for fact and expert discovery, but the only basis in the Joint Motion for any extension is that Outlaw "has operated under the belief that the consolidation of the cases allowed for discovery to proceed in the *DG in PB* action" and Outlaw responded to discovery propounded by the Elia Parties after the close of fact discovery. (ECF 81 at11.) As the Elia Parties explain in opposing any reopening of discovery by or against them, Outlaw had five months to take discovery from the Elia Parties prior to the January 4, 2019 close of fact discovery and did not serve any discovery until March 7, 2019. In contrast, although Outlaw did not ultimately respond to the Elia Parties' discovery requests until January 31, 2019, after the fact discovery cut-off, the Elia Parties' discovery requests were served on December 3, 2018. The responses were only delayed until after the cut-off because Outlaw requested numerous extensions to respond.

Although, as discussed below, the Court finds modification is justified as to the parties and claims in the *San Diego Outlet* action that was ultimately consolidated, there is no explanation why Outlaw would assume that the discovery deadlines set by the Court in the September 7, 2018 Scheduling Order would cease to apply to the parties and claims in the *DG in PB* action that were part of this case when that Scheduling Order was issued. Nor does Outlaw explain how it failing to respond to the Elia Parties' discovery requests until after the fact discovery cut-off meant the Court's September 7, 2018 Scheduling Order no longer applied. Additionally, Outlaw's service of a late discovery request to the Elia Parties in March 2019 does not justify the Court modifying the September 7, 2018 Scheduling Order to conform to that delay.[3]

---

[3] In concluding Outlaw has not justified modification of the September 7, 2018 Scheduling Order here as to the Elia Parties, the Court is not precluding Outlaw from seeking to reopen fact discovery as to specific discovery request if it can provide justification for it. The Court is simply finding that Outlaw, based on the reasons set

The Court does however find the following modifications of the Scheduling Order are appropriate as between Outlaw and the Elia Parties:[4]

1.  Pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **July 19, 2019**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

2.  The parties must contact Judge Skomal's Chambers **within three days of a ruling on any motion for summary judgment** that may be filed or by **July 24, 2019**, if no motions for summary judgment are filed, to advise the Court of the status of the case for purposes of potentially setting the remaining pretrial deadlines earlier than those listed below if appropriate. (*See* III below.)

**II.** *San Diego Outlet* **Action**

The parties agree that a modified schedule should be issued as to the parties in the *San Diego Outlet* action, however, the deadlines requested by them vary by as much as nine months with the Gaw Poe Parties seeking six months to file a motion for class certification and almost a year to complete fact discovery. Such a lengthy schedule for

---

forth in the Joint Motion, has not justified modification of the existing Scheduling Order's fact and expert discovery deadlines as between Outlaw and the Elia Parties.

[4] The Court provides no modification of the September 7, 2018 Scheduling Order's deadlines for completion of fact and expert discovery. (ECF 25 ¶¶ 1-6.)

completion of discovery is not warranted.[5]

3. As to amendment of the pleadings, Federal Rule of Civil Procedure 15(a) shall govern.

4. All parties must complete all class discovery by **September 6, 2019**.[6] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

5. Any motion for class certification must be filed by **October 4, 2019**. Counsel for the moving party must follow the Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures regarding the filing of a motion. Motion papers MUST be filed and served the same day contact chambers regarding a hearing date. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly.

---

[5] To the extent any party seeks an extension of the modified schedule set forth in this Order or to proceed with a "test case," they must follow the undersigned's Chambers' Rule in requesting an amendment. (*See* Judge Skomal's Chambers' Rules III.C.)

[6] To the extent expert discovery is necessary for purposes of class discovery, the parties should meet and confer regarding a schedule for its completion. If the parties are unable to do so, they may raise the issue with the Court as a discovery dispute under Judge Skomal's Chambers' Rules, Section V.

Failure to make a timely request for a motion date may result in the motion not being heard.

6. All fact discovery shall be completed by all parties by **December 4, 2019**.

7. The parties shall designate their respective experts in writing by **January 3, 2020**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 17, 2020**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

8. By **February 17, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

9. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **March 2, 2020**.

10. All expert discovery shall be completed by all parties by **April 2, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

///

6
18CV0840 GPC (BGS)

11.     All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **May 2, 2020**.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.

### III.     Pretrial Deadlines and Mandatory Settlement Conference

The following deadlines shall apply to the consolidated action irrespective of the parties or claims.

12.     The Mandatory Settlement Conference is continued to **December 11, 2019** at **1:30 p.m.** in the chambers of **Magistrate Judge Bernard G. Skomal**.[7]  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[8]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  Failure of any of the above parties to appear at the MSC

---

[7] The parties may seek an earlier settlement conference.  Counsel for the parties may jointly contact Judge Skomal's Chambers at any time to indicate that preference and the Court will consider setting a settlement conference.

[8] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

13. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **November 20, 2019**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

14. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

15. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 31, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

16. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 7, 2020**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

17. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 14,**

**2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

18. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 21, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

19. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **August 28, 2020** at **1:30 pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

**20. The parties must review and comply with the chambers' rules for the assigned district judge and magistrate judge.**

21. The parties may not stipulate to extensions of the time to respond to discovery requests beyond 30 days without prior approval from the Court.

22. The limits on discovery dictated by the Federal Rules of Civil Procedure and the Local Rules, including Federal Rule of Civil Procedure 33(a)(1) and Local Rules 33.1 and 36.1 shall apply. Any party exceeding these limits must obtain approval from the Court **prior** to serving the discovery at issue.

23. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

24. The dates and times set forth herein will not be modified except for good cause shown.

25. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten

(10) pages in length shall have a table of contents and a table of authorities cited.

26. Outlaw's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 7, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge