Robert Tauler (SBN 241964)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, California 90017
Tel: (310) 492-5129
rtauler@taulersmith.com

Attorneys for Plaintiff
OUTLAW LABORATORY, LP

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION | CASE NO. 3:18-cv-00840-GPC-BGS<br><br>**NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FILED CONCURRENTLY WITH: DECLARATION OF ROBERT TAULER; [PROPOSED] ORDER**<br><br>Date: October 18, 2019<br>Time: 1:30 pm<br>Court: 2D<br>Judge: Hon. Gonzalo Curiel |

**MOTION FOR RULE 11 SANCTIONS**
1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 18, 2019, or as soon thereafter as the matter may be heard in the above-entitled action, in the above titled Court, Plaintiff Outlaw Laboratory, LP ("OLP" or "Plaintiff") hereby moves the Court for an order of sanctions, pursuant to Rule 11, Federal Rules of Civil Procedure, against Counterclaimants Roma Mikha, Inc., NMRM, Inc. and Skyline Market, Inc., ("Counterclaimants") and its counsel and its counsel, Mark Poe and Gaw Poe LLC ("Poe"), for including unsupported, frivolous, and abhorrent allegations of racism and anti-immigrant bias against Plaintiff and it's a counsel in Counterclaimants Amended Complaint on the grounds they were made for an improper purpose (FRCP(b)(1)) and lack evidentiary support (FRCP(b)(3)).

This motion was served via FedEx on July 3, 2019. In accordance with the Rule 11 safe harbor contained in Rule 11(c)(2), this motion will not be filed until the passage of 21 days after service in which Plaintiff fails to withdraw the offending pleading.

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the declaration of Robert Tauler in support thereof, and all exhibits attached thereto; the pleadings and papers on file in this action; and on such oral argument and other matters as the Court may properly consider at the time of the hearing of this motion.

Dated: July 29, 2019

              TAULER SMITH LLP

              By: /s/ Robert Tauler
                ROBERT TAULER
                Attorney for Plaintiff
                NUTRITION DISTRIBUTION

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Outlaw Laboratory, LP ("OLP" or "Plaintiff"), hereby submits its memorandum of points and authorities in support of its motion for Rule 11 sanctions against Counterclaimants Roma Mikha, Inc., NMRM, Inc. and Skyline Market, Inc., ("Counterclaimants") and its counsel, Mark Poe and Gaw Poe LLC ("Poe").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARDS

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> ***
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]
>
> ***

"Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Grp.*, 929 F. 2d 1358, 1362 (9th Cir. 1990)(en banc). "Either the improper purpose or frivolousness ground is sufficient to sustain a sanction . . . ." *Id.* A "frivolous" filing is one "that is both baseless and made without a reasonable and competent inquiry." *Id.*

"The standard governing both inquiries is objective." *Id.* "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard

is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F. 3d 1096, 1109 (9th Cir. 2003). Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002)

## II.     FACTUAL BACKGROUND

The First Amended Counterclaim contains improper, false, and unsupported allegations that the OLP and its' counsel purposely target immigrants by sending demand letters and initiating lawsuits against convenience stores and distributors of misbranded products that are sold over-the-counter as "natural" products but secretly contain various pharmaceuticals, including Sildenafil (Viagra) and Tadalafil (Cialis).

Among the improper, false and unsupported allegations in the Counterclaim are the following:

- That Plaintiff and its counsel "operate" by "sticking up small, immigrant-run businesses across California and around the country" (FACC ¶ 4)
- That demand letters sent by Plaintiff and its counsel have the "intent to induce fear in these immigrant communities." (FACC ¶ 25)
- That the demand letters sent by Plaintiff and its counsel's "target audience" "consists almost exclusively of" "immigrants for whom English is not their first language." (FACC ¶ 26)

As a threshold matter, the above accusations made by Counterclaimant and Poe are abhorrent and repulsive, a fact recognized by federal courts. *Thomas v. Tenneco Packaging Co., Inc.* (11th Cir. 2002) 293 F.3d 1306, 1330 ("because allegations of racism are taken so seriously in our society, allegations that are baseless—thereby serving only a frivolous or harassing purpose—are particularly offensive and provoke a

strong response from the person accused, given the huge reputational costs involved.").

Poe's allegations are particularly repulsive to Plaintiff's counsel, who is himself the son of immigrants. (Tauler Dec., ¶ 2). Even a minimal investigation would have revealed this fact, as well as a minimal investigation of the publicly available lawsuits filed by Plaintiff and its counsel, which demonstrate no pattern of having a "target audience" that "consists almost exclusively" of immigrants.

