UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORY, LP LITIGATION | Case No.: 3:18-cv-840-GPC-BGS consolidated with 3:18-cv-1882-GPC-BGS<br><br>**ORDER**<br><br>**(1) DENYING OUTLAW'S MOTION FOR RULE 11 SANCTIONS [ECF No. 102];**<br><br>**(2) DENYING COUNTERCLAIMANTS' REQUEST FOR CROSS-SANCTIONS AND TO SHIFT COSTS [ECF No. 104.]** |

Before the Court is Plaintiff/Counterdefendant Outlaw Laboratory, LP ("Outlaw")'s July 29, 2019 motion for Rule 11 sanctions. (ECF No. 102.) Outlaw seeks to sanction Counterclaimants[1] for statements made in their first amended counterclaims, which allege that Outlaw targeted immigrant-run businesses and intended to threaten the immigrant community. According to Outlaw, Counterclaimants' pleadings are entirely

---

[1] The term Counterclaimants will be used as shorthand to refer to defendant Roma Mikha, Inc., and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc.

1

frivolous, improperly motivated, and devoid of basis in fact. Outlaw has also requested attorney's fees associated with drafting the motion.

On August 3, 2019, Counterclaimants filed an opposition and included in their papers a cross-motion to sanction Outlaw for its Rule 11 motion and a request for attorney's fees in the event that they defeat Outlaw's Rule 11 motion. (ECF No. 104.)

On August 13, 2019, Outlaw filed a reply. (ECF No. 107.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons explained below, Outlaw's motion for Rule 11 sanctions will be **DENIED**, and Counterclaimants' request for cross-sanctions and to shift costs under Rule 11 as the prevailing party is also **DENIED**.

## I. Background

Because the parties are no doubt familiar with the facts of this case, the Court will not spend much time repeating what has been previously chronicled.[2]

## II. Outlaw's Motion for Rule 11 Sanctions

Outlaw has requested the Court order Rule 11 sanctions against Counterclaimants, Mark Poe, and his law firm, Gaw | Poe LLP ("Gaw Poe"). (ECF No. 102.) Specifically, Outlaw chafes against three allegations contained in Counterclaimants' first amended counterclaim and third-party complaint (ECF No. 32)[3]:

- That Outlaw and its counsel "operate" by "sticking up small, immigrant-run businesses across California and around the country";
- That demand letters sent by Outlaw and its counsel have the "intent to induce fear in these immigrant communities";
- That the demand letters' "target audience" "consists almost exclusively of"

---

[2] The Court has discussed this litigation in some depth in Orders dated November 27, 2018, March 14, 2019, and June 4, 2019. (ECF Nos. 31, 56, 85.) Those Orders may be referenced for relevant background.

[3] These allegations are repeated in Counterclaimants' proposed second amended counterclaims.

immigrants for whom English is not their first language." (*Id.* at 4.) According to Outlaw, these "accusations of anti-immigrant bias are a strategic effort to prejudice the Court's opinion unfairly with absolutely no factual basis or investigation." (*Id.* at 6.)

Outlaw contends that Mr. Poe not only failed to research the fact that its counsel, Robert Tauler, was the son of immigrants, but also deliberately slung about status-based accusations knowing that they were false. (*Id.*) According to Outlaw, Counterclaimants' pleadings are especially heinous, "because allegations of racism are taken so seriously in our society, allegations that are baseless—thereby serving only a frivolous or harassing purpose—are particularly offensive and provoke a strong response from the person accused, given the huge reputational costs involved." (*Id.* at 6.) Outlaw also suggests that Counterclaimants' allegations are improperly motivated by Mr. Poe's interests in protecting another Gaw Poe client, Trepco Corporation, a wholesale distributor to convenience stores, that has been sued by Outlaw in litigation elsewhere.[4] (*Id.*)

### A. Legal Standards for Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") imposes a duty on attorneys to certify that (1) they have read the pleadings or the motions they file, and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. *Sec. Farms. v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1016 (9th Cir. 1997) (citing FED. R. CIV. P. 11(b)).

Generally, sanctions are appropriately imposed on an attorney for a filing "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (quoting *Zaldivar v. City*

---

[4] In one such suit, Outlaw sued Trepco in federal court in Nevada; Outlaw was represented by its current counsel, Mr. Robert Tauler, but Trepco was not represented by Mr. Mark Poe or his law firm in that matter. *See Outlaw Lab., LP v. Trepco Imports & Distribution, Ltd.,* No. 218CV00369JADCWH, 2019 WL 1173347 (D. Nev. Mar. 11, 2019). Trepco is, however, represented by Mr. Poe in a new case filed in the instant district, i.e., *Outlaw Lab., LP v. Trepco Imports & Distribution, Ltd. et al*, Case No. 3:19-cv-01229-GPC-BGS.

