UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION, | Case No.: 18CV840 GPC (BGS) **ORDER GRANTING IN PART JOINT REQUEST TO AMEND SCHEDULING ORDER** [ECF 137] |

The parties have filed a Joint Request to Amend Scheduling Order seeking to extend all remaining deadlines approximately four to six months.[1] (ECF 137.) Based on consideration of the parties' Joint Request and a review of the status of the case, the Court modifies the June 8, 2019 Scheduling Order as specified below.[2]

---

[1] A number of deadlines in the existing Scheduling Order fell within a time period that the case was stayed. The undersigned set a deadline for the parties to seek any amendment of the schedule based on the stay. (ECF 124.) This Request was filed by the that deadline.

[2] The June 8, 2019 Order provided a modification of the existing scheduling order for the consolidated action and set later dates for the claims of the second filed of the consolidated cases, Case No. 18cv1882 (referred to as the "*San Diego Outlet* action"). The parties' Joint Request does not seek any modification as to the earlier filed claims of

1. All parties must complete all class discovery by **March 17, 2020**.

2. Any motion for class certification must be filed by **April 2, 2020**. Counsel for the moving party must follow the Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures regarding the filing of a motion.

3. All fact discovery shall be completed by all parties by **April 17, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The parties shall designate their respective experts in writing by **May 1, 2020**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **May 15, 2020**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

---

the 18cv840 case ("*DG in PB* action") that were the subject of a pending motion for summary judgment that has now been granted.

5. By **June 12, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **June 24, 2020**.

7. All expert discovery shall be completed by all parties by **July 8, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **July 22, 2020**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.

9. The Mandatory Settlement Conference is continued to **August 31, 2020** at **1:30 p.m.** in the chambers of **Magistrate Judge Bernard G. Skomal**.[3] All parties, adjusters for insured defendants, and client representatives must be present and have full

---

[3] The parties may seek an earlier settlement conference. Counsel for the parties may jointly contact Judge Skomal's Chambers at any time to indicate that preference and the Court will consider setting a settlement conference.

and complete authority to enter into a binding settlement at the MSC.[4] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

10. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **August 17, 2020**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

11. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

---

[4] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 9, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 16, 2020**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **October 23, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **October 30, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **November 6, 2020** at **1:30 pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

///

///

17. All other requirements set forth in the Courts June 8, 2019 Order apply.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge