# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION, | Case No.: 18CV840 GPC (BGS)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>[ECF 165] |

Counter-claimant Roma Mikha and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc. (collectively the "Stores") and Third-Party Defendant Tauler Smith ("Tauler Smith") have filed a Joint Statement regarding a discovery dispute. (ECF 165.) In summary, the parties' dispute centers around three primary issues: (1) whether discovery requests served on Tauler Smith by the Stores were premature because an additional Rule 26(f) conference was not held after Tauler Smith was added as a party; (2) whether discovery as to Tauler Smith has been or should be delayed until a ruling on a pending motion to dismiss and motion to strike; and (3) whether Tauler Smith has waived any objections to the discovery requests by failing to timely respond to them. For the reasons set forth below, the Court Orders Tauler Smith to respond to the Stores' discovery requests, but Tauler Smith's objections are not waived.

## I. BACKGROUND[1]

This action was brought by Plaintiff Outlaw Laboratories, LP ("Outlaw") against numerous stores on May 2, 2018. (ECF 1.) On June 29, 2018, the undersigned set the case for an Early Neutral Evaluation and Case Management Conference. (ECF 12.) That Order included a requirement that the parties to the action conduct a Rule 26(f) conference and submit a joint discovery plan. (*Id.*) The parties submitted the required joint discovery plan and the ENE and CMC were held on September 5, 2018. (ECF 21, 24.) The Scheduling Order followed on September 7, 2018. (ECF 25.)

In what was at the time a separate action filed by Outlaw against different stores, the Stores filed a Third-Party Complaint and Counterclaims against Outlaw. (ECF 4 in Case No. 18cv1882 GPC (BGS).) On September 10, 2018, three days after the undersigned issued the Scheduling Order in this case, the Stores moved to consolidate the 18cv1882 case with this case. (ECF 12 in Case No. 18cv1882.) A few days later, on September 14, 2018, Outlaw filed a motion to dismiss the Stores counterclaims and to strike the rescission claim in the 18cv1882 case. (ECF 15-16 in Case No. 18cv1882.) On November 14, 2018, the Stores' unopposed motion to consolidate was granted and the 18cv1882 case was consolidated for all purposes with this case. (ECF 28.)

On November 27, 2018, Outlaw's motion to dismiss the counterclaims was granted in part with leave to amend and the motion to strike was denied. (ECF 31.) On November 30, 2018, the Stores filed their amended counterclaims against Outlaw. (ECF 32.) Outlaw again moved to dismiss. (ECF 38.) This motion was denied on March 14, 2019. (ECF 56.)

On March 26, 2019, the Stores and additional unspecified defendants filed a request for a scheduling conference and a separate schedule for the 18cv1882 case that had been consolidated for all purposes with this case more than four months prior. (ECF

---

[1] The Court only summarizes the procedural history of the case that may be of consequence to this dispute. This does not include every detail of the history of this case.

58.[2]) It lacked Outlaw's position on the request and did not indicate whether any of the parties had met and conferred. (*Id.*) The undersigned denied this request, noting its deficiencies, including the assertion that a new and separate schedule was required for the already consolidated case. (ECF 61.) However, the Court allowed the parties to submit a Joint Motion to amend the existing Scheduling Order after meeting and conferring. (*Id.*)

On April 15, 2019, Outlaw filed a motion for judgment on the pleadings. (ECF 80.) And, on April 22, 2019, the parties complied with the Court's direction regarding the Scheduling Order and filed a Joint Motion to amend the Scheduling Order. (ECF 81.) On June 4, 2019, Outlaw's motion for judgment on the pleadings was denied and on June 8, 2019, the undersigned issued an amended Scheduling Order based on the parties' Joint Motion. (ECF 85-86.)

