1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 IN RE: OUTLAW LABORATORIES, LP LITIGATION, <br><br> . | Case No.:  18CV840 GPC (BGS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THE STORES' AND OUTLAW LABORATORY'S MOTION TO MODIFY CASE SCHEDULE** <br><br> [ECF 184] |

18

19   **I.      INTRODUCTION**

20            Third-party plaintiffs NMRM, Inc. and Skyline Market, Inc. and counterclaimant

21   Roma Mika (the "Stores") and Plaintiff/counterclaim defendant Outlaw Laboratory, LP

22   ("Outlaw"), and third-party defendants Shawn Lynch and Michael Wear filed a motion

23   seeking a five-month extension of the dates set forth in the existing Scheduling Order.

24   (ECF 184 at 2.[1])  Third-party defendant Tauler Smith has filed an Opposition.  (ECF

25   186.)

26

27   _____

28   [1] The Court cites the CM/ECF pagination unless otherwise noted.

## II.     BACKGROUND

The Court will not detail the lengthy history of this case, but for purposes of this Motion identifies the extensions of the schedule that have already been provided to the parties.[2]  The initial Scheduling Order in this case was issued on September 7, 2018. (ECF 25.)  The Schedule was amended on June 7, 2019, at the parties' request, largely to accommodate the Stores' Amended Counterclaims and Third-Party Complaint filed in the consolidated action that included claims on behalf of a class against Outlaw.  (ECF 86.) As a point of reference on the length of the extensions provided in that order, it provided an eleven-month extension of fact discovery from January 4, 2019 to December 4, 2019. (ECF 25, 86.)

After the Stores obtained leave to amend and filed the Second Amended Counterclaims and Third-Party Complaint ("SACC"), (ECF 113-114), Outlaw obtained a 45-day stay to allow it and the newly added parties time to retain new counsel.  (ECF 117, 119.)  The deadline to complete class discovery and file for class certification passed during the stay, but two weeks after the stay had lapsed the parties had not sought any amendment of the Scheduling Order.  Concerned the existing and new parties were not proceeding diligently under existing schedule, the Court set a deadline to seek any amendment based on the SACC and stay.  (ECF 124.[3])

All the parties set forth their varying positions on amendment of the Scheduling Order.  (ECF 137.)  The Court then issued the current Scheduling Order.  (ECF 155.) Like the previous one, it provided lengthy extensions, albeit not as lengthy as requested by the parties.  Again, as a point of reference, fact discovery was extended by an additional four months from December 4, 2019 to April 17, 2020.

---

[2] The parties' briefing fails to identify how many prior extensions have been granted.
[3] In the same Order, the Court reset the briefing schedule on the Stores' Motion to Compel discovery from Outlaw.  The Motion to Compel was filed prior to the stay, but had not been briefed.  That briefing was delayed further when Outlaw failed to timely file an Opposition and requested and received an extension to file it late.  (ECF 140-142.)

1    The moving parties now seek five more months in extensions.  The parties notified

2 the Court on April 8, 2020 that the Stores and Outlaw wanted an extension and Tauler

3 Smith was opposed.  (ECF 183.)  Pursuant to the briefing schedule issued by the Court,

4 this Motion followed on April 13, 2020 with Tauler Smith's opposition timely filed on

5 April 15, 2020. (*Id.*)

6 **III.    DISCUSSION**

7    **A.    Legal Standards**

8    Federal Rule of Civil Procedure 16 states that a schedule may be modified only for

9 good cause and with the judge's consent.  In the absence of good cause, the court will not

10 modify the scheduling order.  *See Johnson v Mammoth Recreations, Inc.,* 975 F.2d 604,

11 608-09 (9th Cir. 1992).  The inquiry under Rule 16(b)'s good cause standard primarily

12 focuses on the diligence of the party seeking the amendment.  *Id.* at 609.  "The district

13 court may modify the pretrial schedule 'if it cannot reasonably be met despite the

14 diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory

15 committee's notes (1983 amendment) and collecting cases).  Carelessness is not the same

16 as diligence and offers no reason for a grant of relief.  *Id.*  If the party was not diligent,

17 the inquiry should end.  *Id.*

18    When the motion to extend time is made after time has expired, "the court may, for

19 good cause, extend the time . . . if the party failed to act because of excusable neglect."

20 Fed. R. Civ. P 6(b)(1).  The determination of excusable neglect takes into account: (1) the

21 danger of prejudice; (2) the length of the delay and its potential impact on judicial

22 proceedings; (3) the reasons for the delay which includes whether it was within the

23 reasonable control of the party seeking to show excusable neglect; and (4) whether that

24 party acted in good faith.  *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d

25 1225, 1234-35 (D. Kan. 2007).

26    **B.    Parties' Positions**

27    The parties seeking the five-month extension have different reasons for requesting

28 the extension.  The Stores argue Tauler Smith and Outlaw have refused to produce

3

1    discovery to the Stores, specifically some merits discovery, and suggest that the Court's

2    decision on its Motion to Compel somehow justifies the Stores having received only class

3    discovery.  Additionally, the Stores point to their diligence in seeking discovery from

4    Outlaw, delays in receiving a decision on its Motion to Compel responses from Outlaw,

5    and the case being stayed amidst briefing on that Motion.  The Stores also point to their

6    diligence in seeking discovery from Tauler Smith since it became a named party in the

7    case and delays in receiving responses to that discovery.  The Stores indicate they "still

8    need to obtain written discovery and documents from Outlaw, Mr. Lynch, and Mr. Wear

9    about the merits of the Stores' RICO claims and will need the same from Tauler Smith."

10   (ECF 184 at 4.)  They also predict additional time will need "to be built in for another

11   discovery motion, to establish the applicability of the 'crime-fraud' exception in this

12   case."  (*Id.*)  And, the Stores assert that after receiving all those productions, the Stores

13   will then need time to take a "handful of depositions."  (*Id.*)

14         Outlaw points to its efforts to collect documents responsive to the Stores'

15   discovery requests but concedes it has failed to fully comply.  Outlaw also "anticipates

16   that the parties will need five months to complete discovery under normal circumstances"

17   and then suggests even more time may be required as a result of the COVID-19 pandemic

18   and stay-at-home orders.  (ECF 184 at 4.)  Outlaw also indicates it "will likewise seek

19   discovery from the Stores and Tauler Smith."  (*Id.*)

20         In opposition to the extension, Tauler Smith argues the Stores have not been

21   diligent in pursuing discovery because they have not attempted to depose Tauler Smith,

22   Outlaw, or any other third party despite having identified all of them as co-conspirators in

23   a RICO enterprise 19 months ago.  (ECF 186 at 3.)  Tauler Smith takes issue with the

24   Stores' reliance on a purported delay in ruling on the Stores discovery motion as to

25   Tauler Smith by accurately quoting the Discovery Section of the undersigned's Chambers

26   Rules which indicates "**Other Discovery not tolled**.  Counsel may not stop conducting

27   other discovery due to a dispute."  (*Id.* (citing Judge Skomal's Chambers Rules V.F.)

28   Tauler Smith also notes it has now responded to the Stores' discovery requests and argues

                                              4

1    any delay related to that motion is the Stores' own fault.  Tauler Smith explains that the

2    Stores could have accepted the Court's tentative to have Tauler Smith respond in two

3    weeks without having Tauler Smith's objections waived or simply reserved the

4    discovery, but instead opted to engaged in unnecessary work through a motion that led to

5    the same result.  (ECF 186 at 4.)  Tauler Smith also argues the movants have failed to

6    show excusable neglect for failing to seek extension of the class discovery deadline prior

7    to the deadline.  Finally, Tauler Smith argues it will be prejudiced by any extension

8    because it would "unjustifiably extend the discovery period in a case in which the Stores

9    have conducted themselves in an overly-litigious manner."  (*Id.* at 4 (citing and quoting

10   Judge Curiel's decision denying leave to amend to add an additional law firm relying in

11   part on avoiding further extension of the class discovery deadline and the prejudice this

12   would cause to Outlaw and third-party defendants "by further delaying a nearly two-year

13   old case . . . where the Parties have proven to be litigious, have been unwilling to

14   cooperate in resolving discovery issues, and have engaged in scorched earth practices.").)

15       **C.    Analysis**

16       The Court finds the parties have not shown good cause for such a lengthy

17   extension of any of the deadlines in the Scheduling Order.  Because the parties do not

18   address any specific deadlines in the Scheduling Order, instead generally seeking a five-

19   month extension of all deadlines in the Scheduling Order, the Court addresses the most

20   immediate deadlines.

21       Tauler Smith argues in opposition to any extension that the moving parties have

22   not shown excusable neglect as necessary to extend the deadline for completion of class

23   discovery.  As set forth above, (III.A), the Court agrees that when a party seeks to extend

24   a deadline that has passed, the moving party must show excusable neglect.  However, it is

25   not clear to the Court that the moving parties are asking to extend the deadline to

26   complete class discovery.  It would be odd for a party to seek to extend a deadline that

27   passed almost a month prior without specifically addressing the deadline in any respect.

28   All class discovery was to be completed by March 17, 2020.  (ECF 155.)  Outlaw does

5

1    not address class discovery at all and the Stores largely complain that they need more

2    time for merits discovery.

3         The parties have certainly not met the excusable neglect standard to obtain an

4    extension of a deadline that has passed.  First, the moving parties have not addressed any

5    standard with respect to the close of class discovery because they have not addressed this

6    deadline at all.  This alone is sufficient to deny an extension of this deadline.  However,

7    even if the Court were to apply the excusable neglect standard itself based on the

8    information provided in the Motion, the excusable neglect standard has not been met.

9    None of the excusable neglect factors listed above, that a court should consider, weigh in

10   favor of any extension.  The danger of prejudice, length of the delay, and potential impact

11   on judicial proceedings all weigh against a finding of excusable neglect.  The deadline

12   passed almost a month before this Motion was filed and extending it when the class

13   certification motion is already on file would certainly negatively impact the judicial

14   proceedings and result in prejudice from further delays in this case.  Additionally,

15   because the moving parties have not addressed this deadline, they have not shown that

16   the reason for delay in meeting or seeking to extend it was not within their control.  And

17   finally, although there is no information for the Court to consider with regard to the

18   moving parties' good faith other than the significant delay in seeking an extension of it,

19   this factor is at best neutral given it was not addressed at all.  To the extent the moving

20   parties were seeking an extension of the deadline to complete class discovery, that

21   request is denied.

22        The most immediate deadline that had not passed by the time the parties sought an

23   extension was the April 17, 2020 close of fact discovery.  The Stores attempt to show

24   their diligence in seeking discovery from Outlaw and Tauler Smith and the delays they

25   have faced in having to seek court orders to obtain responses from both.  They also rely

26   on their ongoing efforts to obtain discovery from Outlaw.  The Stores also point to Tauler

27   Smith and Outlaw's refusal to provide them with merits discovery and then suggest the

28   Court is to blame for that.  This assertion is at best misplaced.  Discovery in this case has

1  never been bifurcated.  An earlier deadline for completion of class discovery was set in

2  an attempt to move the parties as efficiently as possible to seeking a decision on class

3  certification.  *See* Rule 23(c)(1) ("At an early practicable time after a person sues or is

4  sued as a class representative, the court must determine by order whether to certify the

5  action as a class action.")  The earlier deadline in no way precluded the parties from

6  engaging in any other type of discovery and to the extent any party refused to provide

7  discovery on that basis, the Stores could have raised the issue with the Court.  This

8  proposition seems absurd considering that the close of fact and class discovery are only a

9  month apart under the current Scheduling Order and the Court has never bifurcated

10  discovery.

11       Additionally, the Stores' suggestion that the Court's Order on its Motion to

12  Compel responses from Outlaw limited the parties to class discovery is wrong.  The

13  Court's Order focused on class discovery because that was the primary justification for

14  relevancy set forth in the Stores' briefing.  The Court addressed relevancy based on class

15  issues because that was the basis asserted by the Stores.

16       The Court does find that the Stores have been somewhat diligent in seeking some

17  discovery from Outlaw and Tauler Smith and is well aware that motions and Court orders

18  have been required for it to obtain responses to discovery as to both.  However, the Stores

19  have not explained why they have not sought or obtained the discovery they assert they

20  still need.  As Tauler Smith notes, those pending discovery motions did not allow the

21  parties to delay any other discovery.  (*See* Chambers Rule V.F.)  To the extent the parties

22  are relying on the faulty premise that they should not have been engaging in merits

23  discovery while seeking class discovery, that still does not explain the inaction since the

24  close of class discovery. The Stores do not explain why they have not already sought the

25  "written discovery and documents from [Tauler Smith], Outlaw, Mr. Lynch, and Mr.

26  Wear about the merits of the Stores' RICO claims."  (ECF 184 at 4.)  As noted above,

27  class discovery closed on March 17, 2020 and this Motion was filed four weeks later, but

28  there is no indication that this written discovery the Stores still need or the "handful of

1    depositions" the Stores need time to take have been served or noticed.  In this respect, the

2    Stores have not demonstrated diligence.  They have certainly not demonstrated why it

3    would take five more months to complete.

4          As to Outlaw, the Court cannot find it has been diligent in any respect based on the

5    Motion.  Outlaw does not identify any discovery it has sought in the nineteen months

6    since the initial Scheduling Order was issued or in the ten months since it was amended

7    to accommodate the counterclaims against Outlaw.  Unlike the Stores, that have faced

8    obstacles in obtaining discovery from Outlaw and Tauler Smith that has even required

9    discovery motions and rulings from the Court to obtain, Outlaw does not identify any

10   obstacles that have precluded it from obtaining discovery from the Stores or Tauler

11   Smith.  Its statement that it "will likewise seek discovery from the Stores and Tauler

12   Smith" without any explanation why it has not done so already demonstrates a complete

13   absence of diligence.  If it were practical to do so at this point, the Court would only

14   extend the fact discovery deadline for the Stores.  However, in an attempt to move the

15   case forward as efficiently as possible, the Court provides one final extension of fact

16   discovery.  As explained below, no further extensions blanket extensions will be given.

17   **IV.    CONCLUSION**

18         Based on the foregoing, the Court finds the Stores have shown good cause for a

19   short extension of fact discovery.  The deadline to complete fact discovery is extended to

20   **June 1, 2020**.  Although the parties did not address expert discovery in any respect in

21   their Motion,[4] the Court briefly extends the deadline to designate experts from May 1,

22   2020 to **May 15, 2020** and the deadline to designate rebuttal experts from May 15, 2020

23

24

25   [4] The Court expects the parties to proceed with meeting the expert deadlines.  The
     extension of fact discovery and any further extensions provided as to specific discovery
26   pursuant to the procedures set below will not alone justify any extension of any expert
     deadlines absent a specific showing why the deadlines cannot be met.  In short, the
27   parties should not assume an extension of any fact discovery results in any extension of
28   expert discovery.

1   to **May 26, 2020.**  The deadline to complete expert reports is extended from June 12,

2   2020 to **June 19, 2020**.  **No other deadlines set in the Scheduling Order are modified.**

3        The Court also sets the following limitations as to any further requests for

4   extensions and any discovery disputes.

5        **A.**    **Extensions**

6        Given the period to complete fact discovery has already been extended by more

7   than a year total and even the most recently added parties will have had more than five

8   months to complete fact discovery with the above extension, the Court will not provide

9   any further general extensions of the fact discovery deadline.  Any party seeking an

10  extension to complete fact discovery must identify the **specific** written discovery or

11  deposition they are unable to complete by the June 1, 2020 deadline.  In order to

12  demonstrate diligence for purposes of analyzing good cause the party seeking an

13  extension must specifically address[5] the following:

14  - When they first sought the discovery or noticed the deposition they need an

15  extension to complete[6]

16  - Why they did not initiate the discovery earlier

17  - Why it is not possible to complete the discovery by the existing deadline

18  - The date by which the discovery can be completed

19  - The other parties' positions on whether an extension should be granted

20       Any extension must be filed as a joint motion if all parties agree.  To the extent any

21  party is opposed to the extension, the parties may file a joint statement, not exceeding

22  two pages setting forth the basis for the extension and opposition.  The Court setting out

23  this process is not intended to invite extension requests, but to require the parties to fully

24

25

---

26  [5] A declaration in support must be provided by counsel seeking extension.

27  [6] To the extent the parties seek an extension to complete any deposition based on
    COVID-19 restrictions, they must explain why those depositions cannot be accomplished
28  remotely via telephone or video conference.

1  consider and explain their diligence before seeking any extensions.  The Court will not

2  grant extensions unless it is clear the moving party has been diligent in seeking the

3  discovery at issue at the earliest possible point it could and has taken all possible steps to

4  proceed to complete the discovery by the now extended deadlines.

5          **B.     Discovery Disputes**

6          The Court is also concerned with the volume of discovery disputes that have

7  required Court intervention – two fully briefed motions ruled on and a third in the process

8  of being briefed – as well as the threat of more discovery disputes to come.  (*See* ECF

9  184 (The Stores predicting additional time will need "to be built in for another discovery

10  motion, to establish the applicability of the 'crime-fraud' exception in this case.").)

11          The Court reminds the parties of their obligation to thoroughly meet and confer[7]

12  regarding any discovery disputes and attempt to resolve and narrow disputes efficiently

13  and without Court intervention.  The Court also reminds the parties they may be required

14  to "pay the movants' reasonable expenses incurred in making the motion [to compel],

15  including attorney's fees."  Rule 37(a)(5)(A).

16          To the extent the parties are still unable to resolve discovery disputes through the

17  meet and confer process, the Court sets the following process for the parties to raise any

18  discovery disputes going forward.  As to any dispute, the parties must submit a joint

19  three-page informal letter brief to efile_skomal@casd.uscourts.gov.  The first page must

20  jointly provide the Court with the timeline of the dispute, including when the discovery

21  was served or noticed, when a response was due, and any extensions the parties have

22  agreed to.[8]  Each party to the dispute must then concisely set forth the dispute and each

23  parties' position on it – one-page each.  The Court will then either schedule a Discovery

24

25

26  [7] Although the parties may be unable to meet and confer in person under current COVID-
19 restrictions, the parties are still required to meet and confer by phone regarding any
27  disputes.  Exchanging emails is not sufficient.

28  [8] The parties are not required to submit a declaration in support because the submission is
informal, but they should be prepared to if further briefing is required.

1 | Conference or issue an order for the parties to file a Joint Statement to fully brief the
2 | dispute.  This process replaces the requirement for the parties to call Chambers to raise
3 | discovery disputes with the law clerk.  It does not modify the Court's 30-day Rule,
4 | (Chambers Rules V.C.), or any other requirements in the undersigned's Chambers Rules
5 | regarding discovery disputes.
6 |   **IT IS SO ORDERED.**
7 | Dated:  May 4, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

11