1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11   IN RE: OUTLAW LABORATORIES, LP          Case No.:  18CV840 GPC (BGS)
     LITIGATION,
12                                           **ORDER ON DISCOVERY DISPUTE
13                                    .      REGARDING TAULER SMITH'S
                                            RESPONSES TO THE STORES
14                                          DISCOVERY REQUESTS**
15
16
17

18   **I.      INTRODUCTION**

19        Counter-claimant Roma Mikha and Third-Party Plaintiff NMRM, Inc. and Skyline

20   Market, Inc. (collectively the "Stores") and Third-Party Defendant Tauler Smith ("Tauler

21   Smith") have raised a discovery dispute with the Court.  On May 11, 2020, the parties

22   submitted a Joint Letter Brief explaining the dispute and each party's position on the

23   dispute.[1]  It is attached to this Order as Exhibit 1.  The Court finds further briefing on this

24   ───────────────

25

26   [1] This is one of three disputes pending before the Court in this case with the Court having
     already issued decisions on two prior discovery disputes.  In addition to this Joint Letter
27   Brief, the Stores submitted an additional joint letter brief the same day, May 11, 2020,
     raising a discovery dispute between the Stores and Outlaw.  That dispute concerns four
28   documents Outlaw asserts are privileged with the Stores disputing that all the documents

                                      1

issue is unnecessary.  The parties' briefing in the joint letter brief clearly sets out the parties' positions, including citation of authority.  Additionally, this dispute raises issues similar to those addressed in the Court's March 5, 2020 Order on the Stores' Motion to Compel further responses from Outlaw.  (ECF 177.)  Those interrogatories and document requests sought the same discovery from Outlaw that the Stores now seek to compel from Tauler Smith.  (*Id.*)  The Court relies in part on that analysis, as referenced below, in more succinctly addressing the issues raised in this dispute.

## II.    BACKGROUND

The Court discussed the allegations and claims of the Second Amended Counter Claims and Third-Party Claims ("SACC" [ECF 114]) in more detail in the Court's March 5, 2020 Order.  The Court incorporates that summary here.  (ECF 177 at II.)  In short, the Stores have alleged counterclaims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a recession claim on behalf of themselves and a class of similarly situated stores.  The Stores allege that Outlaw, Outlaw's former attorneys Tauler Smith, and Outlaw's principles, Michael Wear and Shawn Lynch, have engaged in a scheme that includes using investigators to collect information to target small businesses with demand letters sent via U.S. mail.  The demand letters threaten the stores

---

are privileged and arguing that even if they are, they are subject to the crime-fraud exception. (ECF 199.)  A joint statement on that dispute was due May 27, 2020, but was recently extended to May 29, 2020 at Outlaw's request. (*Id.*; ECF 210.)  Tauler Smith's motion to compel further responses to discovery from the Stores is the third pending dispute. (ECF 192.)  The Court notes that in their Motion to Continue the Case Schedule the Stores and Outlaw referenced Outlaw not fully responding to the Stores' discovery request by the March 20, 2020 deadline set by the Court for responses to be provided. (ECF 184.)  However, the Stores have not raised that with the Court and their time to do so has passed. (Judge Skomal's Chambers Rule V.C (30-Day Rule); September 7, 2018 Scheduling Order ¶ 2 ("If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules.  A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.").)

18CV840 GPC (BGS)

will be held liable for over $100,000 based on false and misleading statements including about potential liability under RICO and the Lanham Act for the sale of certain products by the stores with follow up communications offering to settle for increasingly lower amounts, including as low as $2,500. The Stores seek to bring these claims on behalf of a Store Class and three subclasses: stores that were sued; stores that were threatened; and stores that paid a settlement to encompass the three different outcomes that have resulted. The Stores also assert a claim for rescission on behalf of Skyline Market and the class to rescind the settlement agreements entered into with Outlaw.

## III.   DISCUSSION

### A.   Legal Standards

#### 1.   Requests for Production of Documents

"A party may serve on any other party a request within the scope of Rule 26(b) to produce any designated documents or electronically stored information."  Rule 34(a)(1)(A).  The request must describe the document sought "with reasonable particularity" and any "objection must state whether any responsive materials are being withheld on the basis of that objection."  Rule 34(b)(2).  The requesting party may move to compel the production of responsive documents if a party fails to produce documents. Rule 37(a)(3)(B)(iv).

#### 2.   Interrogatories

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity."  Rule 33(b)(4).  The party propounding the interrogatory may move to compel an answer if the party fails to answer.  Rule 37(a)(3)(B)(iii).

#### 3.   Rule 26(b)

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in controlling discovery" and "in determining relevancy." *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) and *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

Rule 26(b)(2) also requires the court, on motion or on its own, to limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## B.    Analysis

The Stores seek to compel further responses to interrogatories and document requests from Tauler Smith.  (Joint Letter at 1-2.)  In response, Tauler Smith argues both that is has sufficiently responded to the requests and that it is not required to respond because class discovery has closed.  (*Id.* at 2-3.)  The Court considers this second argument first.

### 1.    Close of Class Discovery

The Court briefly addresses Tauler Smith's assertion that is it not required to respond to these discovery requests because the class discovery deadline has passed. These discovery requests have already been the subject of a prior discovery dispute resolved by the Court's April 3, 2020 Order.  (ECF 180.)  In that dispute, Tauler Smith refused to respond to these discovery requests, arguing they were prematurely served. (ECF 165.)  The dispute required briefing and a rather lengthy Court Order explaining

4

that the discovery requests were not premature based on the absence of a successive Rule 26(f) conference and discovery should not be delayed as to Tauler Smith based on then-pending motions to dismiss and strike.  (ECF 180 at 9-13.)  However, the Court also found Tauler Smith's objections to those requests were not waived by its failure to timely respond.  (*Id.* at 16-18.)  The Court ordered Tauler Smith to respond to the Stores' discovery requests by April 15, 2020.  (*Id.* at 18.)  Tauler Smith, in the present dispute, argues that because the March 17, 2020 class discovery deadline passed while this prior dispute was pending, it is now not required to respond to these same discovery requests.  This argument has no merit.

Tauler Smith's position is both illogical and contrary to the Court's Chambers Rules.  First, practically, this would mean that Tauler Smith could refuse to respond to discovery requests.  Then, if the discovery deadline passes while the dispute was being briefed and ultimately decided by the Court, in effect Tauler Smith could avoid responding.  This would be highly prejudicial to the Stores and allow Tauler Smith to avoid discovery obligations by running out the clock.

Secondly, and contrary to Tauler Smith's assertion, this Court's Chambers Rules do not compel a different conclusion.  Tauler Smith argues the Chambers' Rule V.F's directive that "Counsel may not stop conducting other discovery due to a dispute" means Tauler Smith is not required to respond to these requests because the class discovery deadline has passed.  To clarify, the Rule only tolls the discovery that is the subject of the dispute.  It means that parties cannot stop "other discovery" based on a pending dispute.  Here, the Stores were denied responses to these requests because Tauler Smith wrongfully refused to timely respond as per the Court's April 3, 2020 order.  The invocation of this Rule is particularly misguided because the Court set a specific deadline for Tauler Smith to respond to these requests that was after the close of class discovery[2].

---

[2] The Court notes that none of the parties have specifically requested an extension of the class discovery deadline since it was extended in the Court's December 19, 2020 Order

1

## 2.    Discovery Requests at Issue

The Stores seek to compel further responses to Interrogatories Nos. 1, 3, and 7 seeking: the identities of demand letter recipients; the identities of settling stores, and the amount of money received from the class members.  (Joint Letter Brief at 1.)  The Stores also seek further responses to five document requests: Document Requests Nos. 1-2, 7, 9, and 10 seeking: copies of the demand letters, settlement agreements, documents showing how much money Tauler Smith took in through settlements, Tauler Smith's communications with any stores or their counsel, and communications between Tauler Smith and other Outlaw lawyers related to the scheme.  (Joint Letter Brief at 1-2.) Tauler Smith argues it has complied with the interrogatories by producing the demand letters and settlement agreements in its possession to *Outlaw* and that the Stores have not demonstrated the need for the other discovery sought. (Joint Letter Brief at 2-3.)

The Court addressed the relevancy, proportionality, and the proper scope of interrogatories and document requests concerning: demand letters and identities of the recipients (III.B.3.a)); communications with class members (III.B.3.b)); identities of law firms that have represented Outlaw (II.B.3.c)); and settlement agreements and the amount received from the settlement agreements (III.B.3.d)) in its March 5, 2020 Order compelling Outlaw to respond to the Stores' discovery requests.  (ECF 177.)  Except as specifically discussed further below in addressing the arguments in the Joint Letter Brief, the Court incorporates and applies the same analysis here and finds these requests also seek discovery that is relevant and proportional to the needs of the case, as

---

extending it following the stay.  (ECF 155.)  As the Court explained in its May 4, 2020 Order on an opposed motion to amend the schedule, (ECF 184), the moving parties on that motion, Outlaw and the Stores, did not specifically request an extension of the class discovery deadline that had already passed.  Despite this, the Court did analyze whether they had met the applicable excusable neglect standard to extend a deadline that had already passed and found they had not.

narrowed in scope in that Order, for the same reasons discussed in that Order.[3] However, the Court briefly addresses a few additional points raised by the parties.

As to Document Request Nos. 7 (documents showing how much money Tauler Smith took in through settlements) and 9 (Tauler Smith's communications with stores or their counsel), Tauler Smith argues the Stores have not demonstrated a heightened need for this discovery. (Joint Letter Brief at 3.) The cases Tauler Smith cites regarding settlement communications do not preclude this discovery. Tauler Smith states that "the Court in *Barnes and Noble, Inc. v. LSI Corp.*, . . . at *2 *found* 'a party seeking discovery of confidential communications must make a heightened showing 'demonstrating (1) a special need for the confidential material, (2) resulting in unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintain confidentiality.'" (Joint Letter Brief at 3 (quoting *Barnes and Noble,* No. C 11-2709 EMC LB, 2012 WL 6697660, at *2 (N.D. Cal. Dec. 23, 2012) (emphasis added)).[4] The Court must specifically address this argument because Tauler Smith has done exactly what the *Barnes and Noble* decision was admonishing a party for doing in that case – stating a court found this standard applied when it did not. Here, Tauler Smith says the *Barnes and Nobel* court "found" a party seeking confidential communications must meet this higher standard, but that was not the court's holding. The language Tauler Smith quotes is itself a quote from a Federal Circuit decision, *In re MSTG*, 675 F.3d 1337, 1347-48 (Fed. Cir. 2012). The *Barnes and Nobel* court quoted a large section of that decision to explain that the Federal Circuit did not find this standard applied, as argued by a party, but rather was just summarizing numerous decisions. *Barnes and Noble,*

---

[3] The same narrowing imposed by the Court in that Order applies here unless otherwise noted in this Order.

[4] Tauler Smith then lists additional cases with parentheticals. (Joint Letter Brief at 3.) Those cases and parentheticals are taken verbatim from the *Barnes and Nobel* decision (which is itself quoting a Federal Circuit decision). *Barnes and Nobel*, 2012 WL 6697660, at *2.

2012 WL 6697660, at *2-3.  The court explicitly addresses the standard Tauler Smith advances here, stating that "[r]ather, the Federal Circuit mentioned that one appellate court employs such a standard when confidential mediation communications are sought" and then "does not change the court's prior reasoning" *i.e.* does not adopt it.  *Id.* at 3.

Putting this issue aside, it is not clear this standard would even apply because these communications are not necessarily confidential.  However, even if the Court assumes they are confidential and applies this heightened standard Tauler Smith questionably advances, this discovery must be produced.  As the Court explained in greater detail in the March 5, 2020 Order, communications with the targeted stores are needed to show the targeted stores suffered a common course of conduct by the members of the scheme.  (March 5, 2020 Order at 23-25.)  Contrary to Tauler Smith's assertion, and as detailed in the Court's prior Order (*Id.* at II), the "scheme extends beyond the initial demand letter into the communications that followed the demand letter and as to some stores led to settlement agreements.  (*Id.* at 24.)  The Stores need this discovery to gain evidence supporting the allegations detailed in the SACC as to how the scheme was carried out.  Denial of this discovery would deny the Stores needed evidence of how Tauler Smith and the other members of the scheme carried out the scheme following the demand letters.  This would result in unfairness to the Stores because it would deny them evidence to support their claims and that evidence is likely only in the possession of members of the alleged scheme.  Given this discovery may be the only way the Stores gain evidence of the conduct that followed the demand letters, the Stores' interest in it outweighs any confidentiality interest, assuming there is any at all.  In this respect, assuming the heightened standard even applies, it is met here. Accordingly, Tauler Smith shall respond to Document Requests Nos. 7 and 9.

Tauler Smith argues that it has complied with Interrogatories 1, 3, and 7 requesting identities of demand letter recipients, identities of settling stores, and the amount of money received from settling stores by producing the actual demand letters and settlement agreements in its possession to *Outlaw*.  There are at least two problems

with this argument.  First, Rule 33(d)'s allowance to provide business records in lieu of an answer to interrogatories, if the burden on the parties will be substantially the same, does not allow for reliance on records produced to someone other than the requesting party.[5]  Producing records to *Outlaw* in no way satisfies Tauler Smith's obligation to respond to an interrogatory from the Stores.  Second, the party propounding discovery, here the Stores, is the party entitled to receive a response to that discovery.  Producing documents to Outlaw in no way complies with the Stores' interrogatories to Tauler Smith.  Accordingly, Tauler Smith shall respond to Interrogatories 1, 3, and 7.[6]

As to Document Request Nos. 1 (demand letters), 2 (settlement agreements), and 10 (communications with Outlaw's other counsel concerning the scheme), Tauler Smith asserts "it has already produced all of the documents in its possession for the requests at issue."  (Joint Letter Brief at 3.)  If Tauler Smith is claiming it has complied with these requests by producing these documents to Outlaw, rather than the Stores, that is not sufficient.  As discussed above, the Stores are entitled to responses and Tauler Smith must provide them to the Stores.

If Tauler Smith is claiming it has produced all of these documents to the Stores, then there is little the Court can do absent a showing that Tauler Smith is lying to the Court in explicitly indicating to the Court that it has produced all documents in its possession.  The Court cannot compel Tauler Smith to produce documents it does not

---

[5] "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by" producing or providing an opportunity for the moving party to examine records.  Rule 33(d).

[6] To avoid any confusion, the Court notes that it is diverging from its finding in the March 5, 2020 Order that responses to these interrogatories would be duplicative of production of the documents (March 5, 2020 Order at 20) because the record before the Court reflects that Outlaw and Tauler Smith may both be claiming not to have these documents.  Accordingly, Tauler Smith responses to Interrogatories 1, 3, and 7 are not duplicative under Rule 26(b)(2).

have.  However, to provide the Stores some assurance, Tauler Smith must provide the Stores with a declaration indicating they do not have any more responsive documents than those already produced to the Stores.  It must also indicate whether Tauler Smith had the documents at any point after these discovery requests were served on Tauler Smith. If it did, Tauler Smith must also indicate when it ceased being in possession of the documents and how they came to be out of Tauler Smith's possession.

## IV.   CONCLUSION

Tauler Smith must respond as set forth above by **June 10, 2020.**  Any discovery disputes arising from these responses, or lack thereof by the deadline, must be raised no later than **June 24, 2020 or those disputes will be waived and the Court will not address them**.[7]

**IT IS SO ORDERED.**

Dated:  June 1, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[7] This deadline replaces the Court's 30-day time to raise a discovery dispute.  The parties may not grant each other any extensions.  If there are disputes arising from these responses that they need additional time to resolve, they must follow the same procedures set out in the Court's May 4, 2020 for raising a dispute to seek tolling of any disputes, but the submission is limited to one joint page.

Exhibit 1

GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

May 11, 2020

Magistrate Judge Skomal
United States Courthouse
333 West Broadway
San Diego, CA 92101

Re:  *In re Outlaw Laboratory, LP Litig.*, No. 18-cv-840-GPC-BGS

Dear Chambers of Judge Skomal:

Pursuant to the Court's May 4, 2020 Order, the Stores and Tauler Smith submit this joint three-page statement of a discovery dispute respecting Tauler Smith's responses to the Stores' interrogatories and document requests.  Pursuant to the Court's April 6 order, Tauler Smith served those responses on April 15, 2020, less than 30 days ago.  The parties thoroughly met and conferred on these issues on May 6, 2020.

**<u>The Stores' Position</u>**

The Stores previously won a motion requiring Tauler Smith to *make* responses to written discovery.  Unfortunately they now need an order requiring it to *comply* with that discovery.

<u>Interrogatories</u>:  Tauler Smith refuses to provide the information sought in No. 1 (the identities of the Demand Letter recipients); No. 3 (the identities of the "settling stores"); and No. 7 (the amount of money received from the class members).  This information has likewise been sought from Outlaw, which professes not to have it.  As the sender of the letters, the coordinator of the vast majority of settlements, and the entity to whom the settlement checks were written, *Tauler Smith* undoubtedly has this information.  The Stores have never heard of a class action in which the defendants (who are in *exclusive* possession of such information) have not been required to provide such basic discovery as the identities of the class members, and the amount of damages at issue.

<u>Document Requests</u>:  Request No. 1 seeks copies of the Demand Letters.  The Court has already ordered Outlaw to produce these, but Outlaw professes not to have them.  As the sender of *literally every* Demand Letter, Tauler Smith must.  Or if it did not keep a copy, it must know the recipients (Rog 1).

Request No. 2 calls for a copy of each settlement agreement.  Similarly, the Court has ordered Outlaw to produce these, but it professes not to have them.  Naturally it would be the lawyers (not the principals of the company) who arranged the settlements.  Tauler Smith professes that it "provided its files to Outlaw Laboratory," but counsel for Outlaw maintains that those files do not include all settlement agreements.  In any event, the Stores are not familiar with a process whereby a litigant can avoid producing documents by saying it produced them to someone *else*.

Like Rog No. 7, Request No. 7 seeks documents sufficient to show how much money Tauler Smith took in through settlements.  Both documents and the interrogatory response are necessary.  Interrogatory responses are under oath, while documents can be shown to the jury at trial.  Tauler Smith does not claim that it does not have this basic information; it just objects to producing it.

Request No. 9 asks for Tauler Smith's communications with any Stores or their counsel. The Court already ordered Outlaw to produce those, but Outlaw maintains that it does not possess Tauler Smith's communications (and of course the Stores would be communicating with the *lawyers*, not the principals).  Tauler Smith responds that it "provided its files" to Outlaw, but Outlaw's counsel states that *no* email was included.

Request No. 10 seeks all communications between Tauler Smith and Boss Law (or other Outlaw lawyers around the country who perpetuated the scheme) relating to their participation, which will show that this was a scheme to defraud, not an effort to protect the competitive position of Outlaw's "TriSteel" product.  Tauler Smith responds that it does not have "communications between Boss Law and Outlaw Laboratory," but that is not even what the Request asks for.  It asks for *Tauler Smith*'s communications.

**Tauler Smith's Position**

TSLLP has already responded to the requests to the best of its ability and in good faith as further detailed below, even though it had no obligation to do so for many of the requests, since class discovery was to be completed by March 17, 2020.

As the Court explained in its May 4, 2020 Order Granting in Part and Denying in Part the Stores' and Outlaw Laboratory's Motion to Modify Case Schedule (the "May 4th Order"), the March 17, 2020 deadline has passed and has not been extended, since the Stores "have certainly not met the excusable neglect standard to obtain an extension of a deadline that has passed." (ECF #197 at 6:3-4) The Court explained:

> "[E]ven if the Court were to apply the excusable neglect standard itself based on the information provided in the Motion, the excusable neglect standard has not been met. None of the excusable neglect factors listed above, that a court should consider, weigh in favor of any extension. The danger of prejudice, length of the delay, and potential impact on judicial proceedings all weigh against a finding of excusable neglect."
> (ECF #197 at 6:7-14)

The May 4th Order also found that an extension of class discovery was not warranted because "the Stores have not demonstrated diligence" and since "pending discovery motions did not allow the parties to delay any other discovery. (See Chambers Rule V.F.)"  (ECF #197 at 7:20-21).

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Accordingly, the Court only extended fact discovery and not class discovery. TSLLP has complied with its obligations related thereto for the following reasons.

<u>Interrogatories</u>:  Tauler Smith LLP has provided the information requested in the interrogatories at issue by providing the actual letters in its possession (SROG No. 1 (the identities of the Demand Letter recipients)), and providing all settlement agreements in its possession to its clients (SROG No. 3 (the identities of the "settling stores") and No. 7 (the amount of money received from the class members)). As the responses explain, there is nothing more in Tauler Smith LLP's possession.

<u>Document Requests</u>:  Tauler Smith has already produced all of the documents in its possession for the requests at issue, including demand letters (RFP 1); settlement agreements (RFP 2); and RFP 10 (communications with Outlaw's other counsel in Michigan, Chris Boss).

RFPs 7 and 9 deal exclusively with class discovery, and as such no response is needed. However, supplemental responses are not warranted since the Stores have not demonstrated a need for the discovery sought. For example, the Stores have not demonstrated a need for settlement communications between Tauler Smith and third parties regarding settlement of their claims. Disclosure of such communications would frustrate the aims of the settlement communications privilege. As the Court in *Barnes and Noble, Inc. v. LSI Corp.* (N.D. Cal., Dec. 23, 2012, No. C 11-02709 EMC LB) 2012 WL 6697660, at *2, found, "a party seeking discovery of confidential communications must make a heightened showing "demonstrat[ing] (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." *In re Teligent, Inc*., 640 F.3d 53, 57–58 (2d Cir.2011) (internal quotation mark omitted); *Eisai Inc. v. Sanofi–Aventis U.*S., LLC, No. 08–4168, 2011 WL 5416334, at *8 (D.N.J. Nov.7, 2011) (finding that party seeking discovery "failed to make a heightened, more particularized showing of relevance" (internal quotation mark omitted)); *Atchison Casting Corp. v. Marsh, Inc*., 216 F.R.D. 225, 226–27 (D.Mass.2003); *Young v. State Farm Mut. Auto. Ins. Co*., 169 F.R.D. 72, 76 (S.D.W.Va.1996); *Servants of Paraclete, Inc. v. Great Am. Ins. Co*., 866 F.Supp. 1560, 1576 (D.N.M.1994).

Here, the Stores make no argument as to how any settlement communications with third parties would advance their claims.  Nor could they, since their central allegation with respect to third parties is that receipt of a demand letter *ipso facto* entitles the recipient to relief under RICO.

Respectfully submitted,

/s/ *Mark Poe*
Mark Poe, counsel for the Stores

 GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

/s/ *David Sergenian*
Counsel for Tauler Smith LLP