UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION, | Case No.: 18CV840 GPC (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY DEFENDANT TAULER SMITH LLP'S EX PARTE APPLICATION TO STAY DISCOVERY OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER PENDING DETERMINATION OF MOTION TO DISQUALIFY GAW POE LLP AS COUNSEL**<br><br>[ECF 229] |

Third-Party Defendant Tauler Smith ("Tauler Smith") has filed an *Ex Parte* Application to Stay Discovery or in the Alternative Motion for Protective Order Pending Determination of Motion to Disqualify Gaw Poe LLP as Counsel. (ECF 229.) Tauler Smith seeks to delay the Tauler Smith depositions[1] scheduled for June 18, 2020. (*Id.*)

---

[1] One deposition is of Robert Tauler. The other is a Rule 30(b)(6) deposition of Tauler Smith, LLP. (Declaration of David A. Sergenian, Ex. A and B (deposition notices) [ECF 229-2].)

1

Counter-claimant Roma Mikha and Third-Party Plaintiff NMRM, Inc. and Skyline Market, Inc. (collectively the "Stores") has filed an Opposition to Tauler Smith's June 16, 2020 *Ex Parte* Application to Stay its June 19, 2020 Depositions. (ECF 231.)

The timing of Tauler Smith's Application does not support granting it. Tauler Smith's Application was filed at 8:17 p.m. on June 16, 2020. The depositions at issue are scheduled for 10:00 a.m. on June 18, 2020. Practically, Tauler Smith is seeking a ruling from the Court within a single day. There is also little explanation why it waited until the eve of the depositions to seek relief. The June 19, 2020 hearing date has been on calendar since May 26, 2020. That is not new information justifying seeking relief now. Tauler Smith references recent, and not-so-recent, filings on the Motion to Disqualify as justification, but does not indicate that there was some information specific to those filings that prompted seeking belated relief from the Court. (ECF 229-1 at 2 (citing ECF 212, 227, and 228).) Certainly, the depositions are not a surprise as they were stipulated to and allowed to take place beyond the fact discovery deadline by this Court's June 4, 2018 Order. (ECF 219.) The Stores' Opposition addresses these points as well. (ECF 231.)

As to the substance of the request, essentially delaying these depositions until the Motion to Disqualify is ruled upon, Tauler Smith argues that delaying the depositions could avoid these depositions being taken twice. Tauler Smith argues that if its Motion to Disqualify it granted, new class counsel would need to take these depositions a second time. In this respect, Tauler Smith argues it would be more efficient to delay the depositions until a ruling on the Motion to Disqualify.

Although it is not entirely clear that new counsel would be entitled to retake these depositions if Gaw Poe is later disqualified, the Court finds a brief delay of these two Tauler Smith depositions would allow them to proceed more efficiently and effectively. However, the benefit of efficiency will soon be outweighed by the prejudice to the Stores from delay. Accordingly, the Court's delay of these depositions is a brief one. If the Motion to Disqualify is denied, the depositions must be **taken** within **five court days** of

that ruling, but no later than the week of **June 29, 2020 through July 3, 2020**. To be clear, if the Motion to Disqualify remains pending, the depositions must still go forward no later than the week of June 29, 2020 through July 3, 2020. Additionally, given Tauler Smith's late request for this relief, the depositions should be scheduled at the convenience of the Stores' counsel

This order does not authorize extension or delay of any other discovery in this case. Only these two specific depositions are delayed and only as set forth above.

**IT IS SO ORDERED.**

Dated: June 17, 2020

_____
Hon. Bernard G. Skomal
United States Magistrate Judge