UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE OUTLAW LABORATORY, LP LITIGATION. | Case No.: 18-cv-840-GPC-BGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION.**<br><br>**(ECF No. 204.)** |
|---|---|

Before the Court is Tauler Smith, LLP's ("Tauler Smith") motion for reconsideration, (ECF No. 204), of the Court's April 23, 2020 Order denying three motions, including as relevant here, Tauler Smith's motion to dismiss the second amended counterclaims and third-party complaint brought by the Stores. (ECF No. 190.) In sum, Tauler Smith asserts that the Court erred in denying the motion because "bad-faith litigation conduct cannot form the basis of a charge of mail fraud or wire fraud." (ECF No. 204 at 6.)

Having considered the Parties' papers and the applicable law, the Court **DENIES** Tauler Smith's motion for the reasons below.

**I.     Background**

The Court adopts the facts as stated in the April 23, 2020 Order. The Court adds that, on May 29, 2020, Tauler Smith filed the instant motion for reconsideration. (ECF

1

No. 204.) On June 5, 2020, the Stores filed a response. (ECF No. 221.) On June 12, 2020, Tauler Smith filed a reply. (ECF No. 225.)

## II.   Legal Standard

A motion for reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) commits clear error or its initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . ." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Reconsideration "cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301–02 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016); *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003). It also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc.*, 229 F.3d 890).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R.

7.1(i)(1). Ultimately, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III.  Analysis

Tauler Smith's motion fails to present a reason why the Court should reconsider its decision, much less evidence of "clear error" or a "manifestly unjust" decision.

### A.  Tauler Smith's Motion is Procedurally Deficient.

Tauler Smith presents no new evidence or legal precedent under which the Court should re-evaluate its arguments. Instead, Tauler Smith block quotes a string cite presented in its initial motion as a footnote and asks that the Court take a second look at the cited cases, including the only Ninth Circuit decision cited therein, *First Pac. Bancorp, Inc. v. Bro*, 847 F.2d 542, 547 (9th Cir. 1988). (ECF No. 204-1 at 10–16 (citing ECF No. 143-1 at 21–23)).

Having already considered Tauler Smith's moving papers, the Court rejects this argument given that a motion for reconsideration "cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Beaver*, 29 F. Supp. 3d at 1301–02. "Such disagreements should be dealt with in the normal appellate process, not on a motion for reconsideration." *Shields v. Frontier Tech., LLC*, No. CV-11-01159-PHX, 2011 WL 13157066, at *1 (D. Ariz. Oct. 19, 2011).

### B.  The Stores Allege Tauler Smith Participated in a RICO Scheme Based Upon Wire Fraud and the Court's Decision was Not Clear Error.

Moving to the merits of Tauler Smith's motion, the Court finds nothing that would support a finding of "clear error" with respect to the April 23, 2020 motion.

First, the Ninth Circuit's decision *First Pac. Bancorp, Inc.* is consistent with the Court's April 23, 2020 and does not support a finding that the Court committed "clear error" here. In *First Pac. Bancorp, Inc.*, the Ninth Circuit affirmed a district court's

summary judgment in favor of a group of bank shareholders facing a RICO suit brought by the bank after they threatened to sue it. *First Pac. Bancorp, Inc.*, 847 F.2d at 543. Applying the Second Circuit's decision in *United States v. Dixon*, the Ninth Circuit found that the "record," i.e., the bank shareholders' unfiled derivative suit and alleged threats, "d[id] not support mail fraud" because the shareholders did not act "in furtherance of some larger scheme contemplating pecuniary loss to someone or direct pecuniary gain . . . ." *Id.* at 547 (quoting *United States v. Dixon*, 536 F.2d 1388, 1399 (2d Cir. 1976)).

This case thus provides for two takeaways. First, because the Stores adequately allege Tauler Smith participated in a scheme to defraud the Stores of money, (*see* ECF No. 114 at ¶ 6), and as the underlying facts here differ from those of *First Pac. Bancorp, Inc.*, the Court finds that *First Pac. Bancorp, Inc.* is distinguishable. Second, because the Ninth Circuit considered the fact-specific record of *First Pac. Bancorp, Inc.* in reaching a conclusion that there had been no mail fraud, and did not instead announce a general rule prohibiting the application of RICO to all litigation conduct, the opinion does not preclude the Court's decision on April 23, 2020 – even if *First Pac. Bancorp, Inc.* were applicable on the facts. *See also Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 364 (9th Cir.2005) (noting the nonexistence of "any federal case which holds that a party's litigation conduct in a prior case is entitled to absolute immunity and cannot form the basis of a subsequent federal RICO claim"). Thus, the Court finds that Tauler Smith's treatment of *First Pac. Bancorp, Inc.* is incorrect. (ECF No. 204-1 at 9) (incorrectly stating that "First Pac. held that litigation conduct cannot constitute RICO predicate acts").

Beyond *First Pac. Bancorp*, the Court finds Tauler Smith's reliance on other authority unpersuasive. (ECF No. 204-1 at 10–16.) Having again reviewed each case, the Court is once more satisfied that none of Tauler Smith's cited authorities provide for the general rule that a law firm's conduct can never serve as the predicate act for mail fraud or RICO. For example, in Tauler Smith's first cited case, *Snow Ingredients*, the court

4

considered the specific conduct at issue, found that it does not rise to the level of mail fraud, and did not make a general rule that no law firm's conduct could do so. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 524 (5th Cir. 2016). In other cases, the respective courts considered conduct much narrower than that alleged here, and again found that the subject conduct did not, under the circumstances, rise to the level of a predicate act for RICO. *See, e.g.*, *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002) ("Since there was no intent to deceive, there was no 'scheme to defraud,' and we hold that Pendergraft and Spielvogel's mailing of litigation documents, even perjurious ones, did not violate the mail-fraud statute"); *McDonald v. Schencker*, 18 F.3d 491, 493 (7th Cir. 1994) (holding that the filing of a sur-reply brief for the alleged purpose of garnering additional fees was not mail fraud because the attorney was reasonably "attempting to get in the last word"); *I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265, 267 (8th Cir. 1984) (focusing only on "two threats to file a civil action" in a single case). The same is true, of course, where courts are presented with allegations that only involve the standard conduct of attorneys, like filing or serving legal documents. *See, e.g.*, *Republic of Kazakhstan v. Stati*, 380 F. Supp. 3d 55, 61 (D.D.C. 2019), *aff'd sub nom. Republic of Kazakhstan, Ministry of Justice v. Stati*, 801 F. App'x 780 (D.C. Cir. 2020); *Desert Plants Conservancy LLC v. Parsons*, No. CV 11-01599-PHX, 2012 WL 13019154, at *5 (D. Ariz. July 6, 2012). And while Tauler Smith is correct to note that some of these courts express concern that permitting mere litigation conduct to be charged under RICO *could* chill access to the Court, nothing in these cases suggests the Court erred in its April 23, 2020 given the concerning allegations at issue here, much less that the Court's decision was "manifestly unjust." *Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 1262.

At its core, it appears that Tauler Smith's position misunderstands the Court's prior holdings. The Court has not found that *any* litigation conduct can amount to wire fraud. Rather, the Court has repeatedly found that the specific allegations against Outlaw and

5

Tauler Smith amount to more than mere litigation conduct. (*See* ECF No. 190 at 11–13 ("the Court has found that the SACC adequately alleges a pattern of racketeering activity vis-à-vis multiple instances of mail fraud"); ECF No. 113 at 18 ("it is apparent that Counterclaimants are alleging more than just garden-variety advocacy.")) As previously explained, that conduct allegedly encompasses "the firm's genesis of the scheme, its creation of 'TriSteel' as a front product, and its dispatch of 'investigators' to take photos of storefronts to identify new demand letter recipients." (ECF No. 113 at 18). It likewise includes conceiving of the demand letters, threatening RICO liability without a genuine intent to pursue such litigation in hundreds of instances, becoming the sole financial beneficiary of the enterprise, sending baseless subpoenas, enforcing settlements predicated on fraudulent conduct, and, at times, acting without the guidance or direction of Outlaw to further the scheme. (ECF No. 114 at ¶¶ 68–71). And, in light of these allegations, the Court finds once again that the Stores have plausibly alleged Tauler Smith's participation in a RICO scheme predicated upon mail fraud. It may be that the Stores are unable to prove these claims after discovery, but that is not the issue here. The Stores' pleadings are adequate.

Consequently, Tauler Smith's motion also fails on the merits. Contrary to Tauler Smith's arguments, (*see generally* ECF No. 225), this holding aligns with those of other courts who have recognized a law firm's potential liability for "cross[ing] the line between traditional rendition of legal services and active participation in directing the enterprise" and the RICO scheme. *Handeen v. Lemaire*, 112 F.3d 1339, 1349 (8th Cir. 1997); *see also U.S. v. Eisen*, 974 F.2d 246, 253 (2d Cir. 1992) (holding that an alleged scheme by attorneys, private investigators, and office administrator to deprive civil defendants and their liability insurers of money by means of fraudulently conducted lawsuits was mail fraud); *Navient Sols., LLC v. Law Offices of Jeffrey Lohman*, No. L-19-CV-461-LMB, 2020 WL 1917837, at *8 (E.D. Va. Apr. 20, 2020) ("LOJL also appears to summarily argue that a civil RICO claim cannot be based on an attorney's litigation

activity as a matter of law. This argument is without merit. There exists no broad shield from RICO for attorney advocacy, including in the litigation context.") (quotation omitted); *Kruse v. Repp*, No. 4:19-CV-00106-SMR, 2020 WL 1317479, at *20 (S.D. Iowa Mar. 20, 2020) (noting that attorney defendants furthered a RICO scheme in creating an LLC); *Garlock Sealing Techs., LLC v. Shein*, No. 3:14-CV-137, 2015 WL 5155362, at *3 (W.D.N.C. Sept. 2, 2015) ("the Court agrees with Plaintiffs that there exists no broad shield from RICO for attorney advocacy") (quotation omitted); *Lemelson v. Wang Labs., Inc.*, 874 F. Supp. 430, 434 (D. Mass. 1994) (upholding a RICO claim where plaintiff allegedly extorted millions of dollars in settlements through a pattern of litigation involving infringement claims based on fraudulently obtained patents); *Hall Amer. Ctr. Assoc. L.P. v. Dick*, 726 F. Supp. 1083, 1097 (E.D. Mich. 1989).

Lastly, Tauler Smith also mischaracterizes the Court's May 29, 2020 Order. (ECF No. 225 at 2, 5, 10; ECF No. 209.) There, in ruling on the Stores' motion for judgment on the pleadings, the Court did not understand the Stores to be challenging the UCL claim on an "unfair" prong. (ECF No. 209 at 22 ("Plaintiff alleges that the Stores have violated each prong of the UCL and the Stores move for judgment on the pleadings under the 'fraudulent' and 'unlawful' prongs, only.")) Consequently, the Court did not state that "at least some of the Plaintiff's claims are well founded" or "agree[] that claims brought by [Tauler Smith] against various stores properly stated a claim for relief under the UCL." (ECF No. 225 at 2, 5.) The Order simply does not consider the "unfair" prong at all. In addition, as the Court has yet to adjudicate the Stores' motion for reconsideration of that Order, it is also not true that Tauler Smith's claims have "advanced past the pleading stage." (ECF No. 225 at 10.)

IV. Conclusion

As discussed here, a motion for reconsideration does not lead to a different outcome where a party merely disagrees with the initial ruling. In addition, the only binding discussed by Tauler Smith does not compel an outcome different to the Court's

holding on April 23, 2020, especially under the high standard of "clear error." Tauler Smith's other precedents likewise do not support creating a rule that would immunize attorneys from RICO suits where, as here, their conduct exceeds that of legal representation. And, the Court's own May 29, 2020 Order does not suggest otherwise.

For these reasons, Tauler Smith has failed to show that the Court's April 23, 2020 order was clearly erroneous or manifestly unjust. Accordingly, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 25, 2020

Hon. Gonzalo P. Curiel
United States District Judge