UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION, | Case No.:  18CV840 GPC (BGS)<br><br>**ORDER REGARDING JULY 1, 2020 AND JULY 2, 2020 DISCOVERY LETTERS** |

As explained in the Court's June 1, 2020 Order, on May 29, 2020 counsel for the Stores, Tauler Smith, and non-party Trepco contacted Judge Skomal's Chambers by phone regarding deposition subpoenas.  (ECF 216.)  The Court's Order in response indicated that "[i]f the dispute arises from a Rule 45 subpoena, the requirements of Rule 45 must be followed to raise any dispute.  If the parties are attempting to raise any other dispute, they must follow the requirements set in the Court's May 4, 2020 Order."[1]  (*Id.*)

---

[1] The Court's May 4, 2020 Order ruling on an opposed motion to amend the Scheduling Order included requirements for the parties to identify discovery disputes through submission of letter briefs with set page limits because of the volume of discovery disputes the parties had already failed to resolve through the required meet and confer process.

On July 1, 2020, Tauler Smith submitted a letter brief to Judge Skomal's Chambers via email regarding non-parties' objections to numerous Rule 45 subpoenas issued by Tauler Smith. On July 2, 2020, the non-parties responded with their own letter brief via email.

As noted above, the Court indicated the Court's May 4, 2020 Order to raise a discovery dispute should be followed if it was "any other dispute" than one arising from a Rule 45 subpoena. Although Tauler Smith does not identify any provision of Rule 45 it is moving under, it is clear this dispute arises under Rule 45. Accordingly, Tauler Smith and the non-parties should not have submitted letter briefs under the May 4, 2020 Order, they should have filed appropriate motions under Rule 45.

Given the foregoing, the Court will not consider either letter brief. If Tauler Smith or the non-parties seek relief from the Court under Rule 45, either or both may file a motion under Rule 45 to do so by July 10, 2020. Oppositions must be filed by July 17, 2020.[2] Motions and oppositions may not exceed 15 pages.

**IT IS SO ORDERED.**

Dated: July 2, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[2] The letter briefs were noticeably lacking in discussion of Rule 45, even which provision of it Tauler Smith was raising, or cases applying it. The Court recognizes the letter briefs are only intended to identify the dispute, but notes the importance of any motion or opposition to a motion including citation to applicable rules and cases.