UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Outlaw Laboratory, LLP. | Case No.:  3:18-CV-0840-GPC<br><br>**ORDER**<br><br>**(1) GRANTING THE STORES'**<br>**MOTION TO RECONSIDER THE**<br>**MAY 29, 2020 ORDER AS TO**<br>**PLAINTIFF'S CLAIM OF "UNFAIR"**<br>**BUSINESS PRACTICES, AND**<br><br>**(2) DISMISSING THE "UNFAIR"**<br>**BUSINESS PRACTICES CLAIM**<br>**WITH PREJUDICE.**<br><br>**(ECF NO. 213.)** |

On May 29, 2020, the Court largely granted the Stores' motion for judgement on the pleadings as to Plaintiff Outlaw Laboratory, LLP's Complaint. (ECF No. 209.) The Court found that Plaintiff failed to state a claim under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, and the "fraudulent" and "unlawful" prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Importantly, however, the Court observed that the Stores did not challenge the adequacy of the Outlaw's claim for

1

"unfair" business practices under the UCL. (ECF No. 209 at 22) ("Here, Plaintiff alleges that the Stores have violated each prong of the UCL and the Stores move for judgment on the pleadings under the "fraudulent" and "unlawful" prongs, only.")

The Stores now move for reconsideration, arguing that the Court committed clear error by overlooking their challenge to the "unfair" prong. (ECF No. 213.) In light of the applicable law and for the reasons below, the Court finds that it clearly erred by not considering the Stores' challenge to the "unfair" prong, and that Plaintiff fails to allege "unfair" business practices under the UCL. Thus, upon reconsideration, the Court **GRANTS** the Stores' motion for judgment on the pleadings in full and now also **DISMISSES WITH PREJUDICE** Plaintiff's claim for "unfair" practices.

## I.     Background.

The Court adopts the facts as summarized in the May 29, 2020 Order. (*See* ECF No. 209 1–6.) The Court adds that, on May 29, 2020, the Stores filed a motion for reconsideration of the Court's order. (ECF No. 213.) Third-Party Defendant Tauler Smith filed a response on June 19, 2020. (ECF No. 237.) On June 26, 2020, the Stores filed a reply. (ECF No. 245.) Plaintiff Outlaw did not respond to this motion.

## II.    Legal Standard

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . ." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Reconsideration "cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301–02 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016); *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003). It also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc.*, 229 F.3d 890).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1). Ultimately, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III.   Analysis of Clear Error.

Based on the Parties' papers, and in light of the applicable law, the Court finds that it clearly erred in overlooking the Stores' argument as to the UCL's "unfair" prong. The Stores argument, moreover, is dispositive and thus Plaintiff fails to state a claim under the UCL's "unfair" prong.

### A. The Court Erred by Overlooking the Stores' Argument.

The Stores assert that the Court erred when is construed their motion as challenging only the "fraudulent" and "unlawful" prongs of the UCL cause of action. (ECF No. 213.) Outlaw does not oppose the motion, and Tauler Smith contends that the Stores "failed to make any argument as to" the unfairness prong. (ECF No. 237.) Upon reviewing the papers, the Court finds that the Stores have the stronger argument.

3:18-CV-0840-GPC

The Stores' motion for judgment on the pleadings challenged the "unfair" prong concurrently with the "fraudulent" prong of the UCL. (ECF No. 168-1 at 15.) The Stores quoted Plaintiff's' allegations as to both prongs. (*Id.* (quoting ECF No. 1 ("Compl.") at ¶ 134.)) The Stores further referenced the unfairness prong by adding that "Outlaw's 'unfair' claim is also premised on Stores' supposedly false and misleading statements about the Rhino Products." (*Id.*) Then, the Stores argued that "as a matter of law [they] cannot be liable for false advertising under the UCL by simply placing the Rhino Products on Stores' motion their retail shelves for sale." (*Id.*)

The Court addressed this very argument in considering the "fraudulent" prong of the UCL cause of action. (*See* ECF No. 209 at 22.). The Court should have also considered its application to the "unfair" prong, but instead denied the motion on the erroneous basis that the Stores made no argument at all. (*Id.*) Thus, the Court committed clear error. *See Polanco v. Lynch*, No. 2:15-CV-1234-JCM, 2016 WL 3965188, at *5 (D. Nev. July 21, 2016) (finding that an agency committed clear error "when it did not address, consider, or give sufficient reason to not consider" a party's argument). The error is clear, moreover, because any ambiguity as to whether the Stores put forward an argument is resolved by (1) their request for judgment "as to each claim" in the Complaint, and (2) that the Stores cited "three precedents . . . which summarily dismissed the plaintiff's UCL claims in their entirety." (ECF No. 168 at 1; ECF No. 168-1 at 11.)

Tauler Smith's response[1] does not compel a different conclusion. Tauler Smith argues, for example, that the Stores cannot use the motion for reconsideration "to raise a new argument" that could have been raised before. (ECF No. 237 at 3.) While that is a correct statement of law, *see Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), it does not address the Stores' argument. Even though the Stores now cite

---

[1] In reply, the Stores assert that Tauler Smith lacks the standing to oppose the Stores' motion for judgment on the pleadings and, thus, the instant motion for reconsideration. (ECF No. 245 at 2–4.) The Court assumes without deciding that Tauler Smith's filing can be considered and addresses the arguments in turn.

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999), to explain how they may have replied had Outlaw "made any arguments as to why the 'unfair' prong should survive independently of the 'false advertising' premise," (ECF 213-1 at 3), the Court must still determine whether it failed to consider the Stores' argument as to the "unfair" prong of the UCL in the first place.

Tauler Smith's other precedents, moreover, are inapposite. One case addresses a situation where the movant failed to make any argument in support of a specific issue. *See Sherman v. Fountain Valley Police Dep't*, No. SA-CV-17-2217-JVS, 2019 WL 4238873, at *9 (C.D. Cal. Apr. 2, 2019) (denying summary judgment, in part, because the movant failed to address a material issue even with "a single argument"). That is not the case here for the reasons noted above. Another precedent involved a situation where the movant made an argument, but the Court found that the argument was insufficient to meet the movant's burden. *See Rogal v. Astrue*, No. C12-5158-RSL-BAT, 2012 WL 7141260, at *3 (W.D. Wash. Dec. 7, 2012), *report and recommendation adopted*, No. C12-5158-RSL, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), *aff'd sub nom. Rogal v. Colvin*, 590 F. App'x 667 (9th Cir. 2014) (considering and denying plaintiff's argument as "conclusory"). That case thus goes to the adequacy of the movant's argument – not whether failing to consider the argument is clear error. Neither of these cases, moreover, are binding upon the Court.

Accordingly, Court concludes that it erred in failing to consider the Stores' challenge to Plaintiff's claim for "unfair" business practices.

**B. Plaintiff Fails to State a Claim Under the UCL's "Unfair" Prong.**

Having found error, the Court now considers the Stores' argument. Plaintiff alleges that "Defendants have engaged in unfair conduct because the use of pharmaceuticals in male Rhino Products provides them with a competitive advantage in the marketplace among consumers seeking effective products, since pharmaceuticals are necessarily more potent than nutritional supplements." (Compl. at ¶ 134.) The Stores argue that Plaintiff's allegations are "premised on the Stores' supposedly false and misleading statements,"

1  and thus must fail as a matter of law because "the Stores cannot be liable for false
2  advertising under the UCL by simply placing the Rhino Products on their retail shelves
3  for sale." (ECF No. 168-1 at 15–16.) The Court finds that Plaintiff's claim fails for two
4  reasons: (1) that Outlaw did not oppose this argument and (2) that Plaintiff's allegations
5  do not state a claim under *Cel-Tech*.

6        First, Plaintiff Outlaw did not contest the Stores' challenge to the "unfair" prong in
7  their opposition to the motion for judgment on the pleadings. Outlaw only responded to
8  the "unlawful prong" argument, stating "that The Stores cannot sell pharmaceutical drugs
9  without a prescription," and to the argument that it did not plead an adequate remedy in
10 the Complaint. (ECF No. 175 at 14–16.) Plaintiff Outlaw has also filed no opposition to
11 the motion for reconsideration now before the Court. Consequently, the Court "may
12 consider Plaintiff to have conceded the issue," both during the motion for judgment on
13 the pleadings and now upon reconsideration. *See Pub. Watchdogs v. S. California Edison*
14 *Co.*, No. 19-CV-1635-JLS, 2019 WL 6497886, at *6 (S.D. Cal. Dec. 3, 2019); *see also*
15 *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210–11 (N.D. Cal. 2013).

16       Second, Plaintiff's barebones allegation does not state a claim under the UCL. In
17 1999, the Supreme Court of California articulated the legal standard for "unfair" UCL
18 claims in "an action by a competitor alleging anticompetitive practices." *Cel-Tech*
19 *Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 n.12 (1999). The
20 Court defined "unfair" conduct as conduct that "threatens an incipient violation of an
21 antitrust law, or violates the policy or spirit of one of those laws because its effects are
22 comparable to or the same as a violation of the law, or otherwise significantly threatens
23 or harms competition." *Id.* at 187. In doing so, the Court rejected prior definitions offered
24 for the term unfair as "too amorphous" because they "provide[d] too little guidance to
25 courts and businesses," and sought to provide "adequate guidelines" for future lawsuits
26 under the UCL. *Id.* at 185.

27       Here, Plaintiff has failed to state a claim under *Cel-Tech* by merely alleging that
28 the Stores gained an actionable, "unfair" advantage by selling the Rhino Products. (ECF

No. at ¶ 134.) Simply put, neither Outlaw's papers nor the Complaint point to any antitrust law or policy to support the unfair practices claim, much less one that shares a "close nexus" with the Stores' sales. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018); *see also id.* at 867 (noting that the United Nations' Universal Declaration of Human Rights and the ILO's Convention 182's prohibitions on child slavery lacked "a close enough nexus . . . [to] the challenged action—here not placing disclosures on consumer labels."); *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854–55 (2002) (rejecting a UCL claim because defendant's decision to close a store but keep paying the lease was not sufficiently tethered to a public policy against community blight under California's health and safety code).

To the contrary, in affirming the plausibility of Plaintiff's suit, the Court would have to find that retailers could be held liable for the false statements or fraudulent conduct of an unnamed manufacturer, since Plaintiff neither alleges that the Stores created the Rhino Products or their packaging. *But see In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011) (finding that retailer defendants could not be held liable under the UCL for placing "falsely advertised Products on the shelf and failing to disclaim the Manufacturer Defendants' representations"). More generally, the Court would also have to endorse a theory of vicarious liability. *But see In re Jamster Mktg. Litig.*, No. 05-CV-0819-JM, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009) ("It is well established that the concept of vicarious liability has no application to actions brought under the unfair business practices act.") (quotation omitted); *Emery v. Visa Internat. Serv. Ass'n*, 95 Cal. App. 4th 952, 964 (2002) (holding that VISA did not commit an "unfair practice" in failing to stop lottery merchants from improperly using its mark because VISA had "no duty to investigate the truth of statements made by others"). Because neither is permitted under the UCL, Plaintiff fails to state a claim for which relief can be granted.

Consequently, the Court finds that Plaintiff Outlaw conceded its claim under the UCL's "unfair" prong and, in the alternative, failed to allege a claim for which relief

could be granted. Plaintiff correctly argued that "the Stores cannot be liable for false advertising under the UCL by simply placing the Rhino Products on their retail shelves for sale." (ECF No. 168-1 at 15–16.)

**IV.    Conclusion.**

For the foregoing reasons, the Court **GRANTS** the Stores' motion and **DISMISSES** Outlaw's claim for "unfair" practices under the UCL with prejudice. The Court clearly erred in not considering the Stores' challenge to the UCL cause of action under the "unfair" prong, and now finds that the Stores' argument was dispositive as Plaintiff's allegations did not make out a claim for which relief can be granted.[2] The Court's reasoning is supported by Outlaw's decisions not to respond to Stores' argument in the initial briefing or on the motion for reconsideration now before the Court.

**IT IS SO ORDERED.**

Dated: July 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The Stores also contend that a party "cannot move for judgment on the pleadings with respect to less than a full cause of action." (ECF No. 213-1 at 2) (quoting *Living on the Edge, LLC v. Lee*, No. CV-14-5982-MWF-JEMX, 2015 WL 12661917, at *4 (C.D. Cal. Aug. 25, 2015)). While true, that rule does not support a finding that the Court erred here. California law permits consumers to allege "three varieties" of UCL violations: "practices which are unlawful, unfair or fraudulent." *In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009) (quotation omitted). Each violation is governed by a different standard and thus supports a distinct claim. *See Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1163 (S.D. Cal. 2019) (differentiating each prong of the UCL). Consequently, because Plaintiff alleged violations of each prong of the UCL, (Compl. at ¶ 134), the Court did not err in treating the UCL cause of action as alleging three distinct claims. Courts of the Ninth Circuit, moreover, regularly permit judgment on the pleading in such circumstances. *See Pantastico v. Dep't of Educ.*, 406 F. Supp. 3d 865, 880 (D. Haw. 2019) (granting motion for judgment on the pleadings with respect to plaintiff's § 1983 claim as to a Due Process theory, but granting the motion under an Equal Protection theory); *Am. Traffic Sols., Inc. v. Redflex Traffic Sys., Inc.*, No. CV-08-2051-PHX, 2009 WL 2714017, at *2 (D. Ariz. Aug. 27, 2009) (finding judgment on the pleadings appropriate as to a Lanham Act claim because the allegations "contain[ed] what could be construed as several claims for false advertising based on separate statements by defendants"); *Holloway v. Best Buy Co.*, No. C-05-5056-PJH, 2009 WL 1533668, at *4 (N.D. Cal. May 28, 2009) ("In light of the purpose of Rule 12(c) motions, as stated above, and given that each cause of action in the TAC alleges what could be construed as several separate claims, the court finds no reason not to consider Best Buy's motion for judgment on the pleadings as to less than entire causes of action.").