DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

## GLOBAL AGREEMENT OF COMPROMISE, SETTLEMENT, AND MUTUAL GENERAL RELEASE

This GLOBAL AGREEMENT OF COMPROMISE, SETTLEMENT, AND MUTUAL GENERAL RELEASE ("Agreement") is entered into by and between OUTLAW LABORATORY, LP, a Texas Limited Partnership (hereinafter "PLAINTIFF"), on the one hand, and the parties listed on Exhibit "A" attached hereto and incorporated herein (hereinafter collectively "DEFENDANTS"), on the other. The persons to this Agreement may sometimes be referred to collectively as the "Parties" or separately as "Party". This Agreement is entered into with reference to the recitals set forth in the Article titled "Recitals" below and constitutes (i) a settlement agreement between the Parties and (ii) a mutual release of all liabilities of the Parties arising out of the matters described below and except as expressly otherwise noted herein.

ARTICLE I.
RECITALS

This Agreement is entered into with reference to the following facts:

1.1    DEFENDANTS own and operate, or otherwise were prior owners of, the liquor/grocery/convenience stores or markets at the retail locations identified in Exhibit "A" (the "Businesses"). During their period of ownership, DEFENDANTS allegedly sold various male sexual enhancement products at their Businesses, including but not limited to the products commonly known as Libigrow, Rhino Platinum 3000, Rhino Platinum 8000, Rhino Platinum 15000, Rhino 7, Rhino X, and several other related products as specified to each individual Defendant in a demand letter as listed on Exhibit "A" (hereinafter collectively the "Male Enhancement Products").

1.2    PLAINTIFF is a manufacturer, distributor, and retailer of the male enhancement products commonly known as TriSteel and TriSteel 8 hour. PLAINTIFF alleges the Male Enhancement Products sold at the Businesses have been the subject of FDA testing and contain dangerous hidden drugs ingredients. Accordingly, PLAINTIFF alleges, among other things: (1) the Male Enhancement Products sold at DEFENDANTS' Businesses contain false and misleading advertising to consumers that poses health risks to consumers; (2) that DEFENDANTS have participated in some fashion with the false advertising by selling the Male Enhancement Products to consumers; and (3) DEFENDANTS' sale of the Male Enhancement Products constitutes unfair competition in violation of the federal Lanham Act, the federal Racketeer Influenced And Corrupt Organizations Act (RICO), and violations of other federal and California state laws that may be asserted arising out of DEFENDANTS' sale of the Male Enhancement Products. The foregoing may collectively be referred to as PLAINTIFF'S "Claims."

1.3    DEFENDANTS have each received a demand letter from PLAINTIFF'S counsel setting forth their Claims, along with a draft complaint of the Claims to be filed in the United States District Court, Southern District of California (collectively the "Demand Letters").

1.4    On or about April 12, 2018, the Parties resolved said conflict, dispute, and

SKYLINE007

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

controversy by way of settlement, the terms of which are reflected by this Agreement.

1.5     The Parties consider it to be in their best interests, in light of the cost of litigation, and to their best advantage, to forever dismiss, settle, adjust and compromise all claims and defenses which have been, or could have been asserted relative to said Claims asserted in the Demand Letters.

1.6     All Claims are denied and contested, and nothing contained herein should be construed as an admission by any Party hereto of any liability of any kind to any other Party hereto or to any other person.

1.7     The Parties now wish to settle the dispute between them and forever release, discharge, and terminate any and all liabilities arising out of, or existing or emanating from the Claims, including all demands and causes of action, whether state, federal, or administrative, and whether actually raised or could have been raised by way of complaint, supplemental complaint, or cross-complaint except as expressly otherwise set forth within this Agreement. In order to effectuate this release, the Parties hereto enter into this Agreement.

NOW THEREFORE, in consideration of the mutual promises and covenants, and upon the conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

ARTICLE II
TERMS OF SETTLEMENT

2.1     <u>Payment to PLAINTIFF.</u>  Each DEFENDANT identified in Exhibit "A" shall pay to PLAINTIFF the total sum of TWO THOUSAND EIGHT HUNDRED DOLLARS ($2,800.00) by way of a check made out to counsel for PLAINTIFF, "Tauler Smith, LLP" and mailed to 626 WILSHIRE BLVD., STE. 510, LOS ANGELES, CA, 90017, upon execution of this Agreement.

2.2.    <u>Destruction of Evidence.</u>  PLAINTIFF shall direct and instruct its counsel, and its counsel's employees and agents, to destroy any and all evidence obtained against DEFENDANTS concerning the Claims and matters set forth in the Demand Letters such that PLAINTIFF'S counsel shall have the inability to use the same in any manner for the representation of any individual, entity, or third party, in connection with any administrative action, arbitration, litigation or anticipated administrative action, arbitration or litigation against DEFENDANTS arising out of similar facts and circumstances as the Claims or the Demand Letters.

2.3     <u>Liquidated Damages.</u>   The Parties acknowledge that it is impracticable and extremely difficult to fix the actual damages for PLAINTIFF'S violation or breach of section 2.2, 3.3(k), 3.3(l), and 3.3(m) of this Agreement.  The Parties acknowledge that under the facts and circumstances in existence at the time this Agreement is executed, the sum of Two Thousand Eight Hundred Dollars ($2,800) payable to each DEFENDANT herein is a reasonable amount of liquidated damages to be assessed for each violation or breach by PLAINTIFF of the foregoing

SKYLINE008

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

provisions, or any of them, of this Agreement (the "Liquidated Damages Amount").  The Parties further acknowledge and agree that the Liquidated Damages Amount is a reasonable estimate of fair compensation for the loss sustained by each DEFENDANT for each violation or breach of these sections of this Agreement, or any of them.  Each separate publication and/or act of disclosure, even if pertaining to the same information, is a separate breach for which a separate Liquidated Damages Amount would be owed. PLAINTIFF has confirmed with its counsel that the aforementioned Liquidated Damages are reasonable for each breach by PLAINTIFF.

ARTICLE III
MUTUAL GENERAL RELEASE OF ALL CLAIMS

3.1     General Release.  In consideration of the terms and provisions of this Agreement, the Parties hereto, on behalf of themselves, successors, and assigns, hereby forever relieve, release, and discharge each other, and their respective successors and assigns, and all of their respective present and former attorneys, accountants, agents, employees, representatives, administrators, insurers, partners, directors, officers, shareholders,  and heirs of and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses, including but not limited to attorney's fees, damages, actions, and causes of action of whatsoever kind or nature, specifically including those related to in any way, directly or indirectly, to any alleged past, present, or future claims for violations of any state, federal, or administrative code or statue, or any type of tort or conversion, or indemnification, contribution, or declaratory relief based on any type of allocation of fault, whether now known or unknown, suspected or unsuspected, based on, arising out of, or in connection with anything whatsoever done, omitted, or suffered to be done at any time, relating to, or in any matter connected with, directly or indirectly, the matters, facts or claims related to the Claims, Demand Letters, and matters set forth in the Article of this Agreement titled "Recitals". This Agreement shall not be interpreted to bar any claims for the enforcement of the provisions of this Agreement.

3.2     Waiver under Section 1542 of the California Civil Code.  The Parties hereto expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

In connection with such waiver and relinquishment, the Parties acknowledge that it may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which it now knows or believes to be true. Nevertheless, it is the intention of the Parties, through this Agreement, and with the advice of counsel, if any, to fully, finally, and forever settle this dispute. Pursuant to that intention, the Parties expressly consent that this release shall have the same full force and effect as to unknown and unsuspected claims, demands, and causes of action, if any, as to those terms and provisions relating to claims, demands, and causes of action hereinabove specified.

SKYLINE009

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

3.3     <u>Representations and Warranties.</u>  The Parties hereby represent and warrant to, and agree with each other as follows:

(a)     The Parties hereto, and each of them, represent and declare that in executing this Agreement they have relied solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, if any, concerning the nature, extent, and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by the other party hereto or by any person representing him or it.

(b)     Except as expressly stated in this Agreement, neither of the Parties have made any statements or representations regarding any fact relied upon in entering into this Agreement, and the Parties specifically do not rely on any statements, representations, or promises in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement;

(c)     The Parties, and their attorneys, if desired, have made such investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto, as they deem necessary;

(d)     The terms of this Agreement are contractual, not a mere recital, and are the result of negotiations between the Parties;

(e)     The Recitals to this Agreement are expressly made a part hereof;

(f)     This Agreement has been carefully read by the Parties hereto, and if they choose, by their attorneys; it is signed freely by each person executing this Agreement and each person executing this Agreement is empowered to do so.

(g)     In entering into this Agreement, the Parties recognize that no facts or representations are absolutely certain. The Parties acknowledge that they are aware that they may, after execution of this Agreement, discover facts different from or in addition to those they now know or believe to be true with respect to the liabilities, actions or causes of action to be released. Accordingly, the Parties each assume their own risk of any incomplete disclosure or mistake. If the Parties, or each of them, should subsequently discover that any fact it relied upon in entering into this Agreement was untrue, or that any understanding of the facts or of the law was incorrect, such party shall not be entitled to set aside this Agreement by reason thereof. This Agreement is intended to be final and binding between the Parties hereto, and is further intended to be effective as a final accord and satisfaction between the Parties. The Parties are relying on the finality of this Agreement as a material factor inducing the Parties' execution of this Agreement.

(h)     The consideration specified herein is given for the purpose of (i) settling and compromising all claims and disputes which have arisen between the Parties, and (ii) releasing the Parties by operation of this Agreement from any and all claims and liabilities, past, present, and future, that have or may arise out of the matters described in the Article titled "Recitals."

SKYLINE010

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

Neither the payment nor tender of consideration, nor anything herein, shall be construed as an admission by any of the Parties, their agents, servants or employees , of any liability of any kind to the other.

(i)     The Parties represent and warrant that they have not heretofore transferred or assigned or purported to transfer or assign to any person, firm, or corporation any claim, demand, damage, debt, liability, account, action or cause of action herein to be released.

(j)     The Parties acknowledge the adequacy of the consideration given for the release of all Parties in this Agreement and understands that irrespective of whether the consideration is expressly described herein, adequate consideration exists for the release of all Parties under this Agreement.

(k)     PLAINTIFF represents and warrants it has not solicited, encouraged, incited or attempted to incite any individual to commence, maintain or prosecute any action, suit, proceeding, investigation, complaint, claim, grievance, or charge with any court, arbitrator, or any other body or person, whether Federal, State, contractual or otherwise, against DEFENDANTS for similar claims as the Claims asserted by PLAINTIFFS herein.

(l)     PLAINTIFF represents and warrants that it is not currently aware of any individual, entity, or other third party other than PLAINTIFF, that may presently have an interest in seeking any administrative action, arbitration, litigation, or any anticipated administrative action, arbitration or litigation against DEFENDANTS, or otherwise any interest in asserting any claims against DEFENDANTS arising out of similar facts and circumstances as the Claims or Demand Letters.

(m)     PLAINTIFF represents and warrants that it has not discussed any factual or legal issues with any individuals, other than PLAINTIFF'S counsel, in connection with any administrative action, arbitration, litigation, or any anticipated administrative action, arbitration or litigation against DEFENDANTS arising out of similar facts and circumstances as the Claims or Demand Letters.

## ARTICLE IV
## GENERAL PROVISIONS

4.1     Integration.   This Agreement constitutes a single, integrated, written contract expressing the entire Agreement of the Parties hereto relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth in this Agreement. All prior discussions and negotiations, if any, are superseded by this Agreement.

4.2     No Construction Against Drafter.   Each party to this Agreement and its legal counsel have reviewed and revised this Agreement. The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or of any amendments or exhibits to this Agreement. This Agreement shall not be deemed prepared or drafted by one party or another, or its attorneys, and will be construed

SKYLINE011

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

accordingly.

 4.3 <u>Modification.</u> No modification, waiver, amendment, discharge, or any change of this Agreement shall be valid unless the same is in writing and signed by the party against which the enforcement of such modification, waiver, amendment, discharge, or change is or may be sought.

 4.4 <u>Heirs. Successors. and Assigns.</u> This Agreement shall inure to the benefit of, and shall be binding upon, the heirs, successors, and assigns of the Parties hereto, and each of them.

 4.5 <u>Severability.</u> In the event that any term, covenant, condition, or provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

 4.6 <u>Governing Law.</u> This Agreement shall be construed in accordance with, and be governed by the laws of California.

 4.7 <u>Venue and Jurisdiction.</u> In the event that any action, suit, or other proceeding arising from this Agreement is instituted, the parties agree that venue for such action shall be in San Diego County, and that personal jurisdiction and subject matter jurisdiction shall be exercised by the Superior Court of the State of California, in and for the County of San Diego, Central Division.

 4.8 <u>Execution in Counterparts.</u> This Agreement may be executed and delivered in two or more counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute but one and the same Agreement. This Agreement shall be deemed to be executed on the last date any such counterpart is executed.

 4.9 <u>Facsimile & Electronic Signatures.</u> This Agreement may be executed and a copy of such executed Agreement transmitted by facsimile or electronic means, which when received can be used as an original of the Agreement for all purposes.

 4.10 <u>Costs and Attorney's Fees.</u> The Parties hereto agree to bear his or its own costs and attorney's fees, and each party hereby waives any statute, rule of court, or other law, awarding costs, fees, or expenses relating to the drafting of this Agreement. Said waiver shall be effective with respect to the statutes, rules of court, or other laws or provisions of the United States and/or each state, including, without limitation, the State of California. However, in the event that any action, suit, or other proceeding is instituted to interpret and/or enforce this Agreement, or arising out of a breach of this Agreement, the prevailing party shall recover all of such party's reasonable attorney's fees and costs incurred in each and every action, suit, or other proceeding, including any and all appeals or petitions therefrom.

 4.11 <u>Waiver.</u> Any waiver of a default under this Agreement must be in writing and shall not be a waiver of any other default concerning the same or any other provision of this Agreement. No delay or omission in the exercise of any right or remedy shall impair such right or remedy or be construed as a waiver. Consent to or approval of any act shall not be deemed to

SKYLINE012

DocuSign Envelope ID: 6D0A9CCE-6818-4DC0-AB94-1AE0E06246A1

waive or render unnecessary consent to or approval of any other or a subsequent act.

    4.12   <u>Confidentiality.</u>  The terms of this Agreement are confidential. The Parties expressly understand and agree that it shall constitute a breach of this Agreement to disclose or communicate the terms of this settlement or to disseminate this Agreement to any third party (unless required by Court order or operation of law or to the Parties' respective attorneys, accountants or tax advisers).

    4.13   <u>Time of Essence.</u>  The Parties hereto agree and confirm that time is of the essence for execution, completion, and full performance of the terms and conditions of this agreement.

    IN WITNESS WHEREOF, the Parties hereto have each approved and executed this Agreement on the dates set forth opposite their respective signatures.

**PLAINTIFF**

OUTLAW LABORATORY, LP

Dated: 5/3/2018

By: _____ *Michael Wear* (8796A9E92B99425...)

Print Name: Michael Wear

Title: Michael Wear

**DEFENDANTS**

DEFENDANTS' SIGNATURES ON EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN.

**AGREED AS TO FORM ONLY BY PLAINTIFF'S COUNSEL**

TAULER SMITH LLP

Dated: 5/4/2018 4:10:22 PM PDT

By: _____ *Robert Tauler* (BB8619BA346CC418...)

ROBERT TAULER, ESQ.,
Attorney for PLAINTIFFS

SKYLINE013

## EXHIBIT "A"
## LIST OF DEFENDANTS

| STORE NAME & ADDRESS | OWNERSHIP | DEFENDANTS' SIGNATURE |
|---|---|---|
| SKYLINE FARMS MARKET 1505 SKYLINE DRIVE LEMON GROVE, CA 91945 | SKYLINE MARKET, INC. | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

SKYLINE014

**SKYLINE MARKET, INC.**
1505 SKYLINE DR.
LEMON GROVE CA 91945

1801

II-35/1210 CA
91191

Date 5-17-18

Pay To The
Order of _TAYLER SMITH LLP_ $ 2,800.00

_two thousand eight hundr_ Dollars

Security
Features
Details on
Back.

**Bank of America** ≡≡≡

ACH R/T 121000358

For _settlement amount_

MP

⑈"001801⑈" ⑈:121000358⑈: 325039071484⑈"

SKYLINE015