**Sergenian Ashby LLP**
David A. Sergenian (SBN 230174)
david@sergenianashby.com
1055 West Seventh Street, 33rd Floor
Los Angeles, California 90017
Tel. (323) 318-7771

*Attorneys for Third-Party Defendant
Tauler Smith LLP*

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Outlaw Laboratory, LP Litigation** | Case No. 3:18–cv–840–GPC–BGS consolidated with 3:18–cv–1882–GPC–BGS<br><br>**DISCOVERY MATTER**<br><br>**Memorandum of Points and Authorities in Support of Third-Party Defendant Tauler Smith LLP's *Ex Parte* Application to Quash Subpoena to Joseph Valerio** |

## I. INTRODUCTION

Third-Party Defendant Tauler Smith LLP ("TSLLP") seeks an order quashing a subpoena issued by Defendant-counterclaimant Roma Mikha, Inc., and third-party plaintiffs NMRM, Inc. and Skyline Market, Inc. (the "Stores") to the former self-proclaimed Chief Financial Officer of TSLLP, Joseph Valerio. TSLLP previously sought an order disqualifying the Stores' counsel Gaw Poe LLP on the grounds that Gaw Poe LLP's concurrent representation of Valerio in a separate lawsuit filed by TSLLP against Valerio inevitably will lead to Valerio disclosing TSLLP's confidential information to Gaw Poe LLP. The Court (Judge Curiel presiding) denied the motion to disqualify Gaw Poe LLP, but stated that it was "sympathetic to Tauler Smith's concern that Gaw | Poe's relationship to Mr. Valerio may lead to an ethical violation."

> CTRLR [Mr. Valerio's company] appears to have conveyed – or, at least, will likely convey – information about its work with Tauler Smith to Gaw | Poe. And, while at this time Tauler Smith has failed to demonstrate Gaw | Poe is in possession of privileged information, CTRLR may well possess information obtained during its work with Tauler Smith that is, in fact, privileged. Tauler Smith and Outlaw, for example, point to a recently-filed declaration by Mr. Poe indicating that Mr. Valerio was privy to Tauler Smith's use of Zoho, client relationship management "software in which Tauler Smith, among other Outlaw-related activities, logged its contacts with the recipients of the Demand Letters." (ECF No. 227-2, Ex. A at ¶ 6; *see also* ECF No. 228.) Though this cursory allegation does not remedy the deficiencies identified as to Tauler Smith's motion, it nevertheless underscores why Gaw | Poe must be mindful of all applicable ethical canons and rules in its dealings with Mr. Valerio. Gaw | Poe's relationship with Mr. Valerio exposes counsel to the potential for an ethical violation and thus counsel should act cautiously to ensure that none takes place.
>
> It should go without saying, moreover, that Gaw | Poe must also abide by the applicable ethical rules in the event privileged information is inadvertently disclosed. *See Clark*, 196 Cal. App. 4th 37, 53 (2011) (quoting *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999)) (describing two-step rule applicable to "a lawyer who

– 1 –

> receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged"); *see also* ABA Model Rule 4.4(b) ("[a] lawyer who receives a document . . . relating to the representation of the lawyer's client and knows or reasonably should know that the document … was inadvertently sent shall promptly notify the sender."); ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 382 (1994) ("A lawyer who receives on an unauthorized basis [privileged] materials … should … review them only to the extent required … notify her adversary's lawyer … and should either follow instructions of the adversary's lawyer … or refrain from using the materials until a definitive resolution … is obtained from a court"). Any such violation will be dealt with accordingly, including through disqualification or a lesser sanction, as the Court deems appropriate. *See Neal v. Health Net, Inc.*, 100 Cal. App. 4th 831, 844 (2002) ("Rather than disqualification of counsel, other sanctions can suffice … such as: protective orders, limiting the admission of evidence; in camera proceedings; the use of sealed records; payment of attorney fees and costs; and disciplinary sanctions through the State Bar of California in appropriate circumstances").

(ECF No. 244 (Jun. 25, 2020) at pp. 17–18.)

The Stores have ignored this clear guidance from the Court[1] and has sought to use Gaw Poe LLP's representation of Valerio in a separate matter to obtain confidential information that it has used to attempt to gain a tactical advantage in this litigation. For example, Valerio signed a declaration filed by the Stores on August 14, 2020, in which he details how TSLLP selected defendants in lawsuits filed on behalf of Outlaw Laboratory, LP ("OLL") (ECF No. 272-19 (Valerio Decl. ISO Opp'n to MSJ) ¶ 2), details on how TSLLP selected local counsel to represent OLL (*id.* ¶ 3), and Valerio's purported understanding of the reasons why TSLLP went from representing a client called JST Distributions to pursuing similar claims on behalf of OLL (*id.* ¶ 4.)

---

[1] Following determination of the pending motion for class certification and TSLLP's motion for summary judgment, TSLLP will renew its motion to disqualify Gaw Poe LLP in a separate motion.

– 2 –

Gaw Poe LLP also had Valerio draft a declaration on August 10, 2020, in support of a sanctions motion. (ECF No. 269-25). The August 10 declaration includes as Exhibit B an email forwarded by Valerio to Poe on April 8, 2020. (ECF No. 269-25). This directly contradicts Mr. Valerio's May 20, 2020 declaration opposing the motion to disqualify his firm that stated that as of that date Valerio had "not provided anyone from Gaw | Poe LLP with any materials related to the work I had done for Tauler Smith LLP, other than my contract with the firm, and the invoices for which I seek payment." (ECF No 203-2 ¶ 5.) In other words, Gaw Poe LLP has already demonstrated that it is willing to use Valerio, even if it means submitting a false declaration, to advance the interests of the firm. Gaw Poe LLP is openly taking advantage of its simultaneous representation of Valerio to improperly obtain and use confidential information belonging to TSLLP when it suits them (ECF No. 269-25) and deny the existence of such information when it doesn't suit their needs. (ECF No 203-2 ¶ 5).

In the Court's August 6, 2020 Order (ECF No. 266), the Stores were given leave to subpoena Valerio; however, the Court acknowledged that some of the documents subpoenaed by the Stores may be privileged or confidential, but stated that substantive issued could be addressed through Rule 45 procedures. The Court further specified that the subpoena should be limited to documents relating to "documents Mr. Tauler alleges Mr. Valerio stole from him." (ECF No. 266 at p. 3; *see also id*. at p. 4 n.4 ("[T]he Court is only granting leave to pursue these particular documents based on the Stores only recently finding out Mr. Valerio may be in possession of them."). Ignoring this clear guidance, the Stores have issued an overly broad subpoena that seeks on its face and by necessity requires production of documents that are privileged and confidential. Accordingly, TSLLP seeks an order quashing or modifying the subpoena.

– 3 –

## II. THE SUBPOENA

The subpoena issued by the Stores goes well beyond the limited subject matter for which the Stores sought leave to issue the subpoena (certain documents stolen by Valerio). The issued subpoena seeks the following:[2]

Category 2: All documents reflecting the identity of any RETAIL STORE that received a DEMAND LETTER.

Category 3: Each and every SETTLEMENT AGREEMENT. ["SETTLEMENT AGREEMENT" is defined to include all drafts of settlement agreements.]

Category 4: All documents reflecting the identity of any retail store that entered a settlement agreement.

Category 5: All documents reflecting any sums of money received by Tauler Smith or Outlaw in connection with settlement agreements.

Category 6: All documents reflecting any financial arrangements between TAULER SMITH, OUTLAW, the PULASKI LAW FIRM, and/or any other law firm the [sic] represented Outlaw Laboratory in the OUTLAW LITIGATION, related to the distribution of proceeds from SETTLEMENTS AGREEMENTS.

Category 7: All documents reflecting any communications sent to or received from any RETAIL STORE or its counsel in the United States RELATING TO a DEMAND LETTER or a SETTLEMENT AGREEMENT, including any notes or other commemorations of such communications or conversations.

Category 8: All documents related to any sales of TRISTEEL, including any analysis of the actual or perceived impact of the OUTLAW LITIGATION on such sales.

Category 9: All documents reflecting any communications between YOU and TAULER SMITH related to this ACTION.

---

[2] The subpoena to Valerio is attached as Exhibit A to the declaration of David A. Sergenian.

– 4 –

## III. LEGAL STANDARD

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(3)(A)(iii). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the broad scope of permissible discovery is limited by, among other things, the attorney work product doctrine. Fed. R. Civ. P. 26(b)(3).

A party has standing to move to quash a third-party subpoena on the grounds that the subpoena calls for the disclosure of attorney work product. *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 906 (9th Cir. 2004). Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). The primary purpose of the work-product rule is to "prevent exploitation of a party's efforts in preparing for litigation." *United States v. Sanmina Corp.*, 2020 WL 4558285, at *7 (9th Cir. Aug. 7, 2020). The work product of attorney is accorded protection for the purpose of preserving our adversary system of litigation by assuring an attorney that his private files shall, except in unusual circumstances, remain free from the encroachment of

opposing counsel. *Skynet Elec. Co., Ltd v. Flextronics Int'l, Ltd.*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013).

Unlike attorney-client privilege, attorney work-product protection is not automatically waived upon disclosure to third parties. This is so because "the purpose of the work-product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials." Wright, Miller, Kane & Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.). Accordingly, such disclosure generally "does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information." *Id.* "Disclosure to person with interest common to that of attorney or client is not inconsistent with intent to invoke work product doctrine's protection and would not amount to waiver." *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981).

## IV. ARGUMENT

### A. The Subpoena Calls for Privileged and Confidential Information

The subpoena to Valerio (with the exception of Category 1, which is limited by the term "DEMAND LETTER" to letters actually sent to defendants) openly calls for the disclosure of TSLLP's work product, as well as documents protected by the attorney-client privilege, and confidential financial information belonging to TSLLP. Some of the categories are so broad that they require the disclosure of this confidential and privileged information. For example, category 2 would include any attorney notes that Valerio took from TSLLP if they refer to a "RETAIL STORE" (i.e., the underlying defendants and potential defendants). Category 3 would include draft settlement agreements and annotated settlement agreements meant for attorney-only use, and draft agreements sent to TSLLP's client under the attorney-client privilege. Category 4 would, like category 2, seek

– 6 –

any attorney note or attorney-client communication that refers to a settling retail store. Category 5 would require disclosure of confidential financial information of TSLLP and its client, as well as privileged communications between those entities and internally at TSLLP. Category 6 encompass attorney-client communications with OLL regarding financial arrangements, privileged communications with co-counsel, and private financial information of TSLLP and its clients. Category 7 requires production "notes or other commemorations" of conversations with opposing parties; i.e., TSLLP's work product. Category 8 broadly seeks documents relating to sale of one of the products at issue in the underlying lawsuit, which is broad enough to encompass attorney work product and attorney-client privileged documents. In addition, Category 8 explicitly calls for any "analysis of the actual or perceived impact of the OUTLAW LITIGATION" on OLL's sales (thus requiring the production of attorney work product and attorney-client privileged information). Category 9 seeks communications between Valerio and Tauler Smith, which would include privileged communications, work product shared with Valerio during his time as an agent of TSLLP, and confidential financial information.

In sum, the subpoena has been broadly tailored to encompass as much work product and privileged and confidential information as Valerio has acquired from TSLLP by means of his employment as an agent of TSLLP. The Court, respectfully, should quash the subpoena or modify the subpoena so that these privileged and confidential documents are not disclosed.

### B. Gaw Poe LLP's Receipt of Privileged and Confidential Information from Valerio Is Impermissible

Although as set forth above, this application does not seek disqualification of Gaw Poe LLP as counsel, it is important to note that if the subpoenaed documents are received by Gaw Poe LLP, it would subject that firm to disqualification. *See, e.g., Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025120 (N.D.

– 7 –

Cal. Mar. 13, 2014) (disqualifying plaintiff's counsel on account of their possession and use of defendant's privileged documents obtained from plaintiff's principals who were former employees of defendant); *accord Clark v. Superior Court*, 196 Cal. App. 4th 37 (2011) (disqualifying plaintiff's counsel on account of their possession and use of defendant's privileged documents that they had obtained from plaintiff who was a former employee of defendant, which was used in a lawsuit against the client's former employer.). This should be a further reason militating in favor of quashing the subpoena.

## V. CONCLUSION

For the foregoing reasons, TSLLP respectfully requests that the Court quash or in the alternative modify the subpoena from the Stores to Valerio.

Dated: August 18, 2020          Respectfully submitted,

**Sergenian Ashby LLP**

By: */s/David A. Sergenian*
David A. Sergenian
*Attorneys for Third-Party Defendant Tauler Smith LLP*

– 8 –

# CERTIFICATE OF SERVICE

In Re: Outlaw Laboratory, LP Litigation, Case No.: 3:18-cv-00840-GPC-BGS

I hereby certify that on August 18, 2020, copies of **Memorandum of Points and Authorities in Support of Third-Party Defendant Tauler Smith LLP's *Ex Parte* Application to Quash Subpoena to Joseph Valerio** were filed electronically through the Court's CM/ECG system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

**Sergenian Ashby LLP**

By: */s/David A. Sergenian*
David A. Sergenian
*Attorneys for Third-Party Defendant
Tauler Smith LLP*