**Sergenian Ashby LLP**
David A. Sergenian (SBN 230174)
david@sergenianashby.com
1055 West Seventh Street, 33rd Floor
Los Angeles, California 90017
Tel. (323) 318-7771

*Attorneys for Third-Party Defendant
Tauler Smith LLP*

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Outlaw Laboratory, LP Litigation** | Case No. 3:18–cv–840–GPC–BGS consolidated with 3:18–cv–1882–GPC–BGS <br><br> **DISCOVERY MATTER** <br><br> **Declaration of David A. Sergenian Third-Party Defendant Tauler Smith LLP's *Ex Parte* Application to Quash Subpoena to Joseph Valerio** |

# DECLARATION OF DAVID A. SERGENIAN

I, David A. Sergenian, declare as follows:

1. I am attorney of record for Third-Party Defendant Tauler Smith LLP in this action. The following matters are based upon my personal knowledge and if called to testify to the matters set forth in this declaration, I could and would do so competently.

2. Attached as **Exhibit A** is a true and correct copy of the Notice of Service of Subpoena to Joseph Valerio, served by Defendant-counterclaimant Roma Mikha, Inc., and third-party plaintiffs NMRM, Inc. and Skyline Market, Inc. on August 10, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 18, 2020

*/s/ David A. Sergenian*
David A. Sergenian

– 1 –

Sergenian Decl. ISO *Ex Parte* Application to Quash Subpoena to Joseph Valerio

Case No. 3:18–cv–840–GPC–BGS
Consolidated with 3:18–cv–1882–GPC–BGS

# Exhibit A

MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendants/Counterclaimant,
and Third-Party Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No. 18-CV-0840-GPC-BGS<br><br>**NOTICE OF SERVICE OF SUBPOENA** |

**PLEASE TAKE NOTICE THAT:**

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendant-counterclaimant Roma Mikha, Inc., and third-party plaintiffs NMRM, Inc. and Skyline Market, Inc. (the "Stores") hereby give notice that on today's date they intend to serve the attached subpoena on Joseph Valerio.

Dated: August 10, 2020              GAW | POE LLP

                                    By: /s/ Mark Poe
                                        Mark Poe
                                        Attorneys for Roma Mikha, Inc.

1                                                                    NOTICE OF SUBPOENA

**CERTIFICATE OF SERVICE**

Case No. 18-CV-0840 GPC BGS

I HEREBY CERTIFY that on August 10, 2020, pursuant to an email service agreement among the parties, I served counsel for all parties the following document:

**NOTICE OF SUBPOENA**

                                    GAW | POE LLP

                                  By: _/s/ Mark Poe_
                                         Mark Poe
                                         Attorneys for Roma Mikha, Inc.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| In re Outlaw Laboratory L.P. Litig. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. SD Cal No. 18-cv-840-GPC |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Joseph Valerio

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Gaw \| Poe LLP, 4 Embarcadero Center, Suite 1400 San Francisco, CA 94111 | Date and Time: 08/20/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/10/2020

*CLERK OF COURT*

OR

_____          s/ Mark Poe
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Roma Mikha, Inc, Skyline Market, Inc., NMRM, Inc. , who issues or requests this subpoena, are:

Mark Poe, Gaw | Poe LLP, San Francisco, CA 94111, mpoe@gawpoe.com, 415-766-7451

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. SD Cal No. 18-cv-840-GPC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:18-cv-00840-GPC-BGS   Document 277-2   Filed 08/18/20   PageID.6968   Page 9 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## DEFINITIONS

1. In construing these Requests, the plural shall include the singular and the singular shall include the plural; a masculine, feminine or neuter pronoun shall not exclude the other genders; and the past tense includes the present tense and vice versa.

2. "YOU" means Joseph P. Valerio.

3. "TAULER SMITH" means the law firm Tauler Smith LLP, including its partners Robert Tauler and Mathew Smith, and any other attorney, employee, or independent contractor affiliated with that firm.

4. "OUTLAW" means plaintiff Outlaw Laboratory, LP, and all of its partners (including Michael Wear and Shawn Lynch), owners, employees, officers, directors and all persons or entities acting or purporting on its behalf or under its control, including independent contractors.

5. "COMMUNICATION" means any DOCUMENT by which information is transmitted from one person to another, including without limitation letter, facsimile, e-mail, instant messaging service, Skype, posts and messages on social media platforms such as Facebook and LinkedIn, and other similar forms of electronic correspondence.

6. "PULASKI LAW FIRM" means the Houston law firm Pulaski Law Firm PLLC and any successor to that firm, and includes any attorney, employee, or independent contractor affiliated with that firm.

7. "OUTLAW LITIGATION" means the matter by which TAULER SMITH and/or OUTLAW investigated and sent DEMAND LETTERS to RETAIL STORES, and all subsequent interactions with those stores.

8. "DEMAND LETTER" means any letter referencing Outlaw

1

Laboratory that was sent on Tauler Smith letterhead to any RETAIL STORE in the United States, threatening litigation in conjunction with the recipient's alleged sale of any male enhancement product.

9. "SETTLEMENT AGREEMENT" means any written agreement, whether or not fully executed, pursuant to which anyone who received a DEMAND LETTER agreed to pay money to compromise the claims alleged therein, whether directly to TAULER SMITH, to Outlaw Laboratory, or to any law firm or other agent of Outlaw Laboratory.

10. "DOCUMENT" means any kind of written, typewritten, printed or recorded material within the scope of Federal Rule of Civil Procedure 34, including but without limitation, notes, memoranda, letters, reports, email, text messages, publications, contracts, recordings, and transcriptions of recordings and business records, no matter how prepared, and all drafts, working papers, routing slips and similar materials prepared in connection with such documents, whether used or not.

11. "RETAIL STORE" means any business in the United States that offers merchandise for retail store to end consumers.

12. "TRISTEEL" means the TriSteel and TriSteel 8 Hour products that YOU allegedly offer for sale as described in the COMPLAINT.

13. "RELATING TO" or "RELATE TO" means referring to, concerning, pertaining to, discussing, mentioning, containing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, arising out of, supporting or contradicting.

## INSTRUCTIONS

1. Please produce all documents described in each Request below, other than any attorney-client privileged communications (i.e., communications between Tauler Smith and Outlaw Laboratory or any other client of the firm, exchanged for

purpose of securing legal advice or developing legal strategy.

## **REQUESTS**

1. Each and every DEMAND LETTER.

2. All documents reflecting the identity of any RETAIL STORE that received a DEMAND LETTER.

3. Each and every SETTLEMENT AGREEMENT.

4. All documents reflecting the identity of any RETAIL STORE that entered a SETTLEMENT AGREEMENT.

5. All documents reflecting any sums of money received by TAULER SMITH or OUTLAW in connection with SETTLEMENT AGREEMENTS.

6. All documents reflecting any financial arrangements between TAULER SMITH, OUTLAW, the PULASKI LAW FIRM, and/or any other law firm the represented Outlaw Laboratory in the OUTLAW LITIGATION, related to the distribution of proceeds from SETTLEMENT AGREEMENTS.

7. All documents reflecting any communications sent to or received from any RETAIL STORE or its counsel in the United States RELATING TO a DEMAND LETTER or a SETTLEMENT AGREEMENT, including any notes or other commemorations of such communications or conversations.

8. All documents related to any sales of TRISTEEL, including any analysis of the actual or perceived impact of the OUTLAW LITIGATION on such sales.

9. All documents reflecting any communications between YOU and TAULER SMITH related to this ACTION.

# CERTIFICATE OF SERVICE

In Re: Outlaw Laboratory, LP Litigation, Case No.: 3:18-cv-00840-GPC-BGS

I hereby certify that on August 18, 2020, copies of **Declaration of David A. Sergenian Third-Party Defendant Tauler Smith LLP's *Ex Parte* Application to Quash Subpoena to Joseph Valerio** were filed electronically through the Court's CM/ECG system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

**Sergenian Ashby LLP**

By: */s/ David A. Sergenian*
David A. Sergenian
*Attorneys for Third-Party Defendant Tauler Smith LLP*

– 1 –

Sergenian Decl. ISO *Ex Parte* Application to Quash Subpoena to Joseph Valerio

Case No. 3:18–cv–840–GPC–BGS
Consolidated with 3:18–cv–1882–GPC–BGS