MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendant Roma Mikha, Inc.
and Third-Party Plaintiffs NMRM, Inc.
and Skyline Market, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No. 3:18-cv-840-GPC-BGS<br><br>**DECLARATION OF MARK POE IN OPPOSITION TO TAULER SMITH'S *EX PARTE* APPLICATION TO QUASH VALERIO SUBPOENA** |
|---|---|

I, Mark Poe, declare as follows:

1.    I am a partner in the law firm of Gaw | Poe LLP, counsel of record for Defendant Roma Mikha, Inc. and Third-Party Plaintiffs NMRM, Inc., Skyline Market, Inc. (the "Stores").  I submit this declaration in opposition to Tauler Smith's ex parte application to quash the subpoena the Stores issued to Joseph Valerio.  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.

2.    Tauler Smith never met and conferred with the Stores' counsel in any way regarding its filing.  The first the Stores' had heard about any discontent with the scope of the subpoena they issued to Mr. Valerio on August 10 was the filing of this motion on August 18.

3.    As reflected in the oath preceding his signature in the declarations he has filed in this matter, Mr. Valerio is a resident of Los Angeles.  The subpoena requires production of the requested documents at our San Francisco office.  Given the electronic nature of the documents called for, Mr. Valerio has raised no objection to that place for compliance.

4.    I co-founded Gaw | Poe in 2014.  I graduated with distinction from Stanford Law School in 2002 and served as a judicial clerk for the Honorable Richard R. Clifton of the United States Court of Appeals for the Ninth Circuit.  Before co-founding Gaw | Poe, I was Of Counsel in the litigation department of Morrison & Foerster LLP.  I am an experienced litigator with a broad range of experience from class action defense to patent litigation.  I have also represented clients in fields ranging from trademark infringement, to commercial loan foreclosures, to conducting internal investigations, to plaintiff-side environmental litigation.

5.    The following is a sample of my successes since co-founding Gaw | Poe: I was lead counsel in the matter of *Ronald Barranco & Print3D Corp. v. 3D Sys. Corp.*, , where I obtained an $11.3 million arbitration award for the plaintiff against the defendant in a breach of contract action.  2016 WL 4546449 (W.D.N.C. Aug. 31,

2016). This award was subsequently confirmed by the federal district court and affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. *Barranco v. 3D Sys. Corp.*, 734 F. App'x 885, 888 (4th Cir. 2018). I was also lead counsel in the matter of *Tierney v. Javaid*, No. No. CGC-13-531997 (San Francisco Sup. Ct.), where I obtained a complete defense verdict following a bench trial brought by a real estate developer seeking specific performance of a 10 year old option contract that would have forced the defendant to sell a $10+ million property for $3 million. This verdict was affirmed on appeal in a published decision by the California Court of Appeal. *Tierney v. Javaid*, 24 Cal. App. 5th 99 (Ct. App. 2018).

6. More recently, I was lead counsel in *Trendsettah v. Swisher*, C.D. Cal. Case. No. 14-cv-01664-JVS-DFM, where our firm won a $44.4 million jury verdict in an antitrust action against the world's largest cigar manufacturer. The district court judge vacated the antitrust portion of the verdict in post-trial briefing, but the Ninth Circuit reinstated the verdict in its entirety last year. *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 761 F. App'x 714 (9th Cir. 2019).

7. I have also served as lead counsel for several other federal and state court trials and arbitration matters, including three other antitrust cases pending in the Central District.

8. In the *Trendsettah* case back in early 2017, Judge Selna conducted a lengthy analysis of the reasonable rates that should pertain to myself and our firm, and deemed $744 per hour as the reasonable rate for myself. *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. 14-CV-01664-JVS-DFMX, 2017 WL 11477621, at *9 (C.D. Cal. Feb. 27, 2017) ("The Court finds that the appropriate rates are $744 for Mr. Gaw and Mr. Poe and $510 for Mr. Meng and Mr. Song.")

9. More recently—and with specific respect to class action practice as here—Judge Freeman of the Northern District of California deemed $1,000/hour as the reasonable rate for my legal work in our class action against Google. *See AdTrader v. Google*, No. 17-CV-07082-BLF, 2020 WL 1921774, at *8 (N.D. Cal.

Mar. 24, 2020) (approving the $1,000 rate and finding that "Gaw Poe's rates for the attorneys are reasonable and comparable to the fees generally charged by attorneys with similar experience, ability, and reputation"). Although not in the context of awarding fees, this Court has recognized that "in another matter, a court assessed a $1,000/hour rate for the firm's partners as reasonable." (Order Denying Mot. to Disqual. at 14 n.7 (ECF No. 244).)

10. I acknowledge that $1,000/hour is a high rate in the context of the rates ordinarily charged by the other attorneys who represented the individual stores in acceding to Outlaw's baseless demands. But I respectfully submit that the reasonableness of attorney rates is in large part based on respective skill sets, and submit that it is the very difference between $300/hour lawyering and $1,000/hour lawyering that has changed the status of thousands of stores around the country from "victims" of the Outlaw Enterprise into "claimants" against it.

11. I further submit that a $1,000/hour rate is reasonable given my ability to do work quickly. As noted below, the research and drafting of the Stores' ten-page opposition brief took just 6.6 hours.

12. I spent a total of **6.6 hours** researching and drafting the Stores' opposition brief, comprised of the following tasks, as recorded in our firm's billing software: "Review Tauler Smith ex parte application to quash subpoena (.7); research and draft opposition brief (3.0)" on August 19, and "[d]raft opposition to ex parte app re Valerio subpoena (2.9)" on August 20.

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct. Executed on August 20, 2020, at Novato, California.

                           s/ *Mark Poe*
                           Mark Poe