1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE OUTLAW LABORATORY, LP LITIGATION. | Case No.: 18-cv-840-GPC-BGS |
|---|---|
| | **ORDER DENYING MOTION FOR PERMANENT INJUNCTION AND ORDERING PRODUCTION OF SETTLEMENT AGREEMENT.** |
| | **(ECF No. 249.)** |

Before the Court is a joint request for entry of a stipulated permanent injunction filed by Defendant Roma Mikha, Inc., Third-Party Plaintiff NMRM, Inc., Third-Party Plaintiff Skyline Market, Inc. (collectively, the "Stores"), Outlaw Laboratory, LLP ("Outlaw"), Michael Wear, and Shawn Lynch (collectively, "Outlaw Defendants"). ECF No. 249. The request was filed along with a joint notice of settlement of the Stores' claims against Outlaw Laboratory, Michael Wear, and Shawn Lynch on July 7, 2020. *Id*. After considering the arguments and applicable law, the Court **DENIES** the motion for permanent injunction as premature, beyond the scope of RICO, and overbroad.

Also, before the Court is Third-Party Defendant Tauler Smith's objection to the above-listed Parties' settlement. ECF No. 250. The Court **ORDERS** that the Stores provide a copy of the settlement agreement to the Court and to all Parties who do not have it on or before September 18, 2020 to permit review under *Diaz v. Trust Territory of*

1

*Pac. Islands*, 876 F.2d 1401, 1408–11 (9th Cir. 1989). Tauler Smith may file a seven-page supplement in support of their objection on or before <u>October 2, 2020</u>. The Stores and Outlaw Defendants may file seven-page supplemental responses on or before <u>October 16, 2020</u>. The matter will thereafter be taken under submission.

## I.   Background

On July 7, 2020, the Stores, Outlaw, Mr. Wear, and Mr. Lynch jointly notified the Court that they reached a settlement of the Stores' claims against them. ECF No. 249. The Parties noted that, pursuant to their agreement, Outlaw would:

> cease bringing any litigation or demand against any retail store in the United States regarding the alleged false advertising of any "sexual enhancement products;" that it will cease receiving money from any retail stores related to such claims that have already been asserted; that it will instruct all counsel acting on its behalf to cease any and all collection efforts with respect to previously asserted claims against retail stores nationwide; and that Mr. Wear and Mr. Lynch will agree to make themselves available to testify at trial.

*Id.* at 2. The Parties further moved the Court to enter a permanent injunction and retain jurisdiction over this case according to the terms of the attached "Stipulated Consent Judgment and Request for Entry of Stipulated Permanent Injunction." ECF No. 249-1.

On July 7, 2020, Tauler Smith filed an objection to the Notice of Settlement, arguing that the Court should reject it for three reasons. ECF No. 250. First, Tauler Smith argued that the Settlement was improper for failing to abide by the Court's Civil Rules on class settlements and for failing to convey how the Stores were remunerated. *Id.* at 4–7. Second, Tauler Smith argued that, to the extent the settlement provided only for injunctive relief, that remedy is not permitted under RICO. *Id.* at 7. Lastly, Tauler Smith argued that the settlement signals improper collusion between the Outlaw Defendants and the Stores' counsel. *Id.* at 7–11.

On July 8, 2020, the Stores replied, arguing that Tauler Smith lacked standing to contest the settlement of another defendant to the counterclaims, and that Tauler Smith's

2

arguments were premised on the erroneous assumption that the settlement extended to the class. ECF No. 252 at 6. The Stores explained that the "Settlement here involves the Stores' individual claims only—it does not purport to settle any class claims." ECF No. 252 at 3. The Stores emphasized that Court's approval is only required when a class action plaintiff reaches a settlement on behalf of the class. *Id.*

On July 9, 2020, Outlaw Defendants filed a joint response to Tauler Smith's objection to the settlement. ECF No. 253. In the filing, Outlaw explains in detail its souring relationship with Tauler Smith, joins in the Stores' contention that Tauler Smith lacks standing to object, and provides additional arguments to rebut Tauler Smith's assertion that the settlement evinces collusion. *Id.*

On July 9, 2020, Tauler Smith filed an additional brief to notify the Court that the proposed settlement applied not only to the Stores – i.e., to Roma Mikha, Skyline Market, Inc., and NMRM, Inc. – but also to Mr. Poe's other store clients in this action. ECF No. 254 at 2. Tauler Smith argues that this undermines the notion that the settlement covers only individual claims, and not the class claims. *Id.* at 5. Tauler Smith also argues that this creates a conflict of interest for Gaw | Poe between the class's interests and those of its immediate clients because it appears Gaw | Poe has agreed not to pursue the class claims against the Outlaw Defendants to the detriment of the class and in exchange for Mr. Wear and Mr. Lynch's agreement to testify against Tauler Smith. *Id.* at 8–9. Lastly, Tauler Smith argues that Gaw | Poe's conduct requires disqualification.[1] *Id.* at 10–11.

On July 17, 2020, the Court held a hearing on the Stores' motion for class certification. ECF Nos. 179, 257. The Court ordered the "parties file further briefings on the issue by" July 24, 2020 with the view that the issues regarding the settlement had to be resolved prior to proceeding on the motion for class certification. *Id.*

---

[1] The Court will not take up requests for disqualification in this manner. To request disqualification, a separately filed motion would be required.

On July 24, 2020, the Stores filed a supplemental brief as ordered by the Court. ECF No. 261. The Stores make four points: (1) that the Parties can agree to relief of their choice in a stipulated injunction, regardless of the available remedies provided by law; (2) that Tauler Smith lacks standing to oppose the settlement; (3) that the Court has no role in reviewing the settlement because the settlement applies only to the stores in this matter; and (4) that, even if the Court reviewed the settlement under the pre-certification rubric of *Diaz*, there would be no need to require notice. ECF No. 261 at 2–7.

On July 24, 2020, Tauler Smith also filed a supplemental brief as ordered by the Court. ECF No. 262. There, Tauler Smith argues that it has standing because the settlement compromises an affirmative defense. *Id.* at 7–11. Tauler Smith also contends that the Court should review the settlement as a class settlement or, alternatively, for whether notice is appropriate under *Diaz*. *Id.* at 11–17. Tauler Smith makes additional arguments which go to how the partial settlement with Outlaw Defendants affects the Stores' motion for class certification. *Id.* at 17–28.

## II.   **Legal Standard**

A district court has "broad discretion in fashioning a remedy" through injunctive relief. *Melendres v. Arpaio*, 784 F.3d 1254, 1265 (9th Cir. 2015) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1173 (9th Cir. 2000)). In granting a permanent injunction, the Court considers four factors:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

In addition, for a permanent injunction to issue, the movant must show actual success on the merits. *Pac. Law Ctr. v. Saadat-Nejad*, No. 07-CV-460, 2008 WL 11337481, at *3 (S.D. Cal. Mar. 24, 2008) (citing *Amoco Prod. Co. v. Village of*

4

1    *Gambell*, 480 U.S. 531, 546 n.12 (1987)). Injunctive relief also "must be tailored to

2    remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d

3    970, 974 (9th Cir. 1991). Thus, an "overbroad injunction is an abuse of discretion."

4    *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009).

5    **III.   Analysis**

6          **a.  The Court Declines to Issue a Permanent Injunction.**

7          Having reached a settlement with the Outlaw Defendants, the Stores now seek a

8    permanent injunction. ECF No. 249. The Court declines to do so for three reasons: (1) the

9    Stores' request is premature, (2) RICO does not permit injunctive relief, and (3) the

10   Stores' request is overbroad.

11         First, the Court concludes that the Stores' request for a permanent injunction is

12   premature. The Stores have yet to succeed on their RICO claims against all defendants

13   and, unlike a preliminary injunction, a permanent injunction cannot issue unless the

14   movant has shown actual success on the merits. *See Pac. Law Ctr. v. Saadat-Nejad*, No.

15   07-CV-0460, 2008 WL 11337481, at *3 (S.D. Cal. Mar. 24, 2008). Further, no trial has

16   occurred, nor have the Stores filed and prevailed on a motion for summary judgment. *See*

17   *Flow Control Indus. Inc. v. AMHI Inc.*, 278 F. Supp. 2d 1193, 1201 (W.D. Wash. 2003)

18   (obtaining a permanent injunction in conjunction with prevailing at summary judgment).

19         Second, a "[c]ourt cannot issue injunctive relief based on a civil RICO claim."

20   ECF No. 250 at 7 (quoting *Hamana v. Kholi*, 2010 WL 3292953, at *2 (S.D. Cal. Aug.

21   19, 2010)); *see also Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088 (9th Cir.

22   1986) ("Thus we conclude that Congress did not intend to give private RICO plaintiffs

23   any right to injunctive relief."); *Cohen v. Trump*, No. 3:13-CV-2519-GPC, 2017 WL

24   1135556, at *3 n.6 (S.D. Cal. Mar. 27, 2017) ("[I]njunctive relief is not available to

25   private parties under the civil RICO statute.")

26         The Stores' contention that Parties in litigation may "agree to anything they

27   please" and that the Court will "give effect to their agreement" fails to persuade the

28                                          5

Court. ECF No. 261 at 2 (quoting *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 317 (3d Cir. 2011)). This reasoning does not address whether *Sullivan* applies in the face of the Ninth Circuit's clear instruction that injunctive relief is not a remedy to a RICO violation in *Wollersheim*. *Sullivan*, moreover, is targeted at relief provided to parties in "an action that is resolved before trial" and, here, trial is fast approaching. *Sullivan*, 667 F.3d at 317.

Lastly, the stipulated injunction is overboard. Although "there is no bar against . . . nationwide relief in federal district court or circuit court," such broad relief must be "necessary to give prevailing parties the relief to which they are entitled." *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987). Here, the relief contemplated by the injunction applies to "any retail store in the United States." ECF No. 249-1 at 3–4. The Stores do not provide an adequate explanation for why such relief is "necessary," particularly as they expressly disavow the notion that Outlaw is likely to pursue further litigation. ECF No. 261 at 3 ("The Stores certainly do not anticipate that the Outlaw parties would renew their conduct in the absence of an injunction, but certainty in that regard seems preferable to ambiguity."). Nor are stores around the country party to this litigation – much less "prevailing parties" – absent a certification of the Stores' classes. Consequently, the Court will not grant the injunction as it is too broad. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (requiring that an injunction be narrowed to apply only "complete relief" to the plaintiffs, and not to other states).

### b. Tauler Smith's Standing to Object to the Settlement

In addition, the Court evaluates Tauler Smith's objection to the settlement agreement. The Court finds that Tauler Smith lacks standing. Nonetheless, drawing on its duties in overseeing this putative class action, the Court analyzes the reported settlement. The Court finds that (1) Federal Rule of Civil Procedure ("Rule") 23 is inapplicable because no class has been certified nor is a settlement class proposed and (2) that, under *Diaz*, the Court is required to review the settlement for signs of collusion. Thus, the Court

6

1    **ORDERS** that the Stores provide a copy of the Settlement to the Court and to all Parties

2    who do not currently have it on or before <u>September 18, 2020</u>.

3       "A non-settling party does not necessarily have standing to object to a partial

4    settlement." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987). Nonetheless,

5    there is "a recognized exception to the general principle barring objections by non-

6    settling defendants to permit a non-settling defendant to object where it can demonstrate

7    that it will sustain some formal legal prejudice as a result of the settlement." *Id.* at 583

8    (citations omitted). "It is well established that such prejudice exists where a settlement

9    'purports to strip a non-settling defendant of a legal claim or cause of action, an action for

10   indemnity or contribution for example.'" *Smith v. Arthur Andersen LLP*, 421 F.3d 989,

11   998 (9th Cir. 2005) (quoting *Waller*, 828 F.2d at 582) (brackets omitted).

12      Where non-settling defendants instead put forward arguments that evince a

13   practical disadvantage in the litigation resulting from the settlement, they fail to establish

14   legal prejudice. *See, e.g.*, *Carrillo v. Schneider Logistics Trans-Loading & Distribution,*

15   *Inc.*, No. 2:11-CV-8557-CAS, 2014 WL 688178, at *2 (C.D. Cal. Feb. 21, 2014) (finding

16   no standing where non-settling defendants argued their "efforts to oppose class

17   certification as to plaintiff's claims against [other parties] will be more difficult"); *Does I*

18   *v. Gap, Inc.*, No. CV-01-0031, 2002 WL 1000073, at *14 (D. N. Mar. I. May 10, 2002)

19   (finding no standing where non-settling defendants argued they will be prejudiced by

20   plaintiffs' selection of a specific monitor given that monitor's alleged "bias against

21   Saipan garment factories"); *Tonnemacher v. Sasak*, 838 F. Supp. 445, 446 (D. Ariz.

22   1993) (finding no standing for non-settling defendant where he argued that he would be

23   precluded from attributing fault at trial if other defendants settled).

24      Here, the Stores have reached a settlement with Outlaw, Mr. Wear, and Mr. Lynch.

25   ECF No. 249. Tauler Smith contends that it has suffered "legal prejudice" because it will

26   be unable to assert its legal defense as to Skyline Market. ECF No. 282 at 8–9. More

27   specifically, Tauler Smith asserts that the payment for Settlement, which Stores' counsel

28

7

1    intimated was at least "six figures," ECF No. 262-1 at ¶ 9, far exceeds the damages

2    sought by Skyline Market. *See* ECF No. 262 at 10. Thus, based on the settlement, Tauler

3    Smith contends that it cannot prove one of its affirmative defenses, namely, that Skyline

4    Market has been fully compensated and its claim is extinguished, unless it obtains a copy

5    of the settlement agreement. *Id.* at 10–11.

6         This argument does not establish legal prejudice. Tauler Smith is not asserting that

7    they are precluded by law or contract from arguing Skyline Market's sought-after remedy

8    has been satisfied, nor from presenting such evidence to the Court. Rather, Tauler Smith

9    is asserting that they lack the necessary information to do so. *Cf. New England Health*

10   *Care Employees Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008) ("A

11   party also suffers plain legal prejudice if the settlement strips the party of a legal claim or

12   cause of action, such as a cross claim or the right to present relevant evidence at trial.").

13   In addition, and to the extent Tauler Smith's argument is premised on a defense that the

14   settlement has adequately compensated Skyline Market, it seems incongruous to say that

15   the same settlement precludes Tauler Smith from raising that very defense. Again, Tauler

16   Smith's argument evinces a "tactical disadvantage," not legal prejudice. *See Agretti v.*

17   *ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992); *see also Morgan v. Walter*,

18   758 F. Supp. 597, 600 (D. Idaho 1991) (citation and emphasis omitted) ("However, the

19   Ninth Circuit has held that a non-settling defendant does not have standing to object to a

20   settlement wherein its co-defendant agrees to cooperate with plaintiffs in future litigation

21   against the non-settling defendant."). Moreover, to the extent Tauler Smith sought to

22   review the settlement agreement, it could file a motion to compel its production before

23   the Magistrate Judge. *See McCollough v. Johnson*, No. CV-07-166-BLG, 2009 WL

24   10701733, at *1 (D. Mont. Apr. 2, 2009) (order on reconsideration of court's denial of a

25   motion to compel plaintiff's settlement agreement with former co-defendant for the

26   purposes of determining offset and bias).

27

28

Tauler Smith also argues that it has standing to object to the Settlement because it undermines the Stores' adequacy as named plaintiffs of the putative class. ECF No. 262 at 7–8. This argument is not relevant to whether the Court should scrutinize the settlement now, but rather to the motion for certification, and thus does not establish standing. Moreover, it also fails to meet the "legal prejudice" test. *See Woodard v. Labrada*, No. ED-CV-16-00189-JGB, 2018 WL 6930768, at *5 (C.D. Cal. Sept. 26, 2018) (finding argument that "Named Plaintiffs do not meet the adequacy requirements" did not establish legal prejudice). Likewise, the Court declines to consider whether the settlement would create standing issues absent full briefing on the matter. If Tauler Smith believes the Stores lack standing, it may raise the argument at the appropriate time.

Accordingly, the Court concludes that Tauler Smith has failed to establish standing to oppose the settlement between the Outlaw Defendants and the Stores at this time.

### c.  Review of the Settlement

Notwithstanding Tauler Smith's lack of standing, the Court is required *sua sponte* to consider whether the settlement itself requires a higher level of scrutiny either under Rule 23, or under the pre-certification rules for notice under *Diaz*. To do so, the Court finds that it must review the settlement agreement.

First, the Court looks to Rule 23. Rule 23(e) states that "[t]he claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). From this it follows that a "voluntary dismissal of a claim in any type of class action requires the Court's approval and notice to class members who would be bound by the proposal." *Ollier v. Sweetwater Union High Sch. Dist.*, No. 07-CV-714-L, 2010 WL 2756556, at *1 (S.D. Cal. July 12, 2010). It similarly follows that settlements made *before* a class is certified are not governed by Rule 23. *See Del Rio v. CreditAnswers, LLC*, No. 10-CV-346-WQH, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011) ("Because no class has been certified in this case, the requirements of

9

Rule 23(e), as amended in 2003, do not apply to the Joint Motion to Dismiss the class claims without prejudice."); *see also Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1082 (8th Cir. 2017) (collecting cases). Thus, Rule 23(e) is inapplicable.

Nonetheless, while Rule 23 does not govern a settlement prior to certification, "class notice may be required" under particular circumstances pursuant to the Ninth Circuit's decision in *Diaz. Vargas v. Cent. Freight Lines, Inc.*, No. 16-CV-00507-JLB, 2017 WL 4271893, at *3 (S.D. Cal. Sept. 25, 2017) (citing *Diaz*, 876 F.2d at 1408–11). *Diaz* requires courts look to three factors:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz*, 876 F.2d at 1408. Though the 2003 amendments to Rule 23 introduced some doubt as to whether settlements prior to certification in a putative class require notice at all, "[d]istrict courts in the Ninth Circuit 'continue to follow *Diaz* . . . .'" *Id.* (quoting *Gonzalez v. Fallanghina*, *LLC*, No. 16-CV-1832, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017)). Consequently, the Court applies *Diaz*.

Looking to the first *Diaz* factor, the record contains only limited evidence of this action's publicity. Beyond the Stores' discussion of a Vice News report in their motion to amend the counterclaims, *see* ECF No. 113, the record does not include much "news coverage of either the public or trade-oriented variety" regarding this litigation. *See Mahan v. Trex Co.*, No. 5:09-CV-00670-JF, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (quoting *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978)). Nor do the Parties point the Court to any such evidence now in their briefing. Thus, the Court concludes that this factor is neutral. *See Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *6 (N.D. Cal. Jan. 13, 2016) (finding this

10

factor was "neutral" where "[t]he parties have not submitted any evidence as to whether there has been any publicity . . .").

In addition, any absent class member who wishes to sue the Outlaw Defendants on a similar RICO claim can do so because the applicable statute of limitations has been tolled during the pendency of this action. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Further, civil RICO has a statute of limitations period of four years. *See Rotella v. Wood*, 528 U.S. 549, 557 (2000). Thus, there is no indication that putative class members are in danger of losing their right to sue the Outlaw Defendants should they choose to do so. Accordingly, this factor does not weigh in favor of providing notice to the putative class. *Del Rio v. CreditAnswers, LLC*, No. 10-CV-346-WQH, 2011 WL 1869881, at *3 (S.D. Cal. May 16, 2011) (finding no "prejudice from a lack of adequate time for putative class members to file other actions" where statute of limitation was between three and five years).

Lastly, at this time, it is unclear if the settlement was a product of collusion. On the one hand, there is no concession of the class's interests here as the settlement effectively grants all of the sought-after injunctive relief without binding any of the class members should they wish to sue. Specifically, the settlement requires Outlaw to stop advancing the Enterprise's scheme by no longer sending demand letters, filing new litigation, or accepting payments from the stores, among other conduct. ECF No. 249 at 2. The settlement, moreover, appears to apply only to the Stores' individuals claims, per the representations of the Stores and the Outlaw Defendants, and thus would not extinguish the existing claims of any class members outside this action.

On the other hand, an inquiry as to the collusive effect of a settlement under *Diaz* requires the Court to review:

11

the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney.

*Del Rio*, 2011 WL 1869881, at *2 (quoting *Shelton*, 582 F.2d at 1315). Tauler Smith argues precisely this point in stating that, "Gaw Poe and the named plaintiffs have accepted a six-figure settlement from Outlaw without accounting to the absent class members . . . ." ECF No. 262 at 18. Thus, because the Court cannot determine the collusive effect of the settlement without reviewing the agreement, *cf. Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014), the Court will direct the Stores to provide a copy of the agreement.

## IV.    Conclusion

In light of the foregoing, the Court **DENIES** the Stores' joint motion for a permanent injunction. Further, the Court concludes that it is unable to determine, at this time, if the settlement passes muster under *Diaz*. Consequently, the Court **ORDERS** that the Stores provide the Court and Tauler Smith a copy of the Settlement on or before September 18, 2020. Tauler Smith may file a seven-page supplement in support of their objection on or before October 2, 2020.  The Stores and Outlaw Defendants may file seven-page supplemental responses on or before October 16, 2020. The matter will thereafter be taken under submission.

**IT IS SO ORDERED.**

Dated:  September 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge

12

18-cv-840-GPC-BGS