UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE OUTLAW LABORATORY, LP LITIGATION. | Case No.: 18-cv-840-GPC-BGS<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL AND ORDERING MOVANT TO FILE REDACTED DOCUMENTS.**<br><br>**(ECF No. 270.)** |
|---|---|

On August 14, 2020, the Stores moved for leave to file four documents under seal in support of their response to Tauler Smith's motion for summary judgment. ECF No. 270. These invoices reflect the proceeds obtained by Tauler Smith, and disbursements made therefrom, while litigating and settling claims advanced on behalf of the alleged association-in-fact enterprise. ECF Nos. 271-1, 271-2, 271-3, 271-4. The Stores offer two reasons for sealing the documents: (1) that they were produced as confidential in line with an existing protective order issued by Magistrate Judge Bernard G. Skomal on June 19, 2020, ECF No. 235, and (2) that Outlaw is concerned filing them without seal would trigger additional litigation from Tauler Smith. ECF No. 271 at 2–4.

The reasons put forward in the motion are insufficient to provide for sealing. Courts apply a "strong presumption in favor of access" to documents filed in litigation.

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). To overcome that presumption, the movant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quotation marks, citations, and brackets omitted).

Here, there is no indication of what "specific facts" would merit sealing these documents as opposed to filing them publicly, and that showing is required even in the face of a protective order. *Kamakana*, 447 F.3d at 1179. In addition, the fact that filing a document without seal may expose a party "to further litigation will not, without more, compel the court to seal its records." *Id.* Tauler Smith, moreover, has not filed a response to this motion nor addressed whether the documents should be sealed in its reply to the motion for summary judgment. ECF No. 280.

Accordingly, the Court **DENIES** the motion to file under seal. Nonetheless, because the Court may reference these documents in its forthcoming Order on Tauler Smith's motion for summary judgment, the Court **ORDERS** that the Stores file redacted versions of these documents by September 16, 2020. Specifically, the Court orders that the names of any entities who are not Parties to this litigation be redacted. This will protect the privacy of non-parties to this litigation who may have obtained or provided payments noted in the invoice confidentially, and who may wish to not be associated with this litigation but are not otherwise represented here. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988-MJJ, 2007 WL 3232267, at *4 (N.D. Cal. Nov. 1, 2007) (citing *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003)) (finding non-party's

/ / /

privacy interest in personal financial information amounted to good cause). Any Party may move to file unredacted versions at any time.

**IT IS SO ORDERED.**

Dated: September 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge