UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORIES, LP LITIGATION, | Case No.:  18CV840 GPC (BGS)<br><br>**ORDER DENYING EX PARTE APPLICATION TO QUASH SUBPOENA TO JOSEPH VALERIO**<br><br>[ECF 277] |

        Third-Party Defendant Tauler Smith has filed an *Ex Parte* Application to Quash Subpoena to Joseph Valerio ("the Motion").  (ECF 277.)  Counter-claimant Roma Mikha and Third-Party Plaintiff NMRM, Inc. and Skyline Market, Inc. (collectively the "Stores") have filed an Opposition.[1]  (ECF 279.)  For the reasons set forth below, the Application is **DENIED**.

///

///

---

[1] The Court set a deadline for the Stores to file an Opposition.  (ECF 278.)  The Court did not provide for the filing of a reply by Tauler Smith and Tauler Smith did not seek leave to do so.  (*Id.* ("No further briefing may be filed without leave of court.")

# I.    BACKGROUND

Following the submission of letter briefs to the Court raising numerous discovery disputes, the Court granted the Stores' request to serve a document subpoena on Mr. Valerio after the close of discovery.  (ECF 266 ¶ 3.[2])  The Stores indicated that Robert Tauler claimed during his deposition that Mr. Valerio stole his records, including records this Court had already ordered Tauler Smith to produce to the Stores in response to discovery requests.  (*Id.*).[3]  Because Outlaw did not completely join the Stores' request out of concern there might be privileged documents included,[4] the Court clarified in the Order that it was only granting the Stores leave to proceed with the subpoena after the close of discovery and that any issues concerning the subpoena or responses to it would need to be raised through the procedures set in Federal Rule of Civil Procedure 45.  (*Id.*)

The subpoena to Mr. Valerio requires production at Mr. Poe's offices in San Francisco.  (ECF 277-2 at 7 [Decl. of David A. Sergenian, Ex. A].)  The Stores indicate that Mr. Valerio agreed to production of the subpoenaed records to Mr. Poe's San Francisco office because the production is electronic.  (ECF 279 at 3 n.2.)  Based on the record before the Court, only Tauler Smith challenges the subpoena.  Neither the Stores nor Tauler Smith has indicated in their briefing that Mr. Valerio has any objection to this subpoena on any basis.

///

///

---

[2] Unless otherwise noted, all citations in this Order are to the CM/ECF electronic pagination.

[3] The Court did not reopen discovery.  Rather, the Court only granted leave to subpoena records Mr. Tauler claimed at his deposition that Mr. Valerio had taken.

[4] The parties' letters suggested that documents responsive to the subpoena would include portions of Outlaw's client file that Tauler Smith, its former counsel, has failed to provide to Outlaw or the Stores, in response to discovery requests.  Outlaw also indicated the responses could potentially include documents Outlaw might assert are subject to attorney-client privilege.

## II.   DISCUSSION

The Stores raise numerous arguments in opposition to Tauler Smith's Motion,[5] including that the Court must deny the Motion because it was filed in the wrong district court.  (ECF 279 at 3-4.)  They also seek fee-shifting sanctions.  (*Id.* at 8-11.)  Because the Court finds the Motion was filed in the wrong district, the Court only addresses this argument and the request for fee-shifting sanctions on the basis of that error by Tauler Smith.

### A.   Motion to Quash

#### 1.   Legal Standards

##### a)   Where Motion to Quash May Be Filed

Rule 45 consistently, through numerous sections of the Rule, requires any motions or applications related to a subpoena be brought in the district where compliance is required.  Rule 45(d)(1) (As to avoiding undue burden or expense on the party subject to the subpoena, "[t]he court *for the district where compliance is required* must enforce this duty"); (d)(2)(B)(i) (As to an order compelling production "the serving party may move the court *for the district where compliance is required*"); (e)(2)(B) (As to information produced that is subject to claims of privilege or protection as trial preparation material, "present the information under seal to *the court for the district where compliance is required*") (emphasis added).  Most important here, the section Tauler Smith relies on in moving to quash the subpoena issued to Mr. Valerio, Rule 45(d)(3)(A)(iii),[6] contains the

---

[5] The Court does not reach Tauler Smith's argument that documents responsive to the subpoena will include documents subject to attorney-client privilege or protected as work product, the Stores argument in Opposition that they will not because the subpoena specifically excludes these documents in the instructions, or Tauler Smith's failure to address or even acknowledge that instruction in its Motion.

[6] Tauler Smith cites "Rule 45(3)(A)(iii)" rather than 45*(d)*(3)(A)(iii).  However, the Court can deduce its intention here.  Section (d) is the only section with a subsection (iii) and subsection (iii) addresses disclosure of privileged or other protected matter, the substantive issue Tauler Smith attempts to raise here.

same language.  It states "[o]n timely motion, the court *for the district where compliance is required* must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Rule 45(d)(3)(A)(iii); *see also* Adv. Comm. Notes to 2013 Amendment, Rule 45 ("Under Rules 45(d)(2)(B), *45(d)(3)*, and 45(e)(2)(B), subpoena-related motions and applications are to be made *to the court where compliance is required under Rule 45(c)*.") (emphasis added).

Numerous district courts have recognized the same.  *Short v. United States*, Case No. 1:18-cv-0074-DCN, 2019 WL 5457994, at * 2 (D. Idaho Oct. 23, 2019) ("Rule 45 repeatedly highlights that the district where compliance is required is the appropriate court to enforce or quash a subpoena."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014); *Hammer v. City of Sun Valley*, Case No. 1:13-cv-211-EJL, 2019 WL 958360, *5 (D. Idaho Feb. 26, 2019) ("[M]otion practice arising out of those subpoenas is decided by the court where compliance is required.").  The Advisory Committee Notes to the 2013 Amendments to Rule 45 also explain that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."

Numerous courts have also found that "when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."  *Agincourt Gaming*, 2014 WL 4079555, at *3 ("[T]he current version of the Rule provides that the court for the district where compliance is required has jurisdiction to quash or modify subpoenas"); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (Finding the court lacked jurisdiction because the party subpoenaed was headquartered in a different district); *Short*, 2019 WL 5457994, at *2 ("[M]otions arising out of those subpoenas are decided by the court where compliance is required . . . [t]herefore, this Court lacks jurisdiction to consider" the

4

motion); *Hammer*, 2019 WL 958360, *6; *Chambers v. Whirlpool Corp.*, Case No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, *3 (C.D. Cal. Aug. 12, 2016) (collecting cases).

### b)   Where Compliance is Required

Rule 45(c)(2)(A) defines where compliance is required for production of documents or electronically stored information.  "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Rule 45(c)(2)(A).

### 2.   Analysis

The Stores are correct that Tauler Smith's Motion should not have been filed in this district and the Motion must be denied on that basis.  It is a motion to quash under Rule 45(d)(3)(iii) which must be filed in the district court where compliance is required.  Rule 45(d)(3)(A).  As explained further below, this district is neither the district where compliance is required under Rule 45(c)(2)(A) or the location where the Stores indicated documents should be produced in the subpoena.

The Stores explain in a footnote that "Mr. Valerio is a resident of Los Angeles, but given that the production was to be electronic, he raised no objection to compliance in the Northern District."  (ECF 279 at 3 n.2 (citing Decl. of Mark Poe ¶ 3).)  The Court has no information about where Mr. Valerio is employed or regularly transacts business, but based on his residence, "a place within 100 miles of where [Mr. Valerio] resides" is not the Southern District of California.  Rule 45(c)(2)(A).  This is not the district where compliance is required under Rule 45(c).

The Stores argue "[t]he subpoena plainly sets forth that the Northern District (San Francisco) is the place 'where compliance is required.'"  (ECF 279 at 3 (quoting Tauler Smith's Motion, ECF 277-1 at 6 [Mot. at 5]).)  The Stores' subpoena, attached to Tauler Smith's Motion, does list Mr. Poe's firm's address in San Francisco as the location where compliance is required.  (ECF 277-2 at 7.)  The Stores discuss at length how clear it is

1  that Rule 45 requires motions to enforce or quash subpoenas be filed in the district where
2  compliance is required.  (ECF 279 at 3-4.)  However, the Stores do not address whether
3  the party issuing a subpoena can change "the court where compliance is required,"
4  defined in Rule 45(c), by identifying a location in a different district with the consent of
5  the subpoenaed party, as the Stores have done here.

6      Two district courts have addressed the significance of the location of the
7  subpoenaed party in determining the court where compliance is required.  In *Europlay*
8  *Capital Advisors, LLC, v Does*, the court rejected the contention that the district where
9  compliance was required was determined by the location identified on the subpoena.  323
10  F.R.D. at 630.  The court found compliance was required in the district where the
11  subpoenaed party was headquartered and where its custodian of records was located even
12  though the subpoena identified a different location in a different district.  *Id.* at 630.
13  Another court has explained that "Rule 45 makes clear that the place of compliance is
14  tethered to the location of the subpoenaed person."  *Agincourt Gaming*, 2014 WL
15  4079555, at *4 (citing Rule 45(c)(2)(A)).  There, the court rejected the proposition a
16  motion to quash could be filed in the district where documents were located (in the
17  possession of a different entity), rather than the location of the party subpoenaed.  *Id.* at
18  *3-4.  However, in both of these cases the subpoenaed party argued compliance was
19  required, and accordingly a motion to quash could be filed in, a different district court
20  than the one required under Rule 45(c) based on the subpoenaed party's location.  *Id.* at
21  *4; *Europlay*, 323 F.R.D. at 629.  Here, at least based on the record before the Court, the
22  subpoenaed party has raised no challenge at all to the subpoena.

23      Based on the limited information and briefing available to the Court, it would
24  appear compliance with a subpoena issued to Mr. Valerio should be required in the
25  Central District of California because Mr. Valerio resides in Los Angeles.  However, if
26  the district where compliance is required could be changed by the combination of the
27  Stores' subpoenaing documents to their counsel's office in San Francisco and Mr.
28  Valerio's consent to produce them there, that would still not be this district.  Whether it is

the Central District of California or the Northern District of California,[7] compliance is certainly not required in this district.  It is neither the location of compliance under Rule 45(c) based on Mr. Valerio's residence, Los Angeles, or the location listed on the subpoena, San Francisco.  Accordingly, the Court denies Tauler Smith's Motion to Quash because the Court lacks jurisdiction to consider it.  *Agincourt Gaming*, 2014 WL 4079555, at *3; *Europlay*, 323 F.R.D. at 629; *Short*, 2019 WL 5457994, at *2; *Hammer*, 2019 WL 958360, *6; *Chambers*, 2016 WL 9451360, *3.

### B.     Fee-Shifting Sanctions

The Stores seek fee-shifting sanctions under Federal Rule of Civil Procedure 37. (ECF 279 at 8-11.)  The Stores seek sanctions against both the party, Tauler Smith, and Tauler Smith's counsel.  (ECF 279 at 10-11 ("[T]he fee shifting must be awarded jointly against both the party and the 'attorney advising the conduct.' Fed. R. Civ. P. 37(b)(5)(A).")  The Court presumes that the Stores intend to move for sanctions under Rule 37*(a)*(5)(A) or (B) rather than Rule 37*(b)*(5)(A) as stated because the language quoted does not appear in subsection (b).  The section the Stores rely on is of some consequence because, as the Stores acknowledge, Rule 37 does not specifically provide for sanctions when a motion to quash a Rule 45 subpoena is denied.  However, the Stores

---

[7] The Court declines to make this determination in this Order because the briefing does not address this specific issue and the Court does not need to reach it to determine Tauler Smith filed in the wrong district.  As noted above, the Court only knows where Mr. Valerio resides and the briefing does not address a circumstance where a subpoenaed nonparty has agreed to production in a different district than they reside in or whether that impacts the court where compliance is required.  *See* Adv. Comm. Notes to 2013 Amend., Rule 45 ("Rule 45(c)(2) directs that . . . production of . . . electronically stored information may be commanded to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements.").

argue that numerous district courts have imposed sanctions under Rule 37 for Rule 45 disputes.  (ECF 279 at 8-9 (citing cases).)  The Stores argue sanctions should be awarded here because Tauler Smith was not substantially justified in moving to quash in the wrong district, particularly without first meeting and conferring with the Stores' counsel or raising the dispute with the undersigned under the Court's May 4, 2020 Order.  (ECF 279 at 10-11.)

Assuming without deciding that Rule 37 fee shifting sanctions may be awarded when a motion to quash under Rule 45 is denied for being filed in the wrong district, the Court finds sanctions are not appropriate here.  First, the Court notes that it would not be able to award sanctions under Rule 37(a)(5)(A) or (B) based on the current briefing.  Rule 37(a)(5)(A) and (B) both indicate the Court may only require payment of reasonable expenses "after giving an opportunity to be heard" to the party facing payment.  The Court's order setting the briefing on this Motion specifically did not allow for the filing of a reply brief by Tauler Smith unless Tauler Smith sought leave from the Court to do so.  In this respect, Tauler Smith has not been given an opportunity to be heard on the Stores' request for fee shifting.  However, because that could be easily cured by having Tauler Smith respond to the Stores' request, the Court proceeds to address whether the Stores have established they are entitled to fee-shifting sanctions under these circumstances.

Rule 37(a)(5) provides for payment of expenses, including attorneys' fees, by the losing party when motions are required related to discovery.[8]  These fee-shifting sanctions are required unless the motion or opposition was "substantially justified" or "other circumstances make an award of expenses unjust."  Rule 37(a)(5)(A) and (B).

In seeking an award of expenses, the Stores rely heavily on Tauler Smith not following the Court's May 4, 2020 Order regarding raising discovery disputes.  Based on

_____

[8] Rule 37(a)(5)(A) and (B) address motions required to obtain discovery and motions to prevent disclosure, respectively.

8

the volume of discovery disputes being raised in this case, the Court modified its normal procedures for raising discovery disputes and required the parties to submit a very short joint letter brief to the Court to identify the discovery dispute rather than calling Chambers.  The letter is intended only to identify the dispute sufficiently for the Court to determine whether a discovery conference or briefing is appropriate and the scope of either.  That did not happen here.  However, the Court's order authorizing the Stores to issue the Rule 45 document subpoena to Mr. Valerio after the close of discovery indicated that the Court was simply authorizing the subpoena to be issued after the close of discovery and that any other issues concerning it or responses to it "would need to be raised through Rule 45 procedures."  (ECF 266 at 4.)  In this respect, Tauler Smith could reasonably and accurately conclude that it could proceed under Rule 45 procedures to move to quash the subpoena without following the May 4, 2020 Order's requirements.

This leaves the Court with Tauler Smith having filed this Motion in the wrong district.  The Court agrees, for the reasons set forth above, that it is clear that any motion to quash a Rule 45 subpoena has to be filed in the district where compliance is required and this is not the district where compliance is required.  However, in this instance, it was not exceptionally clear where compliance was required.  As discussed above, based on the language of Rule 45(c), compliance was required within 100 miles of Mr. Valerio's residence in Los Angeles, the Central District of California.  However, the subpoena indicated compliance was required in San Francisco, in the Northern District of California.  Tauler Smith certainly erred in filing its Motion *here* because this district is neither where Mr. Valerio resides or the location identified in the subpoena, but the proper district is not as "plainly set forth" as the Stores argue.  (ECF 279 at 3.)

Additionally, the Stores are not without error in proceeding with this subpoena.  The subpoena was issued out of the Central District of California by the Stores' counsel, Mr. Poe.  (ECF 277-2 at 7, Sergenian Decl., Ex. A].)  Rule 45(a)(2), "Issuing court" very clearly indicates that "A subpoena must issue from the court where the action is pending."  Because this action is pending here, the subpoena should have been issued

from this district, rather than the Central District of California.[9]  Again, although not fully addressed in the briefing, the Court can find this might have added to the confusion as to where to challenge this subpoena.

Given the foregoing and assuming Rule 37's fee shifting provisions apply to denial of a Rule 45 motions to quash based on it being filed in the wrong district, the Court finds sanctions are not appropriate because "other circumstances make an award of expenses unjust," specifically that the district of compliance under Rule 45(c) and that identified on the subpoena were in conflict and the subpoena was itself issued from the wrong district. Rule 37(a)(5)(A) or (B); Rule 45(c); Rule 45(a)(2).

## III.   CONCLUSION

Tauler Smith's *Ex Parte* Application to Quash Subpoena to Joseph Valerio is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 23, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[9] The Court notes that this issue was understandably not raised in the briefing.  Given Mr. Valerio is apparently amenable to producing the documents electronically to San Francisco, it is unlikely he would challenge this error and since Tauler Smith likely lacks standing to challenge this error, there was no reason it would have been raised.  *See Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18-19 (D. Maine 2010).