MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No.  3:18-cv-840-GPC-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STORES' MOTION FOR SANCTIONS**<br><br>Date:       December 18, 2020<br>Time:       1:30 p.m.<br>Court:      2D<br>Judge:     Hon. Gonzalo Curiel |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................3

I.   SANCTIONABLE COURT FILINGS ............................................................3

   A.   Motions filed in 2019-20 regarding the Counterclaims ...................................4

   B.   The second anti-SLAPP motion ......................................................................8

   C.   The Rule 11 Motion .........................................................................................9

   D.   The Motion to Disqualify ...............................................................................10

   E.   The Stores' Motion for Reconsideration .......................................................12

   F.   Other Filings ..................................................................................................12

   G.   Discovery Disputes........................................................................................14

ARGUMENT.........................................................................................................15

I.   THE COURT SHOULD IMPOSE SECTION 1927 SANCTIONS. .................15

   A.   Legal Standards. ............................................................................................16

   B.   Tauler Smith's Attorneys Recklessly Made Frivolous Arguments. ..............17

   C.   Tauler Smith's Filings Were Made to Harass. ...............................................20

II.   THE COURT SHOULD SANCTION VIA ITS INHERENT POWERS. ........21

   A.   Legal Standards. ............................................................................................21

   B.   There is Clear and Convincing Evidence of Bad Faith.................................22

III. THE COURT SHOULD AWARD UP TO $68,369.50 IN SANCTIONS........23

CONCLUSION.....................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AdTrader, Inc. v. Google LLC*,
   No. 17-CV-07082-BLF, 2020 WL 1921774 (N.D. Cal. March 24,
   2020) .................................................................................................................... 24

*Aispuro v. Ford Motor Co.*,
   No. 18-CV-2045 DMS (KSC), 2020 WL 4582677 (S.D. Cal. Aug.
   10, 2020) ............................................................................................................... 24

*Allcapcorp Ltd v. CHC Consulting LLC*,
   No. SACV1900206JVSJDEX, 2020 WL 4760183 (C.D. Cal. June
   18, 2020) ............................................................................................................... 24

*B.K.B. v. Maui Police Dep't*,
   276 F.3d 1091 (9th Cir. 2002) .................................................................... 16, 20

*Blixseth v. Yellowstone Mountain Club, LLC*,
   796 F.3d 1004 (9th Cir. 2015) .................................................................... 16, 20

*Certified Nutraceuticals v. Avicenna Nutraceutical*,
   No. 3:16-CV-02810-BEN, 2018 WL 4385368 (S.D. Cal. Sept. 14,
   2018) ..................................................................................................................... 20

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................................... 21

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ........................................................................ 21, 22

*Frias v. City of Los Angeles*,
   No. CV 16-4626 PSG (SKX), 2020 WL 4001620 (C.D. Cal. Apr.
   23, 2020) ............................................................................................................... 24

*In re Girardi*,
   611 F.3d 1027 (9th Cir. 2010) ........................................................... 16, 17, 18

*Gurvey v. Legend Films, Inc.*,
   No. 3:09-CV-00942 AJB, 2013 WL 12090309 (S.D. Cal. April 8,
   2013) ..................................................................................................................... 23

*Hartke v. Westman Prop. Mgmt., Inc.*,
No. 3:15-CV-01901-GPC-DHB, 2016 WL 3286347 (S.D. Cal. June
14, 2016) ..................................................................................................... 20

*In re Itel Sec. Litig.*,
791 F.2d 672 (9th Cir. 1986) ...................................................................... 23

*JST Distribution, LLC v. CNV.com, Inc.*,
No. 17-CV-6264 PSG, 2018 WL 6113092 (C.D. Cal. Mar. 7, 2018) ............... 20

*Kaass Law v. Wells Fargo Bank, N.A.*,
799 F.3d 1290 (9th Cir. 2015) .................................................................... 16

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975) ........................................................................ 23

*La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*,
No. 17-CV-1124-MMA(WVG), 2019 WL 4141237 (S.D. Cal. Aug.
30, 2019) ..................................................................................................... 25

*Lahiri v. Universal Music & Video Distribution Corp.*,
606 F.3d 1216 (9th Cir. 2010) ............................................... 17, 19, 20

*Liaw v. United Airlines*,
2019 WL 6251204 (N.D. Cal. Nov. 22, 2019) ......................................... 14

*Lopez v. Management and Training Corp.*,
No. 17-CV-1624-JM, 2020 WL 1911571 (S.D. Cal. April 20, 2020) ............... 24

*Lucas v. Jos. A. Bank Clothiers, Inc.*,
217 F. Supp. 3d 1200 (S.D. Cal. 2016) ..................................................... 17

*New Alaska Dev. Corp. v. Guetschow*,
869 F.2d 1298 (9th Cir. 1989) .................................................................... 17

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
210 F.3d 1112 (9th Cir. 2000) .................................................................... 18

*Primus Automotive Fin. Servs., Inc. v. Batarse*,
115 F.3d 644 (9th Cir. 1997) ...................................................................... 21

*Schutts v. Bentley Nevada Corp.*,
966 F. Supp. 1549 (D. Nev. 1997) ............................................................. 19

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*,
 875 F.3d 426 (9th Cir. 2017) ........................................................................ 16, 19

*Sweet People Apparel, Inc. v. Saza Jeans, Inc.*,
 No. CV 14-1143-DMG (ASX), 2016 WL 6053958 (C.D. Cal. May
 25, 2016) ................................................................................................................ 22

*Tauler Smith LLP v. Valerio*,
 No. 20-CV-00458 AB, 2020 WL 1921789 (C.D. Cal. March 6,
 2020) ........................................................................................... 2, 20, 21, 22

*Matter of Yagman*,
 796 F.2d 1165 (9th Cir. 1986) ............................................................................ 23

**Statutes**

28 U.S.C. § 1927 ...................................................................................*passim*

**Other Authorities**

Local Civil Rule 2.1(a)(1) ................................................................................... 2

Local Civil Rule 2.1(a)(3)(k) ............................................................................. 23

Local Civil Rule 83.1 ......................................................................................... 23

# INTRODUCTION

In the last 18 months of this lawsuit, Tauler Smith LLP – whether in its capacity as a defendant or as counsel – has brought and largely lost eight substantive motions.  (*See* ECF Nos. 80[1], 102, 143-1, 156-1, 191, 192, 204-1, and 260.)  In that same period, Tauler Smith has also opposed and largely lost six substantive motions and joint discovery statements.  (*See* ECF Nos. 94, 97, 165, 186, 215, 237.)  Tauler Smith has engaged in even more motion practice than this, of course, and on September 29, 2020, filed yet another meritless motion – a motion to modify the case schedule so that it can take even more discovery.  (ECF No. 298.)

Of course, the Stores do not suggest that being on the losing end of a motion is sanctionable.  But it is the way Tauler Smith has repeatedly lost – both as counsel of record and as a third-party defendant – that warrants relief.  As the Court's own orders resolving these motions have recognized, Tauler Smith repeatedly makes legal arguments with no merit, asserts factual contentions without evidence, makes outright misrepresentations of the law or the facts, and disparages the character and ethics of Gaw | Poe LLP.  As the Court had noted earlier in this action, in ruling against yet another Tauler Smith motion, that "[o]ne key hallmark of vexatious and sham litigation is the automatic and reflexive petition of governing bodies 'without regard to and regardless of the merits of said petitions.'"  (Order Denying MJOP (ECF No. 85) at 11.)  Here, Tauler Smith has repeatedly, and reflexively, filed paper after paper "without regard to and regardless of the merits" of those filings.

Thus, the Court should sanction Mr. Tauler, Mr. Sergenian, and Tauler Smith pursuant to 28 U.S.C. § 1927, or the Court's inherent powers, and award the Stores their reasonable attorney's fees for the time spent by them in responding to these bad faith, frivolous filings.  The individual merits of these filings, as well as Tauler

---

[1] Unless stated otherwise, all cited Docket references are to Case No. 3:18-CV-00840, the consolidated case.

MPA ISO PLTFS' MOT. FOR SANCTIONS
CASE NO. 3:18-cv-840-GPC-BGS

Smith's overall conduct in this litigation, certainly warrant sanctions.  And Tauler Smith's bad faith is also evidenced by its conduct towards Gaw Poe.  It sued Mr. Poe and Gaw Poe under RICO – an endeavor that was quickly dismissed with prejudice and noted by a federal judge that it appeared to have been "added for an 'improper purpose.'"  *Tauler Smith LLP v. Valerio*, No. 20-CV-00458 AB, 2020 WL 1921789, at *5 (C.D. Cal. March 6, 2020).  And it sued Gaw Poe's other employees through a violation of California state court procedures.  (RJN, Ex. A.)

And there are numerous, unsolicited e-mails sent to Gaw Poe attorneys like:

> On Apr 12, 2020, at 4:01 PM, Robert Tauler <rtauler@taulersmith.com> wrote:
>
> Mark,
>
> Do you truly believe that you are the White Savior of all Oppressed People as you claim?  I just read the rog responses you drafted on behalf of the "immigrant" liquor stores you represent.  I think they would be offended that they would be "unable to understand the law" especially considering that Reid Meikha, one of SDCC and Trepco's patsy's owns 8 stores.
>
> He has more employees than you!
>
> You are the White Man claiming under oath that your clients, who you know are affiliated with the Chaldean Mafia, literally can't read.
>
> Their time will come.  Your time will come.
>
> He has risen!  Amen!

(Gaw Decl., Ex. 11.)  And, of course, there is Mr. Tauler's conduct towards Gaw Poe at his deposition.  (Gaw Decl., Ex. 1 at 191:22-23 ("you're a fucking idiot").)

The Stores sincerely regret burdening the Court with yet another motion to resolve.  And it would indeed have been a lot more convenient for them to simply shrug off Tauler Smith and Mr. Sergenian's behavior and avoid the laborious work needed to prepare this motion.  But as the Local Rules of this Court state:

> No one is above the law and, equally important, no one is entitled to act in such a way that erodes the public's trust in the administration of justice, impartiality, and the search for the truth.

*See* Local Civil Rule 2.1(a)(1).  The Stores have little doubt that Tauler Smith and

Mr. Sergenian will treat other litigants, and continue to burden judicial resources, in a similar fashion that "erodes the public's trust in the administration of justice, impartiality, and the search for the truth[,]" unless they receive the serious sanctions requested.  The Stores thus respectfully urge the Court to grant their motion.

## STATEMENT OF FACTS

### I.     SANCTIONABLE COURT FILINGS

The Stores contend that the following filings by Tauler Smith, Mr. Tauler and/or Mr. Sergenian are sanctionable pursuant to section 1927 and/or the Court's inherent powers:

<u>Filings Signed by Robert Tauler</u>

- April 15, 2019 MJOP (ECF No. 80)
- May 25, 2019 Reply Brief re MJOP (ECF No. 83)
- July 11, 2019 Opposition to MSJ (ECF No. 94)
- July 15, 2019 Opposition to Motion for Leave to File SACC (ECF No. 97)
- July 29, 2019 Motion for Rule 11 Sanctions (ECF No. 102)
- Aug. 13, 2019 Reply re Motion for Rule 11 Sanctions (ECF No. 107)

<u>Filings Signed by David Sergenian and brought on behalf of Tauler Smith</u>

- Nov. 27, 2019 Motion to Dismiss Counterclaims (ECF No. 143-1)
- Jan. 6, 2020 Motion to Strike the Third Cause of Action (ECF No. 156-1)
- Jan. 23, 2020 Reply re Motion to Dismiss Counterclaims (ECF No. 164)
- Jan. 23, 2020 Joint Statement re Discovery (ECF No. 165)[2]
- Feb. 21, 2020 Reply re Motion to Strike (ECF No. 173)
- April 24, 2020 Motion to Disqualify Counsel Gaw Poe LLP (ECF No. 191)
- May 1, 2020 Opposition to Motion for Class Certification (ECF No. 194)
- May 5, 2020 Motion for Reconsideration (ECF No. 204-1)
- May 11, 2020 Joint Statement re Discovery (Exhibit 1 to ECF No. 215)

---

[2] For the joint statements filed regarding discovery disputes, the Stores are obviously referring only to the portions reflecting Tauler Smith's position.

- May 29, 2020 Reply re Motion to Disqualify Gaw Poe LLP (ECF No. 212)
- June 5, 2020 Supplemental Brief re Motion to Disqualify (ECF No. 220-3)
- June 12, 2020 Reply re Motion for Reconsideration (ECF No. 225)
- June 15, 2020 2nd Supplemental Brief re Motion to Disqualify (ECF No. 227-1)
- June 19, 2020 Opposition to the Stores' Mot. for Reconsideration (ECF No. 237)

The specifics of these filings are discussed herein, grouped by topic.

**A. Motions filed in 2019-20 regarding the Counterclaims**

<u>Background</u>

On September 14, 2018, Outlaw filed a motion to dismiss the Stores' counterclaims, arguing among other things that the Stores failed to state a claim pursuant to the *Noerr-Pennington* doctrine. (ECF No. 15 in Case No. 3:18-CV-01882.) The Court granted Outlaw's motion with leave to amend, with a lengthy section of its order dedicated to an analysis of the *Noerr-Pennington* arguments. (Nov. 27, 2018 Order (ECF No. 38) in Case No. 3:18-CV-01882 at 9-16.) The Court's order also articulated why the Stores had adequately pleaded predicate acts of mail fraud to support their RICO counterclaims. (*Id.* at 7-9.)

The Stores thereafter filed Amended Counterclaims, and on December 14, 2018, Outlaw again moved to dismiss them pursuant to the *Noerr-Pennington* doctrine. (ECF No. 38.) The Court denied this motion and this time its order dedicated <u>12 pages</u> to a discuss the *Noerr-Pennington* doctrine. (March 14, 2019 Order (ECF No. 56) at 7-19.) The Court recognized that "Outlaw does not dispute that [the Stores] have pleaded sufficient facts with respect to the subjective component of the sham litigation exception[.]" (*Id.* at 9.) The Court also held that the Stores had adequately pleaded the objective baselessness of Outlaw's demand letters because its threat of a RICO claim failed due to a lack of proximate causation, and because Outlaw could not have known of the existence of any of the facts it alleged in its demand letters. (*Id.* at 14-18.) The Court further held that the Stores' counterclaims allegations were alleged with particularity and included "'extensive

factual descriptions[.]'" (*Id.* at 18-19.)

<u>Sanctionable Conduct (ECF Nos. 80, 83, 97, 143-1, 164, 204-1, 225)</u>

Notwithstanding the Court's March 14, 2019 Order, <u>only one month later</u>, Tauler Smith and Mr. Tauler signed and caused Outlaw to file a motion for judgment on the pleadings. (ECF No. 80.) In this motion, Outlaw argued that "the pleadings demonstrate that Outlaw reasonably believed its RICO claim was not objectively baseless." (*Id.* at 4-6.) The motion also sought to dismiss the class action claims pursuant to Rule 12 and Rule 34(d), and made unfounded assertions about Gaw Poe facing conflicts of interest. (*Id.* at 6-11.)

The Stores opposed this motion and, Mr. Tauler signed and caused Outlaw to file a reply brief. (ECF No. 83.) The cursory 4-page brief (an implicit recognition of the meritless nature of the motion) simply asserted that the demand letters were "reasonable under any standard, be it subjective or objective." (*Id.* at 2.) The rest of the brief litigated the issue of class certification, even though no discovery had yet been taken or a motion for class certification had been filed. (*Id.* at 2-4.)

Unsurprisingly, on June 4, 2019, the Court denied the motion and again held that the *Noerr-Pennington* defense was not applicable. (June 4, 2019 Order (ECF No. 85) at 12) ("Thus, as this Court **has previously recognized**, Counterclaimants have alleged sufficient facts to frustrate *Noerr-Pennington* immunity on the subjective motivation prong. Judgment on the pleadings is therefore inappropriate.") (emphasis added).) The Court also issued some strong words regarding the merits of Mr. Tauler's arguments. (*Id.* at 11) ("On the contrary, by referring this Court to the strongly-worded dismissal order in *CNV*, Outlaw is hoisted by its own petard…. One key hallmark of vexatious and sham litigation is the automatic and reflexive petition of governing bodies 'without regard to and regardless of the merits of said petitions.'") (citations omitted). The Court also rejected the premature motion to deny class certification on multiple grounds. (*Id.* at 12-18.) As for the purported conflicts of interest faced by Gaw Poe, the Court found Mr. Tauler's arguments to be

1   "speculative." (*Id.* at 20.)

2        This was not over, however.  After the Stores moved for leave to file their

3   Second Amended Counterclaims, Mr. Tauler signed and caused to be filed an

4   opposition brief purporting to again challenge the specificity of the RICO allegations

5   raised against the newly proposed counterclaim defendants.  (ECF No. 97 at 10-11,

6   13.)   That brief further argued that, with respect to Tauler Smith, its conduct in

7   sending demand letters, filing complaints, and negotiating settlements was immune

8   due to the *Noerr-Pennington* doctrine.  (*Id.* at 11-13.)  The Court granted the Stores'

9   motion.  (Aug. 19, 2019 Order (ECF No. 113).)  It held that the Stores had adequately

10  pled their claims with particularity as to each new counterclaim defendant, and found

11  that Mr. Tauler's argument that the Stores were required to allege each RICO co-

12  conspirator to have participated or agreed to participate in at least two predicate

13  offenses had been "expressly overruled by the Supreme Court" 23 years ago.  (*Id.* at

14  15-16.)  As for the *Noerr-Pennington* arguments raised by Mr. Tauler on behalf of

15  Tauler Smith, the Court held:

16       Finally, Outlaw urges that amendment would be futile to Tauler Smith
         because its conduct would be protected under the *Noerr-Pennington*
17       doctrine. (ECF No. 97, at 11.) In so arguing, Outlaw repeats many of
18       the arguments it previously raised in connection with its motion to
         dismiss the RICO claims; it also urges an especial First Amendment
19       protection for lawyers who engage in pre-litigation petitioning conduct
20       on the part of a client.

21       The Court disagrees, and sees no need to revisit its previous
         determination with respect to the Frist Amended Counterclaims that
22       Counterclaimants satisfied *Noerr-Pennington*'s heightened pleading
23       standard and sufficiently alleged Outlaw's demand letters—which
         Tauler Smith LLP is alleged to have masterminded—fall within the
24       doctrine's sham litigation exception.

25  (*Id.* at 17-18.)

26       But this was still not the end.  After the Second Amended Counterclaims were

27  filed, on November 4, 2019, Mr. Sergenian appeared as counsel of record for Tauler

28

Smith.  (ECF No. 125.)  Less than four weeks later, he filed a motion to dismiss all of the counterclaims brought against Tauler Smith.  (ECF No. 143-1.)  In so doing, he simply regurgitated many of the same arguments already addressed in the Court's prior orders including (i) a failure to plead the predicate RICO acts with specificity, (ii) a blanket exemption on RICO liability for law firms engaged in litigation conduct, and (iii) the *Noerr-Pennington* doctrine (with respect to <u>both</u> the objective and subjective prongs).  (*Id.* at 4-16, 19-23.)  The Stores opposed this motion, and Mr. Sergenian / Tauler Smith filed a reply brief simply reiterating the arguments they already made.  (ECF No. 164.)  The Court denied this motion to dismiss and pointed out these arguments had been previously rejected by the Court.  (April 23, 2020 Order (ECF No. 190) at 3-4, 9, 12, 20-21, 24, 30.)

And this was <u>still</u> not the end.  Dissatisfied with the ruling, Mr. Sergenian and Tauler Smith filed a motion for reconsideration of the order denying their motion to dismiss, arguing that the Court's "holding that a law firm's bad-faith litigation conduct may form the basis of a RICO predicate act is clearly erroneous[.]"  (ECF No. 204-1.)  The crux of this argument was that the Court made an incorrect ruling because it disagreed with the Sergenian / Tauler Smith interpretation of various cited authorities.  (*Id.*)  The Stores opposed this motion and Mr. Sergenian / Tauler Smith filed a reply brief arrogantly asserting that its reading of its own authorities was correct and that "every court that has considered it, that litigation activities, performed on behalf of a client… cannot constitute predicate acts of mail fraud for RICO purposes."  (ECF No. 225 at 2.)   The Court denied this motion for reconsideration.  (June 25, 2020 Order (ECF No. 243).)  Regarding the merits of the Sergenian / Tauler Smith arguments, the Court wrote: "Tauler Smith's motion fails to present a reason why the Court should reconsider its decision, much less evidence of 'clear error' or a 'manifestly unjust' decision."  (*Id.* at 3.)  The Court went to on to explain in detail why the motion failed on the merits, including citing multiple authorities holding that an attorney's litigation activity can serve as the basis for

1   RICO liability.  (*Id.* at 6-7.)

2        **B.**    **The second anti-SLAPP motion**

3        <u>Background</u>

4         On September 14, 2018, Outlaw filed a special motion to strike the Stores'

5   third cause of action for rescission pursuant to the California anti-SLAPP law.  (ECF

6   No. 16.)  Citing a long list of California authorities, the Court denied that motion and

7   held that the anti-SLAPP law did not apply to that cause of action, because it was

8   actually a remedy and not a true cause of action.  (Nov. 27, 2018 Order (ECF No. 38)

9   at 22-23.)

10       <u>Sanctionable Conduct (ECF Nos. 156-1 & 173)</u>

11        On January 6, 2020, Mr. Sergenian and Tauler Smith filed their own anti-

12  SLAPP motion seeking to strike the Stores' third cause of action for rescission

13  remedy notwithstanding the November 27, 2018 Order.  (ECF No. 156-1.)  That

14  motion essentially raised the same arguments unsuccessfully brought by Outlaw

15  nearly 1.5 years prior.  (*Id.*)  Before filing that motion, the Stores' counsel pointed

16  out to Mr. Sergenian – twice – that the Court had previously denied Outlaw's anti-

17  SLAPP motion that raised the same arguments.  (ECF No. 171-2 at 1-2.)  The Stores

18  opposed this motion and, Mr. Sergenian and Tauler Smith filed a reply brief, falsely

19  asserting that California courts "routinely allow rescission claims to proceed as

20  independent causes of action" and anti-SLAPP motions to strike are granted against

21  such claims.  (ECF No. 173 at 3.)

22        Unsurprisingly, the Court subsequently denied this latest anti-SLAPP motion.

23  (April 23, 2020 Order (ECF No. 190) at 32-37.)  In doing so, the Court reminded

24  Tauler Smith that it had issued a <u>published</u> opinion on this very issue.  (*Id.* at 32

25  ("Consistent with its prior ruling on November 27, 2018, the Court **again** finds that

26  the anti-SLAPP statute is inapplicable here because rescission is a remedy, not a

27  cause of action.") (emphasis added).)  The Court also pointed out (again) the uniform

28  authority on this issue.  (*Id.* at 35-37.)

### C.   The Rule 11 Motion

<u>Background and Sanctionable Conduct (ECF Nos. 102 & 107.)</u>

On July 29, 2019, Tauler Smith and Mr. Tauler signed and caused Outlaw to file a motion for Rule 11 sanctions against the Stores, Gaw Poe, and Mr. Poe.  (ECF No. 102.)  The motion asserted that sanctions were warranted under Rule 11 because Counterclaims had these "improper, false and unsupported allegations":

- "That Plaintiff and its counsel 'operate' by 'sticking up small, immigrant-run businesses across California and around the country'"
- "That demand letters sent by Plaintiff and its counsel have the 'intent to induce fear in these immigrant communities.'"
- "That the demand letters sent by Plaintiff and its counsel's 'target audience' 'consists almost exclusively of' 'immigrants for whom English is not their first language.'"

(*Id.* at 4.)  But, the only factual support provided in support of this motion was Mr. Tauler's declaration, who simply and conclusorily asserted that "[t]he First Amended Counterclaim contains improper, false, and unsupported allegations that Plaintiff and my law firm has purposely targeted immigrants by sending demand letters and initiating lawsuits against convenience stores[.]"  (ECF No. 102-1 ¶ 2.)  In other words, Mr. Tauler filed a Rule 11 motion claiming that Mr. Poe had "made knowingly false statements" (*see* ECF No. 102 at 6), but the only "evidence" that such statements were false was Mr. Tauler's say-so.

The Stores opposed this motion, and Mr. Tauler filed a reply brief doubling down on these accusations, but again with no evidence to support the charges other than Mr. Tauler's say-so.  (*See* Aug. 13, 2019 Reply Brief (ECF No. 107) and Aug. 13, 2019 Tauler Declaration (ECF No. 107-1).)  Rather than show evidence of the supposed falsity of the allegations, much of the reply brief was just a personal attack on Mr. Poe.  (*See, e.g.*, ECF No. 107 at 3 ("Poe's increasingly erratic and unhinged conduct further demonstrates a pattern of misconduct that Rule 11 was designed to

curtail[.]"), 7 ("Poe has gone far outside the bounds of decency and common sense"), 8 ("Poe has recently engaged in increasingly erratic conduct that the Court should review to assess his state of mind"), and 9 ("Counterclaimants' counsel's pattern of submitting falsehoods to this Court and wildly improper conduct has not abated even within the four corners of this motion").)

On August 15, 2019, the Court denied the Rule 11 motion and held that the Stores and their counsel had both engaged in a reasonable factual inquiry and had made "extensive factual allegations" to support the contested allegations.  (Aug. 15, 2019 Order, ECF No. 110) at 7-8.)  The Court added, "Outlaw bore the burden of demonstrating that the First Amended Complaint includes sanctionable material. Having discerned none during the course of its review, the Court will **DENY** Outlaw's Rule 11 motion."  (*Id.* at 9.)

### D.   The Motion to Disqualify

<u>Background and Sanctionable Conduct (ECF Nos. 191-1, 212, 220-3, 227-1)</u>

On April 24, 2020, Mr. Sergenian and Tauler Smith filed a motion to disqualify Gaw Poe.  (ECF No. 191-1.)  They asserted that "Gaw Poe knowingly and necessarily came into possession of confidential and privileged information belonging to TSLLP that it has already used in this case."  (*Id.* at 1.)  They asserted a privilege on all of its communications with its former bookkeeper, an independent contractor called CTRLR.  (*Id.* at 6.)  And they charged that Gaw Poe had necessarily used this privileged information by seeking discovery about the Pulaski Law Firm on April 17, 2020, and also that "Mr. Poe has sworn under oath that his hourly rate is '$1,000 per hour[.]'"  (*Id.* at 3, 7.)  The only supporting evidence they submitted in support of this motion was Mr. Tauler's declaration, which repeated the claim that Mr. Poe had "sworn under oath that his hourly rate is '$1,000 per hour' and but failed to state (i) what "confidential" information Gaw Poe had obtained or (ii) how it supposedly obtained that information.  (ECF No. 191-2.)

Gaw Poe opposed this motion and, among things, pointed out that (i) Outlaw

had itself identified the Pulaski Law Firm back on April 10 and (ii) Mr. Poe had never sworn under oath as to having a $1,000 hourly rate.   (ECF No. 203 at 7-8.) Undeterred, Mr. Sergenian and Tauler Smith filed a reply brief that again repeated the false charge Mr. Poe "has averred in other proceedings that his hourly rate is worth $1,000 per hour[,]" that accused CTRLR's owner of making "bald-face lies[,]" and that "it is a foregone and unrebutted conclusion that Mr. Valerio did in fact trade confidential information acquired while working for TSLLP and its former client Outlaw to Gaw Poe LLP in exchange for legal services." (ECF No. 212 at 3-4.)   They added, "Mr. Poe's conduct makes a mockery of any perception of propriety in his prosecution of this action." (*Id.* at 5.)   Mr. Sergenian and Tauler Smith then went on to file a supplemental brief in support of its motion to disqualify.  (ECF Nos. 220-3.) The Court ordered the Stores to file a response to the supplemental brief (June 8, 2020 Order (ECF No. 222), which they promptly did.  (ECF No. 223.)  Mr. Sergenian and Tauler Smith then filed, without obtaining leave of court, a second supplemental brief alleging "further dishonest conduct on the part of Mark Poe and Gaw Poe LLP," that "Mark Poe is being openly deceptive to this Court" and that "Mr. Poe's deception to this Court [ ] evinces plainly a pattern of fraud on the Court."  (ECF No. 227-1 at 1.)

On June 25, 2020, the Court denied this motion to disqualify.  (June 25, 2020 Order (ECF No. 191).)  Among its reasoning, the Court wrote:

> Also, in light of the tone, language, and timing of Tauler Smith's filings on this motion, the **absence of any credible argument for privilege**, and the longstanding acrimony between the Parties, the Court is reminded of the potential for disqualification motions to be used for "tactical purposes."  Consequently, the Court finds that these factors – i.e., **unrebutted California law** protecting Mr. Valerio's right to communicate with his counsel Gaw | Poe, the burden that would be placed on the Stores in obtaining new counsel were Gaw | Poe disqualified, and **the Court's impression that the motion may have been filed for "tactical purposes"** given Tauler Smith's inability to identify an applicable privilege – weigh against disqualification.

(*Id.* at 16) (emphasis added.)

### E.   The Stores' Motion for Reconsideration

<u>Background</u>

The Stores had filed a motion for judgment on the pleadings as to all the claims raised by Outlaw, which the Court largely granted.  (May 29, 2020 Order (ECF No. 209).)  The exception was Outlaw's claim for unfair business practices under the UCL, which the Court did not dismiss because it believed the Stores had not moved to dismiss that claim.  (*Id.* at 22.)

<u>Sanctionable Conduct (ECF No. 221)</u>

The Stores moved for reconsideration because they had, in fact, moved to dismiss all of the UCL claims.  (ECF No. 213.)  Outlaw did **not** oppose this motion, as it "didn't want to spend the money to respond to the motion" and it (rightfully) "thought the claim was weak and not worth its time or money."  (ECF No. 253 at 4.) Incredibly, Mr. Sergenian and Tauler Smith decided to file an opposition to the motion for reconsideration even though Tauler Smith literally had no stake in its outcome, as the motion concerned only claims brought by Outlaw.  (ECF No. 237.) And in opposing, they falsely asserted that the Stores had not addressed the UCL unfair prong in their motion for judgment on the pleadings (*id.* at 1) even though that opening brief clearly did.

With this opposition having been filed, the Stores had to file a reply brief. (ECF No. 245.)  The Court granted this motion for reconsideration and held that "it clearly erred in overlooking the Stores' argument as to the UCL's 'unfair' prong." (July 8, 2020 Order (ECF No. 251) at 3.)

### F.   Other Filings

<u>Background and Sanctionable Conduct (ECF Nos. 94, 194)</u>

The Stores will not go so far as to say that that the following filings are sanctionable in their own right.  But each of these contain false allegations of fact, or frivolous arguments, made by Tauler Smith simply as part of a "kitchen sink" effort

to oppose whatever it was that the Stores wanted.  Thus, the Court should consider them simply for the purpose of ascertaining whether there is a pattern of "automatic and reflexive petition[ing] of governing bodies 'without regard to and regardless of the merits of said petitions'" by Tauler Smith.  (June 4, 2019 Order (ECF No. 85) at 11.)

For example, the remaining defendants in the first-filed *DG in PB* case moved for summary judgment against Outlaw on June 26, 2019.  (ECF No. 90).  Mr. Tauler signed Outlaw's opposition brief, where he made untrue factual assertions in a bid to avoid summary judgment.  (*See* ECF No. 94 at 10) ("The manner in which Defendants obtained the Enhancement Products, **through covert distributors closed to the public**, coupled with **Defendants' large displays of the Enhancement Products at a prominent location in their stores**, and **their knowing sale** of dangerous misbranded products, makes their sale of the subject products far outside of the "Coke Zero" hypothetical presented in the moving papers.") (emphasis added.) On December 3, 2019, the Court granted the motion for summary judgment, and held that "the record supports Defendants' assertion that there 'is no evidence that any of the Defendants 'markets' or 'advertises' the challenged products beyond stocking them on their shelves.'" (Dec. 3, 2019 Order (ECF No. 147) at 11.)

As another example, Mr. Sergenian and Tauler Smith opposed the Stores' motion for class certification.  (ECF No. 194.)  Again, while the Stores will not argue that the bulk of the opposition brief was out of bounds, Mr. Sergenian and Tauler Smith used the brief to continue their personal attacks against Mr. Poe.  They accused "Mr. Poe of play[ing] fast and loose with his ethical obligations" and claimed that he had engaged in a "fraud on the court" in the matter of *Trendsettah USA, Inc. v. Swisher*.  (ECF No. 194 at 12.)  And while making these charges, they failed to disclose to the Court that the *Trendsettah* court had stated, in a **publicly-filed** hearing transcript:

MPA ISO PLTFS' MOT. FOR SANCTIONS
CASE NO. 3:18-CV-840-GPC-BGS

> Let me say neither in the ruling for a new trial nor in this ruling
> do I intend to question the integrity of counsel.  I believe that
> counsel acted in good faith[.]"

(ECF No. 198-4) at 4:1-5.)  And while failing to disclose this critical information about Mr. Poe and Gaw Poe, they also brazenly charged Mr. Poe of engaging in fraud on the court in the matter of *Liaw v. United Airlines*, 2019 WL 6251204 (N.D. Cal. Nov. 22, 2019), even though (1) that opinion made no reference to any improprieties by any litigant or attorney and (2) Mr. Poe was not lead counsel in that action.[3]  (ECF No. 194 at 12.)

Tauler Smith's opposition brief also repeatedly failed to present admissible evidence to defeat class certification.   In particular, Mr. Tauler's supporting declaration was nothing more than a series of conclusory statements made regarding the supposed motivations of the defendants and other retail stores made without any personal knowledge or other foundation.  (ECF No. 194-2.)

### G.   Discovery Disputes

Background and Sanctionable Conduct (ECF Nos. 165, 215)

Discovery disputes were also exacerbated by Mr. Sergenian and Tauler Smith. For example, in adjudicating the first of the Stores' motion to compel discovery from Tauler Smith (ECF No. 165), Magistrate Skomal noted that Tauler Smith had taken the position that it did not need to respond to any discovery requests until another Rule 26(f) conference took place.  (April 6, 2020 Order (ECF No. 180) at 9.)  And he further noted:

> The Court expected, based on the parties' Joint Motion, that all
> parties would proceed with discovery. **But now, Tauler Smith is**
> **essentially asking the Court to treat this case, in which**
> **discovery had been proceeding for fifteen months, like it was**

---

[3] Mr. Sergenian and Tauler Smith also falsely represented that the *Liaw* opinion reflected that Mr. Poe "knew" that the plaintiff had no damages.  To the contrary, the opinion itself recognized that the plaintiff had alleged both physical and emotional injuries.  2019 WL 6251204, at *9.

MPA ISO PLTFS' MOT. FOR SANCTIONS
CASE NO. 3:18-cv-840-GPC-BGS

**newly filed and has no history.** The cases cited do not support that leap.

(*Id.* at 13) (emphasis added.)  Similarly, Magistrate Skomal rejected Tauler Smith's argument that discovery should be stayed simply because Tauler Smith had a pending motion to dismiss the Stores' counterclaims.  (*Id.* at 15.)

Next, after being ordered to respond to the Stores' discovery, Tauler Smith then went on to refuse to comply with that order on brazenly frivolous grounds.  This led to another motion to compel by the Stores.  (Exhibit 1 to June 1, 2020 Order (ECF No. 215).)  Magistrate Skomal's order had this to say about Mr. Sergenian and Tauler Smith's arguments:

- "This argument has no merit."
- "Tauler Smith's position is both illogical and contrary to the Court's Chambers Rules."
- "Here, the Stores were denied responses to these requests because Tauler Smith **wrongfully refused** to timely respond as per the Court's April 3, 2020 order."

(June 1, 2020 Order (ECF No. 215) at 4-5.)  Magistrate Skomal also added:

Tauler Smith has done exactly what the *Barnes and Noble* decision was admonishing a party for doing in that case – stating a court found this standard applied when it did not.

(*Id.* at 7.)

And despite these two orders compelling discovery, Mr. Sergenian and Tauler Smith's behavior still has not changed.  Counsel for Outlaw Labs recently filed a declaration attesting at length as to how he endeavored to comply with Outlaw's discovery obligations to the Stores, only to be repeatedly stymied by Messrs. Sergenian and Tauler.  (June 23, 2020 Declaration of Sean Reagan (ECF No. 241).)

## ARGUMENT

## I.   THE COURT SHOULD IMPOSE SECTION 1927 SANCTIONS.

Under Section 1927, "any attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  As this statute is limited to attorneys, the Stores request sanctions under section 1927 against Messrs. Tauler and Sergenian only for those briefs that they personally signed (ECF Nos. 80, 83, 94, 97, 102, and 107 for Mr. Tauler, and ECF Nos. 143-1, 156-1, 164, 165, 173, 191, 194, 204-1, 212, Ex. 1 to 215, 220-3, 225, 227-1, and 237 for Mr. Sergenian).  *See also Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1295 (9th Cir. 2015) (section 1927 sanctions limited to individual lawyers, not law firms).

### A.    Legal Standards.

"'[S]ection 1927 sanctions must be supported by a finding of subjective bad faith,' which 'is present when an attorney knowingly or recklessly raises a ***frivolous*** argument, or argues a meritorious claim for the purpose of harassing an opponent.'"  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (emphasis in original) (alterations added) (citation omitted).  "Thus, '[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass[.]'"  *Id.* (alteration in original).  *See also Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 442 (9th Cir. 2017) ("Without more, reckless, but nonfrivolous, filings may not be sanctioned."); *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) ("'[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.'") (citation omitted) (alteration in original).

"[I]n the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose."  *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).  "[R]ecklessly or intentionally misrepresenting facts constitutes 'the requisite bad faith and intentional misconduct for which sanctions under § 1927 are appropriate.'"  *Id.* (citation omitted).  In addition, an attorney's "§ 1927's duty [is] to correct or withdraw

litigation positions after it becomes obvious that they are meritless." *Id.* at 1064. "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal citations omitted).

The Ninth Circuit has so far not ruled on the burden of proof needed to establish a finding of bad faith under section 1291. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). Many district courts, however, have held that the applicable standard is clear and convincing evidence. *See, e.g.*, *Lucas v. Jos. A. Bank Clothiers, Inc.*, 217 F. Supp. 3d 1200, 1204 (S.D. Cal. 2016). Thus, the Stores assume for the sake of argument that this standard applies, and that there is more than clear and convincing evidence to establish Messrs. Tauler and Sergenian's bad faith.

**B.   Tauler Smith's Attorneys Recklessly Made Frivolous Arguments.**

Clear and convincing evidence exists to establish that Messrs. Tauler and Sergenian repeatedly, and recklessly, made misrepresentations of fact to the Court, advanced frivolous legal arguments, and refused to correct or withdraw litigation positions after being apprised of their lack of merit. For example, Mr. Tauler filed a baseless motion for judgment on the pleadings (ECF Nos. 80 & 83) based on the *Noerr-Pennington* doctrine, and his own speculative and unsupported musings about Gaw Poe's relationship with its clients, only one month after the Court had issued a lengthy order denying Outlaw's motion to dismiss based on that same doctrine. Mr. Tauler later filed a meritless opposition brief to the Stores' motion for leave to file the Second Amended Counterclaims (ECF No. 97) raising, once again, the *Noerr-Pennington* doctrine and attempting to re-litigate the adequacy of the Stores' RICO allegations. Then, Mr. Sergenian filed a motion to dismiss on behalf of Tauler Smith (ECF Nos. 143-1 and 164) trying for the <u>third</u> time to re-litigate the *Noerr-Pennington* doctrine and the adequacy of the Stores' RICO allegations. When that failed, he filed a motion for reconsideration (ECF Nos. 204-1 and 225). In total, the

Stores had to litigate the same arguments regarding their RICO allegations <u>four</u> separate times <u>after</u> the Court already ruled that they adequately stated a claim.

Mr. Sergenian's fondness for re-litigating already-decided arguments also manifested when he filed an anti-SLAPP motion to strike the Stores' rescission remedy (ECF Nos. 156-1 and 173) that (1) was identical to the unsuccessful motion previously brought by Outlaw and (2) after being <u>twice notified</u> by Gaw Poe that the Court had already denied the exact same argument.

As another example, Mr. Tauler filed a Rule 11 motion (ECF Nos. 102 and 107) accusing Mr. Poe of making "knowingly false statements" but presented no evidence of such falsity other than Mr. Tauler's say-so. Mr. Sergenian followed up with a motion to disqualify (ECF Nos. 191-1, 212, 220-3, and 227-1) that made a number of inflammatory factual accusations against Gaw Poe, none of which were substantiated with any evidence other than Mr. Tauler's say-so. That same motion also advanced frivolous legal arguments such as the existence of a "bookkeeper" privilege and that somehow Tauler Smith's independent contractor bookkeeper's business records were subject to the attorney-client privilege belonging to Outlaw. Other examples of Mr. Sergenian recklessly making false representations, or frivolous arguments, are detailed earlier in this brief.

"[W]hat is clear from our case law is that a finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927[.]" *In re Girardi*, 611 F.3d at 1061. In the filings at issue, it was repeatedly the case that Messrs. Tauler or Sergenian wrote "statements [without] a basis or foundation in fact, and each was made without a reasonable and competent inquiry[.]" *Id.* at 1063. *See also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000) ("Judge Marsh found Mermelstein's argument that his client's compliance with the TRO had been 'impossible' to be

unsupported by the facts and insufficient to explain Carnival's continued use of the engines for commercial flights.") (affirming § 1927 sanctions); *Lahiri*, 606 F.3d at 1221 ("The district court did not err in its factual findings or abuse its discretion in concluding that Kornarens' repeated misrepresentations of Indian copyright law clearly evidenced his recklessness and bad faith.").

Messrs. Tauler and Sergenian also reflexively opposed motions, without having any good cause, just for the sake of creating more work for the Stores, such as the Stores' motion for reconsideration. *See Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 444 (9th Cir. 2017) (filing frivolous oppositions to motions can be considered as evidence of unreasonable and vexatiously multiplying proceedings). They also filed meritless motions for purely "tactical purposes," such as the motion to disqualify. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1221 (9th Cir. 2010) ("Kornarens attempted to cause the judge's recusal by retaining the judge's former law firm to defend him against the sanctions motion. The district court's consideration of this manipulative tactic as evidence of bad faith was not an abuse of discretion."). And they failed to comply with their discovery obligations, necessitating repeated motion practice. *See Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549, 1559–60 (D. Nev. 1997) ("In the present action, the court finds ample reason to impose sanctions under Section 1927. Plaintiff's counsel repeatedly ignored proper requests for discovery, forcing Defendant to seek, and the court to grant, a motion to compel discovery.").

Messrs. Tauler and Sergenian may argue in response that none of the examples provided were so egregious to warrant sanctions on their own. The Stores would disagree with that notion, but even if so, it would not matter. As the Ninth Circuit has held:

> Kornarens argues that no single instance of misconduct cited by the district court justified the imposition of sanctions. Kornarens ignores the record. The district court's bad faith finding was based on the cumulative effect of his litigation conduct for more than five years.

> Clear and convincing evidence supports the district court's conclusion that Kornarens acted recklessly and in bad faith and his conduct caused unreasonably protracted and costly litigation over a frivolous copyright claim. Accordingly, sanctions were not an abuse of discretion.

*Lahiri*, 606 F.3d at 1222.  And as this Court has stated, "[s]anctions under section 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case."  *Hartke v. Westman Prop. Mgmt., Inc.*, No. 315CV01901GPCDHB, 2016 WL 3286347, at *5 (S.D. Cal. June 14, 2016) (Curiel, J.) (citing *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012)).

Finally, regarding Mr. Tauler, a finding of bad faith or recklessness is also inescapable, when the Court considers that he and his firm have been sanctioned under Rule 11 already, and been given two other Rule 11 warnings, by <u>three</u> different federal judges.  *See Certified Nutraceuticals v. Avicenna Nutraceutical*, No. 3:16-CV-02810-BEN, 2018 WL 4385368, at *8 (S.D. Cal. Sept. 14, 2018) ("Accordingly, the Court jointly sanctions Mr. Tauler and his law firm, Tauler Smith, LLP in the amount of $2,500 to be paid as a penalty to the Court's Library Fund."); *JST Distribution, LLC v. CNV.com, Inc.*, No. 17-CV-6264 PSG, 2018 WL 6113092, at *8 (C.D. Cal. Mar. 7, 2018) ("Although the Court has granted leave to amend, Plaintiff and its counsel should be mindful of Rule 11 standards in re-pleading its civil RICO claim, given the various insufficiencies identified in this order."); *Valerio*, 2020 WL 1921789, at *5 ("The Court tends to agree that 'by appearances' the RICO claim was added for an 'improper purpose.'").

### C.    Tauler Smith's Filings Were Made to Harass.

Even if any one of the listed filings were neither frivolous nor recklessly made, they are still sanctionable under section 1927 because they were filed with the intent to harass the Stores.  *B.K.B.*, 276 F.3d at 1107; *Blixseth*, 796 F.3d at 1007.  Mr. Tauler's unrelenting animus towards Gaw Poe is amply demonstrated by his conduct

at his deposition.  (Gaw Ex. 1 at 178:6 – 179:18; 188:11 – 190:25, 191:21 – 192:15, 193:1 – 195:7, 195:20-23.)  His intent to harass is also shown by him adding Gaw Poe's attorneys as defendants in the *Valerio* litigation.  *Valerio*, 2020 WL 1921789, at *1; (RJN Ex. A.)  And by him personally harassing Gaw Poe's attorneys with repeated insulting and disparaging e-mails.  (*See, e.g.*, Gaw Decl., ¶¶ 2-22 & Exs. 2-20.)  It has even come to the point where Mr. Tauler now e-mails Gaw Poe's opposing counsel <u>in other cases</u> to make libelous statements about Gaw Poe and its clients, and persists in sending those e-mails even after those <u>opposing counsel</u> express no interest in them.  (*Id.* ¶¶ 18-21 & Exs. 17-20.)

Importantly on this point, the Court need not <u>infer</u> Mr. Tauler's intentions in this regard.  He <u>brags</u> about this strategy.  In a July 2, 2020 email to Outlaw's counsel Sean Reagan, Mr. Tauler crowed: "I've got Poe tied up for the next three years at least and by the end of it he won't even have a liquor store to represent.  I am good at this and I know the set up."  (Gaw Decl. ¶ 23 & Ex. 21 at 1.)  His plan to "tie up" "Poe" for three years necessarily means he intends to tie up this Court too.

## II.   THE COURT SHOULD SANCTION VIA ITS INHERENT POWERS.

A federal court has the inherent power to award attorney's fees and expenses as a sanction against a litigant for their bad faith conduct.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991).  Unlike section 1927 sanctions, the court's inherent powers extend to sanctioning parties in addition to their counsel.  *See Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (distinguishing sanctions under section 1927 from the court's inherent powers).

### A.   Legal Standards.

"In *Chambers,* the Court left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose."  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citation omitted).  But "mere recklessness, without more, does not justify sanctions under

a court's inherent power." *Id.* at 993-94. "Rather, '[a] specific finding of bad faith…
must 'precede any sanction under the court's inherent powers.''" *Id* at 992.
(alterations in original) (citation omitted).

"For purposes of imposing sanctions under the inherent power of the court, a
finding of bad faith 'does not require that the legal and factual basis for the action
prove totally frivolous; where a litigant is substantially motivated by vindictiveness,
obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment
of attorney's fees.'" *Id.* (citation omitted). "Sanctions are available for a variety of
types of willful actions, including recklessness when combined with an additional
factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. "A
finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a
frivolous argument, or argues a meritorious claim for the purpose of harassing an
opponent.'" *Primus Auto*, 115 F.3d at 649 (citation omitted). "A party also
demonstrates bad faith by 'delaying or disrupting the litigation[.]'" *Id.*
"[S]anctions are justified when a party acts *for an improper purpose*-even if the act
consists of making a truthful statement or a non-frivolous argument or objection."
*Fink*, 239 F.3d at 992 (emphasis in original).

## B.   There is Clear and Convincing Evidence of Bad Faith.

For all practical purposes, the requirements for the Court imposing sanctions
pursuant to its inherent powers are the same as the requirements for imposing
sanctions under section 1927, except that the sanctions pursuant to the Court's
inherent powers can touch upon a broader range of improper conduct and, more
importantly here, apply to both parties and their counsel. Thus, the same clear and
convincing evidence of bad faith relied upon by the Stores for their request for section
1927 sanctions is equally applicable here. And the Court can and should sanction
<u>Tauler Smith</u> for filings signed by Mr. Sergenian (in Tauler Smith's capacity as a
party), as well as for filings signed by Mr. Tauler (as his law firm). *See Sweet People
Apparel, Inc. v. Saza Jeans, Inc.*, No. CV 14-1143-DMG (ASX), 2016 WL 6053958,

at *2 (C.D. Cal. May 25, 2016) (holding court has inherent powers to sanction law firms, not just individual attorneys) (citing cases).

But, there are several differences in the Stores' favor when it comes to an award of sanctions under the Court's inherent powers. For example, the Ninth Circuit has expressly held that litigation conduct taken in one lawsuit for the tactical purpose of obtaining an advantage in another lawsuit qualifies as a finding of bad faith needed to impose such sanctions. *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986). This obviously pertains to Mr. Tauler's efforts to personally threaten and harass Gaw Poe in the Valerio action. Also, Civil Local Rule 2.1(a)(3)(k) admonishes lawyers "to refrain from seeking to disqualify opposing counsel for any improper purpose or for any reason not supported by fact or law." The Court, of course, opined that Tauler Smith's utterly meritless motion to disqualify was done for "tactical purposes." *Supra* at 11. Sanctions are thus expressly warranted against Tauler Smith and Messrs. Tauler and Sergenian for their failure to comply with this local rule. *See* Civil Local Rule 83.1. Finally, it is worth noting that another court in this District has held that a motion "advance[ing] the same frivolous and wholly unsupported arguments and seek[ing] the same remedies" as a previously denied motion is also sufficient evidence of bad faith to warrant sanctions under the Court's inherent powers. *Gurvey v. Legend Films, Inc.*, No. 3:09-CV-00942 AJB, 2013 WL 12090309, at *5 (S.D. Cal. April 8, 2013).

## III.      THE COURT SHOULD AWARD UP TO $68,369.50 IN SANCTIONS.

A sanctions award based on attorney's fees does not require a "rigid" application of the factors in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), but does require an inquiry into the reasonableness of the requested fees. *Matter of Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986).

Here, Gaw Poe is not representing the Stores on an hourly basis. (Gaw Decl. ¶ 24.) But as the Court knows, another California federal court this year has held that Gaw Poe's reasonable hourly rates are $1,000 for senior partners and $855 for junior

partners / of counsel.  *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 1921774, at *8 (N.D. Cal. March 24, 2020).  Those rates are similar to hourly rates awarded in this district.  *See, e.g.*, *Lopez v. Management and Training Corp.*, No. 17-CV-1624-JM, 2020 WL 1911571, at *8 (S.D. Cal. April 20, 2020) (approving rates up to $900/hour).  Also worth noting is the fact that courts in the nearby Central District have approved hourly rates in excess of $1,000.  *See, e.g.*, *Allcapcorp Ltd v. CHC Consulting LLC*, No. SACV1900206JVSJDEX, 2020 WL 4760183, at **3-4 (C.D. Cal. June 18, 2020) (approving rates up to $1,057.50/hour); *Frias v. City of Los Angeles*, No. CV 16-4626 PSG (SKX), 2020 WL 4001620, at *3 (C.D. Cal. Apr. 23, 2020) (approving rates up to $1,100/hour).  *See also Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *3 (S.D. Cal. Aug. 10, 2020) ("But the differences in fees between Los Angeles and San Diego are minor.").

In any event, additional evidence supporting Gaw Poe's proposed rates are provided with the accompanying Gaw Declaration.  The attorneys representing the Stores are well credentialed and experienced.  (Gaw Decl. ¶¶ 25-29.)  Furthermore, fee reimbursement submissions for California attorneys practicing in federal court in California show that numerous attorneys with similar years of experience as Gaw Poe attorneys Randolph Gaw and Mark Poe (class of 2002) have billing rates in excess of $1,000 per hour, and numerous attorneys with similar years of experience as Gaw Poe attorney Flora Vigo (class of 2005) have billing rates in excess of $855 per hour.  (Gaw Decl. ¶ 30 & Ex. 22.)  Similarly, the 2018 Real Rate Report supports the requested hourly rates.  (Gaw Decl. ¶¶ 31-32 & Ex. 23.)  *See Aispuro*, 2020 WL 4582677, at *4 ("However, the Real Rate Report is 'a much better reflection of true market rates than self-reported rates[.]'") (citing cases).  For the year 2018, the third quartile hourly rate for law firm partners in San Diego was $875.  (Gaw Decl. ¶ 32 & Ex. 23.)  This figure includes rates for lower paying work such as insurance defense.  (*Id.*)  As the Court knows, litigators handling more complex matters such as Lanham Act or RICO claims are paid higher rates for such work compared to

general litigation. Thus, for example, the third quartile rate for law firm partners in Los Angeles practicing intellectual property is $919 per hour. (*Id.*) Hourly rates for lawyers have also gone up since 2018. (*Id.*)

The Gaw Declaration further sets out the hours spend by Gaw Poe's attorneys relating to the sanctionable motion filings at issue, except for those filings for which the Stores seek no monetary sanctions (ECF Nos. 94, 194), and is broken out by motion. (Gaw Decl. ¶¶ 34-36 & Exs. 24-25.) The calculations are:

| Sanctions Type | Sanctioned Party | Amount |
|---|---|---|
| 28 U.S.C. § 1927 | Robert Tauler (ECF Nos. 80, 83, 97, 102, 107) | $28,600 |
| | David Sergenian (ECF Nos. 143, 164, 165, 156, 173, 191, 204, 212, 215 220, 221, 225, 227) | $39,769.50 |
| Inherent powers | Robert Tauler (ECF Nos. 80, 83,97, 102, 107) | $28,600 |
| | David Sergenian (ECF Nos. 143, 164, 165, 156, 173, 191, 204, 212, 215 220, 221, 225, 227) | $39,769.50 |
| | Tauler Smith (ECF Nos. 80, 93, 97, 102, 107, 143, 164, 165, 156, 173, 191, 204, 212, 215 220, 221, 225, 227) | $68,369.50 |

Importantly, the amounts reported in the "inherent powers" row are <u>not</u> meant to be additive. (*Id.* ¶ 37.) Furthermore, the liability amounts reported for Tauler Smith LLP in this table are meant to represent its joint and several liability, and does not include any sanction targeted only at it. (*Id.*) The Stores also respectfully request that the Court issue a self-report sanction upon Mr. Tauler to the California State Bar. *See La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*, No. 17-CV-1124-MMA(WVG), 2019 WL 4141237, at *25 (S.D. Cal. Aug. 30, 2019).

## CONCLUSION

For the reasons stated herein, Defendants and Counterclaimants respectfully request that the Court grant this motion for sanctions.

Dated:  October 1, 2020                    GAW | POE LLP


By: _____
            Randolph Gaw
            Attorneys for Defendants,
            Counterclaimant, and Third-Party
            Plaintiffs

1

**CERTIFICATE OF SERVICE**

2

Case No. 3:18-cv-1882-GPC-BGS

3

    I HEREBY CERTIFY that on October 1, 2020, I filed the following

4

documents with the Clerk of the Court using CM/ECF.  I also certify that the

5

foregoing document is being served this day either by Notice of Electronic Filing

6

generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive

7

service.

8

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE STORES' MOTION FOR SANCTIONS**

10

11

12

GAW | POE LLP

13

14

By:    s/ *Randolph Gaw*

15

Randolph Gaw

16

Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

CERT. OF SERVICE
CASE NO. 3:18-CV-840-GPC-BGS