**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
e-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANT TAULER SMITH LLP'S MOTION FOR PARTIAL RECONSIDERATION AND FOR SUMMARY JUDGMENT AGAINST SKYLINE MARKET BASED ON THE WRITTEN RELEASE, OR ALTERNATIVELY, FOR SEPARATE TRIAL OF THE REMAINING RELEASE ISSUES**<br><br>*[Fed. R. Civ. P. 54(b) and 56(a), or alternatively, Fed. R. Civ. P. 42(b)]*<br><br>Judge:       Hon. Gonzalo P. Curiel<br>Courtroom:  Courtroom 2D<br><br>Hearing Date:     December 18, 2020<br>Hearing Time:     1:30 p.m. |

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES....................................1

I.    Overview.................................................................................................1

II.   Reconsideration is Warranted Because Summary Judgment Is
      Required..................................................................................................3

      A.    TSLLP Is Entitled to Judgment as a Matter of Law Against
            Skyline Market, Under Rule 56(a) ................................................3

      B.    Reconsideration Is Warranted ......................................................5

III.  A Separate Trial of the Release Is Warranted, If There Is Anything to
      Be Tried at All ........................................................................................6

CERTIFICATE OF SERVICE .............................................................................8

MEMORANDUM ISO MOTION FOR PARTIAL RECONSIDERATION, OR ALTERNATIVELY,
FOR A SEPARATE TRIAL OF ISSUES

# **TABLE OF AUTHORITIES**

Cases

*Airhawk Int'l, LLC v. Ontel Prod. Corp.,* 2020 WL 2306440 (S.D. Cal.
May 8, 2020)...........................................................................................6

*Anderson v Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..............................6

*Ball v. Local 148 of Int'l Union*, *UAW*, 238 F.3d 427, 2000 WL 1433591
(9th Cir. Sept. 27, 2000) ........................................................................5

*Bank of the West v. Valley Nat'l Bank*, 41 F.3d 471 (9th Cir. 1994)................................5

*Banks v. Palo Alto*, 944 F.2d 908, 1991 WL 179025 (9th Cir. Sept. 13,
1991) ....................................................................................................6, 7

*Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439 (9th
Cir. 1986) ........................................................................................3, 4, 5, 8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................6

*City Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equitie Anaheim)*, 22 F.3d
954 (9th Cir. 1994) ................................................................................5

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d
882 (9th Cir. 2001) ................................................................................5

*Counts v. Burlington N. R.R. Co.*, 952 F.2d 1136 (9th Cir. 1991) ..........8

*Fisher v. Pennsylvania Life Co.*, 69 Cal. App. 3d 506 138 Cal. Rptr. 181 (1977).............3

*Fremont v. United States (In re Fremont)*, 748 Fed. App'x 137 (9th Cir.
Jan. 14, 2019).......................................................................................5, 7

*J.K. Harris & Co., LLC v. Kassel*, 253 F. Supp. 2d 1120 (N.D. Cal. 2003) .....................7

*Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d
1041 (9th Cir. 2003) ..............................................................................6

*Sch. Dist. No. 1J, Multnomah County, Ore. v. ACandS, Inc.*,  5 F.3d 1255 (9th Cir. 1993)
...............................................................................................................6

*United States v. Desert Gold Mining Co.*, 433 F.2d 713 (9th Cir. 1970)..........................5

*Wojciechowski v. Latham & Watkins*, 221 F.3d 1350, 2000 WL 540758
(9th Cir. May 3, 2000)..........................................................................2, 8

Statutes

28 U.S.C. § 2071(a) .................................................................................6

California Civil Code § 1541 ...................................................................1

California Civil Code § 1542 ...................................................................................4

Rules

Federal Rules of Civil Procedure 42(b) .............................................................1, 7

Federal Rules of Civil Procedure 14(a)(1) ..............................................................4

Federal Rules of Civil Procedure 54(b) .............................................................1, 5

Federal Rules of Civil Procedure 56(a) .....................................................1, 3, 6, 7

Federal Rules of Civil Procedure 56(c) ...................................................................2

Local Civil Rule 7.1(i)(1) ........................................................................................6

MEMORANDUM ISO MOTION FOR PARTIAL RECONSIDERATION, OR ALTERNATIVELY, FOR A SEPARATE TRIAL OF ISSUES

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Tauler Smith LLP ("TSLLP") respectfully requests partial reconsideration of the Court's MSJ Order in ECF No. 293.  Alternatively, TSLLP requests that any remaining issues concerning the validity or effect of the written release be tried separately, and prior to any potential trial of the RICO claim by Skyline Market, Inc. ("Skyline Market").  *See* Fed. R. Civ. P. 42(b).

## I.   **Overview**

Correctly, the MSJ Order partially adjudicated the Third Cause of Action by Skyline Market (*see* ECF No. 114, ¶¶ 96-99) by summarily rejecting the **part** of that counterclaim in which Skyline Market seeks to rescind the Settlement Agreement containing the written release (ECF No. 260-10) based upon alleged "duress."  On the other hand, TSLLP requests that the MSJ Order should be reconsidered in that part which denied summary judgment on the ultimate validity and effect of the release.  Summary judgment should be granted in favor of TSLLP and against Skyline Market on its First and Second Causes of Action that were extinguished by the written release (namely, the RICO claims, *see* ECF No. 114, ¶¶ 82-95).  Summary judgment against Skyline Market on those claims is required by Rule 56(a) of the Federal Rules of Civil Procedure based on Section 1541 of the California Civil Code, which provides that "[a]n obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration."  In addition, Skyline Market **also** cannot rescind the release (as the Third Cause of Action still claims, *see* ECF No. 114, ¶ 99) on the basis of any purported non-disclosure of the alleged RICO "scheme to defraud."

Alternatively, any remaining issues concerning the validity or effect of the release should be tried separately, and prior to any potential trial of the RICO claim by Skyline Market.  *See* Fed. R. Civ. P. 42(b).  But, there is really nothing to be tried—which is why summary judgment should be granted, rather than having a trial at all.  The Ninth Circuit considered an almost identical issue in *Wojciechowski v. Latham & Watkins*, 221 F.3d 1350, 2000 WL 540758 (9th Cir. May 3, 2000) (table, text in Westlaw).  *Wojciechowski*

involved a plaintiff who brought a RICO claim against Latham & Watkins and its attorneys. *Id*. at * 1. The court affirmed the district court's grant of summary judgment in favor of Latham & Watkins on the grounds the plaintiff signed a general release of claims discharging Latham & Watkins from any claims related to the prior litigation. *Id*. As the court explained:

> Because Wojciechowski [the plaintiff] signed a general release of claims discharging Latham from any claims related to the prior litigation, and because Wojciechowski provided no evidence to show that the release was invalid, *see Winet v. Price*, 4 Cal. App. 4th 1159, 6 Cal. Rptr. 2d 554, 560-61 (Cal. Ct. App. 1992), the district court properly granted summary judgment for Latham [dismissing the RICO claim].

*Id*. at *2-3.

Similarly here, Skyline Market provided no such evidence, in opposing summary judgment. Instead, "[t]o the extent it is relevant," counsel for Skyline Market merely proposed that it would offer evidence "at trial" to show that it only conducted its investigation ***after*** signing the release. *See* Stores' Opposition to TSLLP's Motion for Summary Judgment (ECF No. 272) at p. 12 n.7. But Rule 56(c) requires citation "to particular parts of materials in the record" when seeking or opposing summary judgment, not merely a proposal of future testimony. As a result, that proposal by Skyline Market raises no genuine issue, because—just like the plaintiff in another case, who likewise attacked a release on grounds of "misrepresentations and intentional nondisclosures amount to fraud"—Skyline Market "admitted unequivocally in the Release … that it was not relying on any inducements, promises, or representations not contained therein. That resolves the issue." *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1445 (9th Cir. 1986) (citing *Fisher v. Pennsylvania Life Co.*, 69 Cal. App. 3d 506, 512 (1977)).

California law governs the Settlement Agreement. *See* ECF No. 260-10, § 4.6. The Settlement Agreement admitted unequivocally that Skyline Market "relied solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel," and "that they have not been influenced to any

extent whatsoever in executing the same by any representations or statements covering any matters made by the other party hereto or by any person representing him or it," and that it had "made such investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto, as they deem necessary."  *See* ECF No. 260-10, § 3.3(a), (c).  Under California law, *Brae* holds authoritatively that this resolves the issue.

## II.   Reconsideration Is Warranted Because Summary Judgment Is Required.

### A.   TSLLP Is Entitled to Judgment as a Matter of Law Against Skyline Market Under Rule 56(a).

Summary judgment is required by Rule 56(a), because Skyline Market's RICO counterclaims are predicated on exactly the same demand letter that is referenced in the "Recitals" section (§ 1.3) of the Settlement Agreement.   The release clause of the Settlement Agreement specifically extinguished (by its own express terms) "claims related to the … Demand Letters …."  ECF No. 260-10, § 3.1.  TSLLP's demand letter to Skyline Market *is* the specific basis for the claimed RICO damages that Skyline Market seeks to recover from TSLLP.  *See* Second Amended Counterclaims (ECF No. 114), ¶ 35.[1]   For this reason, no genuine dispute remains for trial concerning Skyline Market's argument that the release is invalid under § 1542 of the California Civil Code.  Section 1542 can only invalidate "[a] general release."  And here, as in *Brae*, "[t]he Release is general only in the sense that it waived all future (and hence unknown) claims" arising from the demand letter.  As a result, its validity is unaffected by § 1542.  *See Brae Transp., Inc.*, 790 F.2d at 1444.  Skyline Market specifically anticipated the possibility of asserting claims based on the demand letter—after all, the Settlement Agreement specifically mentions exactly such claims—and it specifically released those very claims, while (at the same time)

---

[1] The causes of action in ECF No. 114 are counterclaims—*not* third-party claims—even though Skyline Market mistakenly characterizes itself as a "Third-Party Plaintiff[ ]." Skyline Market was never sued as a "defending party" who *could* have filed a third-party complaint, by alleging that TSLLP "is or may be liable to it for all or part of the claim against it," under Rule 14(a)(1).  There are no such claims against Skyline Market in this action.

MEMORANDUM ISO MOTION FOR PARTIAL RECONSIDERATION, OR ALTERNATIVELY, FOR A SEPARATE TRIAL OF ISSUES

expressly waiving "any and all rights under Section 1542." *See* ECF No. 260-10, § 3.2. As TSLLP previously pointed out:

> Skyline Market cannot escape the release by arguing that it was somehow misled by TSLLP's demand letters because all the parties to the settlement expressly agreed that they were not influenced by any statements made by the other parties, nor made by any person representing them, including their opposing counsel TSLLP ….

*See* Memorandum of Points and Authorities in Support of TSLLP's Motion for Summary Judgment (ECF No. 260-1), at pp. 11-12.

Beyond any genuine dispute, Skyline Market relied, instead, upon whatever investigation of its own that it deemed necessary. That is all "**Undisputed**." *See* Responses and Objections to TSLLP's Statement of Undisputed Facts (ECF No. 272-1), ¶¶ 31-39. This type of contractual language is unambiguous, and it means what it says— thereby, precluding as a matter of law the "justifiable reliance" that California law requires for any claim of fraud based upon a purported "false representation, concealment or non-disclosure" by TSLLP or its client, Outlaw Laboratory, LP. *See Bank of the West v. Valley Nat'l Bank*, 41 F.3d 471, 477 (9th Cir. 1994) (affirming judgment as a matter of law, notwithstanding a jury verdict of fraud).

Again, California law governs the Settlement Agreement. *See* ECF No. 260-10, § 4.6. Consequently, as a matter of law, Skyline Market cannot rescind the Settlement Agreement for fraud. *See City Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim)*, 22 F.3d 954, 958 (9th Cir. 1994) (affirming "summary enforcement" of a settlement agreement, because there were no "material facts … in dispute"). TSLLP is entitled to judgment as a matter of law, just like in *City Equities Anaheim*, because "[e]ven assuming" that TSLLP or its client failed to disclose anything material when the Settlement Agreement was signed, those provisions of the Settlement Agreement (themselves) mean that Skyline Market "could not have reasonably relied." *See id.* (citing *Brae*, 790 F.2d at 1445; *Fisher*, 69 Cal.App.3d at 511).

### B.    Reconsideration Is Warranted.

Because an order denying summary judgment is not a final judgment, reconsideration of such an order is (necessarily) an appropriate exercise of the Court's discretion under Rule 54(b).  *See Fremont v. United States (In re Fremont)*, 748 F. App'x 137, 138 (9th Cir. Jan. 14, 2019) (citing Rule 54(b) and *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001)); *see also Ball v. Local 148 of Int'l Union, UAW*, 238 F.3d 427, 2000 WL 1433591, *2 (9th Cir. Sept. 27, 2000) (citing *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). Reconsideration is warranted (necessarily) by the mandatory provision in Rule 56(a)— when (as in this instance) granting summary judgment is required "[u]nder the standard articulated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) …." *See Banks v. Palo Alto*, 944 F.2d 908, 1991 WL 179025, *1 (9th Cir. Sept. 13, 1991) (affirming reconsideration).  Put another way, reconsideration is warranted for "clear error," *see Sch. Dist. No. 1J, Multnomah County, Ore. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), when summary judgment is clearly warranted under the Rule 56(a) standard.

Under this standard, Rule 56(a) mandates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  That is the situation here.  To be sure, Local Civil Rule 7.1(i)(1) requires a statement of "what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application," in any request for reconsideration.  There are none here.  TSLLP expressly "show[ed]" all the relevant provisions in the Settlement Agreement, when moving for summary judgment initially.  *See* Separate Statement of Undisputed Facts (ECF No. 260-2), ¶¶ 31-39.  But nothing in Local Civil Rule 7.1(i)(1) purports to restrict the Court's own authority to ***grant*** reconsideration; rather, it only imposes a requirement on moving parties in drafting their motions ***seeking*** reconsideration.  "Ultimately … the decision on a motion for reconsideration lies in the Court's sound discretion." *Airhawk Int'l, LLC v. Ontel Prod.*

*Corp.,* 2020 WL 2306440, at *2 (S.D. Cal. May 8, 2020) (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).  And the Local Rules must be "consistent with … rules of practice and procedure prescribed under section 2072 of this title [*i.e.*, the Fed. R. Civ. P.]."  *See* 28 U.S.C. § 2071(a).  As just shown, TSLLP is entitled to judgment as a matter of law against Skyline Market, under Rule 56(a).  Reconsideration of the denial of summary judgment is warranted, regardless of the fact TSLLP also showed the relevant provisions of the Settlement Agreement when seeking summary judgment initially.  *See, e.g.*, *Fremont*, 748 F. App'x at 138; *Banks*, 944 F.2d 908, 1991 WL 179025, *1.

Reconsideration is also appropriate when the Court has overlooked a dispositive issue.  *See, e.g., J.K. Harris & Co., LLC v. Kassel*, 253 F. Supp. 2d 1120, 1129 (N.D. Cal. 2003) (the court had overlooked the prior restraint doctrine, in favor of the standard for preliminary injunctive relief).  This Court itself has previously granted reconsideration of an overlooked issue, in this very case.  *See* Order Granting the Stores' Motion to Reconsider the May 29, 2020 Order as to Plaintiff's Claim of "Unfair" Business Practices (ECF No. 251), at p. 3.  The Court may well have overlooked this dispositive contention by TSLLP—namely, that Skyline Market cannot escape the release by arguing that it was somehow misled by the demand letter, because all the parties to the settlement expressly agreed that they were not influenced by any statements made by the other parties, nor made by any person representing them (*see* ECF No. 260-1, at pp. 11-12)—because the MSJ Order simply does not mention it.

### III.    A Separate Trial of the Release Is Warranted, If There Is Anything to Be Tried at All.

Alternatively, any remaining issues concerning the validity or effect of the release should be tried separately, and prior to the alleged merits of the RICO claims by Skyline Market.  "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  A trial of the RICO claims

6

arising from the demand letter would prejudice TSLLP, because the effect of the release by its specific terms is to protect TSLLP from the burden and expense of litigating exactly such claims.  By contrast, trying the release issues separately (and first) would expedite and economize, by obviating any trial of Skyline Market's RICO claims if the validity and effectiveness of the release are upheld.  *See Counts v. Burlington N. R.R. Co.*, 952 F.2d 1136, 1139 (9th Cir. 1991).

But really, there is no genuine dispute to be tried.  The only difference between *Brae* and this case is that Skyline Market did not *also* admit the terms of the release in discovery, under Rule 36 of the Federal Rules of Civil Procedure.  *See* 790 F.2d at 1445. However, Skyline Market *did* respond "**Undisputed**" when opposing summary judgment. *See* ECF No. 272-1, ¶¶ 31-39.  So, there is really no difference at all between this case and *Brae*—nor between this case and *Wojciechowski*, where the release extinguished RICO claims just like the ones asserted by Skyline Market here.  *See Wojciechowski*, 2000 WL 540758 at * 1.   That resolves the issue, because the release extinguished (by its own express terms) "claims related to the … Demand Letters" (ECF No. 260-10, § 3.1)—and also because the Settlement Agreement specifically provided that all potential claims arising from the demand letter were being released, without any reliance upon anything other than Skyline Market's own knowledge and the advice of its own counsel, after making its own investigation.

DATED:  October 5, 2020                    Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   */s/ Kevin J. Cole*_____
Attorneys for Counter-Defendant
*Tauler Smith LLP*

MEMORANDUM ISO MOTION FOR PARTIAL RECONSIDERATION, OR ALTERNATIVELY, FOR A SEPARATE TRIAL OF ISSUES

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on October 5, 2020.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2020.

**KJC LAW GROUP, A.P.C.**

By:   /s/ Kevin J. Cole
Attorneys for Counter-Defendant
*Tauler Smith LLP*

MEMORANDUM ISO MOTION FOR PARTIAL RECONSIDERATION, OR ALTERNATIVELY, FOR A SEPARATE TRIAL OF ISSUES