**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
e-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Counter-Defendant*
*Tauler Smith LLP*

[*Additional counsel listed on the following page*]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS |
|---|---|
| | **JOINT STATEMENT RE SETTLEMENT AGREEMENT DESIGNATION PURSUANT TO COURT'S OCTOBER 14, 2020 ORDER** |

MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW ⏐ POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

*Attorneys for Defendant Roma Mikha, Inc.*
*and Third-Party Plaintiffs NMRM, Inc.*
*and Skyline Market, Inc.*

SEAN M. REAGAN (*pro hac vice*)
The Reagan Law Firm
sean@reaganfirm.com
P.O. Box 79582
Houston, Texas 77279
Telephone: 888.550.8575

MICHAEL R. DUFOUR (No. 290981)
mrd@dufourlawfirm.com
8675 Falmouth Ave., Suite 307
Playa Del Rey, California 90293
Telephone: (213) 200-9809
Facsimile: (424) 389-7236

*Counsel for Outlaw Laboratory, LP,*
*Michael Wear and Shawn Lynch*

1

**TAULER SMITH'S POSITION**

## I. THERE IS GOOD CAUSE TO UNSEAL THE SETTLEMENT AGREEMENT.

The Settlement Agreement should be unsealed because none of the designating parties can demonstrate "good cause," as they must. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). As this Court is aware, the Ninth Circuit treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions. *Id.* Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. However, a "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Id.*

As a general rule, the public is permitted "access to litigation documents and information produced during discovery," and "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)* 661 F.3d 417, 424 (9th Cir. 2011).

While the settlement agreement here is marked confidential "a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." *Ambrosino v. Home Depot U.S.A., Inc.*, No. CV-18-04006-PHX-DWL, 2014 WL 931780, *2 (S.D. Cal. 2014) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-38 (9th Cir. 2003); *Select Portfolio Servicing v. Valentino*, No. 12–cv–0334 SI, 2013 WL 1800039, at *2–3 (N.D. Cal. Apr. 29, 2013) (that the parties agreed among themselves to make the settlement agreement confidential was insufficient to shield the information from public access); *see also Files v. Federated Payment Sys. USA, Inc.*, No. 11–cv–3437, 2013 WL 1874602, at *3 (E.D.N.Y. Apr. 2, 2013) (recognizing that the public has a substantial interest in the amount of FLSA settlements, and that the presumption against disclosure of such information is not easily overcome).

Tauler Smith believes that the Settlement Agreement should be a matter of public record because it impacts the viability of the claims of absent class members. Indeed, the signatories of the Settlement Agreement have all but conceded as much by previously taking the position that "[i]f the settlement agreement's confidentiality is breached or negated, there are innumerable stores around the country that may pick up the baton, copy [the] pleadings, and sue Outlaw—knowing that Outlaw has already settled similar claims." (September 28, 2020 letter to chambers). However, "a litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection." *Foltz*, 331 F.3d at 1136 (bracket omitted).

Outlaw only bargained for settlement with Plaintiffs' counsel's clients. As such, they should not be permitted to cloak their agreement in secrecy in order to preclude a broader set of prospective claims. Similarly, in the context of prospective class claims against Outlaw, Plaintiffs' counsel should have no reason, let alone "good cause" to keep the terms of its agreement secret. There is no legitimate argument the signatories can make which outweighs the public's right to know what terms were negotiated by the parties.

## II.   THE PARTIES' PROTECTIVE ORDER.

Although courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order. When the protective order "was a stipulated order and no party ha[s] made a 'good cause' showing," then "the burden of proof . . . remain[s] with the party seeking protection." *Father M.*, 661 F.3d at 424. Section 4(a) of the Protective Order (ECF # 235) provides a more restrictive standard than that imposed by law, stating in relevant part:

> "any party may designate information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party."

Neither Outlaw nor the Stores can make such a showing.  Even if the parties to the Settlement Agreement believe that disclosure of the Settlement Agreement would be prejudicial to their "business or operations," any such prejudice is outweighed by the rights of absent class members.

## THE STORES' POSITION

Where settlement agreements include a confidentiality clause, *see* Settlement § 5.9, the Court has already recognized the propriety of treating them as "Confidential" if the producing party chooses that designation. ECF No. 177 at 32:13-20.  Above, Tauler Smith cites the precedent under which "access to litigation documents and information produced during discovery," requires a separate showing of "good cause."  *Supra* at 1 (citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). But the settlement between the Stores and Outlaw is neither a "litigation document" (*i.e.*, a brief filed in support of or against any pleading or any motion), nor "information produced during discovery" (*i.e.*, Tauler Smith has not cited any discovery request to which the settlement is responsive).  Rather, it was produced in this litigation strictly to allow Judge Curiel to evaluate whether the (still unidentified) members of the putative classes should be given "notice" under *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989).  *See* Court's Order Denying Motion for Permanent Injunction and Ordering Production of Settlement Agreement (hereafter "Order") at 12 (ECF No. 290).

The Stores have no interest in preserving the confidentiality of the document beyond their desire to honor their confidentiality agreement with Outlaw and its owners. *See* Settlement § 5.9.  But because the document is neither a "litigation document" nor "information produced during discovery," the Stores respectfully submit that neither they nor Outlaw needs to demonstrate "good cause" to keep it confidential.  *See* ECF No. 177 at 32:13-20.  Nor has Tauler Smith identified any prejudice that it will face from preserving the designation.  *Supra* at 1-3.

At the end of the day, the Court should take a practical view of this issue—if Judge Curiel holds that notice is required under *Diaz*, then the terms of the settlement will be

JOINT STATEMENT RE SETTLEMENT AGREEMENT

disclosed.   But those terms should not be disclosed simply to facilitate Mr. Tauler's demonstrated desire to continue his abuse of his former clients.  *See* ECF No. 299-2 at 1 (threatening to sue both his former clients and Outlaw's current counsel) No. 299-3 at 1 (*unjustifiably* accusing Outlaw's current counsel of being a "dumb shit"); ECF No. 299-4 (*unjustifiably* accusing Outlaw's current counsel of "greed and incompetence").

## OUTLAW DEFENDANTS' POSITION

Litigation makes strange bedfellows. Tauler Smith's mishandling of this litigation, and the off–the–rails conduct of its principal Robert Tauler, forced Outlaw to make a business decision to settle this case. Besides mishandling this litigation and engaging in misconduct, Tauler Smith further forced Outlaw's hand when Tauler Smith refused to turnover Outlaw's complete file, provide Outlaw with an accounting of the money it took in throughout this litigation, provide a list of all stores that were issued a demand letter, or otherwise cooperate with Outlaw's defense of the dog's breakfast  of litigation prosecuted by Tauler Smith. On top of all of that, Tauler will periodically hurl insults and threats over email. More important, Tauler Smith has spent the past few months filing objections and motions trying to upend Outlaw's settlement with the Stores, which caused Outlaw (and the Stores) to unnecessarily expend money and resources to wrap up a case that settled months ago. Now, Tauler Smith wants to remove the confidential designation from the settlement agreement its client executed with the Stores, apparently out of spite and for improper purposes.

The Stipulated Protective Order—insisted upon by Tauler Smith before Tauler's deposition—says the parties may designated items as "CONFIDENTIAL" if, "in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." ECF 235 at ¶ 4. Outlaw has a good–faith belief that the unrestricted disclosure of the settlement agreement by Tauler Smith "could be potentially prejudicial to the business or operations" of Outlaw and its principals.

Here, Tauler Smith has made it clear that it will sue its former client Outlaw out of spite. For example, in the days after his infamous deposition, Tauler sent the following email (in an effort to collect attorney fees for which he did no work) threatening Outlaw, its principals, and its attorney with time–consuming, expensive, and spiteful litigation:

> I can and will sue my former clients if they break the law, defraud me or breach our contract. Look it up.  Happens all the time.  I will sue you as well if you aid them in doing so Mr. Reagan.  I have you dead to rights according to my research so far:  https://www.justia.com/trials-litigation/docs/caci/2200/2202/
>
> *****
>
> It's probably too late to ask you to think things through, but you should seriously consider the legality of your conduct.  You can say whatever you want about me, but one thing people know is that I go after people when they break the law and I don't quit.  Just ask Shawn.  I had Rutan and Tucker (an AmLaw 200 law firm) tap out after one year with me and after two of their clients ended up in jail. ***I've got Poe tied up for the next three years at least and by the end of it he won't even have a liquor store to represent.  I am good at this and I know the set up.  You are putting yourself on the wrong side of the law if you play dumb.  At least I hope you are "playing" dumb and not actually this dumb.  I guess we will find out***.

Exhibit A, at OUTLAW SUPPLEMENTAL PRODUCTION 003733 (emphasis added).

With regard to the ***very*** settlement agreement at issue, Tauler Smith also threatened Outlaw's counsel in Michigan, saying it will "break so bad' for him:

> I have also learned that Reagan has reached a deal with Poe where his [REDACTED] (Shawn Lynch and Mike Wear) give ammo to the other side in exchange for a discount on a cash settlement.

> *If you are involved with this Faustian bargain, you should have the decency to tell me your role and how this was all coordinated.   Not a good look that you have retained counsel at this stage I must say.   This is going to break bad so you are better off coming clean now*.

Exhibit A, at OUTLAW SUPPLEMENTAL PRODUCTION 003729 (emphasis added).

Thus, Outlaw has a good–faith basis for believing that its jilted former attorney would publish, disseminate, or use Outlaw's settlement agreement with the Stores in a way that "could be potentially prejudicial to the business or operations" of Outlaw or its principals. Specifically, Tauler has already threatened and will certainly find a way to use the settlement agreement to "gratify private spite." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' **such as the use of records to gratify private spite**, promote public scandal, circulate libelous statements, or release trade secrets.") (emphasis added). Also, Tauler Smith has already threatened and will certainly find a way to use the settlement agreement to drive up Outlaw's expenses. *See* Exhibit A, at OUTLAW SUPPLEMENTAL PRODUCTION 003733 ("I've got Poe tied up for the next three years at least and by the end of it he won't even have a liquor store to represent.  I am good at this and I know the set up.  You are putting yourself on the wrong side of the law if you play dumb.  At least I hope you are "playing" dumb and not actually this dumb.  I guess we will find out."); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (under Federal Rule of Civil Procedure 26, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Furthermore, there is a real risk of copycat litigation that could be brought by other stores throughout the country that were allegedly victimized by Tauler. Other stores throughout the country who were allegedly victimized by Tauler's "objectively baseless" scheme could review the settlement agreement, see the settlement amount, copy the Stores' pleadings, and litigate similar claims against Outlaw and Tauler Smith in other fora. Why Tauler Smith would invite to further litigation—in which it would certainly be a party—is unknown and puzzling.

Regardless, the Outlaw Defendants respectfully request that the Court keep Outlaw's settlement agreement with the Stores confidential. *See, e.g.*, ECF177 at32:13–20 (the Court has already recognized the propriety of treating documents as "Confidential" if the producing party chooses that designation). Settlement agreements routinely contain confidentiality provisions, and those confidentiality provisions should be enforced. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point."). And the confidential designation of the settlement agreement at issue must be maintained in light of the animosity expressed by Tauler toward his former clients and Tauler's generally unpredictive nature. The settlement agreement is a private document that is unrelated to the merits of this case, and the settlement agreement would likely be inadmissible at trial. *Kamakana*, 447 F.3d at 1180 ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default."); FED. R. EVID. 408.

At rock bottom, Tauler Smith has no good–faith basis—factual or legal—for removing the confidential designation from the settlement agreement at issue. The settlement agreement does not affect any claims that may be asserted against Outlaw by absent class members, and it does nothing to prejudice the claims of absent class members. Tauler Smith's feigned interest in protecting the interests of absent class members (where no class has been certified) is outweighed by the likelihood that Tauler Smith—as he has

threatened to do—will find some way to use the settlement agreement in a spiteful and vengeful way, which could be " potentially prejudicial to the business or operations" of Outlaw.

DATED:  October 16, 2020                    Respectfully submitted,

                                            **KJC LAW GROUP, A.P.C.**

                                    By:     _/s/ Kevin J. Cole_
                                            Attorneys for Counter-Defendant
                                            _Tauler Smith LLP_

DATED:  October 16, 2020                    Respectfully submitted,

                                            **GAW | POE LLP**

                                    By:     _/s/ Mark Poe_
                                            Attorneys for Defendant _Roma Mikha, Inc._
                                            _and Third-Party Plaintiffs NMRM, Inc._
                                            _and Skyline Market, Inc._

DATED:  October 16, 2020                    Respectfully submitted,

                                            **THE REAGAN LAW FIRM**

                                    By:     _/s/ Sean M. Reagan_
                                            _Counsel for Outlaw Laboratory, LP,_
                                            _Michael Wear and Shawn Lynch_

JOINT STATEMENT RE SETTLEMENT AGREEMENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on October 16, 2020.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2020.

**KJC LAW GROUP, A.P.C.**

By:     */s/ Kevin J. Cole*
        Attorneys for Counter-Defendant
        *Tauler Smith LLP*

Wednesday, September 30, 2020 at 17:47:28 Central Daylight Time

**Subject:** Re: Totals paid this year so far
**Date:** Friday, July 3, 2020 at 2:42:51 PM Central Daylight Time
**From:** Robert Tauler
**To:** Chris Boss
**CC:** Eric Boss, Chris Brown, Adam Pulaski, David A. Sergenian, Sean Reagan

I still don't have an answer Chris.  You are either with me or against me so make your choice or I will choose for you.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

> On Jul 2, 2020, at 10:23 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>
> Is he your lawyer?  Who directed you?
>
> Thanks,
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd., Suite 510
> Los Angeles, CA 90017
> (213) 927-9270
> www.taulersmith.com



> On Thu, Jul 2, 2020 5:21 PM, Chris Boss chris@bosslegal.com wrote:
> Robert, I'm not trying to be disrespectful or avoid your questions. I have been instructed to defer to Mr. Reagan for all things Outlaw related.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Robert Tauler <rtauler@taulersmith.com>
> **Sent:** Thursday, July 2, 2020 11:21:20 AM
> **To:** Chris Boss <chris@bosslegal.com>
> **Cc:** Eric Boss <eric@pulaskilawfirm.com>; Chris Brown <chris@pulaskilawfirm.com>; Adam Pulaski <adam@pulaskilawfirm.com>; David A. Sergenian <david@sergenianashby.com>; Sean Reagan <sreagan@lpmfirm.com>
> **Subject:** Re: Totals paid this year so far
>
> Chris, all I know is that you have over $2 million in default judgments and you haven't tried to collect on any of them, apparently you have been told to wait until I'm "out of the picture" as Sean Reagan says.
>
> To be clear, Reagan has provided **opposing counsel** privileged and confidential documents to try to ambush me at my depo.  These documents were never produced in discovery.  Do you know how unlawful that is?

I have also learned that Reagan has reached a deal with Poe where ████████ (Shawn Lynch and Mike Wear) give ammo to the other side in exchange for a discount on a cash settlement.

If you are involved with this Faustian bargain, you should have the decency to tell me your role and how this was all coordinated.  Not a good look that you have retained counsel at this stage I must say.  This is going to break bad so you are better off coming clean now.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

> On Jul 2, 2020, at 7:24 AM, Chris Boss <chris@bosslegal.com> wrote:
>
> Mr. Tauler,
>
> I have included your attorney and Outlaw's counsel on this email. Please direct all communication to them.
>
> Chris
>
> Christopher W. Boss, Esq.
> 9887 4th Street North
> Suite 202
> St. Petersburg,  FL  33702
> Ph.  727.471.0039
> Fax  888-449-8792
> www.bosslegal.com
>
> Connect with the Firm on Facebook, Twitter, & LinkedIn
>
> *Our mission is to enhance the quality of life for our clients by implementing carefully planned and considered legal strategies.*
>
> We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.
>
> This communication in and of itself is not intended to create an attorney client relationship. The information contained in this communication is intended to educate members of the public generally and is not intended to provide solutions to individual problems. Readers are cautioned not to attempt to solve individual problems on the basis of information contained herein and are strongly advised to seek competent legal counsel before relying on this information. However, this transmission may be interpreted to be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Wednesday, July 1, 2020 1:20 PM
**To:** Eric Boss <eric@pulaskilawfirm.com>; Chris Brown <chris@pulaskilawfirm.com>;
Adam Pulaski <adam@pulaskilawfirm.com>; Chris Boss <chris@bosslegal.com>
**Subject:** Re: Totals paid this year so far

No one has informed me about the numerous defaults you obtained this year, Chris.  I just looked them all up on PACER.  Nice work, but you need to pay me my share.  Are you trying to keep these a secret from me?

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

> On Jul 1, 2020, at 10:18 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>
> Chris, have you collected any money this year on the millions of dollars of judgments you received?  If so, can you tell me when I can expect my share and how much the amount I am owed.  Under my contract with Pulaski I am entitled to an accounting so please provide me with an accounting or an explanation by the end of the week.
>
> Thanks,
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd. Suite 510
> Los Angeles, CA 90017
> www.taulersmith.com
>
>> On Jul 1, 2020, at 8:52 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>>
>> I haven't heard back despite repeated requests and silence over a six month period.  Do you have some of my money or not?  We signed a contract if you remember.
>>
>> Robert Tauler, Esq.
>> Tauler Smith LLP
>> 626 Wilshire Blvd. Suite 510
>> Los Angeles, CA 90017
>> www.taulersmith.com
>>
>>> On Jun 30, 2020, at 10:47 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>>>
>>> Eric and Chris,
>>>
>>> I wanted to follow up on the Outlaw settlement funds.  Has any money been collected since November 2019?  Below is the last email I have on the subject.  In any case, can you provide an updated accounting at your convenience?

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com



**Subject:** Re: Totals paid this year so far
**Date:** Thursday, July 2, 2020 at 10:21:20 AM Central Daylight Time
**From:** Robert Tauler
**To:** Chris Boss
**CC:** Eric Boss, Chris Brown, Adam Pulaski, David A. Sergenian, Sean Reagan

Chris, all I know is that you have over $2 million in default judgments and you haven't tried to collect on any of them, apparently you have been told to wait until I'm "out of the picture" as Sean Reagan says.

To be clear, Reagan has provided **opposing counsel** privileged and confidential documents to try to ambush me at my depo. These documents were never produced in discovery. Do you know how unlawful that is?

I have also learned that Reagan has reached a deal with Poe where ██████████ (Shawn Lynch and Mike Wear) give ammo to the other side in exchange for a discount on a cash settlement.

If you are involved with this Faustian bargain, you should have the decency to tell me your role and how this was all coordinated. Not a good look that you have retained counsel at this stage I must say. This is going to break bad so you are better off coming clean now.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

On Jul 2, 2020, at 7:24 AM, Chris Boss <chris@bosslegal.com> wrote:

Mr. Tauler,

I have included your attorney and Outlaw's counsel on this email. Please direct all communication to them.

Chris

Christopher W. Boss, Esq.
9887 4th Street North
Suite 202
St. Petersburg, FL 33702
Ph. 727.471.0039
Fax 888-449-8792
www.bosslegal.com

Connect with the Firm on Facebook, Twitter, & LinkedIn

*Our mission is to enhance the quality of life for our clients by implementing carefully planned and considered legal strategies.*

We are a debt relief agency. We help people file for bankruptcy relief under the

Bankruptcy Code.

This communication in and of itself is not intended to create an attorney client relationship. The information contained in this communication is intended to educate members of the public generally and is not intended to provide solutions to individual problems. Readers are cautioned not to attempt to solve individual problems on the basis of information contained herein and are strongly advised to seek competent legal counsel before relying on this information. However, this transmission may be interpreted to be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Wednesday, July 1, 2020 1:20 PM
**To:** Eric Boss <eric@pulaskilawfirm.com>; Chris Brown <chris@pulaskilawfirm.com>; Adam Pulaski <adam@pulaskilawfirm.com>; Chris Boss <chris@bosslegal.com>
**Subject:** Re: Totals paid this year so far

No one has informed me about the numerous defaults you obtained this year, Chris.  I just looked them all up on PACER.  Nice work, but you need to pay me my share.  Are you trying to keep these a secret from me?

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

> On Jul 1, 2020, at 10:18 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>
>
> Chris, have you collected any money this year on the millions of dollars of judgments you received?  If so, can you tell me when I can expect my share and how much the amount I am owed.  Under my contract with Pulaski I am entitled to an accounting so please provide me with an accounting or an explanation by the end of the week.
>
> Thanks,
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd. Suite 510
> Los Angeles, CA 90017
> www.taulersmith.com

>> On Jul 1, 2020, at 8:52 AM, Robert Tauler <rtauler@taulersmith.com> wrote:

I haven't heard back despite repeated requests and silence over a six month period.  Do you have some of my money or not?  We signed a contract if you remember.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

On Jun 30, 2020, at 10:47 AM, Robert Tauler <rtauler@taulersmith.com> wrote:

Eric and Chris,

I wanted to follow up on the Outlaw settlement funds.  Has any money been collected since November 2019?  Below is the last email I have on the subject.  In any case, can you provide an updated accounting at your convenience?

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com





Wednesday, September 30, 2020 at 17:41:37 Central Daylight Time

**Subject:** Re: Night GH
**Date:** Thursday, July 2, 2020 at 12:41:42 AM Central Daylight Time
**From:** Robert Tauler
**To:** Sean Reagan
**CC:** mike@productresearch.org, Shawn, David A. Sergenian

Sean,

I can and will sue my former clients if they break the law, defraud me or breach our contract. Look it up.  Happens all the time.  I will sue you as well if you aid them in doing so Mr. Reagan.  I have you dead to rights according to my research so far: https://www.justia.com/trials-litigation/docs/caci/2200/2202/

███████████████████████    ███████████████████████████

 Shawn and Mike are all tied up together. That's the contract you are helping them break Sean by conspiring with plaintiff and serving discovery sub rosa (unlawful in all 50 states).  You will hurt your clients if you strike your bargain with the devil.

It's probably too late to ask you to think things through, but you should seriously consider the legality of your conduct.  You can say whatever you want about me, but one thing people know is that I go after people when they break the law and I don't quit.  Just ask Shawn.  I had Rutan and Tucker (an AmLaw 200 law firm) tap out after one year with me and after two of their clients ended up in jail.  I've got Poe tied up for the next three years at least and by the end of it he won't even have a liquor store to represent.  I am good at this and I know the set up.  You are putting yourself on the wrong side of the law if you play dumb.  At least I hope you are "playing" dumb and not actually this dumb.  I guess we will find out.

Anyways, for the last time, please stop emailing me directly as I have a lawyer.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

On Jul 1, 2020, at 9:59 PM, Sean Reagan <sreagan@lpmfirm.com> wrote:

Please stop emailing me. As David as pointed out, you have counsel.

Because you haven't given us our file, I am afraid I cannot give you a complete list of what is confidential or privileged. Please send over our complete file and I will be happy to give you a specific list.

Until then, here is a good primer:

http://www.calbar.ca.gov/Portals/0/documents/rules/Rule_1.6-Exec_Summary-Redline.pdf

http://www.calbar.ca.gov/Portals/0/documents/rules/Rule_1.9-Exec_Summary-Redline.pdf

Page 1 of 4

"After termination of a lawyer-client relationship, the lawyer owes two duties to a former client. The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship. (See Oasis West Realty, LLC v. Goldman (2011) 51 Cal.4th 811 [124 Cal.Rptr.3d 256]; Wutchumna Water Co. v. Bailey (1932) 216 Cal. 564 [15 P.2d 505].)"

---

**Sean M. Reagan** | Leyh, Payne & Mallia PLLC | o 713.785.0881 | f 713.784.0338 | www.lpmfirm.com

*Board Certified in Civil Trial Law by the Texas Board of Legal Specialization

*Board Certified in Civil Appellate Law by the Texas Board of Legal Specialization

*Board Certified in Consumer & Commercial Law by the Texas Board of Legal Specialization

This communication may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Date:** Wednesday, July 1, 2020 at 11:26 PM
**To:** Sean Reagan <sreagan@lpmfirm.com>
**Cc:** "mike@productresearch.org" <mike@productresearch.org>, Shawn <shawn@productresearch.org>, "David A. Sergenian" <david@sergenianashby.com>
**Subject:** Re: Night GH

Sean, I never got an answer from you.  Please explain your position instead of running off to your daddy Mark Poe and telling on me.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

On Jul 1, 2020, at 12:52 PM, Robert Tauler <rtauler@taulersmith.com> wrote:

What confidential information are you referring to?  As you know, confidentiality is a two-way street, and is a concept distinct from attorney-client privilege.   Please let me know by close of business today.

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com


On Jul 1, 2020, at 11:03 AM, Sean Reagan <sreagan@lpmfirm.com> wrote:

Mr. Tauler:

Thank you for bringing this to our attention. We will certainly look into it.

To be clear, you are not to perform any additional legal work for Outlaw. So, there is no need for you to monitor Outlaw's website or to provide legal advice to Outlaw.

However, you still owe a fiduciary duty to Outlaw to keep and preserve its confidential and privileged information. To be clear, you are not authorized to disclose, disseminate, or publish any of Outlaw's confidential and privileged information. And you still have a duty to provide Outlaw with its complete file and a full accounting of the money you took in and disbursed during your representation, as we have requested numerous times. Outlaw renews its request for its complete file and a complete accounting.

Thank you.


---
**SEAN M. REAGAN** | LEYH, PAYNE & MALLIA PLLC | o 713.785.0881 | f 713.784.0338 | www.lpmfirm.com

*Board Certified in Civil Trial Law by the Texas Board of Legal Specialization

*Board Certified in Civil Appellate Law by the Texas Board of Legal Specialization

*Board Certified in Consumer & Commercial Law by the Texas Board of Legal Specialization

This communication may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

---

**From:** Robert Tauler [mailto:rtauler@taulersmith.com]
**Sent:** Wednesday, July 01, 2020 10:59 AM
**To:** mike@productresearch.org; Shawn <shawn@productresearch.org>; Sean Reagan <sreagan@lpmfirm.com>
**Subject:** Night GH

Thought you might like to know that your product Night-GH is a misbranded drug under federal law because it is a transdermal. Transdermals are illegal to sell without prior approval from the federal government. This is a big problem for you potentially. Maybe you can have Sean Reagan help you I hear he is sharp as a whip.

https://www.outlawlaboratory.com/store/product/6416/night-gh.html

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

**Subject:** Night GH

**Date:**   Wednesday, July 1, 2020 at 10:59:07 AM Central Daylight Time

**From:**   Robert Tauler

**To:**    mike@productresearch.org, Shawn, Sean Reagan

Thought you might like to know that your product Night-GH is a misbranded drug under federal law because it is a transdermal.  Transdermals are illegal to sell without prior approval from the federal government.  This is a big problem for you potentially.  Maybe you can have Sean Reagan help you I hear he is sharp as a whip.

https://www.outlawlaboratory.com/store/product/6416/night-gh.html

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

| | |
|---|---|
| **Subject:** | Fwd: Outlaw Supplemental Production |
| **Date:** | Friday, April 10, 2020 at 5:02:14 PM Central Daylight Time |
| **From:** | Robert Tauler |
| **To:** | Sean Reagan, eric@pulaskilawfirm.com, shawn@productresearch.org, mike@productresearch.org, david@sergenianashby.com |
| **Attachments:** | 2020.04.10.Outlaw Supp Production.pdf, Miranda Settlements.pdf |

Sean, why are you giving the other side my trust reports without letting me know or marking them "confidential" under the protective order?  My materials are confidential and privileged you dumb shit!!!  You need to file a notice to consumer and comply with the protective order.  You are going to mess this up even more for everyone if you don't comply with the law.  Right now, you are the only thing standing in the way of us winning and making everything worse!!

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

Begin forwarded message:

> **From:** "David A. Sergenian" <david@sergenianashby.com>
> **Date:** April 10, 2020 at 2:56:13 PM PDT
> **To:** Robert Tauler <rtauler@taulersmith.com>
> **Subject: FW: Outlaw Supplemental Production**

> **From:** Sean Reagan <sreagan@lpmfirm.com>
> **Date:** Friday, April 10, 2020 at 2:47 PM
> **To:** Mark Poe <mpoe@gawpoe.com>
> **Cc:** "David A. Sergenian" <david@sergenianashby.com>
> **Subject:** Outlaw Supplemental Production
>
> Gentlemen:
>
> Please see attached Outlaw Supplemental Production 1893-1934.
>
> ---
> **Sean M. Reagan** | Leyh, Payne & Mallia PLLC | o 713.785.0881 | f 713.784.0338 | www.lpmfirm.com
>
> *Board Certified in Civil Trial Law by the Texas Board of Legal Specialization
>
> *Board Certified in Civil Appellate Law by the Texas Board of Legal Specialization
>
> *Board Certified in Consumer & Commercial Law by the Texas Board of Legal

Specialization

This communication may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

**Subject:** Re: Call Today
**Date:** Sunday, March 29, 2020 at 6:50:28 PM Central Daylight Time
**From:** Robert Tauler
**To:** Sean Reagan
**CC:** Shawn, David A. Sergenian, mike@productresearch.org, Eric Boss, Chris Boss

Sean,

You have made statements to my lawyer that are inconsistent with our conversation last week.  I'm really sick of the bullshit.  Please be advised that Tauler Smith will not be contributing any money to any proposed settlement you have concocted with a carve out for your personal interests in Texas.

For starters, you have not returned the $10,000 that was given to you over a year ago which is partly mine.  Please return it to Pulaski law firm so it can be accounted for properly and accounted for.

On a separate note Sean, your greed and incompetence really sicken me. You would think that you would be a little less stupid and greedy two days after giving the other side all the information they need to implicate Pulaski and the Boss family.  Do you really need a daily reminder of how stupid that was?  This is all on you buddy.

You are an embarrassment to competent people everywhere.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
www.taulersmith.com

On Mar 27, 2020, at 10:50 AM, Sean Reagan <sreagan@lpmfirm.com> wrote:

> I was hoping to get through a day without a conference call!!!
>
> I'm pretty much free all day.
>
> I think Mike, Eric, and Chris need to be on the call.
>
> Sent from my iPhone
>
>> On Mar 27, 2020, at 12:46 PM, Robert Tauler <rtauler@taulersmith.com> wrote:
>>
>> You guys free for a call today?  I think it would be useful.  I am free anytime after noon Pacific.
>>
>> Here is my conference line:
>>
>> 781-448-4712
>> Passcode:  76860
>>
>> Robert Tauler, Esq.
>> Tauler Smith LLP
>> 626 Wilshire Blvd., Suite 510
>> Los Angeles, CA 90017
>> (213) 927-9270
>> www.taulersmith.com

OUTLAW SUPPLEMENTAL PRODUCTION 003740