SEAN M. REAGAN (Texas Bar No. 24046689)
(*Pro Hac Vice*)
sean@reaganfirm.com
THE REAGAN LAW FIRM
P.O. BOX 79582
Houston, Texas 77279
Telephone: 888.550.8575

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | **Case No. 3:18-cv-840-GPC-BGS**<br><br>**Outlaw Laboratory, L.P., Michael Wear, and Shawn Lynch's *Ex Parte* Motion to Stay Pretrial Deadlines as to the Outlaw Defendants** |

The "Outlaw Defendants" request an *ex parte* order staying all pretrial deadlines with respect to trial preparation, including filing pretrial disclosures, exchanging exhibits, contributing to the joint pretrial order, preparing a jury charge, and so on.

## Outlaw Defendants' Position

The Outlaw Defendants settled with the Stores about three months ago. *See* ECF 249. The Stores are the only parties that asserted claims against the Outlaw Defendants. Thus, the parties' settlement agreement extinguishes and resolves the only pending claims in this lawsuit that have been filed against the Outlaw Defendants. But Tauler Smith's objections to the settlement agreement remain pending with the Court. *See* ECF 290. The Outlaw Defendants maintain that Tauler Smith's objections to the settlement lack merit and that the Outlaw Defendants should be dismissed from this lawsuit per their agreement with the Stores.

While Tauler Smith's objections to the settlement remain pending, there are various deadlines for filing pretrial disclosures and the joint pretrial order. *See* ECF 155. The Outlaw Defendants ask that trial preparation deadlines set forth in ECF 155 be stayed as to the Outlaw Defendants pending the resolution of Tauler Smith's objection to the settlement at issue. The Outlaw Defendants settled with the Stores to avoid the expense of litigation. The Outlaw Defendants should not have to expend resources and money in preparing pretrial disclosures, preparing exhibits, objecting to exhibits, preparing a jury charge, and preparing a joint pretrial order when they have settled the only pending claims against them.

1   Moreover, the Outlaw Defendants have no meaningful way to prepare for trial. As set forth in the undersigned's declaration filed with the Court (ECF 241), Tauler Smith—the party objecting the Outlaw Defendants' settlement and keeping them in this case—has refused to provide Outlaw, its former client, with its complete file and a complete accounting. *See* ECF 241 at ¶¶ 8–16; *see also*, CAL. RULE OF PROF'L CONDUCT 1.15 (a lawyer is required to, among other things, "maintain complete records of all funds, securities, and other property of a client or other person coming into the possession of the lawyer or law firm" and "preserve records of all funds and property held by a lawyer or law firm under this rule for a period of no less than five years after final appropriate distribution of such funds or property."); CAL. RULE OF PROF'L CONDUCT 1.16(e)(1) ("Upon the termination of a representation for any reason … the lawyer promptly shall release to the client, at the request of the client, all client materials and property. Client materials and property includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not.").

That is, Tauler Smith has severely hamstrung the Outlaw Defendants' ability to prepare its defense, which is one of the reasons the Outlaw Defendants were compelled to settle this case in the first place. Specifically, the Outlaw Defendants don't know each store Tauler Smith sent a demand letter to, how much money Tauler Smith actually took in, or how much money Tauler Smith actually paid itself.

Nor do the Outlaw Defendants know what Tauler Smith did with all the settlement agreements it negotiated, as Tauler Smith has only produced a handful of settlement agreements to date. Therefore, if the settlement agreement between the Stores and the Outlaw Defendants is set aside (it should not be), then the Outlaw Defendants will be forced to try this case without their complete file, without an accounting from their former attorney, without knowing each store Tauler Smith sent a demand letter to, and without knowing each store Tauler Smith inked a settlement agreement with—which is all information and documentation that Tauler Smith has refused to turn over to its former client.

Furthermore, the Outlaw Defendants served the Stores with discovery requests in May and June 2020, which were not responded to. The Outlaw Defendants did not press forward with obtaining court intervention on a possible discovery dispute with the Stores because the Outlaw Defendants soon settled with the Stores. That is, because the Outlaw Defendants had settled with the Stores, they saw no need to waste money and judicial resources on litigating a discovery dispute with the very parties they had settled with. Regardless, the Outlaw Defendants, in addition to not having their complete file and an accounting, have no discovery responses from the Stores. The Outlaw Defendants have therefore effectively been denied the opportunity to prepare for trial by Tauler Smith's actions.

The Outlaw Defendants therefore ask that the pretrial trial preparation deadlines (ECF 155) be stayed as to the Outlaw Defendants until Tauler Smith's objections to the parties' settlement agreement have been resolved. Again, the

Outlaw Defendants should have to expend significant resources and money in preparing for trial when it settled the only pending claims against them months ago.

## Tauler Smith's Position

Tauler Smith opposes this motion.

## The Stores' Position

While the Stores take no position on Outlaw's motion, they believe it wholly unnecessary, and they find Tauler Smith's insistence on such a proceeding to be fully consistent with the arguments set forth in the Stores' pending motion for Sec. 1927 and Local Rule 83.1 sanctions. The ink on the Stores' settlement with Outlaw and its owners has been dry for three months. The Stores will not pursue any claims against Outlaw or its owners at trial, and they are not aware of any authority in federal jurisprudence that would give the Court the authority to either "approve" or "deny" the settlement. Respectfully, Outlaw should have been formally dismissed from these proceedings back in July, because the evaluation of whether to give "notice" of the settlement (to class members that Tauler Smith claims cannot be identified) under *Diaz* is wholly irrelevant to whether Outlaw remains a party. *See* ECF 308; *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989).

As with the long litany of other procedural shenanigans set forth in the Stores' pending motion for sanctions, Tauler Smith's insistence that its former client incur further attorneys' fees in preparation for a trial that Outlaw will in no circumstance be a part of, is entirely frivolous. It serves no goal other than to waste

the Court's and the other parties' time, and to deprive far more deserving litigants of the Court's attention.  More than anything, Tauler Smith's position on this point is consistent with Mr. Tauler's professed intention to string this litigation out "for the next three years at least."  ECF 300-26 at 1 (July 2, 2020 email from R. Tauler to S. Reagan).  Respectfully, the Stores believe that the Court should take steps to guard against facilitating Mr. Tauler's intentions in that regard.

October 30, 2020.                                              THE REAGAN LAW FIRM


                                                               By: */s/ Sean Reagan*
                                                                   Outlaw Laboratory, LP
                                                                   Michael Wear
                                                                   Shawn Lynch


                                                               By: */s/ Mark Poe*
                                                                   NMRM, Inc. *et al*

**CERTIFICATE OF SERVICE**

Case No. 3:18-cv-840-GPC-BGS

I HEREBY CERTIFY that on October 30, 2020, I filed the following documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

By: */s Sean M. Reagan*