MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No.    3:18-cv-840-GPC-BGS |
| | **THE STORES' OPPOSITION TO TAULER SMITH'S MOTION FOR RECONSIDERATION OF ITS SUMMARY JUDGMENT MOTION** |
| | Date:      Dec. 18, 2020<br>Time:      1:30 p.m.<br>Court:     2D<br>Judge:     Hon. Gonzalo Curiel |

As noted in the Stores' pending sanctions motion, "'[s]anctions under section 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case.'" ECF No. 301 at 20 (quoting *Hartke v. Westman Prop. Mgmt., Inc.*, No. 3:15-CV-01901-GPC-DHB, 2016 WL 3286347, at *5 (S.D. Cal. June 14, 2016) (Curiel, J.) (citing *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012)).

Since that warning was set out, Tauler Smith has continued its demonstrated history of filing "repetitive motions" and generating an "extraordinary volume of paperwork." *Id.*; *see* ECF No. 301 at 5-8 (inventorying the duplicative and frivolous motions filed up to that point). Four days after the Stores filed their motion, Tauler Smith filed this motion seeking "reconsideration" of its summary judgment motion, which is frivolous for the reasons set forth herein. And then on October 28 it filed a similarly frivolous motion objecting to Magistrate Skomal's extremely thorough order denying Tauler Smith's motion to re-open discovery. ECF No. 315 (seeking reconsideration of ECF No. 311). The Stores' counsel, the Court, and the other deserving litigants on the Court's docket should not forever be held hostage to Tauler Smith's refusal to take no for an answer.

## I.    THERE IS NO BASIS FOR RECONSIDERATION.

Tauler Smith argues by tautology that "Reconsideration Is Warranted Because Summary Judgment Is Required." Mem. at 3. Its motion is a textbook example of a "repetitive motion." Tauler Smith freely admits that there are no "new and different facts and circumstances," that would warrant reconsideration under Local Rule 7.1(i)(1). Mem. at 5 ("There are none here."). And its motion merely repeats an argument it already made, cutting and pasting that argument from its summary judgment brief, describing it as an argument that it "previously pointed out." Mem. at 4.

Even assuming that a legal error is a permissible basis for reconsideration, "[m]otions for reconsideration are disfavored and should be granted only in limited

STORES' OPP. TO MOT. TO RECONSIDER
CASE NO. 3:18-CV-840-GPC-BGS

circumstances, such as when the Court: '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *United States v. Sanchez-Gonzalez*, No. 11-CR-1758-L, 2011 WL 4043568, at *2 (S.D. Cal. Sept. 12, 2011) (quoting *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004)).

None of those is shown here. Far from even claiming a "clear error" by the Court, the current motion is based only on the assertion that "[t]he Court may well have overlooked [the] dispositive contention by TSLLP" that the language of the "settlement agreement" by which Skyline Market paid it $2,800 provided that the settling parties "were not influenced by any statements made by the other parties." Mem. at 6. But the Court's 41-page order (ECF No. 293) is exceedingly thorough, and goes to great lengths to explain how a reasonable factfinder could conclude that *either* (A) the settlement agreement with Skyline Market is void for fraud, *id.* at 35-38; *or* (B) the release language in the settlement agreement does not cover Skyline Market's RICO claim. *Id.* at 38-40. The factfinder's agreement with the Stores on *either* of those issues would permit its RICO claim to go forward.

Nevertheless, Tauler Smith contends that the Court "may well have overlooked" the part of the settlement agreement where the parties "expressly agreed that they were not influenced by any statements made by the other parties." Mem. at 6. This hypothesis is based only on the observation that "the MSJ Order simply does not mention it." *Id.* But Tauler Smith cites no authority under which a court is required to address every particular argument set forth by a movant. More fundamentally, there is no particular purpose in addressing minor arguments that are wholly obviated by a court's broader rulings. To wit, the basis for the Court's finding on point (A) above was that the jury could find the settlement invalid for fraud based on "fraudulent nondisclosure." ECF No. 260 at 35. Under that theory, Skyline Market's purported disavowal of reliance on "statements made by the other parties," Mem. at 6, is nearly irrelevant.

Stepping back, Tauler Smith's fundamental argument about the release is that so long as a fraudster drafts an ironclad release, releasing it from even the underlying fraud itself, it can never be held liable. This would be a boon for the types of fraudsters who wear suits, but it is obviously not the law—the California caselaw discussed in the opinion describes exactly the types of scenarios where such releases can be deemed invalid, and the principles by which a reviewing court should evaluate such arguments. The Court did exactly that, and Tauler Smith provides no persuasive reason for the Court to change its mind on that analysis.

The cases Tauler Smith cites do not help its argument. For example, it relies heavily on *Wojciechowski v. Latham & Watkins*, 2000 WL 540758 (9th Cir. May 3, 2000). Mem. at 1-2. But that unpublished case has zero precedential value, and because it was decided before 2007, Tauler Smith is not even permitted to cite it. *See* Ninth Circuit Rule 36-3(c) ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit [except in inapplicable circumstances]"). It also relies heavily on the 34-year-old opinion of *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439 (9th Cir. 1986). Parties typically aren't permitted to seek reconsideration based on pre-existing authority that they failed to cite on the initial motion, *Nunes*, 375 F.3d at 807, but even if the Court considers this case, it is readily distinguishable. There, when a settling party later brought suit to invalidate a release, it admitted in response to requests for admission propounded *in that litigation* that it had not relied on any "inducements, promises or representations" that had been made by the released party outside of the settlement agreement, which the Ninth Circuit held "resolves the issue." *Brae*, 790 F.2d at 1445. No such facts are present here—Skyline Market's entire claim is *based on* Tauler Smith's misrepresentations prior to the settlement being signed. The closest fact Tauler Smith can identify here is that in responding to Tauler Smith's statement of facts on its motion for summary judgment, Skyline Market responded that it is "undisputed" that the release "stated" certain quoted language. Mem. at 7 (citing

ECF No. 272-1 ¶¶ 31-39).  Acknowledging that the release "stated" certain words is a far different matter from a separate "admission" in the case that the release language was accurate, as the plaintiff did in *Brae*.

Although Tauler Smith does not argue the point, the Stores would make one further point about *Brae*.  There, the Ninth Circuit suggested that a party seeking to rescind a release based on "alleged intentional nondisclosure" must demonstrate a "special duty to disclose," relying on California appellate authority from 1963.  790 F.2d at 1445.  But even if that was an accurate statement of California law as of the 1986 *Brae* opinion, it has been overtaken by subsequent precedent—the 1995 *San Diego Hospice v. County of San Diego* opinion analyzed in the summary judgment order makes no mention of a "special duty" requirement, and federal courts are bound by the interpretations of California law set out in intermediate appellate authority, absent a firm belief that the California Supreme Court would hold differently.  *See Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 337–38 (9th Cir. 2020) ("where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.") (citations and internal quotations omitted).

## II.   TAULER SMITH ARGUES THAT IT WOULD BE MORE EFFICIENT TO HOLD TWO TRIALS INSTEAD OF ONE.

Although not a matter of "reconsideration," Tauler Smith's brief includes an argument that the Court should first convene an entire trial on the issues surrounding the release, which it says would "expedite and economize" the proceedings.  Mem. at 7.  Obviously that is a matter of the Court's discretion, but a separate trial on the release issues would necessarily involve presentation of all of the same evidence, because the jury would still need to hear all about Tauler Smith's underlying fraud to assess whether the release should be voided for fraud.  Suffice it to say, the Stores fail to see how it would be more efficient to hold two trials instead of one.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   THE COURT SHOULD REQUIRE TAULER SMITH TO OBTAIN ADVANCE LEAVE TO FILE FURTHER MOTIONS.

The Stores respectfully repeat their request that Tauler Smith be required to obtain leave of court prior to filing additional motions.  *See* Opp. to Mot. to Disqualify at 11-12 (ECF No. 203); Opp. to Mot. for Reconsideration at 4 (ECF No. 221).  That restriction could of course except certain types of specified motions that will be necessary for trial, such as motions *in limine*.  Mr. Tauler has proudly crowed that he intends to string this litigation out "for the next three years at least," ECF 300-26 at 1 (July 2, 2020 email from R. Tauler to S. Reagan), and by appearances, his counsel are accepting marching orders consistent with that goal.  The Court should take proactive steps to avoid that result.  *See* Fed. R. Civ. Proc. 1.  Without such a restriction, the Stores anticipate endless frivolous motions from the firm, including the Court's order on class certification—should it go against Tauler Smith.

### CONCLUSION

For all of the foregoing reasons, the motion should be denied.

Dated:  October 30, 2020                    GAW | POE LLP

By:   s/ *Mark Poe*
Mark Poe

STORES' OPP. TO MOT. TO RECONSIDER
CASE NO. 3:18-cv-840-GPC-BGS

**CERTIFICATE OF SERVICE**

Case No. 3:18-cv-840-GPC-BGS

      I HEREBY CERTIFY that on the date stamped in the header above, I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the following document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

GAW | POE LLP

By:   s/ *Mark Poe*
Mark Poe
Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs