**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
e-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS |
| | **COUNTER-DEFENDANT TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES** |
| | Judge:        Hon. Gonzalo P. Curiel |
| | Courtroom:  Courtroom 2D |
| | Filed Concurrently:<br>  1. Declaration of Kevin J. Cole |

Counter-Defendant Tauler Smith LLP ("Tauler Smith") respectfully requests the Court deny Outlaw Laboratory, L.P.'s, Michael Wear's, and Shawn Lynch's (collectively, "Outlaw") *Ex Parte* Motion to Stay Pretrial Deadlines (ECF # 319) for the following reasons.

## I. THE PRETRIAL DEADLINES OUTLAW SEEKS TO STAY HAVE ALREADY PASSED

Outlaw seeks to stay the pretrial deadlines specified in the Court's December 19, 2019 Scheduling Order. *See* ECF # 155 at PageID.2593, ¶¶ 12-15 (setting various pretrial-related deadlines). But those deadlines have already passed. And in the absence of any justification for Outlaw's failure to seek this relief earlier, its request should be denied.

More specifically, the Court's Scheduling Order set various pretrial-related deadlines, including:

➢ An October 9, 2020 deadline by which counsel were required to file Rule 26(a)(3) Pretrial Disclosures. *Id.*, ¶ 12. Critically, the Court's Order warned that "[f]ailure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37." *Id.*; *see also* Fed. R. Civ. P. 26(a)(3)(B) (a party's failure to timely object to another party's Rule 26(a)(3) Disclosures waives any objections unless the Court finds good cause to excuse the failure to object).

➢ An October 16, 2020 deadline by which counsel were required to meet and confer over the Proposed Pretrial Conference Order and the other trial-related issues outlined in Civil Local Rule 16.1.f.4 (*e.g.*, stipulations over triable issues and exchange of exhibits). *See* ECF # 155 at PageID.2593, ¶ 13. Critically again, Civil Local Rule 16.1.f.4 warns that "[f]ailure to display and/or exchange exhibits to or with opposing counsel [at the meet and confer] will permit the court to decline admission of same into evidence." *See* Civ. L.R. 16.1.f.4.d.

➢ An October 30, 2020 deadline by which the Proposed Final Pretrial Conference Order was to be lodged with the Court. *See* ECF # 155 at PageID.2593, ¶ 15.

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES

Critically again, Civil Local Rule 16.1.f.8 warns that "[f]ailure of counsel for any party to appear before the court at pretrial proceedings or to complete the necessary preparations therefor may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or on the entire case." *See* Civ. L.R. 16.1.f.8.

Not only are these deadlines very specific, but serious consequences result from missing them. *See, e.g.*, ECF # 155 at PageID.2593, ¶ 12 (the failure to comply with Rule 26(a)(3) "could result in evidence preclusion or other sanctions"); Civ. L.R. 16.1.f.4.d (the failure to exchange exhibits at the pretrial meet and confer could result in evidence preclusion); Civ. L.R. 16.1.f.8 (the failure to complete the required pretrial filings may be considered "an abandonment or failure to prosecute or defend diligently").

Given the seriousness of these deadlines, there is no excuse for missing them— especially because Tauler Smith's counsel e-mailed Outlaw's and the Stores' counsel ahead of those deadlines and requested the parties stipulate to extending them. *See* Declaration of Kevin J. Cole ("Cole Decl."), ¶ 2 & Ex. A ("Because the Court has not yet ruled on our Motion to Modify in Part the Case Schedule (Dkt. 298), we are writing to see whether your side will stipulate to (1) extending the October deadlines by two weeks, and (2) setting the pretrial conference for two weeks after the Court's ruling on our Motion for Reconsideration of the MSJ order."). The Stores declined the request. *Id.*, ¶ 3 & Ex. B ("We do not think any extension of the schedule is appropriate.").[1] Outlaw did not respond to the request, did not participate in the pretrial meet and confer, and did not meet *any* of its pretrial filing requirements. *Id.*, ¶ 4.

---

[1] Curiously, despite declining to stipulate to extend the pretrial deadlines at Tauler Smith's request, the Stores now accuse Tauler Smith of opposing Outlaw's *Ex Parte* for improper reasons. *See* Mtn. at 4:24-27 ("Tauler Smith's insistence that its former client incur further attorneys' fees in preparation for a trial that Outlaw will in no circumstance be a part of, is entirely frivolous.").

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES

It is simply too late for these deadlines to be stayed. They have already passed. Outlaw cannot ask the Court to stay deadlines it already missed. To the extent Outlaw has any remedy, it is to show good cause for why its failure to comply with the Scheduling Order should be excused. But as explained below, Outlaw cannot establish good cause—and in fact, Outlaw does not even attempt to demonstrate that good cause exists.

## II.    THERE IS NO GOOD CAUSE FOR OUTLAW'S FAILURE TO COMPLY

A party who fails to meet a deadline specified by a scheduling order must show "good cause" to excuse its untimeliness. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Under Rule 16(b), [certain parties] must show good cause for not having amended their complaints before the time specified in the scheduling order expired."). There is simply no excuse—let alone good cause—for Outlaw's failure to comply with the Court's Scheduling Order or Local Rules. This is especially because Tauler Smith explicitly warned Outlaw that (i) unless and until the Court says otherwise, it remains a party in this case, (ii) it was required to comply with the pretrial filing requirements, and (iii) its failure to comply would likely result in evidence preclusion or other sanctions. *Id.*, ¶ 5 & Ex. C (October 15, 2020 e-mail from Tauler Smith's counsel to Outlaw's counsel). Regardless, Outlaw makes no attempt to even demonstrate good cause.

## III.    OUTLAW'S *EX PARTE* IS PROCEDURALLY DEFECTIVE

Civil Local Rule 83.3.g establishes the requirements for *ex parte* motions:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

*See* Civ. L.R. 83.3.g.2.

Because Outlaw's *Ex Parte* does not comply with any of these requirements, it should be denied for this additional reason.

3

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES

1  **IV.**    **CONCLUSION**

2          For all these reasons, Tauler Smith respectfully requests the Court deny Outlaw's

3  *Ex Parte* to Stay Pretrial Deadlines.

4

5  DATED:  November 2, 2020            Respectfully submitted,

6                                     **KJC LAW GROUP, A.P.C.**

7                          By:    */s/ Kevin J. Cole*
                                  _____
8                                 Attorneys for Counter-Defendant
                                  *Tauler Smith LLP*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on November 2, 2020.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on November 2, 2020.

**KJC LAW GROUP, A.P.C.**

By:     */s/ Kevin J. Cole*
        Attorneys for Counter-Defendant
        *Tauler Smith LLP*

5

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION TO STAY PRETRIAL DEADLINES