**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
e-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**COUNTER-DEFENDANT TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS'** *EX PARTE* **MOTION TO PREVENT TAULER SMITH'S DISCLOSURE OF PRIVILEGED MATERIALS**<br><br>Judge:      Hon. Gonzalo P. Curiel<br>Courtroom: Courtroom 2D<br><br>Filed Concurrently:<br>    1. Declaration of Kevin J. Cole; and<br>    2. Motion to File Document Under Seal |

At the outset, Counter-Defendant Tauler Smith LLP ("Tauler Smith") does not take the position—and it never would—that it be permitted to disclose privileged materials. So, although Tauler Smith opposes Outlaw Laboratory, L.P.'s, Michael Wear's, and Shawn Lynch's (collectively, "Outlaw") *Ex Parte* Motion to Prevent Tauler Smith's Disclosure of Privileged Materials (ECF # 321), it does so (i) to correct the record as to Outlaw's suggestion that Tauler Smith produced privileged materials (Tauler Smith did not), (ii) because there has been no showing by Outlaw that the e-mails it complains about are actually privileged, (iii) because Outlaw already waived any objections it had, and (iv) because Outlaw's *Ex Parte* is procedurally defective.

For these reasons, and as discussed below, Tauler Smith respectfully requests the Court deny Outlaw's *Ex Parte*.

## I.  THE *EX PARTE* MISLEADINGLY SUGGESTS TAULER SMITH DISCLOSED PRIVILEGED MATERIALS

Outlaw misleadingly suggests that Tauler Smith disclosed certain privileged material (Exhibits R & S, two of Tauler Smith's intended trial exhibits). That is simply untrue.

<u>First</u>, Exhibit R is a compilation of various e-mails between Tauler Smith attorneys (including its managing partner, Robert Tauler) and its former client, Outlaw. *See* Declaration of Kevin J. Cole ("Cole Decl."), ¶ 2. Critically, Tauler Smith **has not disclosed this exhibit to anyone other than Outlaw**. Without conceding those emails are privileged, Tauler Smith recognized they could potentially implicate the attorney-client privilege. *Id.*, ¶ 3. Tauler Smith identified Exhibit R in its Rule 26(a)(3) Disclosures, *see* ECF # 309 at PageID.7750, but purposely did not produce that exhibit during its October 15, 2020 pretrial meeting of counsel with the Stores (Outlaw did not participate in that). *See* Cole Decl., ¶ 3. Instead, Tauler Smith produced Exhibit R *to Outlaw's counsel only* on October 19, 2020, as part of its meet and confer over privilege concerns. *See id.*, ¶ 4 & Ex. A ("As for the emails, we have not produced Exhibit R yet. I'll send those to you soon (and you

1

TAULER SMITH LLP'S OPPOSITION TO THE OUTLAW DEFENDANTS' *EX PARTE* MOTION
TO PREVENT TAULER SMITH'S DISCLOSURE OF PRIVILEGED MATERIALS

only) . . . Sean: Just shared a Dropbox folder link with you (and you only), which contains the emails we intend to introduce as Exhibit R.").

*Second*, Exhibit S (which is also identified in Tauler Smith's Rule 26(a)(3) Disclosures, *see* ECF # 309 at PageID.7750) is an e-mail exchange between Eric Boss (an attorney whose law firm provided financing to Outlaw), Outlaw's principals, Outlaw's current counsel (Sean Reagan), Mr. Tauler, and Wes Taulbee (one of Outlaw's Georgia-based attorneys).  *See* Cole Decl., Ex. B (redacted and filed separately under seal).  It is difficult to see how this e-mail exchange—which includes someone who does not represent Outlaw (Eric Boss)—is privileged.  Tauler Smith did produce Exhibit S during its October 15, 2020 pretrial meeting of counsel with the Stores, but files that exhibit under seal here (out of caution due to Outlaw's claims).

## II. OUTLAW DOES NOT ESTABLISH WHY THE EXHIBITS IT COMPLAINS ABOUT ARE PRIVILEGED

As the party claiming privilege, Outlaw bears the burden of demonstrating that the attorney-client privilege applies.  *See, e.g.*, *Costco Wholesale Corp. v. Superior Court*, 47 Cal.4th 725, 733 (2009) ("The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of the attorney-client relationship.").  Outlaw has not met its burden.

*First*, although the e-mails in Exhibit R are between Tauler Smith and its then-client (Outlaw), any privilege protecting those e-mails has been waived because Outlaw (the party claiming the attorney-client privilege) has placed "vitally relevant" communications at issue (its discussions with Tauler Smith) by agreeing to testify against Tauler Smith (its former attorneys) in this case.  *See Merritt v. Superior Court*, 9 Cal.App.3d 721, 730-31 (1970) (California courts may find an implied waiver where the party claiming the attorney-client privilege has placed a "vitally relevant" communication at issue; if the communication goes to the heart of the claim in controversy, "fundamental fairness" may require that it be disclosed for the litigation to proceed); *see also Schlumberger Ltd. v.*

*Superior Court*, 115 Cal.App.3d 386, 393 (1981) ("[I]t was not merely the initiation of the lawsuit but rather the manner of its prosecution which constituted the waiver").

<u>*Second*</u>, as explained above, it is difficult to see how the e-mails in Exhibit S (Cole Decl., Ex. B, filed under seal) are privileged—they include someone (Eric Boss) who does not represent Outlaw.

Regardless, as established below, Outlaw's objections to Exhibits R & S are waived.

### III. <u>OUTLAW ALREADY WAIVED ANY OBJECTIONS IT HAD TO TAULER SMITH'S EXHIBITS</u>

Any objections Outlaw had to Tauler Smith's exhibits, including the exhibits at issue here (Exs. R & S), needed to be raised through objections to Tauler Smith's Rule 26(a)(3) Disclosures. Outlaw failed to do so, and therefore waived any objections it might have had. *See* Fed. R. Civ. P. 26(a)(3)(B) (providing that within fourteen days after a party's pretrial disclosures, an opposing party may serve and file objections to the admissibility of any document or exhibit or deposition testimony; "An objection not so made—except for one under Federal Rule of Evidence 402 or 403—*is waived unless excused by the court for good cause*.") (emphasis added).

Outlaw has not shown good cause for its failure to timely object—and it does not even attempt to make that showing in its *Ex Parte*. Outlaw's *Ex Parte* should be denied for this reason alone.

### IV. <u>OUTLAW'S *EX PARTE* IS PROCEDURALLY DEFECTIVE</u>

Civil Local Rule 83.3.g establishes the requirements for *ex parte* motions:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

*See* Civ. L.R. 83.3.g.2.

Because Outlaw's *Ex Parte* does not comply with any of these requirements, it should be denied for this additional reason.

## V. CONCLUSION

For all these reasons, Tauler Smith respectfully requests the Court deny Outlaw's *Ex Parte* to Prevent Tauler Smith's Disclosure of Privileged Materials.

DATED: November 2, 2020              Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   */s/ Kevin J. Cole*
      Attorneys for Counter-Defendant
      *Tauler Smith LLP*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on November 2, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 2, 2020.

                                      **KJC LAW GROUP, A.P.C.**

                          By:   */s/ Kevin J. Cole*
                                  Attorneys for Counter-Defendant
                                  *Tauler Smith LLP*