**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
E-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
E-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**COUNTER-DEFENDANT TAULER SMITH LLP'S OPPOSITION TO THE STORES' MOTION FOR SANCTIONS**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: Courtroom 2D<br><br>Hearing Date: December 18, 2020<br>Hearing Time: 1:30 p.m. |

# **TABLE OF CONTENTS**

                                                                                      **Page**

I.   INTRODUCTION ..................................................................................1

II.  LEGAL STANDARD ............................................................................2

     A.   Sanctions Under Section 1927 ....................................................2

     B.   Sanctions Under the Court's Inherent Powers ..............................3

III. ARGUMENT.......................................................................................4

     A.   The Stores Have Not Demonstrated by Clear and Convincing Evidence
          that Tauler Smith or its Attorneys Engaged in Unreasonable and
          Vexatious Conduct (Section 1927) ...............................................4

          1.   Motion for Judgment on the Pleadings (ECF ## 80 & 83)..................4

          2.   Opposing the Stores' Motion for Leave to File their Second
               Amended Counterclaims (ECF # 97) and Related Motion
               Practice (ECF ## 97, 143, 164 & 204-1) ..............................6

          3.   The Anti-SLAPP Motion (ECF ## 156-1 and 173)........................8

          4.   Rule 11 Motion (ECF ## 102 & 107) and Motion to Disqualify
               (ECF ## 191-1, 212, 220-3, 227-1) .....................................9

          5.   Discovery Disputes (ECF ## 165 & 215)..............................11

     B.   The Stores Have Not Demonstrated that Tauler Smith Litigated Any of
          Its Motions in Bad Faith Such that the Court Should Award Sanctions
          Under Its Inherent Powers...........................................................12

     C.   The Stores' Fee Request is Unreasonable ..................................15

IV.  CONCLUSION...................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amarel v. Connell*,
   102 F.3d 1494 (9th Cir. 1996) ...................................................................8

*B.K.B. v. Maui Police Dep't*,
   276 F.3d 1091 (9th Cir. 2002) ........................................................3, 5, 10

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) .............................................................*passim*

*Gadda v. Ashcroft*,
   377 F.3d 934 (9th Cir. 2004) ...................................................................2

*Goodyear Tire & Rubber Co. v. Haeger*,
   137 S. Ct. 1178 (2017)............................................................................13

*Gotham City Online, LLC v. Art.com, Inc.*, No. C 14–00991, JSW, 2014 WL
   1025120 (N.D. Cal. Mar. 13, 2014)..........................................................10

*Gurvey v. Legend Films, Inc.*,
   No. 3:09-CV-00942 AJB, 2013 WL 12090309 (S.D. Cal. April 8, 2013)...................14

*In re Itel Sec. Litig. v. Itel*,
   791 F.2d 672 (9th Cir. 1986) .........................................................3, 13, 14

*Kerr v. Screen Extras Guild, Inc.*,
   526 F.2d 67 (9th Cir. 1975) .........................................................15, 16

*La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*,
   No. 17-CV-1124-MMA(WVG), 2019 WL 4141237 (S.D. Cal. Aug. 30,
   2019) ..................................................................................................*passim*

*Lahiri v. Universal Music & Video Distrib. Corp.*,
   606 F.3d 1216 (9th Cir. 2010) .............................................................*passim*

*Lake v. Rutherford Int'l, Inc.*,
   No. 14-cv-2431-H (NLS), 2014 WL 12526276 (S.D. Cal. Nov. 25, 2014)...............2, 6

*Lucas v. Jos. A. Bank Clothiers, Inc.*,
   217 F.Supp.3d 1200 (S.D. Cal. 2016)..........................................................3

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

*Preston Collection Inc. v. Youtsey*,
No. CV-15-00607-PHX-NVW, 2018 WL 11193410 (D. Ariz. Nov. 1,
2018) ................................................................................................................. 13

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
115 F.3d 644 (9th Cir. 1997) ................................................................... 1, 3, 13

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) ................................................................................ 3, 4, 12

*Schmitzer v. Cty. of Riverside*,
26 F. App'x 701 (9th Cir. 2002) ...................................................................... 2, 8

*Tauler Smith LLP v. Valerio*,
No. 20-CV-00458 AB, 2020 WL 1921789 (C.D. Cal. Mar. 6, 2020) ................... 13, 14

*Thomas v. Girardi*,
611 F.3d 1027 (9th Cir. 2010) ................................................................. *passim*

**State Cases**

*Clark v. Superior Court*,
196 Cal.App.4th 37 (2011) ............................................................................. 14

*Thayer v. Kabateck Brown Kellner LLP*,
207 Cal.App.4th 141 (2012) ............................................................................ 9

**Federal Statutes**

28 U.S.C. § 1927 ............................................................................... 1, 2, 4, 8

**State Statutes**

California Code of Civil Procedure § 425.16(e) ................................................... 9

**Rules**

Federal Rules of Civil Procedure, Rule 9(b) ....................................................... 6

Federal Rules of Civil Procedure, Rule 11 ......................................................... 9

Federal Rules of Civil Procedure, Rule 12 ......................................................... 5

Federal Rules of Civil Procedure, Rule 12(c) ................................................... 4, 5

Federal Rules of Civil Procedure, Rule 26(f) ..................................................... 11

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

Federal Rules of Civil Procedure, Rule 34(d)............................................................5, 11

USDC, Southern District of California Local Rules, Rule 2.1(a)(3)(j).............................1

USDC, Southern District of California Local Rules, Rule 2.1(a)(3)(k)..........................14

Case No.: 18-cv-840-GPC-BGS

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

Counter-Defendant Tauler Smith LLP ("Tauler Smith"), by and through its undersigned counsel, hereby responds to third-party plaintiffs NMRM, Inc.'s and Skyline Market, Inc.'s, and counterclaimant Roma Mikha's (the "Stores") Motion for Sanctions as follows.

## I.   INTRODUCTION

At the outset, the Stores state that they "do not suggest that being on the losing end of a motion is sanctionable." Stores' Mtn. at 1:10-11. But that is the precise basis for the relief they seek. They complain that Tauler Smith, its managing partner, Robert Tauler ("Mr. Tauler"), and Tauler Smith's counsel, David A. Sergenian ("Mr. Sergenian"), have engaged in too much "motion practice," *see id.*, and that because many of those motions were unsuccessful, they should be sanctioned (in very high amounts).

The Stores' request is not supported by facts or case law. Instead, it is an obvious attempt to gain a tactical advantage in this litigation by "reminding" the Court—in advance of important trial-related rulings—of all the motions they won and of Tauler Smith's allegedly bad conduct throughout this litigation. *See, e.g., id.* at 2:8-18 (screenshot of an e-mail exchange designed to make Mr. Tauler look bad); Civ. L.R. 2.1(a)(3)(j) ("We expect lawyers to seek sanctions sparingly, and not to obtain a tactical advantage or for any other improper purpose."). For sanctions to be awarded under Section 1927, it is not enough to show that a party has lost some or even most of the motions it has filed. Instead, the moving party (here, the Stores) must show that ***each*** of the motions filed and opposed by Tauler Smith are vexatious—and the Stores do not come close to meeting this high burden. Similarly, for a court to award sanctions under its equitable powers, it must "make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).

Unlike a typical vexatious litigant, neither Tauler Smith nor its attorneys chose to be involved in this lawsuit. They are simply doing what any litigant and its counsel would do—zealously and aggressively defend against claims for which they believe (i) have no

merit, and (ii) were brought out of a personal vendetta against Mr. Tauler, rather than in the interests of justice.  Especially here, without any showing of unreasonableness, vexatiousness, or bad faith, the conduct complained of falls far short of the standard for Section 1927 or equitable sanctions.

The Stores' Motion should be denied.

## II.   LEGAL STANDARD

Attorneys have a duty to represent their clients "zealously within the bounds of the law." *Lake v. Rutherfoord Int'l, Inc.*, No. 14-cv-2431-H (NLS), 2014 WL 12526276, at *4 (S.D. Cal. Nov. 25, 2014).  As a result, sanctions for ordinary litigation conduct are awarded in only rare circumstances.

### A.   Sanctions Under Section 1927

Section 1927 sanctions are appropriate in only rare circumstances of vexatiousness. Section 1927 "does not authorize sanctions to reimburse a party for the 'ordinary costs' of litigation." *See Schmitzer v. Cty. of Riverside*, 26 F. App'x 701, 703 (9th Cir. 2002) (citing *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985)).

As the Ninth Circuit and courts in this district have observed, Section 1927 sanctions are a measure against "excessive costs for unreasonably multiplying proceedings." *Gadda v. Ashcroft*, 377 F.3d 934, 943 n.4 (9th Cir. 2004); *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, No. 17-CV-1124-MMA(WVG), 2019 WL 4141237, at *4 (S.D. Cal. Aug. 30, 2019) ("Section 1927 indicates that actions that multiply the proceedings must be both unreasonable and vexatious, and the Ninth Circuit has also stated that recklessness alone will not suffice; what is required is recklessness plus something more— for example, knowledge, intent to harass, or frivolousness.").  From a review of case law from this district, Section 1927 sanctions are imposed in only rare cases. *See, e.g.*, *Thomas v. Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (reckless plus intentionally misleading); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1221-22 (9th Cir. 2010) (cumulative acts over five years evidenced a pattern of recklessness and bad faith

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

warranting sanctions); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (recklessness plus knowledge); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (recklessness plus frivolousness, harassment, or improper purpose). "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *Girardi*, 611 F.3d at 1061.

Although the Ninth Circuit has not explicitly addressed whether a bad faith finding must be supported by clear and convincing evidence, courts in this district have applied that standard. *See, e.g.*, *Lahiri*, 606 F.3d at 1219; *Lucas v. Jos. A. Bank Clothiers, Inc.*, 217 F.Supp.3d 1200, 1204 (S.D. Cal. 2016).

## B. <u>Sanctions Under the Court's Inherent Powers</u>

The Supreme Court has explained that federal courts have the inherent power to award sanctions, including attorneys' fees, for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . ." *Roadway Express*, 447 U.S. at 766 (internal quotation marks and citations omitted). In addition, courts "certainly may assess [sanctions] against counsel who willfully abuse judicial processes." *Id.*

"Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Batarse*, 115 F.3d at 648 (citing *Roadway Express*, 447 U.S. at 767). "A specific finding of bad faith must precede any sanction under the court's inherent powers." *La Jolla Spa MD, Inc.*, 2019 WL 4141237, at *5 (internal citations, quotation marks, brackets, and ellipses omitted); *see also In re Itel Sec. Litig. v. Itel*, 791 F.2d 672, 675 (9th Cir. 1986) ("For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees.") (internal citations and quotation marks omitted).

## III.   **ARGUMENT**

Admittedly, Tauler Smith and its attorneys have engaged in extensive motion practice throughout this case.  This is a complex case involving serious charges (RICO) against a law firm.  But filing motions—and even losing them—does not warrant sanctions.  For the Stores to meet their (very) high burden in seeking sanctions, they must show that **_each_** of the motions filed and opposed by Tauler Smith were either (i) "unreasonable and vexatious" (under a clear and convincing standard of proof under Section 1927), *see Jolla Spa MD, Inc.*, 2019 WL 4141237, at *4, or (ii) litigated in "bad faith."  *Roadway Express*, 447 U.S. at 766 (standard under the Court's inherent powers).  Simply, the Stores do not and cannot meet these standards.[1]

### A.   **The Stores Have Not Demonstrated by Clear and Convincing Evidence that Tauler Smith or its Attorneys Engaged in Unreasonable and Vexatious Conduct (Section 1927)**

#### 1.   **Motion for Judgment on the Pleadings (ECF ## 80 & 83)**

The Stores complain that Tauler Smith filed a Rule 12(c) motion for judgment on

---

[1] Frankly, Tauler Smith views the Stores' Motion as vexatious and harassing.  It is obvious this Motion is designed to make Tauler Smith, Mr. Tauler, and Mr. Sergenian look bad, or worse, to force them to go back and justify (relitigate) multiple motions and issues that were already decided.  Nonetheless, because of the very high bar for seeking sanctions, Tauler Smith does not ask this Court to award sanctions against the Stores here, even though—based on the Stores' understanding of when sanctions are appropriate—there is a basis for doing so.  Nor is Tauler Smith filing a Section 1927 motion against the Stores for their other conduct that has unnecessarily prolonged this litigation.  For example, the entire theory of the Stores' case with respect to two putative classes was frivolous.  Specifically, the Stores sought injunctive relief based on RICO claims as the sole remedy for those two putative classes.  The Court found, based in part on unambiguous precedent holding that injunctive relief is not available for RICO claims, that it may not grant injunctive relief to the Stores, even if the relief is stipulated to by the other party.  *See* ECF # 293 at PageID.7188-89 (granting summary judgment on the Stores' claims for injunctive relief); ECF # 290 at PageID.7109-10 (declining to grant permanent injunction stipulated to by the Stores and Outlaw).

the pleadings (the "MJOP")[2] on behalf of its then-client, Outlaw Laboratory, LP ("Outlaw").  For sanctions to be awarded due to a frivolous Rule 12(c) motion, the Stores must show the motion was intended to "multiply the proceedings" and was "both unreasonable and vexatious" (*i.e.*, made with "knowledge, intent to harass, or frivolousness.").  *Jolla Spa MD, Inc.*, 2019 WL 4141237, at *4.

The Stores cannot in any way demonstrate how filing a properly noticed motion for judgment on the pleadings—a motion explicitly authorized by the Federal Rules of Civil Procedure to *dispose* of claims—does any of these things.  In fact, the Stores' Motion demonstrates the opposite.  As the Stores acknowledge, the MJOP "sought to dismiss the class action claims pursuant to Rule 12 and Rule 34(d), and made . . . assertions about Gaw Poe facing conflicts of interest."  Stores' Mtn. at 5:7-9.  In other words, the MJOP did not multiply the proceedings—it sought to address numerous issues and *dismiss* certain claims.

Critically, the MJOP was not brought for any improper purpose described in *Jolla Spa MD, Inc.* or in the other cases where courts have awarded sanctions.  *See, e.g.*, *Jolla Spa MD, Inc.*, 2019 WL 4141237, at *4; *Girardi*, 611 F.3d at 1061 (reckless plus intentionally misleading; the Court explained "[t]he key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough."); *Lahiri*, 606 F.3d at 1221-22 (cumulative acts over five years evidenced a pattern of recklessness and bad faith warranting sanctions); *B.K.B.*, 276 F.3d at 1107 (recklessness plus knowledge); *Fink*, 239 F.3d at 994 (recklessness plus frivolousness, harassment, or improper purpose).  Instead, it was brought with the intention of persuading the Court (i) to dismiss class claims (ii) that a conflict of interest exists, (iii) to grant judgment in Outlaw's favor, and (iv) to preserve the *Noerr-Pennington* immunity doctrine, which Tauler Smith needed to do as part of its zealous advocacy (and in order to avoid legal

---

[2] Although the Court denied the MJOP, it did not, despite what the Stores' Motion suggests, find the MJOP was vexatiously filed for the purpose of multiplying the proceedings.  *See, e.g.*, Stores' Mtn. at 5:23-26 (citing certain aspect of the Court's Order Denying the MJOP which simply cited language about "vexatious and sham litigation").

malpractice exposure, which arguably would have existed had Tauler Smith *not* raised the doctrine). *See, e.g.*, *Lake*, 2014 WL 12526276, at \*4.

> **2.  Opposing the Stores' Motion for Leave to File their Second Amended Counterclaims (ECF # 97) and Related Motion Practice (ECF ## 97, 143, 164 & 204-1)**

The Stores complain that in response to their Second Amended Counterclaims, Tauler Smith filed an opposition brief (challenging the RICO allegations against it and again raising the *Noerr-Pennington* immunity doctrine) and later, additional motions (a reply brief and a motion for reconsideration) challenging the counterclaims.

Ignoring that any law firm would have done what Tauler Smith did in response to being sued for RICO—oppose those claims—aggressively defending against new claims is not vexatious behavior. It is zealous advocacy. This is especially true here because Tauler Smith was not even a party until the Second Amended Counterclaims were filed. So, it is understandable, and even expected, that a newly added party (especially a law firm) would file an opposition to new claims being asserted against it. In fact, when this Court granted the Stores leave to file their Second Amended Counterclaims, it explicitly stated that it was expecting to address arguments raised in opposition in a motion to dismiss:

> Outlaw argues that it is mere speculation for Counterclaimants to allege that Outlaw engaged in evidence-gathering before creating the TriSteel product in late 2017, especially when the DG in PB discovery responses specifically aver that Outlaw began to sell TriSteel as early as October 10, 2016. (ECF No. 97, at 6.) But, as Counterclaimants correctly point out, Outlaw's argument is not so much a bad faith allegation as it is a merits contention ***better resolved upon a motion to dismiss***.

*See* ECF # 113 at PageID.1927 (Court's August 19, 2019 Order Granting Leave) (emphasis added); *id.* at PageID.1930 ("[T]he Court is not willing to decide a Rule 9(b) motion

prematurely . . . ***without the parties having had a full opportunity to brief the issue***.")
(internal citations and quotation marks omitted) (emphasis added).[3]

Regardless, it is unclear how opposing counterclaims could be viewed as multiplying the proceedings.  If anything, it was the Stores who multiplied the proceedings by petitioning the Court for leave to file amended counterclaims.  As the Court seemingly acknowledged, it is expected that a party who moves for leave to file amended claims would be met with opposition—and the party who files an opposition should not be penalized for doing so.

The Stores also misrepresent that Tauler Smith's opposition regurgitated previously made arguments.  The authorities cited in Tauler Smith's motion were new, and it is obvious from the pleadings the motion was heavily researched.  The opposition was not filed vexatiously or in bad faith.  It was filed because Tauler Smith's counsel believed, and continues to believe, the Second Amended Counterclaim should be dismissed.

Nor can Tauler Smith be sanctioned for filing motions for reconsideration.  The Stores claim Tauler Smith and its counsel should be penalized for asking the Court to reconsider its denial of Tauler Smith's motion to dismiss, but they make no attempt to show how doing so was vexatious.  Rather, they seem to challenge the idea that a party can ask a court to reconsider its rulings, even though the Stores have done the same thing.

Of course, even if the Court had already addressed certain issues in part (although based on different authorities and arguments), the Court could properly change its mind on ultimate issues (as it has done in several of its rulings in this case) because the prior orders were interlocutory issues.  After all, there is no legal doctrine or rule of law that requires a court to adhere to an earlier ruling, especially when justice so requires.  As the Ninth Circuit

---

[3] Far from being a frivolous argument, the Stores eventually conceded, in opposing summary judgment, as they did with respect to many of their contentions in this litigation, that there was no evidentiary basis for alleging that Tauler Smith played a role in gathering evidence before the TriSteel litigation began.  *See* ECF # 272 at PageID.6545 ("Tauler Smith's actual role in coordinating the collection of 'evidence' by JST remains to be seen.").

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

has recognized, "the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (internal citations and quotation marks omitted). There is no "imperative duty to follow the earlier ruling—only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs." *Id.* (internal citations and quotation marks omitted).

Although the Stores challenge numerous filings, the arguments behind each of them are largely the same—that Tauler Smith and its counsel have a tendency to "re-litigat[e] already-decided arguments." Stores' Mtn. at 18:3-4. Even if it were true that Tauler Smith and its counsel relitigated certain issues (which is not the case), that is not enough to justify sanctions under Section 1927. The Stores have made no attempt to show how this alleged conduct rises to the level of unreasonableness and vexatiousness. *Jolla Spa MD, Inc.*, 2019 WL 4141237, at *4.

### 3.      The Anti-SLAPP Motion (ECF ## 156-1 and 173)

The Stores also seek sanctions in connection with a recent anti-SLAPP motion Tauler Smith filed, which sought to strike the Stores' third cause of action for rescission. *See* ECF # 156-1.

<u>*First*</u>, the anti-SLAPP motion did not unnecessarily multiply the proceedings—the motion resulted in a single proceeding (a hearing over the issue). As with the MJOP, the anti-SLAPP motion was designed to put an end to this case, not needlessly create new questions and issues to be litigated over. *See, e.g.*, *Schmitzer*, 26 F. App'x at 703 ("[The plaintiff's attorney's] conduct in this case caused only a single additional 'proceeding'—summary judgment. Summary judgment ended this case; rather than creating new questions or issues to be litigated, it resolved the underlying dispute. Thus, summary judgment did not 'multiply' the proceedings: it brought the case to a conclusion. We reject [the defendant's] argument that [the attorney's] claims were so meritless that the summary judgment process alone constituted an unnecessary multiplication of the proceedings.").

*Second*, it is hard to see how filing an anti-SLAPP motion could be viewed as vexatious (especially one, like here, that is well-researched and made detailed arguments). An anti-SLAPP motion is a routine procedure to dispense with claims that implicate "protected activity" (including litigation privilege) under California Code of Civil Procedure section 425.16(e) (such as sending demanding letters and negotiating and executing settlement agreements). Whether or not this Court agreed with Tauler Smith is not the point in determining whether sanctions are appropriate. The only question is whether Tauler Smith filed its motion unreasonably and vexatiously. And the answer to that question—as evidenced by the fact the anti-SLAPP motion cited and relied on California case law that supported its position (*e.g.*, *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal.App.4th 141, 154 (2012) (collecting cases))—must be no.[4]

### 4.    Rule 11 Motion (ECF ## 102 & 107) and Motion to Disqualify (ECF ## 191-1, 212, 220-3, 227-1)

The Stores complain that Tauler Smith filed a Rule 11 motion "accusing Mr. Poe of making 'knowingly false statements'" and followed up with a Motion to Disqualify. Stores' Mtn. at 18:8-13. Not only do the Stores fail to show the required vexatiousness, but their arguments are contradicted by the very same Motion they filed. For example, the Stores claim Tauler Smith's Rule 11 and disqualification motions are sanctionable because they were supported only by Mr. Tauler's testimony, and not any hard evidence. Yet, their Motion is largely based on declarations from the Stores' counsel and out-of-context e-mail exchanges designed solely to make Mr. Tauler look bad. Again, this is a distraction from the only question that matters—whether either of those motions were filed unreasonably and vexatiously (they were not).

Here again, the Stores make no attempt to show how either of these motions meet the standards for unreasonableness or vexatiousness as discussed in the governing cases.

---

[4] It is worth noting that the Court did not address all the arguments in the anti-SLAPP motion. Instead, the Court found that rescission is not a cause of action, and therefore the anti-SLAPP statute did not apply. *See* ECF # 190 at PageID.3110-16.

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

*See, e.g.*, *Jolla Spa MD, Inc.*, 2019 WL 4141237, at \*4; *Girardi*, 611 F.3d at 1061 (reckless plus intentionally misleading; the Court explained "[t]he key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough."); *Lahiri*, 606 F.3d at 1221-22 (cumulative acts over five years evidenced a pattern of recklessness and bad faith warranting sanctions); *B.K.B.*, 276 F.3d at 1107 (recklessness plus knowledge); *Fink*, 239 F.3d at 994 (recklessness plus frivolousness, harassment, or improper purpose).

In addition, especially with the Motion to Disqualify (ECF ## 191-1, 212, 220-3, 227-1), it was clear that Gaw Poe was intending on using confidential information in this action, and that there is case law supporting Tauler Smith's position. *See* ECF 191-1 at PageID.3121 ("[B]y voluntarily taking on the representation of [Tauler Smith's] former bookkeeper, Gaw Poe knowingly and necessarily came into possession of confidential and privileged information belonging to [Tauler Smith] that it has already used in this case. Gaw Poe should be disqualified on that basis.") (citing *Clark v. Superior Court*, 196 Cal.App.4th 37 (2011) (disqualifying plaintiff's counsel based on their possession and use of defendant's privileged documents that they had obtained from plaintiff who was a former employee of defendant); *Gotham City Online, LLC v. Art.com, Inc.*, No. C 14–00991 JSW, 2014 WL 1025120 (N.D. Cal. Mar. 13, 2014) (disqualifying plaintiff's counsel based on their possession and use of defendant's privileged documents obtained from plaintiff's principals who were former employees of defendant)).[5]

---

[5] The Court agreed with Tauler Smith that Gaw Poe's representation of Mr. Valerio in a separate matter is unusual and merited, over Gaw Poe's strenuous objections, inclusion in the order a reminder that Gaw Poe must not accept privileged information from Mr. Valerio. *See* ECF # 244 at PageID.4468-69. As set forth in the motion to strike Mr. Valerio's declaration, Gaw Poe ignored those reminders and relied on privileged information in opposing summary judgment. *See generally* ECF # 280-4. The Court did not find that the motion to strike was frivolous or intended to harass (it was not); instead, the Court declined to rely on the Valerio declaration, granted the motion to strike, and indicated that it would address Tauler Smith's objections at the motion *in limine* stage, assuming the Stores intend to rely on Mr. Valerio's testimony at trial. *See* ECF # 293 at PageID.7197-98.

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

The pattern is the same with each of these motions: Tauler Smith filed a motion over something the Stores disagree with, the motion relies on actual authority (*i.e.*, California and federal case law), the motion is denied, and as a result of the denial, the Stores claim the motion must have been filed vexatiously.  It cannot be the case that a party is subject to sanctions for taking a certain position in a motion, backing that position up with case law, but ultimately losing the motion.  Because the Stores failed to point to anything concrete showing the motions were filed unreasonably and vexatiously, sanctions should not be awarded.

### 5. Discovery Disputes (ECF ## 165 & 215)

In addition to the "substantive motions" discussed above, the Stores complain about two motions to compel discovery they themselves brought.

*First*, even ignoring the obvious—*i.e.*, that it was the Stores who multiplied the proceedings by bringing discovery—the Court's orders in each dispute do not even remotely suggest the motions were the result of Tauler Smith's vexatiousness.  More specifically, the first motion to compel (ECF # 165) concerned Tauler Smith's argument that discovery served on it by the Stores was premature because no Rule 26(f) conference had been held.  As explained in Magistrate Judge Skomal's Order, Tauler Smith offered to provide the relief the Stores eventually received (responses to their discovery requests), but the Stores rejected Tauler Smith's offer.  *See* ECF # 180 at PageID.3031 ("Counsel for Tauler Smith informed counsel for the Stores that Tauler Smith would respond to the Discovery Requests on January 24, 2020, if the Stores would confirm in writing they would not argue that Tauler Smith waived its objections. Counsel for the ***Stores rejected the compromise***.") (emphasis added).  If anything, it was the Stores who multiplied the proceedings by rejecting Tauler Smith's compromise and bringing a motion to compel.

Besides, in ruling on the motion, Judge Skomal explicitly found that "Tauler Smith's assertion that an additional Rule 26(f) conference was required before it was required to respond to discovery[] was not frivolous" nor "unreasonable."  ECF # 180 PageID.3042.

The second motion to compel concerned responses to interrogatories and document requests from Tauler Smith. *See* ECF # 215 at PageID.4089. Although the Court ultimately ordered Tauler Smith to provide further responses and a declaration indicating it did not have any more responsive documents than those already produced to the Stores, nothing in ECF # 215 (Judge Skomal's Order) suggests this was anything other than a routine discovery dispute. If it were something else—*e.g.*, an order in response to some frivolous action on Tauler Smith's part—Judge Skomal likely would have sanctioned Tauler Smith.

*Second*, and more importantly, as with the substantive motions, the Stores do not explain how two discovery motions *they brought* unreasonably and vexatiously multiplied the proceedings. At worse, these discovery battles resulted in Magistrate Judge Skomal issuing two discovery rulings, which—especially in a complex civil case like this one—is routine and expected. These routine discovery disputes did not involve Tauler Smith's recklessly and intentionally misleading the Court. *See, e.g.*, *Girardi*, 611 F.3d at 1061. They did not involve repeated and consistent bad behavior over a several-year-long period. *See, e.g.*, *Lahiri*, 606 F.3d at 1221-22. They did not involve Tauler Smith taking frivolous litigation positions with the sole purpose being to harass the Stores or the Court, or for some other improper purpose. *See, e.g.*, *Fink*, 239 F.3d at 994. The conduct the Stores now complain about does not come close to the unreasonable and vexatious standard.

## B. The Stores Have Not Demonstrated that Tauler Smith Litigated Any of Its Motions in Bad Faith Such that the Court Should Award Sanctions Under Its Inherent Powers

In order to award sanctions under its inherent powers, the Court must find either that Tauler Smith (i) willfully disobeyed a court order, (ii) acted in bad faith, or (iii) willfully abused the judicial process. *Roadway Express*, 447 U.S. at 766. The Stores do not suggest that Tauler Smith willfully disobeyed a court order or abused the judicial process. The only question, therefore, is whether Tauler Smith acted in bad faith—and the answer to that question is a resounding "no."

In order to award sanctions for bad faith litigation conduct, the Court "must make an explicit finding that [Tauler Smith's] counsel's conduct 'constituted or was tantamount to bad faith.'" *Batarse*, 115 F.3d at 648 (citing *Roadway Express*, 447 U.S. at 767); *see also La Jolla Spa MD, Inc.*, 2019 WL 4141237, at *5 ("A specific finding of bad faith must precede any sanction under the court's inherent powers.") (internal citations, quotation marks, brackets, and ellipses omitted).

The portion of the Stores' Motion which seeks sanctions under the Court's inherent powers provides only two examples of when Tauler Smith engaged in such bad faith as to justify sanctions. <u>*First*</u>, citing *In re Itel Sec. Litig.*, the Motion claims that Tauler Smith filed *Tauler Smith LLP v. Valerio*, No. 20-CV-00458 AB, 2020 WL 1921789 (C.D. Cal. Mar. 6, 2020) ("*Valerio*") for the sole purpose of obtaining a tactical advantage in this action.

Initially, *In re Itel Sec. Litig.* is distinguishable. That case involved an attorney who admitted he filed objections in one securities class action in order to exact fee concessions in an action pending before another court. 791 F.2d at 675. In fact, in most of the cases where courts found bad faith as a result of an attorney's tactical desire to obtain an advantage in another case (including *In re Itel Sec. Litig.*), the attorney admitted to bad faith. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017) (after the parties settled on the eve of trial, the company conceded it had withheld information the plaintiffs had repeatedly requested); *Preston Collection Inc. v. Youtsey*, No. CV-15-00607-PHX-NVW, 2018 WL 11193410, at *11 (D. Ariz. Nov. 1, 2018) ("Here, Youtsey admits he took actions in *Preston v. Youtsey* for the benefit of PCT in *EZconn v. PCT*"); *see also Fink*, 239 F.3d at 991 (lawyer repeatedly attempted to mislead the court by making misrepresentations for the purpose of gaining tactical advantage in a different case).

By contrast here, Tauler Smith vehemently denies any suggestion that it filed *Valerio* to gain a strategic advantage in this case. It filed *Valerio* in response to a former employee (Joseph Valerio) who stole privileged and confidential material belonging to

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

1  Tauler Smith and then provided those materials to Gaw Poe.  *Valerio*, 2020 WL 1921789,
2  at *1.

3      Additionally, the Stores emphasize that the *Valerio* court dismissed Tauler Smith's
4  RICO claim because the claim was ""added for an 'improper purpose.'"  Stores' Mtn. at
5  2:2-5 (citing *Valerio*, 2020 WL 1921789, at *5).  But that is very different from the bad
6  faith concern articulated in *In re Itel Sec. Litig.* (doing something in one case in order to
7  gain a tactical advantage in another case).  Whether the RICO claim in *Valerio* was added
8  for an improper purpose in that case—and to be clear, Tauler Smith disagrees with that
9  court's finding that the RICO claim was improper—is irrelevant to whether Tauler Smith
10  acted in bad faith *in this case*.

11      *Second*, citing Civ. L.R. 2.1(a)(3)(k) (which admonishes lawyers "to refrain from
12  seeking to disqualify opposing counsel for any improper purpose or for any reason not
13  supported by fact or law"), the Stores again claim sanctions are warranted because of
14  Tauler Smith's disqualification motion (ECF # 191-1).  But as already explained above,
15  nothing about the disqualification motion suggests it was filed in bad faith.  On the
16  contrary, that motion was brought because it is clear that Gaw Poe was intending on using
17  confidential information in this action (*i.e.*, information given to it by Tauler Smith's
18  former employee, Joseph Valerio), and California case law supports disqualifying counsel
19  on that basis.  *See* ECF 191-1 at PageID.3121; *Clark*, 196 Cal.App.4th at 54-55.  In fact,
20  this Court agreed with Tauler Smith that Gaw Poe's representation of Mr. Valerio in a
21  separate matter is unusual and explicitly warned Gaw Poe not to accept privileged
22  information from Mr. Valerio.  *See* ECF # 244 at PageID.4468-69.  It is clear the
23  disqualification motion was not brought in bad faith, but instead out of legitimate and real
24  concerns.

25      Finally, as additional support for why sanctions are appropriate under the Court's
26  equitable powers, the Stores rely on *Gurvey v. Legend Films, Inc.*, No. 3:09-CV-00942
27  AJB, 2013 WL 12090309 (S.D. Cal. April 8, 2013).  That case is easily distinguishable.  It
28  involved a *pro se* plaintiff who filed repeated motions over the court's objections.  *Id.* at

**1-2.   That is very different from a law firm defendant and its counsel filing well-researched motions in a complex RICO case.

At the end of the day, the Stores have not met their burden to show that the Court should exercise its inherent powers to award sanctions.

### C.   The Stores' Fee Request is Unreasonable

As demonstrated above, the Stores are not entitled to any amount of attorneys' fees because there is no basis for sanctioning Tauler Smith, Mr. Tauler, or Mr. Sergenian.  The Stores' entire Motion is based on the premise that because Tauler Smith was on the losing end of too many motions, it should have to pay the Stores' attorneys' fees in litigating those motions (even though, by Gaw Poe's own admission, it "is not representing the Stores on an hourly basis," *see* Mtn. at 23:26).

Not only is there no factual or legal basis for the Stores' position, but granting their Motion would chill zealous advocacy by forcing litigants to second-guess advancing an aggressive defense.  But even if the Stores are entitled to attorneys' fees—and they are not—the amount in fees their counsel seek ($68,369.50) is unreasonable.

In determining the reasonableness of attorneys' fees, the Ninth Circuit considers the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

As just one example of the unreasonableness of Gaw Poe's claimed attorneys' fees, the firm claims its reasonable hourly rates are $1,000 for senior partners and $855 for junior partners and of counsel attorneys.  Stores' Mtn. at 23:26-24:2.  Gaw Poe recognizes these rates are high, but justifies them, at least in part, on the grounds this case involves "complex" Lanham Act and RICO claims.  *Id.* at 24:27-25:1.

As Gaw Poe acknowledges, its claimed hourly rate should be commensurate with "the novelty and difficulty of the questions involved."  *Kerr*, 526 F.2d at 70.  And as it relates to this Motion, the "questions involved" are whether Tauler Smith and its counsel engaged in too much vexatious motion practice.  The Stores cannot claim, on one hand, that Tauler Smith's motions were vexatious, and on the other hand, claim they are entitled to very high attorneys' fees because of the complexity of the issues involved.  After all, if the motions at issue were so vexatious, it follows they would have been devoid of merit and relatively easy to oppose.

Similarly, throughout their Motion, the Stores accuse Tauler Smith and its counsel of relitigating numerous issues.  For example, they claim they "had to litigate the same arguments regarding [Tauler Smith's] RICO allegations four separate times after the Court already ruled that they adequately stated a claim," and that Tauler Smith's anti-SLAPP motion "was identical to the unsuccessful motion previously brought by Outlaw."  Stores' Mtn. at 18:1-7.  Even assuming that were true (and it is not), it undercuts Gaw Poe's claim regarding the time spent opposing these motions.  In other words, if Tauler Smith was simply repeating and rehashing previously litigated arguments, it would follow that Gaw Poe would not need to spend so much time opposing those motions.  If what Gaw Poe is saying is true, it would suggest additional legal research (*e.g.*, new authority) and analysis would not have been necessary.

But that clearly was not the case.  That Gaw Poe spent so much time opposing Tauler Smith's motions is proof those motions were not vexatious, but instead the result of careful, thoughtful, and reasoned analysis.

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS

## IV. **CONCLUSION**

For all these reasons, Tauler Smith respectfully requests the Court deny the Stores' Motion for Sanctions.

DATED:  November 2, 2020          Respectfully submitted,

**KJC LAW GROUP, A.P.C.**


By:     /s/ Kevin J. Cole
        Attorneys for Counter-Defendant
        *Tauler Smith LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on November 2, 2020.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on November 2, 2020.

**KJC LAW GROUP, A.P.C.**

By:   /s/ *Kevin J. Cole*
      Attorneys for Counter-Defendant
      *Tauler Smith LLP*

TAULER SMITH LLP'S OPPOSITION TO MOTION FOR SANCTIONS