**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
E-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
E-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE OUTLAW LABORATORIES, LP LITIGATION

Case No.: 18-cv-840-GPC-BGS

**TAULER SMITH LLP'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION AND FOR SUMMARY JUDGMENT AGAINST SKYLINE MARKET BASED ON THE WRITTEN RELEASE, OR ALTERNATIVELY, FOR SEPARATE TRIAL OF THE REMAINING RELEASE ISSUES**

Judge: Hon. Gonzalo P. Curiel
Courtroom: Courtroom 2D

Hearing Date: December 18, 2020
Hearing Time: 1:30 p.m.

# I. INTRODUCTION

It is telling that third-party plaintiffs NMRM, Inc. and Skyline Market, Inc. ("Skyline"), and counterclaimant Roma Mikha (collectively, the "Stores") begin their Opposition to Tauler Smith's Motion for Partial Reconsideration by challenging the *idea* that Tauler Smith could ask this Court to reconsider a previous ruling (the Court's Summary Judgment Order in ECF # 293 (the "Order")), rather than the *substance* behind Tauler Smith's request. Of course, the law recognizes that litigants like Tauler Smith should be permitted to challenge rulings which they believe deserve a second look—and the Stores' suggestion otherwise is a distraction. *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge.").

The more relevant question is whether this Court respectfully overlooked that the Settlement Agreement between Outlaw Laboratory, LP ("Outlaw") and Skyline explicitly precludes Skyline from arguing that it was misled by the demand letters. After all, the parties to the Settlement Agreement explicitly agreed that they were not influenced by any statements made by the other parties, nor made by any person representing them:

> 3.3 Representations and Warranties. The Parties hereby represent and warrant to, and agree with each other as follows:
>
> (a) The Parties hereto, and each of them, represent and declare that in executing this Agreement they have relied solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, if any, concerning the nature, extent, and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by the other party hereto or by any person representing him or it.

*See* ECF # 260-10 at PageID.5543, ¶ 3.3(a).

This language would seem to prevent Skyline from attempting to void the Settlement Agreement on grounds it was misled. Or to quote from the Ninth Circuit, "[t]hat resolves the issue." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1445 (9th Cir. 1986)

(holding that because the plaintiff "admitted unequivocally in the Release . . . that it was not relying on any inducements, promises, or representations not contained therein," there was no triable issue as to whether the release was void for fraud) (citing *Fisher v. Pennsylvania Life Co.*, 69 Cal. App. 3d 506, 512 (1977)).

Tauler Smith's Motion for Reconsideration (ECF # 306) is based on the Court's not having addressed the waiver issue contemplated by *Brae*. The Stores attempt to minimize the significance of Tauler Smith's argument by calling it a "minor" one. *See* Mem. in Opp. at 2:22-24. But this is not some minor issue—it is a fundamental one. That a represented party can knowingly sign and execute a release, only to later take a position that explicitly contradicts the release, defeats the purpose of a settlement (especially one where the parties had counsel), and calls into question whether any settlement means what it says.

Nothing the Stores say in their Opposition alters this conclusion. Respectfully, because the Order suggests the Court may have overlooked this issue—and given the importance of it—reconsideration is appropriate.

## II. ARGUMENT

### A. Although Motions for Reconsideration are Generally Disfavored, That Relief is Appropriate Here

Despite what the Stores say, Tauler Smith understands that motions for reconsideration are the exception, not the rule. And although Tauler Smith agrees with the Stores that the Court's 41-page Order is very thorough, that does not change the fact the Court may have overlooked a critical issue—whether the (represented) parties' explicit representation they were not influenced by any statements made by the other parties or their counsel waives their ability to now claim they were misled (it does).

The Ninth Circuit's opinion in *Brae* is exactly on point.[1] As explained in the moving papers, the *Brae* court held that, under California law, a release by an acquiring

[1] Tauler Smith acknowledges it should not have cited the Ninth Circuit's unpublished opinion in *Wojciechowski v. Latham & Watkins*, 221 F.3d 1350, 2000 WL 540758 (9th Cir. May 3, 2000), and apologies for doing so.

corporation, releasing shareholders of the acquired corporation from all claims as to the corporation's net worth, barred the acquiring corporation's action for fraud. 790 F.2d at 1444. The court reasoned that the action was barred because the plaintiff admitted in the release and in response to a request for admission ("RFA") made after suit was filed that it did not rely on any inducements, promises or representations not contained in the release. *Id.* at 1444-45. As the court explained:

> The Release bars Brae from raising allegations about misrepresentations. Brae admitted unequivocally in the Release and in response to the Shareholders' request for admissions under Rule 36, filed after Brae had commenced suit, that it was not relying on any inducements, promises, or representations not contained therein. That resolves the issue.

*Id.* at 1445.

Of course, the Stores do not like this precedent, and so they (i) write it off as a "34-year-old opinion" and (ii) mispresent the facts. *First*, that *Brae* is thirty-four years old does not change its precedential effect. *Brae* remains the law of the Ninth Circuit. *Second,* the Stores misleadingly suggest that *Brae* came down the way it did because the plaintiff (the settling party) admitted in subsequent litigation (*i.e.*, after the release was signed, in an RFA response) that it had not relied on any inducements, promises or representations. *See* Mem. in Opp. at 3:19-25 (emphasizing that the admission was made in subsequent litigation). But it is clear from the opinion in *Brae* that the plaintiff "***admitted unequivocally in the Release*** . . . that it was not relying on any inducements, promises, or representations . . ." *Brae*, 790 F.2d at 1445 (emphasis added). In other words, there is no suggestion in *Brae* the court gave extra weight to the fact of the plaintiff's subsequent RFA responses—the plaintiff unequivocally admitted ***in the release itself*** that its settlement was not influenced by any outside pressure. That is the exact situation here.

The Stores also question *Brae's* suggestion that a party seeking to rescind a release due to an "alleged intentional nondisclosure" must demonstrate the other party had a "special duty to disclose." *Id.* ("Brae's contention that the Shareholders' alleged

intentional nondisclosure constituted a triable issue as to fraud, would be true if the Shareholders had a special duty to disclose."). The Stores claim that aspect of *Brae* was overturned by *San Diego Hospice v. County of San Diego*, 31 Cal.App.4th 1048 (1995). *See* Mem. in Opp. at 4:8-13. But *San Diego Hospice* does not mention or cite to *Brae*, and California authority overwhelmingly supports what *Brae* held—that liability is imposed for concealment where the defendant is in a fiduciary or other confidential relationship that imposes a duty of disclosure. *See, e.g.*, Cal. Civ. Code § 1710(3) ("The suppression of a fact, by one ***who is bound*** to disclose it") (emphasis added); *Hahn v. Mirda*, 147 Cal.App.4th 740, 748 (2007) (because the physician-patient relationship is a fiduciary one, a physician is prohibited from concealing or otherwise misrepresenting the nature of a patient's medical condition).

At the end of the day, the Stores do not say anything to change the fact that (i) the *Brae* waiver issue is critical to this case (given the parties' explicit agreement in the Settlement Agreement), and (ii) the Court may have overlooked that issue, which justifies reconsideration.

### B. The Stores Understate the Value and Purpose Behind a Separate Trial on Questions About the Release

As an alternative to the relief requested in its moving papers, Tauler Smith argued that any questions about the validity of the Settlement Agreement—and more specifically, its release—should be tried separately, apart from the RICO claims. Although that would necessarily result in two separate trials, the fact of separate trials does not render Tauler Smith's proposal "[in]efficient." *See* Mem. in Opp. at 4:23-27. The idea is that any questions concerning the validity of the release could be dealt with narrowly (and probably expeditiously) in one trial, and that the jury's finding in that trial could obviate a need for trial over the (more complicated and involved) RICO claims. That is the exact purpose for which Rule 42 was designed. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

### C. The Stores' Request that Tauler Smith be Required to Obtain Leave to File Further Motions is Not Only Inappropriate, But an Intentional Distraction from the Merits

The Stores already filed a motion for sanctions against Tauler Smith and its counsel for filing too many motions. *See* ECF # 300. Without repeating all the arguments Tauler Smith made in its opposition (ECF # 329), it is sufficient for purposes of this Motion to point out that the Stores' (highly unusual) request is an intentional distraction. The idea behind the request is to suggest that Tauler Smith's legal positions are so devoid of merit that it should not even be able to defend itself (*i.e.*, by filing motions to challenge the Stores' claims against it). Ignoring that the relief it seeks would effectively cut off Tauler Smith's ability to defend itself,[2] the Court should see through the Stores' attempt to divert the Court's attention away from the merits.

## III. CONCLUSION

For all these reasons, Tauler Smith respectfully requests the Court reconsider its summary judgment ruling (ECF # 293) or, alternatively, hold a separate trial on the validity of the Settlement Agreement.

DATED: November 12, 2020

Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Attorneys for Counter-Defendant
*Tauler Smith LLP*

---

[2] Based on counsel's experience, the relief the Stores seek is generally reserved for *pro se* litigants who have been deemed vexatious.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on November 12, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 12, 2020.

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Attorneys for Counter-Defendant
*Tauler Smith LLP*