MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No. 3:18-cv-840-GPC-BGS<br><br>**REPLY BRIEF IN SUPPORT OF THE STORES' MOTION FOR SANCTIONS**<br><br>Date:    December 18, 2020<br>Time:    1:30 p.m.<br>Court:   2D<br>Judge:   Hon. Gonzalo Curiel |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................2

I. TAULER SMITH'S FILINGS WERE FRIVOLOUS. ......................................3

II. TAULER SMITH HAD BAD FAITH AND INTENDED TO HARASS. .........7

III. THE STORES' REQUESTED FEES ARE REASONABLE. ..........................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cristo v. U.S. Sec. & Exch. Comm'n*,
  No. 19-CV-1910-GPC (MDD), 2020 WL 2735175 (S.D. Cal. May 26, 2020) ...................................................................................................... 8

*Gurvey v. Legend Films, Inc.*,
  No. 3:09-CV-00942 AJB, 2013 WL 12090309 (S.D. Cal. April 8, 2013) ...................................................................................................... 9

*In re Itel Sec. Litig.*,
  791 F.2d 672 (9th Cir. 1986) ......................................................................... 8

*In re Keegan Management Co. Sec. Litig.*,
  78 F.3d 431 (9th Cir. 1996) ........................................................................... 2

*Kerr v. Screen Extras Guild*,
  526 F.2d 67 (9th Cir. 1975) ......................................................................... 10

*La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, No. 17-CV-1124-MMA, 2019 WL 4141237, at *4 (S.D. Cal. Aug. 30, 2019) ....................... 2

*Roadway Exp., Inc. v. Piper*,
  447 U.S. 752 (1980) ...................................................................................... 2

*Star Fabrics, Inc. v. Ross Stores, Inc.*,
  No. CV 17-5877 PA, 2017 WL 10439691 (C.D. Cal. Nov. 20, 2017) ........................................................................................................ 8

*Thayer v. Kabateck Brown Kellner LLP*,
  207 Cal. App. 4th 141 (2012) ....................................................................... 5

**Other Authorities**

Local Rule 2.1(a)(3)(k) .......................................................................................... 9

# PRELIMINARY STATEMENT

Contrary to the arguments in the opposition, the Stores did not bring this motion for sanctions because Tauler Smith and Messrs. Tauler and Sergenian (collectively, "Tauler Smith") lost most of the motion practice in this action. This is apparent given that the Stores did not seek sanctions in connection with the following motions, despite winning **all of them**.[1] (*See, e.g.*, ECF Nos. 16 (Anti-SLAPP Motion to Strike), 38 (Motion to Dismiss Amended Counterclaims), 99 (Motion to Strike Poe Declaration), 116 (Motion to Compel Discovery), 168 (Motion for Judgment on the Pleadings), 184 (Motion to Modify Case Schedule), 261 (Tauler Smith Motion for Summary Judgment), and 277 (Ex Parte Application to Quash Valerio Subpoena).)

Instead, as explained in their opening brief, the Stores seek sanctions against Tauler Smith with respect to certain, specific motions because it repeatedly and reflexively filed those papers while making frivolous legal arguments, false factual contentions, and misrepresentations of the law and the facts. And in many of these same filings, it repeatedly disparaged the ethics of Gaw Poe's attorneys without foundation, resulting in the public filing of numerous (false) allegations against these lawyers that they will have to navigate for the rest of their careers.

More importantly, the evidence is clear and convincing that Tauler Smith acted with bad faith in waging its scorched earth campaign. As Mr. Tauler himself wrote on July 2, 2020:

> year with me and after two of their clients ended up in jail. **I've got Poe tied up for the next three years at least and by the end of it he won't even have a liquor store to represent. I am good at this and I know the set up.** You are

(ECF No. 300-26 at 1.) Tauler Smith must face the consequences for its abusive conduct, and the Stores respectfully request that the Court grant their motion in full.

---

[1] Some of these motions were granted/denied in part, so the Stores don't mean to suggest they achieved complete victory as to all of them. But the substance of the Court's orders show that the Stores substantially prevailed in terms of the relief awarded (or denied, as the case may be).

# ARGUMENT

Tauler Smith's opposition asserts several incorrect arguments in an effort to reset the standards by which the Court must evaluate this motion. For example, Tauler Smith asserts – without citation – that the Court cannot award section 1927 sanctions unless "***each*** of the motions filed and opposed by Tauler Smith are vexatious." (Opp. at 1.) As is clear from governing case law, however, any single filing (other than the initial complaint) is within the purview of section 1927. (Mot. at 16-17.) Nor does Tauler Smith's wished-for restriction exist for sanctions made under the Court's inherent powers.[2] (*Id.* at 21-22.) Thus, should the Court determine that some, but not all of Tauler Smith's filings are sanctionable, the Stores have already apportioned out how much attorney time they have spent with respect to each of the different categories of filings at issue. (ECF Nos. 300-29 & 300-30.)

As another example, Tauler Smith seems to think that section 1927 motions are not applicable to dispositive motions because they seek to dismiss claims and therefore do not "multiply" the proceedings. (Opp. at 5.) "Multiplying" the proceedings, however, means to engage in "unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). If it were true that any motion seeking to reduce or eliminate claims were exempt from the scope of section 1927, Tauler Smith presumably would have cited some authority to that effect. It did not, and the Stores are not aware of any.

In yet another example, Tauler Smith correctly cites that courts have held that the requisite "bad faith" finding must be established by clear and convincing evidence. (Opp. at 4.) But then it attempts to shoehorn the entire motion itself under the clear and convincing standard, by claiming that the Stores must demonstrate that

---

[2] Tauler Smith makes the same argument on page 4 of its Opposition citing *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, No. 17-CV-1124-MMA, 2019 WL 4141237, at *4 (S.D. Cal. Aug. 30, 2019) and *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). Neither case has this holding, however. Once again, Tauler Smith misrepresented the holdings of the cases it cited. (Mot. at 15.)

Tauler Smith was "unreasonable and vexatious" under the clear and convincing standard. (Opp. at 5.) The case law, however, is clear as to the proper standard to apply to this sanctions motion. (Mot. at 16-17, 21-22.) And that case law holds that the clear and convincing standard applies only to the bad faith element. (*Id.*)

The standards for sanctions motions brought under section 1927 or the Court's inherent powers are clear. Tauler Smith's filings were frivolous. Moreover, there is clear and convincing evidence that Tauler Smith acted with bad faith, either because they made their filings recklessly, or because they made their filings with the intent to harass. As the attorney time and rates requested by the Stores are reasonable, the Court should grant this sanctions motion in full. Furthermore, the Court should issue a self-report sanction upon Mr. Tauler due to his egregious conduct.

## I. TAULER SMITH'S FILINGS WERE FRIVOLOUS.

Tauler Smith does not deny that "frivolousness" means "legal or factual contentions so weak as to constitute **objective** evidence of improper purpose." (Mot. at 16, 21-22) (emphasis added).)[3] But instead of disputing whether its filings were "frivolous," Tauler Smith instead argues that those filings were not "unreasonable and vexatious" because it did not have any subjective mal-intent behind those filings. The subjective motivations possessed by Tauler Smith, however, have nothing to do with whether its filings were frivolous. To the extent that such subjective beliefs have any relevance, they would pertain only to the bad faith analysis.

Turning to the specific arguments made in Tauler Smith's opposition:

MJOP: Tauler Smith argues only that the motion did not multiply the proceedings because it sought to dismiss claims, and that it was not brought for an improper purpose. (Opp. at 5.) It does not address the Stores' argument that the

---

[3] Sanctions under the Court's inherent powers do not require frivolousness *per se*. (Mot. at 21-22.) But they require a finding of bad faith, which can be demonstrated by showing that a party recklessly made a frivolous argument. (*Id.*) Hence, the Stores demonstrating that Tauler Smith's filings were frivolous is relevant to both the section 1927 analysis and the inherent powers analysis.

1  MJOP was frivolous because it was based on (i) the same *Noerr-Pennington*
2  arguments the Court had already rejected two different times with lengthy
3  explanations and (ii) Mr. Tauler's speculative and unsupported motivations about
4  Gaw Poe and its clients. (Mot. at 4-5, 17.)

5  <u>Mot. for Leave – SACC</u>: Tauler Smith argues that it was simply engaged in
6  zealous advocacy with respect to these motion filings, that the Court expected it to
7  file a motion to dismiss, that dispositive motions cannot multiply proceedings, that it
8  did not regurgitate previously made arguments, that it can always file a motion for
9  reconsideration, and that the Court can always change its mind. (Opp. at 6-8.) Once
10 again, Tauler Smith did not address the Stores' specific arguments regarding the
11 frivolousness of these filings. (Mot. at 5-7, 17.)

12 Again, the point is not that Tauler Smith filed or opposed motions and lost.
13 The point is that it kept making the exact same argument over and over, in order to
14 keep Gaw Poe "tied up." For example, after having its *Noerr-Pennington* argument
15 rejected for a third time on its MJOP, Tauler Smith then (unsuccessfully) raised the
16 same argument for a ***fourth*** and ***fifth*** time. (Mot. at 4-7.) It also argued for the
17 second, third, and fourth time that a law firm's conduct could not, as a matter of law,
18 form the basis of a RICO predicate act. (*Id.*) It additionally argued for a second and
19 third time that the Stores had failed to plead fraud with particularity.[4] (*Id.*) It is not
20 zealous advocacy to keep advancing the same losing argument over and over. It is
21 the very definition of multiplying the proceedings, because the Stores and the Court
22 had to address the same issue raised by Tauler Smith a third, fourth, or fifth time.

23 Moreover, Tauler Smith's principal argument – that the Court can always
24 reconsider its interlocutory orders – is itself frivolous. A court is obviously free to
25 reconsider its own rulings *sua sponte*. But there are standards that apply when a party

---

[4] Tauler Smith cites the Court's opinion holding that Rule 9(b) challenges are best left to a motion to dismiss, but fails to cite the part of the opinion holding that the Stores' allegations meets those requirements anyway. (ECF No. 113 at 15.)

1  is *asking a Court to reconsider* its interlocutory rulings.  Tauler Smith does not even
2  acknowledge these standards, even though this Court has literally explained those
3  same standards in several of its orders *cited by the Stores in their opening brief.*
4  (ECF No. 243 at 2 (citing authorities); ECF No. 251 at 2 (citing authorities).)  It is
5  truly baffling that in hoping to defeat a motion for sanctions, Tauler Smith doubles
6  down by engaging in the same type of behavior the Stores are seeking to sanction.

7        Anti-SLAPP Motion: Tauler Smith again repeats its erroneous argument that
8  this motion did not multiply the proceedings because it sought to dismiss a claim.
9  (Opp. at 8.)  It then argues that the motion could not have been vexatious because it
10 was "well-researched and made detailed arguments" and because the case Tauler
11 Smith cited in its briefs – *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal. App. 4th
12 141, 154 (2012) – supported its arguments.  (*Id.* at 9.)

13       Needless to say, Tauler Smith did not address the Stores' specific arguments
14 regarding the frivolousness of these filings.  (Mot. at 8, 18.)  In both the anti-SLAPP
15 briefing and in its Opposition to this motion, Tauler Smith fails to address the central
16 point of the Court's prior ruling on the anti-SLAPP issues: that rescission is a remedy,
17 not a cause of action.  (ECF No. 190 at 32-33.)  Tauler Smith's briefing was neither
18 "well-researched," nor its "detailed arguments" meritorious given that it simply
19 chose to ignore this fundamental aspect of California law that the Court had already
20 elucidated upon at length in its prior order denying the first anti-SLAPP motion.  And
21 the Stores have no idea why Tauler Smith cites the *Thayer* case considering that it
22 does not concern rescission in any way.

23       Rule 11 Motion: Tauler Smith appears to argue that its Rule 11 motion was
24 not "vexatious" because while it was supported only by Mr. Tauler's declaration, the
25 Stores' motion for sanctions is "largely based on declarations from the Stores'
26 counsel and out-of-context e-mail exchanges designed solely to make Mr. Tauler
27 look bad." (Opp. at 9.)  Tauler Smith, however, misapprehends the role of evidence
28 with respect to the differing motions.  With respect to this motion, there is no

1. "evidence" that the Stores are relying upon to establish the objective frivolousness of Tauler Smith's filings. As outlined in the opening brief, the objective frivolousness is demonstrated by Tauler Smith's own filings, precedent, and the Court's prior rulings to those filings. (Mot. at 9-10, 18.) And the (single) declaration submitted by the Stores is primarily used to authenticate Mr. Tauler's e-mails that the Stores introduce as part of their bad faith analysis.

The fundamental contrast in approaches illustrates why Tauler Smith's Rule 11 motion was frivolous. It sought to sanction the Stores, Gaw Poe, and Mr. Poe for making "knowingly false statements," but then failed to present any evidence that any statements were false, let alone knowingly false. (Mot. at 8.) Instead, Mr. Tauler recklessly submitted sworn statements that the Counterclaims made false allegations because he decreed they were false. (*Id.* at 8.) And when challenged on the lack of proof, Mr. Tauler simply unleashed vitriolic attacks upon Mr. Poe personally. (*Id.* at 9.) Whereas for this motion, the Stores demonstrate Tauler Smith's bad faith in part by using its own non-hearsay, party admissions against it. (ECF Nos. 300-6 to 300-28.) In other words, the Stores are not accusing Tauler Smith of bad faith "just because." Rather, they are establishing Tauler Smith's bad faith because Tauler Smith repeatedly put down proof of such bad faith in writing.

Motion to Disqualify: Tauler Smith did not address the Stores' specific arguments as to why these filings were frivolous. (Mot. at 10-11, 18.) Instead, it recklessly asserts that "it was clear that Gaw Poe was intending on using confidential information in this action, and that there is case law supporting Tauler Smith's position." (Opp. at 10.) Unless this sanctions motion is granted, Tauler Smith will only continue making these inflammatory, baseless assertions. Apart from the complete absence of any evidence showing Gaw Poe's intent on using any of Tauler Smith's confidential information, the Court's order on this motion definitively established that Tauler Smith's communications with Mr. Valerio are **not** confidential because they are not protected by the attorney-client privilege or the

1  "non-existent 'bookkeeping' privilege'" and that there is no evidence that "any
2  privileged information had been conveyed to Gaw | Poe." (ECF No. 244 at 18.)
3  Moreover, a third-party's personal knowledge that a defendant engaged in criminal
4  conduct is neither "confidential" nor "privileged."

5  <u>Discovery Disputes</u>: This is the first instance of Tauler Smith responding to
6  the substance of the Stores' arguments regarding frivolousness. Regarding the first
7  discovery motion, Tauler Smith's claim that it offered to compromise (Opp. at 11),
8  ignores the point that it nevertheless frivolously argued to Magistrate Skomal that it
9  had no obligation to respond to any discovery requests at all, both because a second
10 Rule 26(f) conference needed to take place and because it had filed a motion to
11 dismiss the Stores' counterclaims. (Mot. at 14-15.) Making those arguments
12 multiplied the proceedings, because both the Stores and Magistrate Skomal were now
13 required to address them.

14 As for the second discovery motion, Tauler Smith does not defend its filings
15 but instead argues that it was not sanctioned by Magistrate Skomal, so its actions
16 could not have been that bad. The Stores, however, did not request sanctions at that
17 time. (ECF No. 215 at 12-13.) They are requesting sanctions now.

18 <u>Other Motions</u>: Tauler Smith does not address, in any way, its sanctionable
19 conduct in briefs regarding the *DG in PB* defendants' motion for summary judgment
20 or the Stores' motion for class certification. (Mot. at 12-14.)

21 **II.   TAULER SMITH HAD BAD FAITH AND INTENDED TO HARASS.**

22 Tauler Smith completely ignores an entire section in the Stores' motion – that
23 the clear and convincing evidence of Tauler Smith's recklessness in (i)
24 misrepresenting facts to the Court, (ii) advancing frivolous legal arguments, and (iii)
25 refusing to correct or withdraw non-meritorious litigation positions satisfies the bad
26 faith requirement for sanctions. (Mot. at 17-20, 22.) It also ignores the Stores'
27 argument that Mr. Tauler's past Rule 11 sanction and his past **three** Rule 11 warnings
28 also demonstrate his personal bad faith. (*Id.* at 20, 22.) It additionally ignores the

1  Stores' argument that there is also clear and convincing evidence of Mr. Tauler's
2  intent to harass the Stores as demonstrated by his (i) unrelenting animus towards Gaw
3  Poe, (ii) his personally suing all of Gaw Poe's attorneys in the *Valerio* lawsuit, (iii),
4  his repeated issuance of unsolicited, harassing e-mails to Gaw Poe's attorneys, and
5  (iv) his issuance of libelous statements about Gaw Poe to opposing counsel in Gaw
6  Poe's other cases. (Mot. at 20-22.) "Because [Tauler Smith] has failed to oppose the
7  arguments, they are conceded and waived[.]" *Cristo v. U.S. Sec. & Exch. Comm'n*,
8  No. 19-CV-1910-GPC (MDD), 2020 WL 2735175, at *6 (S.D. Cal. May 26, 2020).
9  *See also Star Fabrics, Inc. v. Ross Stores, Inc.*, No. CV 17-5877 PA (PLAX), 2017
10 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a
11 party fails to oppose arguments made in a motion, a court may find that the party
12 has conceded those arguments.").

13 Instead, Tauler Smith first addresses the Stores' reliance on *In re Itel Sec.*
14 *Litig.*, 791 F.2d 672 (9th Cir. 1986). (Opp. at 13-14.) That case applies only to the
15 Stores' request for sanctions pursuant to the Court's inherent authority, and the Stores
16 cited it to demonstrate Mr. Tauler's bad faith because he filed the *Valerio* action to
17 get a tactical advantage in this action. (Mot. at 23.) This attempt at a tactical
18 advantage is simply an **additional** data point that should be viewed along with the
19 other evidence of Tauler Smith's bad faith that it has "conceded and waived."

20 But even so, Tauler Smith's attempt to distinguish its actions in the *Valerio*
21 case from *In re Itel* lack merit. Tauler Smith argues that unlike the lawyer in *Itel*, it
22 never admitted to filing the *Valerio* action for a tactical purpose. It is true that Tauler
23 Smith has never made such an admission, but the Ninth Circuit never limited the
24 holding of *Itel* to cases where the lawyer admits to the improper conduct. More
25 importantly, it simply is not true either that Mr. Valerio "stole privileged and
26 confidential material belonging to Tauler Smith" or that Tauler Smith filed the
27 *Valerio* action as a response. (Opp. at 13-14.) The proof is in the pudding. Tauler
28 Smith voluntarily dismissed without prejudice the *Valerio* action on September 22,

2020. (Supp. RJN Ex. B.) Hardly the action that a righteous litigant would take if its materials had actually been stolen. Of course, it filed this dismissal the day after the issuance of a tentative ruling sanctioning Mr. Tauler and Tauler Smith, jointly and severally, in the amount of $1,060. (Supp. RJN Ex. C at 3.)[5] Tauler Smith filed the *Valerio* action solely to get an advantage in this case, and when his actions caught up to him and he faced consequences, he promptly abandoned that lawsuit.

Second, Tauler Smith addresses Civil Local Rule 2.1(a)(3)(k). Once again, it presents the canard that "Gaw Poe was intending on using confidential information." (Opp. at 14.) Tauler Smith additionally mischaracterizes Mr. Valerio as its "former employee." (Opp. at 14.) In reality, of course, Mr. Valerio was an independent contractor. (ECF No. 244 at 2.) Nor did the Court "explicitly warn Gaw Poe not to accept privileged information from Mr. Valerio." (Opp. at 14; ECF No. 244 at 17-18.) What the Court did state is that it had the "impression that the motion may have been filed for 'tactical purposes' given Tauler Smith's inability to identify an applicable privilege[.]" (ECF No. 244 at 16.) That correct impression means that Tauler Smith's violation of the Local Rule is grounds for sanctions. (Mot. at 23.)

Third, Tauler Smith attempts to distinguish *Gurvey v. Legend Films, Inc.*, No. 3:09-CV-00942 AJB, 2013 WL 12090309 (S.D. Cal. April 8, 2013). (Opp. at 14-15.) In that case, a *pro se* litigant was sanctioned for filing a baseless motion to vacate that advanced the same arguments made in a prior motion to vacate, and in two prior *ex parte* applications. *Id.* at *3. Those were four filings in total, whereas here, on the *Noerr-Pennington* arguments alone, Tauler Smith filed **five (!) losing motions/oppositions**. (Mot. at 4-7.) If a *pro se* litigant could get sanctioned for making a single frivolous filing, then Tauler Smith should be sanctioned for making multiple frivolous filings.

---

[5] Mr. Tauler also misrepresented to the Superior Court that he had met and conferred with Gaw Poe in connection with the motion to compel discovery that is the subject of the tentative ruling. (Supp. RJN Ex. C at 2.)

### III. THE STORES' REQUESTED FEES ARE REASONABLE.

Tauler Smith does not present any evidence to dispute the reasonableness of the Stores' requested attorney rates. It does not contest the basis for the *AdTrader* ruling, the figures presented in the Real Rate Reports, or judicial opinions from the Southern and Central District approving the reasonableness of comparable rates.

Instead, Tauler Smith merely sets forth the *Kerr* factors and claims that the "claimed hourly rate should be commensurate with 'the novelty and difficulty of the questions involved'" and that, basically, if Tauler Smith's motions were "vexatious" then they should have been easy to oppose and little time should have been spent. (Opp. at 15-16.) The Stores' evidence, however, satisfies the *Kerr* factors which, in any event, are used to judge the reasonableness of the overall award of attorney's fees, as opposed to determining a reasonable hourly rate. *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975) ("We adopt these guidelines as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees."). Tauler Smith also ignores the precedent holding that the *Kerr* factors are not "rigidly applied" in determining a sanctions award. (Mot. at 23 (citing *Matter of Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986)).

As for the argument that a "vexatious" filing should result in some kind of discount off of the opposing attorney's time and rate because that filing was meritless, there is not a single case that has ever adopted that idea. In any event, Tauler Smith repeatedly undermines its own argument elsewhere in its opposition brief. (*See, e.g.*, Opp. at 4 ("This is a complex case"), 12 ("especially in a complex civil case like this one"), 15 ("complex RICO case").) Moreover, Gaw Poe's time records show they did not, in fact, spend much time on the filings at issue in this motion. (ECF No. 300-30.) Gaw Poe's attorneys never spent more than 13 hours on any particular filing and spent fewer than 6 hours in connection with more than half of the filings at issue. (*Id.*) As such, the time spent by them was indeed commensurate with "the novelty and difficulty of the questions involved[.]" *Kerr*, 526 F.2d at 70.

Dated: November 16, 2020    GAW | POE LLP

By: _____
Randolph Gaw
Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs

# CERTIFICATE OF SERVICE

Case No. 3:18-cv-1882-GPC-BGS

I HEREBY CERTIFY that on November 16, 2020, I filed the following documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

**REPLY BRIEF IN SUPPORT OF THE STORES' MOTION FOR SANCTIONS**

GAW | POE LLP

By:   s/ *Randolph Gaw*
Randolph Gaw
Attorneys for Defendants,
Counterclaimant, and Third-Party
Plaintiffs