MARK POE (Bar No. 223714)
 mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
 rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
 ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

*Counsel for the Stores*

SEAN M. REAGAN (*pro hac vice*)
The Reagan Law Firm
sean@reaganfirm.com
P.O. Box 79582
Houston, Texas 77279
Telephone: 888.550.8575

MICHAEL R. DUFOUR (SBN 290981)
mrd@dufourlawfirm.com
8675 Falmouth Ave., Suite 307
Playa Del Rey, California 90293
Telephone: (213) 200-9809
Facsimile: (424) 389-7236

*Counsel for Outlaw Laboratory, LP,
Michael Wear and Shawn Lynch*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORY, LP LITIGATION | Case No. 3:18-cv-840-GPC-BGS<br><br>**JOINT OPPOSITION TO TAULER SMITH'S RULE 72 OBJECTION TO MAGISTRATE SKOMAL'S OCTOBER 14, 2020 ORDER DENYING MOTION TO MODIFY THE CASE SCHEDULE**<br><br>Date:     Dec. 18, 2020<br>Time:     1:30 p.m.<br>Court:    2D<br>Judge:    Hon. Gonzalo Curiel |

Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc. (the "Stores"), hereby join with Outlaw Laboratory, Michael Wear, and Shawn Lynch (together, "Outlaw") in opposing Tauler Smith's "Motion Objecting to Magistrate Judge Skomal's October 14, 2020 Order."

As noted in the Stores' pending sanctions motion, "'[s]anctions under section 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case.'" ECF No. 301 at 20 (quoting *Hartke v. Westman Prop. Mgmt., Inc.*, No. 3:15-CV-01901-GPC-DHB, 2016 WL 3286347, at *5 (S.D. Cal. June 14, 2016) (Curiel, J.) (citing *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012)).

This is another in the sequence of "repetitive motions" by Tauler Smith that have generated an "extraordinary volume of paperwork" in this case. *Id.*; *see* ECF No. 301 at 5-8 (inventorying the duplicative and frivolous motions filed up to that point). It is hard to imagine a better example of "multipl[ying] the proceedings," 28 U.S.C. § 1927, than Tauler Smith's reflexive filing of motions for reconsideration, which necessarily turn one motion into two motions, and thereby burden not only the Court and the Stores' and Outlaw's counsel, but also the untold number of *deserving* litigants on the Court's docket.

The Stores and Outlaw wish to avoid adding to the Court's burden with a lengthy opposition brief. Accordingly, they emphasize only the four most obvious reasons why Tauler Smith's Rule 72 objection to Magistrate Skomal's order should be summarily denied.

***First***, Tauler Smith's motion is predicated on an obvious error. It repeatedly tells the Court that Magistrate Skomal "relied on the wrong standard in refusing to modify the case schedule," because he "conflated the [*City of Pomona*] standard with the excusable neglect standard." Mem. at 1, 2, 3, 6. But Magistrate Skomal's exceedingly thorough order did no such thing. Under the heading "*Application*," the Order recites the six factors from *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d

1060, 1066 (9th Cir. 2017), and then in the next two paragraphs walks through the Court's analysis of each, concluding in the first sentence of the ensuing paragraph that "[t]aking all these factors into account, the Court finds Tauler Smith has not established good cause to modify the Scheduling Order to reopen discovery." ECF No. 11 at 13-14. Only then, in the remainder of that third paragraph, does the order analyze excusable neglect, but it explicitly does so following the unequivocal disclaimer that "*[i]n addition*, *to the extent that* the excusable neglect standard *also* applies, it is not met *either*." *Id.* at 14 (emphasis added). No lawyer could posit in good faith that Magistrate Skomal "conflated" these standards.[1]

**Second**, Tauler Smith tells the Court that Judge Skomal "relied on the wrong set of facts in concluding [that] Tauler Smith did not establish good cause." Mem. at 2, 6, 10. It complains that "Judge Skomal focused on the fact of *the settlement itself* in analyzing the request, rather than the *nature and circumstances* behind the settlement." Mem. at 10. While not entirely clear, this argument seems to be focused on the diligence factor—*i.e.*, to contend that rather than evaluating Tauler Smith's diligence from the June 30 date when it learned of the settlement (or the July 7 date when it learned that Mr. Wear and Mr. Lynch had agreed to testify), diligence must be evaluated only from the September 15 date that Tauler Smith received a copy of the settlement document. Here too, the monumental obstacle is that Judge Skomal *did* consider that point, and squarely rejected it. Order at 12 (explaining the relative insignificance of the date on which Tauler Smith received a copy of the settlement). Moreover, Tauler Smith's contention that it was prompted to act only upon learning "the nature and circumstances behind the settlement" is self-defeating. The whole

---

[1] It is irksome that Tauler Smith faults Magistrate Skomal as to the proper legal standard in the first place, given that Tauler Smith did not even *mention* the *City of Pomona* standard in its original motion, let alone offer argument as to its factors. *See* ECF No. 298-1 at 1-5. If anything, Magistrate Skomal should be commended for going out of his way to do Tauler Smith's homework for it.

point of discovery is to learn "the nature and circumstances" of certain events; a litigant hardly demonstrates diligence by waiting for the "nature and circumstances" to first become clear, and only then request discovery into them.

*Third*—and related to the second point—Tauler Smith erroneously tells the Court that its evaluation of Judge Skomal's orders should be *de novo*. Mem. at 5-6. While that is true as to strictly legal objections (of which none are presented in this motion), Judge Skomal's factual findings (including, for example, his evaluation of Tauler Smith's diligence) are reviewed for clear error. *See* Fed. R. Civ. Proc. 72(a) (allowing objections to "any part of the order that is clearly erroneous or is contrary to law."); *Lewter v. United States*, No. 10-CV-2390 W (WVG), 2012 WL 13034849, at *6 n.11 (S.D. Cal. Aug. 10, 2012) ("Discovery orders . . . are generally construed as non-dispositive, and therefore subject only to review under the clear-error or contrary-to-law standards fixed by Rule 72(a)."). There is no error at all in Judge Skomal's order, let alone any "clearly erroneous" finding.

*Fourth*, Tauler Smith's brief completely ignores one of the main grounds for Magistrate Skomal's denial of the underlying motion—its failure, contrary to two successive orders—to "'identify the specific discovery the party seeks, why it is only being sought now, and address how the discovery is relevant and proportional to the needs of the case.'" Order at 3 (quoting minute order setting the briefing schedule for the motion). Only now, in objecting to Magistrate Skomal's denial, does Tauler Smith identify the six broad categories of document discovery that it seeks. Mem. at 9-10.[2] It is surely unnecessary to say, but the Court should not second-guess Magistrate Skomal's analysis based on arguments and contentions that Tauler Smith never made to him, despite two orders requiring that content to be included in the

---

[2] Outlaw, in particular, objects to Tauler Smith's request for such open–ended discovery. Outlaw settled with The Stores, in part, to avoid the cost and expense of further litigation. Of course, discovery is one of the most expensive aspects of any litigation. Re–opening discovery without restriction would expose to Outlaw to additional and unnecessary litigation costs that Outlaw sought to avoid with its settlement.

underlying motion. *See* Order at 2-3 (describing the May 4 and September 29 orders).

Tauler Smith's objection is baseless and should not have been filed in the first place. It should be summarily denied.

GAW | POE LLP

Dated: November 25, 2020

By:   s/ *Mark Poe*
_____
Mark Poe
Counsel for the Stores

Dated: November 25, 2020

THE REAGAN LAW FIRM

By: */s/ Sean M. Reagan*
_____
Sean M. Reagan
Counsel for Outlaw, Mr. Lynch,
Mr. Wear

1

**CERTIFICATE OF SERVICE**

2

Case No. 3:18-cv-840-GPC-BGS

3

I HEREBY CERTIFY that on November 25, 2020, I filed the following

4

documents with the Clerk of the Court using CM/ECF.  I also certify that the

5

foregoing document is being served this day either by Notice of Electronic Filing

6

generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive

7

service.

8

9

**JOINT OPPOSITION TO TAULER SMITH'S RULE 72 OBJECTION TO MAGISTRATE SKOMAL'S OCTOBER 14, 2020 ORDER DENYING MOTION TO MODIFY THE CASE SCHEDULE**

10

11

12

13

14

GAW | POE LLP

15

16

By: _____

17

Mark Poe
Attorneys for the Stores

18

19

20

21

22

23

24

25

26

27

28