**SERGENIAN ASHBY LLP**
David A. Sergenian (SBN 230174)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone: (323) 318-7771
e-Mail: david@sergenianashby.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**COUNTER-DEFENDANT TAULER SMITH LLP'S REPLY IN SUPPORT OF ITS MOTION OBJECTING TO MAGISTRATE JUDGE SKOMAL'S OCTOBER 14, 2020 ORDER (ECF 311)**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: Courtroom 2D<br><br>Hearing Date: December 18, 2020<br>Hearing Time: 1:30 p.m. |

Like the Joint Opposition submitted by the Stores and Outlaw (ECF # 337), Tauler Smith will keep its response short and to the point.

Of course, Tauler Smith disagrees with the Joint Opposition—including its distracting attempt to cast the underlying motion (ECF # 315) as a "frivolous" and "repetitive" filing—but respectfully emphasizes to the Court that the request at issue (to reopen discovery) is predicated on fairness. Tauler Smith is not seeking to reopen discovery to go on a fishing expedition, to delay trial in this case, or for some other improper purpose. Instead, Tauler Smith requests that discovery be reopened for the very limited purpose of inquiring into a recent, highly unusual settlement agreement between the Stores and Outlaw (the "Settlement Agreement").

As explained in the motion (ECF # 315)—and ***entirely ignored*** by the Opposition—months after the close of discovery, Tauler Smith learned for the first time that its former client (Outlaw) negotiated a highly unusual Settlement Agreement with the Stores. Not only was the Settlement Agreement predicated on Outlaw providing favorable testimony against Tauler Smith, but the Stores apparently recorded secret interviews of Outlaw's principals in June 2020. Other than the text of the Settlement Agreement itself, Tauler Smith does not know anything about the nature and circumstances behind the settlement. Tauler Smith does not know what those secret recordings reveal. Tauler Smith does not know, for example, why or when its former client (Outlaw) decided to align itself with the other side, or what other promises the Stores made to Outlaw. And in the context of this case—where a law firm (Tauler Smith) is accused of violating duties it owed to its former client (Outlaw) and operating a rogue extortion scheme—fairness would suggest Tauler Smith be permitted to take the limited discovery it seeks. To the extent the Stores and Outlaw are concerned about the additional expense associated with discovery, the Court can place limits on the scope of the discovery sought (consistent with Tauler Smith's initial request), while at the same time ensuring that Tauler Smith has all the information it needs to present a full and fair defense.

As for the specific points raised in the Joint Opposition:

**The Joint Opposition Overlooks that Magistrate Judge Skomal's Order Relied (At Least in Part) on the Wrong Standard.** It is clear from the challenged Order by Magistrate Judge Skomal (ECF # 311, the "Order") that in considering whether to reopen discovery, Judge Skomal conflated the six-factor *City of Pomona v. SQM N. Am.*, 866 F.3d 1060 (9th Cir. 2017) test (the correct standard of review) with the excusable neglect standard (a standard that has no application here). After all, Tauler Smith's justification for reopening discovery is not based on neglect, but based instead on newly discovered facts—*i.e.*, a secret settlement that (i) was negotiated under unusual circumstances, (ii) includes suspicious provisions (*e.g.*, secret recordings and promised, favorable testimony), and (iii) was revealed for the first time after the close of discovery.

**The Joint Opposition Misunderstands and Mischaracterizes Tauler Smith's Arguments.** In determining that Tauler Smith was not entitled to seek discovery into the Settlement Agreement, Judge Skomal emphasized that parties are not generally entitled to discovery into another party's settlement agreement. *See* ECF # 11 at PageID.7774. While that statement may be true in the abstract, it respectfully overlooks the circumstances in this case. This is a unique and unusual case involving a questionable settlement that implicates the settling party's former attorney (Tauler Smith), and where discovery into that settlement is likely to lead to evidence that would help in Tauler Smith's defense. The Joint Opposition misses this point.

**The Joint Opposition Confuses the Standard of Review.** The underlying motion (ECF # 315) is a formal objection to Judge Skomal's Order. Objections to a magistrate judge's findings or recommendations are reviewed *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 72(a) (in reviewing a magistrate judge's findings, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). It is unclear why the Joint Opposition suggests a different standard (clear error) applies.

**The Joint Opposition Intentionally Ignores that the *City of Pomona* Factors Weigh Heavily in Favor of Tauler Smith's Request.** Tauler Smith's motion

demonstrates why each of the six factors articulated in *City of Pomona* fall in favor of reopening discovery. For example, trial is not imminent (and possibly even delayed further due to the COVID pandemic), no party will be prejudiced by the request (especially with Court-imposed limits on the discovery sought), Tauler Smith has been diligent in seeking this discovery (it filed its first motion just two weeks after learning about the Settlement Agreement), Tauler Smith could not have anticipated the need for this discovery any earlier (it only recently discovered the settlement), and the discovery will unquestionably lead to relevant evidence (*e.g.*, the motivations, intent, and influences behind the settlement).

For all these reasons, and for the reasons explained in the motion, Tauler Smith respectfully requests the Court overturn Magistrate Judge Skomal's Order and permit Tauler Smith to take the limited discovery it seeks.

DATED: December 9, 2020       Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   */s/ Kevin J. Cole*
       Attorneys for Counter-Defendant
       *Tauler Smith LLP*