UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* OUTLAW LABORATORIES, LP LITIGATION | Case No.:  18-cv-840-GPC-BGS<br><br>**ORDER DENYING MOTION FOR (1) PARTIAL RECONSIDERATION AND SUMMARY JUDGMENT; AND (2) SEPARATE TRIAL OF THE REMAINING ISSUES**<br><br>**[ECF No. 306]** |

Before the Court is Tauler Smith LLP's ("Tauler Smith") Motion for Partial Reconsideration of the Court's Summary Judgment Order, or alternatively, for Separate Trial (the "Motion").  ECF No. 306.  The Motion makes two requests.  First, it requests that the Court should reconsider its Summary Judgment Order, ECF No. 293, and summarily dismiss Skyline Market, Inc.'s ("Skyline") counterclaims against Tauler Smith, based on the Settlement Agreement's written release.  Second, it requests a separate trial on the factual disputes concerning the written release, prior to any potential trial regarding Skyline's RICO (Racketeer Influenced Corrupt Organizations) claims on the merits.  Mot. 1, ECF No. 306; Mem. 1–3, ECF No. 306-1.  Having considered the

Parties' papers and the applicable law, the Court **DENIES** Tauler Smith's Motion for the reasons discussed below.

### BACKGROUND

The Court largely adopts the facts as stated in the Summary Judgment Order that was issued on September 16, 2020.  ECF No. 293.  The Court adds that, as part of the Order, the Court concluded: (1) there is a genuine dispute of material fact as to whether the Settlement Agreement may be void for fraud; and (2) there is a genuine dispute of material fact as to whether the Settlement Agreement released Skyline's RICO claim.  *Id.* at 35–40.

On October 5, 2020, Tauler Smith filed this Motion.  ECF No. 306.  The "Stores" (consisting of parties Skyline, Roma Mikha, Inc., and NMRM, Inc.) filed a Response on October 30, 2020.[1]  ECF No. 323.  On November 12, 2020, Tauler Smith filed a Reply. ECF No. 331.

### RECONSIDERATION

This Court has discretion to reconsider its summary judgment, but reconsideration is only appropriate if there is (1) newly discovered evidence, (2) an intervening change in the law, or (3) need to prevent manifest injustice due to "clear error."  *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (citation omitted); *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citations omitted).

Applying the above standard to the facts at-issue, the Court **DENIES** Tauler Smith's request for reconsideration since there is nothing that supports a finding of "clear

---

[1] The Court is aware that the Stores are making an independent request to compel Tauler Smith to obtain leave of court prior to filing additional motions.  The Court overrules the Stores' request to the extent that the Court does not yet find good cause to justify such an order.  The Stores' motion for sanctions will be addressed in a separate order.

1    error" (or new evidence or changes in law).  Tauler Smith is in effect arguing that Skyline

2    was undisputedly not misled by the Demand Letter because the Settlement Agreement

3    says so.  The Court has explained why the Settlement Agreement itself could be

4    fraudulent, so any text contained in the Settlement Agreement cannot be a valid proof of

5    the Settlement Agreement's legitimacy or implication.[2]  *See generally* 1 B.E. Witkin,

6    Summary of Cal. Law, Contracts § 305 (11th ed. 2020) ("A party to a contract who has

7    been guilty of fraud in its inducement cannot absolve himself . . . by any stipulation in the

8    contract, either that no representations have been made, or that any right that might be

9    grounded upon them is waived.").  As appropriately pointed out by the Stores, *see* Opp'n

10   3, ECF No. 323, a conclusion otherwise would lead to bizarre results, where evidence of

11   a fraudulent contract would be annulled by the text of the fraudulent contract itself.

12          The Court will not entertain new legal authorities that were absent in the summary

13   judgment motions.  "A motion for reconsideration 'may not be used to raise arguments or

14   present evidence for the first time when they could reasonably have been raised earlier in

15   the litigation.'"  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

16   873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877,

17   890 (9th Cir.2000)).  This is especially true for *Brae Transp., Inc. v. Coopers & Lybrand*,

18   790 F.2d 1439, 1444 (9th Cir. 1986) and *In re City Equities Anaheim, Ltd.*, 22 F.3d 954,

19   958 (9th Cir. 1994), cases in which their legal implications have been subsequently

20   questioned, as demonstrated by the Witkin Restatement, *supra*.

21   / / /

22

23

24   _____

25   [2] Relatedly, the so-called "undisputed" facts that Tauler Smith points to, Mem. 4, ECF

26   No. 306-1, are all descriptions of what the Settlement Agreement itself says.  Resps. and

27   Objs. to Tauler Smith's Statement of Undisputed Facts ¶¶ 31–39, ECF No. 272-1.

3

28                                                                              18-cv-840-GPC-BGS

Tauler Smith also argues (albeit in passing) that Section 3.1 of the Settlement Agreement is unaffected by California Civil Code § 1542,[3] because Section 1542 only governs general releases whereas Section 3.1 considered the "specific basis" of the Demand Letter.  Mem. 3–4, ECF No. 306-1.  This argument is meritless—borderline frivolous—when Section 3.1 of the Settlement Agreement is labeled: "<u>General Release</u>."  Ex. 7 to Tauler Decl., ECF No. 260-10.  A simple reference to the Demand Letter does not make all potential claims relating to it suddenly "specific."  Briefly setting aside the illegitimacy of *Brae*—both procedurally (new case in a reconsideration motion) and substantively (developments in the law)—*Brae* is also distinguishable because there the newly found cause of action "stemmed from a specific section of the Stock Purchase Agreement" (an accounting error).  790 F.2d at 1444.  Even *Brae* discussed how "unknown" claims are covered in a general release subject to Section 1542, *id.*, which has implications similar to the Court's analysis on Skyline's RICO counterclaims, Order 38–40, ECF No. 293.

## SEPARATE TRIAL

Tauler Smith also requests for a separate trial on the Settlement Agreement's validity and implication as it pertains to Skyline's RICO counterclaim.  This requested trial would occur prior to the merits of the RICO claims.  Mem. 6, ECF No. 306-1.  The Court has discretion to do so, especially "[f]or convenience, to avoid prejudice, or to expedite and economize" the trial.  Fed. R. Civ. P. 42(b).

The Court concludes that a separate trial would not advance the goals identified in Rule 42(b) of the Federal Rules of Civil Procedure, and therefore **DENIES** Tauler

---

[3] Tauler Smith's related assertion on the Settlement Agreement's waiver of Section 1542 has already been addressed in part by the potentially fraudulent development of the Settlement Agreement.

18-cv-840-GPC-BGS

Smith's request.  Tauler Smith's efficiency claim hinges entirely on whether it prevails on the validity and reach of the written release.  To illustrate, if the jury finds against Tauler Smith on the issue, it would have been better off to hold one consolidated trial. Such contingent benefit is outweighed by the fact that the jury needs to hear Tauler Smith's RICO liability regardless, as presented by Roma Mikha, Inc. and NRMR, Inc. (and which its fact patterns would be similar to that of Skyline).  Therefore, a separate trial presents little benefit, if any.

### CONCLUSION

For the reasons discussed above, the Court **DENIES** in its entirety Tauler Smith's Motion for Partial Reconsideration of the Court's Summary Judgment Order, or alternatively, for Separate Trial.

**IT IS SO ORDERED.**

Dated:  December 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge

5

18-cv-840-GPC-BGS