Beyond Poe's failure to conduct a basic investigation of his accusations of immorality, the allegations above were known to be false by Poe when made. For example, Poe is well aware that Plaintiff and its counsel have pursued large distributors of the tainted pills. In fact, Poe is counsel for Trepco Corporation, a company sued by Plaintiff well-before Poe made his accusations.[1] The impropriety of Poe's allegations of "sticking up small, immigrant-run businesses" is directly contrary to the Trepco lawsuit of which he is well-aware.

## III. ARGUMENT

The court can impose sanctions even if only a part of the paper does not meet the FRCP 11 certification requirement. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988). Material in a pleading for which there is no factual basis is sanctionable under Rule 11. *Gargin v. Morrell*, 133 F.R.D. 504, (505 E.D. MI 1991)(counsel has "an affirmative duty of investigation both as to law and as to fact.") *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.* 498 US 533, 543, 111 S.Ct. 922, 929 (1991); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d. 1531, 1536 (9th Cir. 1986); *Source Vagabond Systems Ltd. v. Hydrapak, In*c. 753 F. 3d. 1291, 1298 (Fed. Cir. 2014).

Whether Rule 11 is violated is tested objectively: i.e., "if the paper filed … is frivolous, legally unreasonable, or without factual foundation, even though … not filed in

---

[1] Trepco generates over $250 million in annual revenue and is the direct beneficiary of retailers continued sale of misbranded drugs. Tauler Dec., ¶ 3.

**MOTION FOR RULE 11 SANCTIONS**

subjective bad faith." *Zaldivar v. City of Los Angeles* (9th Cir. 1986) 780 F. 2d. 823, 831 (emphasis added); Ali v. Mid-Atlantic Settlement Services, Inc. (D DC 2006) 233 F.R.D. 32, 39—"whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim" (internal quotes omitted).

Here, Counterclaimants and Poe have made knowingly false statements in order to attack the morality and integrity of the litigants.

At best, accusations of anti-immigrant bias are a strategic effort to prejudice the Court's opinion unfairly with absolutely no factual basis or investigation. At worst, they are a frivolous strategy to protect the corporate interests of Trepco Corporation. Either way, the allegations have been made for an improper purpose (FRCP 11(b)(1).

Moreover, there is absolutely no factual support for Counterclaimant and Poe's contentions, since there is no evidence to support the allegation that the defendants pursued by Plaintiff and its counsel "consists almost exclusively of" "immigrants for whom English is not their first language." Even if Poe reviewed prior lawsuits to determine this conclusion, there is no means whatsoever to determine whether the owner of a convenience store is an immigrant (FRCP (b)(3)).

Counterclaimant and Poe's strategy is made all the worse by their sharing of their views with the media. Plaintiff's counsel has recently learned that Poe has contacted Vice Media, a producer of a popular documentary series on HBO, and shared his views that Plaintiff and its counsel are anti-immigrant, putting the reputation of Plaintiff and its counsel in jeopardy, and undertaken strictly to gain the upper hand in the present litigation. (Tauler Dec., ¶ 4). Counsel for Plaintiff has spent several hours in an attempt to defend itself against Poe's allegations. (Tauler Dec., ¶ 5). Because of the seriousness of the accusations, the failure of Poe to investigate the claims before signing off on them, and the harassing and frivolous purpose for which they are made, Rule 11 sanctions should be imposed.

## IV. CONCLUSION

The Court should not countenance Defendant's repulsive accusations which only serve to demean the profession of law and the judicial process. Plaintiff respectfully requests that Rule 11 sanctions be ordered against Counterclaimants and its counsel.

Dated: July 29, 2019                              TAULER SMITH LLP


                                                  By: /s/ Robert Tauler
                                                      ROBERT TAULER
                                                      Attorney for Plaintiff
                                                      OUTLAW LABORATORY, LP

# CERTIFICATE OF SERVICE

*In re: Outlaw Laboratories, LP Litigation,* CASE NO. 3:18-cv-00840-GPC-BGS

I hereby certify that on July 29, 2019, copies of Plaintiff and Counter-Defendant's **NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** were filed served by Federal Express to the following address:

Mark Poe, Esq.
Gaw Poe LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111

By: *s/Robert Tauler*_____
Robert Tauler, Esq.