3

*of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)). However, as the Ninth Circuit has recognized, a special set of considerations pertain to Rule 11 motions directed at complaints. Unlike other filings, complaints may be challenged only for "frivolousness," which the Ninth Circuit uses as a "shorthand . . . to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Id.* Unlike the "improper purpose" inquiry, "frivolousness" is not concerned with the motivations of the signing attorney, and "subjective evidence of the signer's purpose is to be disregarded" so long as the contested papers are not baseless. *Id.* According to the Ninth Circuit, complaints, which serve as the legal "vehicle through which [the plaintiff] enforces his substantive legal rights," should be preserved to the extent possible, since the successful vindication of "those rights benefits not only individual plaintiffs but may benefit the public." *Id.*

Frivolousness is determined objectively. "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable [person]' against which conduct is tested is a competent attorney admitted to practice before the district court." *G.C. and K.B. Invest., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). At base, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002).

Cases warranting imposition of sanctions for frivolous actions are "rare and exceptional." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988); *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (characterizing sanctions as "an extraordinary remedy, one to be exercised with extreme caution"). "District courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Oliver v. In-N-Out Burgers*, 945 F. Supp. 2d 1126, 1130 (S.D. Cal. 2013) (citing *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012)). A district court's determination of whether to enter sanctions is reviewed for

4

abuse of discretion. *Id.*

   **B. Discussion**

The parties' Rule 11 contentions raise three issues, which the Court addresses in turn.

### 1. Frivolousness need not be demonstrated on the level of the challenged pleading as a whole; individual allegations or arguments may be sanctionable

Counterclaimants' first argument against sanctions is that Rule 11 applies only where a challenged pleading is frivolous as a whole, and cannot be deployed where, as here, the moving party has asserted only the baselessness of select allegations or arguments in the pleading.

For this proposition, Counterclaimants rely on the district court's decision in *Acme*, which cited the Ninth Circuit's decision in *Townsend v. Holman Consulting Corporation*. (ECF No. 104, at 2.) Construing *Townsend*, the district court held that "[t]he Ninth Circuit has held that 'Rule 11 permits sanctions only when the pleading as a whole is frivolous or of a harassing nature, not when one of the allegations of or arguments in the pleading may be so characterized.'" *Acme Made in Am., Inc. v. Advanced Entm't Tech., Inc.*, No. LACV1800184VAPSKX, 2018 WL 5905596, at *3 (C.D. Cal. July 27, 2018) (quoting *Townsend*, 929 F.2d at 1363). According to Counterclaimants, because Outlaw's motion is based solely on the three highlighted portions of their first amended counterclaims, and not the the pleading as an indivisible document, it necessarily fails under *Townsend*.

The Court disagrees with Counterclaimants. Although *Townsend* is cited in *Acme* for the proposition urged by Counterclaimants, *Acme* was mistaken. Specifically, the Ninth Circuit in *Townsend* appraised, en banc, its earlier decision in *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir. 1988), the case which originated the passage favorable to Counterclaimants. After analysis of the mischief posed by

5

*Murphy*,[5] which entailed an explication of the old rule cited in *Acme*, the en banc panel overruled its precedent. *Townsend*, 929 F.2d at 1363 ("As an en banc court, we use this opportunity to overrule *Murphy*."). In overruling *Murphy*, the Ninth Circuit approved a more granular approach which would find sanctionable individual allegations or arguments based on "an assessment of the significance of the claim in the pleading as a whole." *Id.* at 1364. Under this regime, "[t]he relation of the allegedly frivolous claim to the pleading as a whole is thus a relevant factor, but the mere existence of one non-frivolous claim is not dispositive, as it was in *Murphy*." *Id.*

The *Acme* district court erroneously cited *Townsend* for the precise rule it was rejecting,[6] and Counterclaimants cannot defeat Outlaw's motion for sanctions by invoking an incorrect statement of law.

### 2. The Allegations in the First Amended Counterclaims are Not Frivolous

Counterclaimants dispute that the three allegations highlighted by Outlaw were made without reasonable inquiry, or otherwise unsupported by fact.

Because the challenged document is a complaint, the Court engages in the two-pronged inquiry set out by the Ninth Circuit in *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Under *Mattel*, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id.* (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

---

[5] *See Townsend.*, 929 F.2d at 1363 ("Under *Murphy*, a party that has one non-frivolous claim may pile on frivolous allegations without a significant fear of sanctions. Under the three-judge panel majority's extension of *Murphy* in this case, a party with one non-frivolous claim frivolously could add defendants without a significant fear of sanctions.").

[6] *Townsend* was not central to the *Acme* court's holding, which explains why its anachronism might have gone uncorrected.

6

3:18-cv-840-GPC-BGS
consolidated with 3:18-cv-1882-GPC-BGS

Upon a review of the first amended counterclaims, the parties' moving papers, and the applicable law, the Court concludes that the contested allegations are neither baseless nor the product of a failure to conduct a reasonable and competent inquiry.

First, notwithstanding the colorful and arguably inflammatory language used by Counterclaimants (which characterize Outlaw as running a 'stick up operation'), there appears to be factual support for Counterclaimants' allegations that Outlaw has sought to apply coercive pressure to "small, immigrant-run businesses across California and around the country," and that Outlaw's target audience "consists almost exclusively" of "immigrants for whom English is not their first language." In this regard, the Court finds pertinent the declaration submitted by Mr. Poe in opposition. To the best of Mr. Poe's knowledge, none of the 28 the store proprietors who are his clients were born in the United States or speak English as a first language. (ECF No. 104-1, at 2 (Decl. of Mark Poe, dated August 3, 2019).) Mr. Poe's statement was made under penalty and perjury and based upon of his personal observations speaking and exchanging texts and emails with his clients. (*Id.*) His declaration, coupled with the extensive factual allegations of Outlaw's scheme in the body of the first amended counterclaims, satisfy the Court that Counterclaimants' assertions of immigrant targeting are not objectively baseless.[7]

Second, it is also reasonable to conclude on the basis of the above, and the demand letters attached to Counterclaimants' first amended complaint, that Outlaw had the "intent to induce fear in these [immigrant] communities." Outlaw issued demand letters which threatened federal RICO and Lanham Act liability of over $100,000 if its settlement demand was not met within a two-week deadline. The letters were often appended with

---

[7] While Counterclaimants' allegations are not properly challenged under Rule 11, the Court cautions that some of the language used to describe the alleged RICO conduct—like Outlaw's "sticking up" of target businesses, or the portrayal of Outlaw investigators as "heavies" muttering mafia threats under their breath—border on the sensational and may be subject to strike under Rule 12(f). *See* FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

FDA safety notices and photographs taken of the recipient's storefront and its sale of Rhino products. As the Court previously held in its order denying Outlaw's motion to dismiss the original countercomplaint (ECF No. 31), the quick turn-around might have made it impracticable to hire an attorney to defend, increasing the likelihood of fear in the demand letter recipient. Even with legal counsel, store proprietors might have felt powerless, since it is not unreasonable to assume that for at least some, a legal judgment for $100,000 would have amounted to bankruptcy or financial ruin. Counterclaimants' allegation as to Outlaw's intent is certainly not baseless given the tenor of its demand letters.

Finally, the Court finds that no evidence that Gaw Poe failed to conduct the "reasonable and competent inquiry" commanded by the Ninth Circuit. *Mattel*, 286 F.3d at 1127. The preponderance of immigrants and non-native English speakers among demand letter recipients is a fact not unreasonably ascertained by a law firm during the course of its interactions with its clients. The allegation that Outlaw must have sent its demand letters with intent to incite fear, while somewhat more speculative, is objectively reasonable in light of the tone and contents of the demand letter.

Outlaw has not demonstrated that the first amended counterclaim is frivolous.[8]

### 3. Whether the disputed allegations were made with an improper purpose

Outlaw also seeks sanctions because it believes that counsel for Counterclaimants were motivated by an improper purpose. Outlaw argues that Gaw Poe inserted the

---

[8] In its reply, Outlaw complains that Mr. Poe should be sanctioned for (1) advising his clients to sell the Rhino products (ECF No. 107, at 3), and (2) failing to advise his clients about the "dangers of [their] conduct," (*id.* at 4.) These arguments are not properly before the Court for two independent reasons: first, neither of these claims were presented in Outlaw's moving papers, which urged sanctions on the basis of Counterclaimants' immigrant-targeting allegations. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (declining to consider an issue first raised on reply because "arguments not raised by a party in its opening brief are deemed waived."). Second, Outlaw does not explain how counsel's failures viz-a-viz advising his own clients bear on the frivolousness of any statement made in the First Amended Complaint, the filing at issue.

8

immigrant-targeting claims because it seeks to stymie Outlaw's efforts to litigate against Trepco, and to gain Trepco undue advantage. (ECF No. 102, at 6.)

Even if true, Outlaw's assertions are but epiphenomenal. As discussed *supra*, when a complaint lies in the crosshairs of a Rule 11 motion, the subjective motivations of counsel are irrelevant. *See Townsend*, 929 F.2d at 1362 ("With regard to complaints which initiate actions, . . . subjective evidence of the signer's purpose is to be disregarded," and complaints are not "filed for an improper purpose if they are non-frivolous."). Because the disputed allegations are not frivolous, no Rule 11 sanctions may lie. *Id.* ("[I]t it would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure.").

### 4. Conclusion: Outlaw's motion for sanctions fails

Outlaw bore the burden of demonstrating that the First Amended Complaint includes sanctionable material. Having discerned none during the course of its review, the Court will **DENY** Outlaw's Rule 11 motion.

### C. Attorney's Fees under Rule 11

The Court next turns to Counterclaimants' request to cross-sanction Outlaw for its Rule 11 motion and for cost shifting.

Federal Rule of Civil Procedure 11 provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." FED. R. CIV. P. 11(c)(2). Additionally,

> the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions . . . the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

*Id.* advisory committee's note to 1993.

Counterclaimants have moved for attorney's fees for the costs of preparing a response to Outlaw's motion for sanctions. (ECF No. 104, at 5.) Having prevailed as the

9

target of the motion, Counterclaimants' request for fees may be granted upon "a showing similar to that required for a motion brought under Rule 11." *Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013). That is, Counterclaimants must establish that Outlaw's Rule 11 motion was itself a sanctionable filing.

Counterclaimants' primary argument for cross-sanctions is that Outlaw's Rule 11 motion was legally frivolous. A claim or legal argument is frivolous when it is "not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting FED. R. CIV. P. 11(b)(2) (alterations omitted)).

According to Counterclaimants, by seeking to sanction three discrete allegations contained in the first amended counterclaims, Outlaw baldly contravened clearly-established Ninth Circuit caselaw requiring Rule 11 challenges to be directed to the complaint as a whole. (ECF No. 104, at 3, 6 (citing *Murphy, Townsend*, and *Acme* and arguing that "no attorney of ordinary skill and prudence could have brought Outlaw's motion in the face of this unbroken string of Ninth Circuit authority").) However, as the Court previously explained, *Murphy*, the authority which supported Counterclaimants' position, was overruled in *Townsend*. That being the case, it was not legally frivolous for Outlaw to move for sanctions as to three specific allegations within the first amended counterclaims. Sanctions are not appropriate on this basis.

Counterclaimants also argue that sanctions should issue because Mr. Tauler has "previously been the subject of Rule 11 sanctions in this District, less than a year ago," and might be "in dire need of a second reminder." (ECF No. 104, at 6 (citing *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 16-CV-02810-BEN-BGS, 2018 WL 4385368, at *5–8 (S.D. Cal. Sept. 14, 2018).) The Court must decline Counterclaimants' invitation to graft the sanctions in the cited-to litigation into the instant case. The sanctions ordered in *Certified Nutraceuticals* stemmed from Mr. Tauler's failure to conduct a reasonable and competent inquiry into his client's claim that he was

the assignee of a patent-in-suit; in other words, he filed a factually frivolous claim. 2018 WL 4385368, at *5–8. While disturbing, the Court is unwilling, at this juncture, to weigh Mr. Tauler's conduct in the *Certified Nutraceuticals* against him or consider it as evidence of a larger pattern of sanctionable behavior.

The Court does not find Outlaw's Rule 11 motion sanctionable.[9] Accordingly, the Court **denies** Counterclaimants' request to shift costs and fees to Outlaw.

### III. Conclusion

In light of the foregoing, the Court **DENIES** both Outlaw's motion for Rule 11 sanctions as well as Counterclaimants' request to cross-sanction Outlaw and for attorney's fees. (ECF Nos. 102, 104.)

The motion hearing set for August 16, 2019, is **VACATED** as to Outlaw's motion for Rule 11 sanctions, but *remains calendared* as to Counterclaimants' pending motion for leave to file a second amended counterclaim and third-party complaint. (ECF No. 92.)

**IT IS SO ORDERED.**

Dated: August 15, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[9] It should be noted that the mounting acrimony, diatribes, and ad hominem attacks in the parties' briefings has not escaped the Court. Although opposing counsels' insult arms race has introduced novel epithets like "shitbird," to the Court's docket (*see* ECF No. 97, at 12), the Court is unamused. To ensure civility in the administration of justice, and because it has no desire to continue spectating the parties' "witty repartee[s]" (ECF No. 102-4, at 2), the Court **directs** counsel for both parties to review Civil Local Rule 83.4. ("Professionalism . . . . An attorney in practice before this court will . . . Be courteous and civil in all communications, oral and written, and in all proceedings conduct herself/himself with dignity and respect . . . . Attempt to informally resolve disputes with opposing counsel."). More importantly, the Court directs counsel to comply with the dictates of Civil Local Rule 83.4.