On July 1, 2019, the Stores sought leave to amend the counterclaims to add Outlaw's founders, Sean Lynch and Michael Wear, individually, and to add Outlaw's counsel, Tauler Smith, as new parties. (ECF 92.) On August 19, 2019, the Stores were granted leave to file the Second Amended Counterclaim ("SACC"). (ECF 113.) The SACC[3] was filed the following day. (ECF 114.) This is the first pleading that named Tauler Smith as a party. A week later, Outlaw filed an *ex parte* motion to stay the case

---

[2] While Outlaw's second motion to dismiss was pending, the Stores filed a Status Report requesting to convene a status conference in conjunction with the hearing on the motion to dismiss before the district judge. (ECF 52.) It was denied as moot on March 4, 2019 when the hearing on the motion to dismiss was vacated, but leave was granted to refile at a later time. (ECF 55.)

[3] The SACC still alleges counterclaims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a recession claim on behalf of a class of similarly situated stores. (ECF 113-114.) However, the SACC alleges Outlaw's former attorneys Tauler Smith, and Outlaw's principles, Michael Wear and Shawn Lynch, are part of the scheme that includes sending demand letters via U.S. mail to small businesses that threaten the store could be held liable for over $100,000 based on false and misleading statements about potential liability for the sale of certain products by the stores and then obtaining small settlements based on unfounded threats. (SACC ¶¶ 2-4, 26, 56, 72, 82-88, 98.)

for 45 days to allow Outlaw and the newly added parties, including Tauler Smith, to retain counsel. (ECF 117.) That motion was granted the following day. (ECF 119.)

On October 25, 2019, the district judge issued an order: noting the stay lapsed on October 12, 2019; resetting the hearing on a then-pending motion for summary judgment; noting that new counsel had not yet appeared; and warning the parties they must be prepared to proceed with the case. (ECF 123.) On October 29, 2019, the undersigned reset the briefing schedule on a motion to compel discovery that had been pending when the stay was granted and set a deadline for the parties to file any motion to amend the Scheduling Order, if needed, based on the case having been stayed for 45 days. (ECF 124.) On November 3, 2019, counsel for Tauler Smith filed a Notice of Appearance. (ECF 125.) On November 4, 2019, the Stores filed another motion to amend. (ECF 126.)

On November 15, 2019, the parties filed the Joint Motion related to modification of the Scheduling Order. (ECF 137.) It was only joint in that all parties requested modification of the schedule. (*Id.*) The parties disagreed regarding many of the deadlines. (*Id.*) Tauler Smith included proposed dates for the remainder of the case, including for completion of discovery, and only specifically addressed the need for a standard schedule for completion of expert discovery rather than the compressed schedule proposed by the Stores. (*Id.* at 4-6 (column 4).) On December 19, 2019, based on the parties' joint submission of proposed dates, the undersigned issued another order amending the Scheduling Order. (ECF 155.)

On November 27, 2019, Tauler Smith filed a motion to dismiss the SACC. (ECF 143.) A motion to dismiss by the other newly added parties followed on December 11, 2019. (ECF 153.) Additionally, on January 6, 2020, Tauler Smith filed a motion to strike the Stores' rescission claim under California's Anti-SLAPP statute. (ECF 156.) The newly added parties' motions to dismiss and Tauler Smith's motion to strike are pending with an April 10, 2020 hearing date. (ECF 172.) The Stores' motion for leave to amend to add additional parties was denied on January 28, 2019. (ECF 170.)

The Court's briefing Order for this dispute required the parties to meet and confer to identify the relevant dates in the history of this case that might impact the dispute. The parties identified the following dates:

- **April 11, 2019**: Counsel for the Stores, Steven Elia (then-counsel for six other store defendants) and Robert Tauler (then counsel for Plaintiff/Counterclaim-Defendant Outlaw Laboratory LP) conducted a telephonic Rule 26(f) conference.

- **August 19, 2019**: The Court granted the Stores leave to file their Second Amended Class Counterclaims ("SACC") to add Tauler Smith as a third-party defendant. (ECF 113.) The Stores filed the SACC the next day. (ECF 114.)

- **November 4, 2019**: Tauler Smith's counsel filed its notice of appearance in the case. (ECF 125.)

- **November 4, 2019**: The Stores served a set of nine interrogatories and a set of 17 document requests on ("Discovery Requests") Tauler Smith's counsel by U.S. mail.

- **November 5, 2019**: Counsel for Outlaw Laboratory, LP, Sean Reagan; counsel for the Stores, Mark Poe; and counsel for Tauler Smith, David Sergenian, met and conferred telephonically regarding the Joint Request to Amend the Scheduling Order.

- **November 7, 2019**: Counsel for Tauler Smith and the Stores agreed that Tauler Smith's response to the SACC would be due on November 27, 2018.

- **November 15, 2019**: All of the parties filed a Joint Request to Amend Scheduling Order. (ECF 137.)

- **November 25, 2019**: Counsel for the Stores emailed counsel for Tauler Smith and Outlaw Laboratory's counsel and requested a Rule 26(f) conference. Counsel for Tauler Smith informed Counsel for the Stores that the next two weeks were impracticable due to the holidays and other work. A true and correct copy of that entire email chain is submitted herewith as Exhibit B.

- **November 27, 2019**: Tauler Smith filed its motion to dismiss (ECF 143) which is set for hearing on March 13, 2020. (ECF 145.)

5

- **December 5, 2019**: Counsel for Tauler Smith emailed counsel for the Stores, pointing out that the Discovery Requests had not been received until November 19, 2019, and objected to the Discovery Requests apparently being served on November 4, 2019, before a Rule 26(f) conference had been held. Counsel for the Stores offered a 30-day extension to respond to the Discovery Requests. Counsel for Tauler Smith stated that no response was due because the Discovery Requests were prematurely served. (See Ex. A.)

- **December 19, 2019**: The Court entered an amended Scheduling Order, setting the close of class discovery for March 17, 2020. (ECF 155.)

- **December 23, 2019**: The Stores' counsel emailed Tauler Smith's counsel to seek available times to meet and confer about this discovery dispute.

- **January 3, 2020**: The Stores' counsel and Tauler Smith's counsel met and conferred about this discovery dispute but did not reach a resolution.

- **January 6, 2020**: Tauler Smith filed a special motion to strike the Stores' claim for rescission pursuant to California's anti-SLAPP statute. (ECF 156.)

- **January 7, 2020**: The Court set the hearing on Tauler Smith's special motion to strike the rescission claim for March 13, 2020. (ECF 157.)

- **January 10, 2020**: The parties contacted Judge Skomal's research attorney, who later relayed to the parties Judge Skomal's inclination to rule that Tauler Smith had not waived its objections, but would need to respond to the Discovery Requests by January 24, 2020.

- **January 13, 2020**: Counsel for Tauler Smith informed counsel for the Stores that Tauler Smith would respond to the Discovery Requests on January 24, 2020, if the Stores would confirm in writing they would not argue that Tauler Smith waived its objections. Counsel for the Stores rejected the compromise. (Ex. C.)

(Joint Statement at 1-3.) Other dates significant to the Court's analysis are discussed below.

As noted in the parties' timeline, when this dispute was raised, the Court's tentative decision was that Tauler Smith was required to respond to the discovery requests within two weeks, but it had not waived its objections. The Stores rejected the tentative, maintaining that Tauler Smith's objections had been waived by not timely responding. This briefing followed. (ECF 165.)

6

## II. DISCUSSION

### A. Summary of the Parties' Positions

#### 1. Tauler Smith

Tauler Smith argues the Stores' discovery requests were premature because no Rule 26(f) conference was held and the Stores were required to obtain leave of Court to compel a Rule 26(f) conference or an order for expedited discovery before serving discovery on Tauler Smith. Tauler Smith additionally argues it should not be subject to discovery because it has a Motion to Dismiss the SACC and a Special Motion to Strike the Stores' recession claim pending. Tauler Smith also contends that they have not waived their objections to the discovery requests because the discovery was served prior to a Rule 26(f) conference and it is the practice of this district to delay discovery when motions to dismiss are pending.

As addressed more fully below, Tauler Smith relies heavily on cases in this district that have declined to compel a Rule 26(f) conference or expedited discovery when no answer has been filed and motions to dismiss are pending. *Contentguard Holdings, Inc. v. ZTE* Corp., No. 12CV1226 CAB (MDD), 2013 WL 12072533 (S.D. Cal. Jan. 16, 2013); *Azco Biotech, Inc. v. Qiagen*, Civil No. 12-cv-2599-BEN (DHB), 2013 WL 3283841, at *2-4 (S.D. Cal. June 26, 2013); *Zappia v. World Sav. Bank FSB*, Civil No. 14cv1428-WQH (DHB), 2015 WL 1608921, at *2-3 (S.D. Cal. April 10, 2015); *In re Morning Song Bird Food Litig.*, Civil No. 12cv1592-JAH (RBB), 2013 WL 12143948, at *2-3 (S.D. Cal. Jan. 25, 2013); *Celebrity Chef Tours, LLC v. Macy's, Inc.*, No. 13CV2714 JLS (KSC), 2014 WL 12165415, at *2-3 (S.D. Cal. Aug.28, 2014).

#### 2. The Stores

The Stores contend a successive Rule 26(f) conference is not required and even if it was, Tauler Smith refused to participate in one. The Stores also reject Tauler Smith's claim that the pending motions to dismiss can delay discovery absent a court order indicating as much. Additionally, the Stores argue that Tauler Smith has waived any objections to the discovery requests by failing to timely respond to them.

The Stores rely primarily on district court decisions from other districts finding Rule 26(f) conferences are not required when a new party is added to an ongoing case. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 307-08 (E.D. Mich. 2000); *Steppes Apartment, Ltd. v. Armstrong*, 188 F.R.D. 642, 643-44 (D. Utah 1999); *Tubwell v. Specialized Loan Servicing, LLC*, No. 3:17-CV-15-DMB-RP, 2018 WL 1981903, at * 2 (N.D. Miss April 27, 2018); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-00850, 2013 WL 6018537, at *3-5 (S.D. Ohio Nov. 13, 2013).

### B. Rule 26(d) and (f)

Rule 26(d) indicates that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Rule 26(f)'s provision addressing when the required conference must take place indicates that "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Rule 26(f)(1). And, Rule 16(b) in turn mandates the time for the Court to issue a scheduling order after receiving the parties' Rule 26(f) report or holding a conference with the parties – "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

### C. Analysis

One of the challenges with this discovery dispute is identifying which issues must be addressed because, as reflected above, numerous events happened in very short order and both parties point to the other as being obligated to seek a Court order before proceeding. Tauler Smith argues the Stores were required to file a motion to compel a Rule 26(f) conference before serving discovery on it because an additional Rule 26(f) conference was required before discovery could proceed as to a new party. The Stores argue Tauler Smith was obligated to obtain an order from the court to delay discovery

8

based on the pending motions to dismiss and strike. However, rather than parse out who was required to move for what when and address every single step in the progression of this dispute the Court addresses three main issues: (1) was a successive Rule 26(f) conference required; (2) should discovery as to Tauler Smith be delayed based on the pending motions; and (3) has Tauler Smith shown good cause for not timely responding to the discovery requests. As explained in detail below, the Court finds a successive Rule 26(f) conference is not required and discovery should not be delayed based on the pending motions given the procedural posture of this case, but Tauler Smith did not waive its objections to the requests by not timely responding to them. In short, Tauler Smith must respond to the discovery requests and its objections are not waived.

### 1. Successive Rule 26(f) Conference is Not Required

The parties disagree about whether an additional Rule 26(f) conference is required every time a new party is added to this case. As explained above, this is significant because Tauler Smith argues it was not required to respond to the Stores' discovery requests because they were served before a Rule 26(f) conference was held between the Stores and Tauler Smith. As explained below, the Court finds an additional Rule 26(f) conference is not required.

As detailed above in the Court's summary of the history of this case and the parties agreed upon timeline, there is no dispute that a Rule 26(f) conference took place in this case and the parties to the case at that time filed a Joint Discovery Plan as a result of that Rule 26(f) conference. There is also no dispute that the Court conducted an ENE and Case Management Conference and issued a Scheduling Order for this case following that CMC. This satisfied the requirements of Rule 26(d) and (f) for discovery to proceed in this case. Discovery has proceeded in this case and, as detailed above, the Court has amended the Scheduling Order numerous times to adjust discovery deadlines to accommodate consolidation and the addition of claims and parties. Nor can there be any dispute that this Court's most recent amendment to the Scheduling Order was based on

the parties' positions, including Tauler Smith's, on how the dates should be modified following the addition of Tauler Smith and the other parties added by the SACC.

The question then is whether, in a case where a scheduling order has been issued and discovery is ongoing, an additional Rule 26(f) conference between the Stores and Tauler Smith was required before the Stores could serve discovery on Tauler Smith. The language of Rule 26(d) and (f) does not explicitly address what, if anything, is required under Rule 26(f) when new parties are added after a scheduling order has been issued. However, Rule 26(f) itself, in combination with the Advisory Committee Notes to subdivision f, indicate that additional conferences are not *required*, but may be held at the *discretion* of the parties or the court.

First, the timing of the conference under Rule 26(f)(1), as soon as practicable but no later than 21 days prior to the scheduling conference, indicates the primary purpose of the conference is to prepare an appropriate scheduling order. Second, the requirement in Rule 26(f)(2) to submit a plan based on that conference to the court that meets the requirements of Rule 26(f)(3) also indicates that the Rule 26(f) conference is required for purposes of scheduling the case. Rule 26(f)'s emphasis, within the language of the Rule itself, on the scheduling order indicates the Rule 26(f) conference is focused on preparation of the scheduling order. This suggests that successive Rule 26(f) conferences are not required every time a new party enters the case after a scheduling order has already been issued.

This interpretation is also consistent with the Advisory Committee Notes' explanation that the conference should take place before a scheduling conference "[t]o assure that the court has the litigants' proposals before deciding on a scheduling order." Rule 26(f), advisory committee note, 1993 amendments. And more specifically, as to the issue of new parties, the Advisory Committee Notes indicate that "[i]f more parties are joined or appear after the initial meeting, an additional meeting *may* be *desirable*." *Id.* (emphasis added). The permissive nature of this language suggests that additional Rule 26(f) conferences after the case has been scheduled are, at most, discretionary.

Additionally, although not bound by the cases cited by the Stores, these courts have persuasively concluded that successive Rule 26(f) conferences are not required every time a new party is added to a case. *Infosystems*, 197 F.R.D. at 307-08 (Finding it "far from clear that Rule 26(f) and (d) require an additional conference and discovery plan each time a new party is named in an action."); *Steppes Apartment, Ltd.*, 188 F.R.D. at 643-44 (Discussing additional Rule 26(f) conferences and finding federal rules "are silent on the practice when there has been a third party addition to the litigation."); *Tubwell*, 2018 WL 1981903, at * 2 (Finding any requirement to confer under Rule 26(f) ended with the entry of a Case Management Order); *Lester*, 2013 WL 6018537, at *3-5 (Finding Rule 26(d) and (f) do "not require a second or a third conference to be held subsequent to the filing of an amended complaint even if it joins new parties.").

The case that most resembles this one procedurally is *Infosystems*, in which the court was considering "whether a third-party plaintiff in an ongoing proceeding, with the existing parties already engaged in discovery, must separately meet and confer with a third-party defendant before seeking discovery from this newly added party." 197 F.R.D. at 308. The court explains that "the available authorities indicate that an additional Rule 26(f) conference is not required, but at most is a matter of the parties' and the Court's *discretion*." *Id.* at 308 (citing *Steppes Apartment Ltd.*, 188 F.R.D. at 644) (emphasis added). "The Court in *Steppes Apartment* reasoned that the Federal Rules 'do not contemplate sequential and periodic Rule 26(f) and Rule 16 proceedings before discovery may be commenced.'" *Id.* (quoting *Steppes*, 188 F.R.D. at 644).

Tauler Smith cites no cases reaching a different conclusion on this issue or even addressing this issue. The only cases Tauler Smith relies on related to successive Rule 26(f) conferences merely reference that they may have happened, not that they are required. Tauler Smith cites two cases that reference, but do not require, second Rule 26(f) conferences and one case that references, but does not require an updated Rule 26(f) report. *Heil-Winger v. St. Luke's Shawnee Mission Med. Center*, No. CIV A. 96-2555-EEO, 1997 WL 618765, at *1 (D. Kan. Sept. 17, 1997) (In reciting the history of the

11

case, the court explains that after counsel was appointed to represent the plaintiff, defense counsel scheduled a second Rule 26(f) conference with plaintiff's new counsel); *Jones v. Lamkin*, CV 117-003, 2018 WL 557844, at *1 (S.D. Ga. Jan. 25, 2018) (Noting "the parties conducted a second Rule 26(f) conference following the denial of Defendant['s] motion to dismiss); *Adobe Sys. Inc. v. Chukoula LLC*, CV-17-1808-MWF (ASx), 2017 WL 10338571, at *2 (C.D. Cal. Nov. 28, 2017) (Explaining that prior to the filing of a motion to continue dates, "the parties filed an 'Updated Rule 26(f) Report' pursuant to which they sought continuance of the various deadlines set forth in the Scheduling Order."). These references to successive Rule 26(f) conferences being held in no way reflect that they are required.

The other cases Tauler Smith relies on are decisions from this district denying motions to compel Rule 26(f) conferences or expedited discovery when motions to dismiss are pending. As discussed further below, they do reflect that in this district, motions to compel Rule 26(f) conferences so that discovery may proceed are often denied when motions to dismiss are pending. However, all of these cases are distinguishable from this case. In this case, a Rule 26(f) conference has been held, a scheduling order issued, and the scheduling order modified based on the input of all parties, including Tauler Smith. In the cases cited, no Rule 26(f) conference between any parties had been held and no scheduling order issued. *Contentguard Holdings*, 2013 WL 12072533, at *1 (no Rule 26(f) conference had been held and no scheduling order had been issued yet); *Azco Biotech,* 2013 WL 3283841, at *1-2 (same); *Zappia v. World Sav. Bank FSB*, 2015 WL 1608921, at *1 (same); *In re Morning Song Bird Food Litig.*, 2013 WL 12143948, at *2 (same). The only case cited in which a Rule 26(f) conference was held is also distinguishable because after the conference was held in a different district, a motion to dismiss for improper venue was granted and the case was transferred to this district before any scheduling order was issued. *Celebrity Chef Tours, LLC*, 2014 WL 12165415, at *1-2. The court elected to delay the ENE and CMC, and with that discovery, while a motion to dismiss was pending. *Id.* at *3. But, like the cases cited

above, no schedule had been issued, discovery was not ongoing, and the party seeking to delay discovery had not proposed a discovery schedule as Tauler Smith has done here. *Id.* at *2-3. This is significant because the Court, recognizing that deadlines had passed while the case was stayed, prompted the parties to meet and confer and propose an appropriate modification of the Scheduling Order. Tauler Smith did not object or propose to stay or delay discovery. Rather, it submitted its proposal for the Scheduling Order for the remainder of the case without any indicator to the Court that it would seek to delay discover. The Court expected, based on the parties' Joint Motion, that all parties would proceed with discovery. But now, Tauler Smith is essentially asking the Court to treat this case, in which discovery had been proceeding for fifteen months, like it was newly filed and has no history. The cases cited do not support that leap. And, the language of Rule 26(f), its Advisory Committee Notes, and the cases interpreting the Rule that are like this one procedurally do not support that interpretation.

Because a prior Rule 26(f) conference was held and a scheduling order issued, an additional Rule 26(f) conference was not *required* as to newly added parties before discovery could proceed as to them. Accordingly, the Stores were not required to move to compel a Rule 26(f) conference before proceeding with discovery as to Tauler Smith and the discovery requests were not premature on that basis.[4]

///

///

---

[4] The parties do not raise any other basis for the discovery request being premature. To the extent Tauler Smith is arguing that its filing of a motion to dismiss and strike after the discovery requests were served somehow retroactively made the requests premature, that argument is rejected. However, the Court does discuss below whether delaying discovery in light of the motions is appropriate for this case. The Court also notes that there is a dispute regarding when the discovery was served, but Tauler Smith does not dispute that the Stores extended the time to respond to accommodate Tauler Smith's counsel's assertion that it was not received for approximately two weeks later than the date the Stores indicate it was served.

13

## 2. Delaying Discovery

Although Tauler Smith's briefing largely focused on the discovery requests being premature based on the lack of a Rule 26(f) conference, it briefly states that it should not be subject to discovery because it has motions to dismiss and strike pending. The cases Tauler Smith relied on to argue a Rule 26(f) conference was required are also cases where motions to dismiss were pending. Accordingly, the Court briefly addresses whether discovery should be delayed as to Tauler Smith until a ruling on the motions to dismiss and strike.

As the cases Tauler Smith relies on explain, in this district, motions to compel Rule 26(f) conferences[5] to allow discovery to proceed are often denied when motions to dismiss are pending. *Contentguard Holdings*, 2013 WL 12072533, at *2 (Plaintiff's motion denied in patent case seeking order to compel Rule 26(f) conference to obtain initial disclosures and proceed with discovery with motion to dismiss pending); *Azco Biotech*, 2013 WL 3283841, at *2-4 (Declining to compel parties to participate in Rule 26(f) conference or order expedited discovery with motions to dismiss pending); *Zappia*, 2015 WL 1608921, at *2-3 (Relying in part on Local Rule 16.1 in finding Rule 26(f) conference would not be held until after pending motion to dismiss was ruled on and declining to order early discovery); *In re Morning Song Bird Food Litig.*, 2013 WL 12143948, at * 2-3 (Overruling objections to magistrate judge's order denying Motion to

---

[5] As the *Azco Biotech* case explains, the need for the court to compel a Rule 26(f) conference for discovery to proceed results from a combination of Rule 26(f), Rule 16(b), and Civil Local Rule 16.1(e). 2013 WL 3283841, at *2. Rule 16(b) requires courts to issue a scheduling order after a Rule 26(f) conference or after consulting with the attorneys regarding the schedule "*except in categories of actions exempted by local rule.*" *Id.* (quoting Rule 16(b)(1)). This district's Civil Local Rule 16.1(e) exempts certain actions from ENE and case management conferences, including "[c]ases in which a substantial number of defendants have not answered." *Id.* (quoting Civil Local Rule 16.1(e)). As the *Azco* decision explains, although a defendant may appear by filing a motion to dismiss, that can occur without an answer being filed so a substantial number of defendants may not have answered because motions to dismiss are pending. *Id.*

Compel Rule 26(f) conference based in part on motion to dismiss that was filed after motion to compel Rule 26(f) conference was filed); *Celebrity Chef Tours*, 2014 WL 12165415, at *2-3 (Finding requests for discovery premature when motion to dismiss was pending and no case management order had been issued).

Additionally, there can be good reason to delay discovery based on motions to dismiss. As the cases listed above explain, delaying discovery until the pleadings are settled "reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *In re Morning Song Bird Food Litig.*, 2013 WL 12143948, at *3; *see also Zappia*, 2015 WL 1608921, at *3 ("[I]t would be burdensome to require [defendant] to expend resources to engage in depositions," with a motion to dismiss pending*)*.

However, as explained briefly above, these cases were in their infancy, with no parties having answered, no scheduling order in place, and with no discovery having been done as to any parties. Here, the claims asserted against Tauler Smith and the subject of the pending motion to dismiss are not before the court in an initial complaint. Answers have been filed by numerous parties, an ENE and CMC have been held, the Court issued a Scheduling Order, and discovery began more than a year before this dispute arose. The Scheduling Order has been amended numerous times to accommodate the consolidation and the addition of new claims and new parties. Despite all this history, Tauler Smith is effectively asking the Court to treat the counterclaims asserted against it as if they were not filed amidst an ongoing case.

The Court recognizes that Tauler Smith did not participate in the ENE and CMC as a party early in this case, but the current Scheduling Order has already been amended to accommodate the addition of the newest claims in the SACC against Tauler Smith. And, significantly, the Court had Tauler Smith's input on that amendment to the Scheduling Order. To now stop the case entirely as to Tauler Smith because it has filed a motion to dismiss and to strike would not be efficient and is not justified given the procedural posture of this case. It could delay this case even further and would not "secure the just,

speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Discovery will not be delayed until a ruling on the pending motions to dismiss and strike.

### 3. Good Cause

Tauler Smith asserted that its discovery responses were not untimely because the discovery requests were premature based on the lack of a Rule 26(f) conference before they were served. Because the Court concludes the discovery requests were not premature on this basis, the Court must next consider whether Tauler Smith has shown good cause for failing to timely respond to them. A party's failure to timely object to discovery requests results in a waiver of objections unless the party can show good cause to excuse the failure. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Barlow v. Herman*, No. 2:13-CV-00033-JAD, 2014 WL 60213, at *2–3 (D. Nev. Jan. 6, 2014) (collecting cases finding that although Rule 34 does not explicitly state that untimely responses constitute a waiver or that such a waiver may be excused based on good cause like Rule 33, courts treat waiver the same under Rule 34).

"Factors that establish good cause include '(1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver.'" *Sun v. Ikea US W., Inc*, No. 15-CV-01146-MEJ, 2015 WL 6734480, at *2 (N.D. Cal. Nov. 4, 2015) (quoting *Lam v. City & Cty. of S.F.*, 2015 WL 4498747, at *3 (N.D. Cal. July 23, 2015). "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver." *Id.* (quoting *Bess v. Cate*, No. 2:07-cv-1989 JAM JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008)).

Here, the Court finds good cause to excuse the failure to timely respond. The Court's conclusion is largely based on issues addressed above, but the Court summarizes the relevant points here. First, as the court noted above, this dispute arose in a rather

16

short period of time following the lapse of a stay, new counsel entering the case to represent the newly added Tauler Smith, and discovery requests served on new counsel the day after he first appeared in the case. This confluence of events was then exacerbated by the nature of this dispute. The parties dispute which of them was responsible for raising the dispute as much as they dispute the actual issues. The Stores claim Tauler Smith should have moved to stay discovery before the December 19, 2019 deadline and Tauler Smith claims the Stores were required to move to compel a Rule 26(f) conference before discovery could proceed. Although the parties wisely simply contacted the undersigned to raise the issue shortly after the December 19, 2019 time to respond came and went, Tauler Smith did not respond to the discovery requests because its position was that the requests were premature. The dispute itself is part of the reason for the delay.

Although neither party specifically addressed the good cause factors noted above, the Court addresses a few others that are significant here. The circumstances summarized in the paragraph above also reflect that the length of the delay was not great and there was no bad faith. The parties just disagreed. Additionally, while being wrong on the law is not necessarily a good reason for delay, as noted above, Tauler Smith's assertion that an additional Rule 26(f) conference was required before it was required to respond to discovery, was not frivolous, particularly given this district practice in cases in a different procedural posture than this one. As discussed above, Rule 26(d) and (f) are silent as to the requirements when new parties enter the case and the Court had to rely on its own interpretation of the Rules, the Advisory Committee Notes and a handful of out of district decisions addressing the issue. Given the lack of clarity on this point, particularly in this district, the Court cannot conclude Tauler Smith's assertion that a Rule 26(f) conference was required before it responded to discovery was unreasonable.

The Court also acknowledges there could be prejudice to the Stores from the delay in getting the response, but that prejudice could also likely be mitigated by a modification of the Scheduling Order if the delayed responses require additional discovery. The

parties have proven themselves capable of meeting and conferring, at least regarding modification of the Scheduling Order. And finally, the Court also takes into account that "the spirit of the [discovery] rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues." *Burlington N. & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1148-49 (9th Cir. 2005). Here, both parties attempted to use the discovery rules tactically, Tauler Smith invoking a practice used at the inception of cases to avoid responding and the Stores relying on waiver to avoid what may be valid and reasonable objections.

Based on the foregoing, the Court finds good cause to excuse Tauler Smith's failure to respond to the discovery requests. Accordingly, Tauler Smith's objections are not waived, but it must respond to the discovery requests.

## III. CONCLUSION

Tauler Smith's objections to the discovery requests are not waived, but Tauler Smith must respond to the requests by **April 15, 2020**.

**IT IS SO ORDERED.**

Dated: April 3, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge