SEAN M. REAGAN (Texas Bar No. 24046689)
(*Pro Hac Vice*)
sean@reaganfirm.com
THE REAGAN LAW FIRM
P.O. BOX 79582
Houston, Texas 77279
Telephone: 888.550.8575

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>**OUTLAW LABORATORY, LP LITIGATION** | **Case No. 3:18-cv-840-GPC-BGS**<br><br>**Outlaw Laboratory, L.P.'s Supplemental Declaration of Sean Reagan regarding the Court's March 5, 2020 Order Granting in Part and Denying in Part Motion to Compel**<br><br>**(ECF 177)** |

## Supplemental Declaration of Sean Reagan

I, Sean Reagan, declare as follows:

1. I am the current attorney–of–record for Outlaw Laboratory, L.P. I appeared in this matter on or about November 11, 2019. (ECF 134) (Consent Order Granting Substitution of Attorney).

2. The facts set forth in this declaration are based on my personal knowledge, and they are true and correct.

3. On March 5, 2020, the Court ordered Outlaw to produce certain documents, including: (1) demand letters issued by Outlaw to retail stores; (2) settlement agreements Outlaw entered into with retail stores; (3) settlement communications between Outlaw and retail stores; and (4) amounts paid in settlement to Outlaw by retail stores.

4. On June 23, 2020, I filed a Declaration with the Court regarding Outlaw's attempts to comply with the Court's March 5, 2020 Order.

5. To date, Tauler Smith—despite numerous requests—has yet to provide me with Outlaw's complete file, as required by CAL. RULE OF PROF'L CONDUCT 1.16(e)(1) ("Upon the termination of a representation for any reason … the lawyer promptly shall release to the client, at the request of the client, all client materials and property. Client materials and property includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not.").

6. Specifically, Tauler Smith has yet to provide my office with: (1) all email communications about settlement it had with other attorneys and parties; and (2) any demand letters it issued other than a handful that were attached to a few settlement agreements.

7. To date, Tauler Smith—despite numerous requests—has yet to provide me with a complete accounting of all monies that Tauler Smith received and disbursed during Tauler Smith's representation of Outlaw, as required by CAL. RULE OF PROF'L CONDUCT 1.15 (a lawyer is required to, among other things, "maintain complete records of all funds, securities, and other property of a client or other person coming into the possession of the lawyer or law firm" and "preserve records of all funds and property held by a lawyer or law firm under this rule for a period of no less than five years after final appropriate distribution of such funds or property.")

8. Outlaw produced all demand letters it has in its possession. It is very likely that Tauler Smith has other demand letters, as it was Outlaw's attorney that was responsible for issuing the demand letters.

9. For example, Outlaw supplemented its interrogatory answers on June 26, 2020 and October 8, 2020, where Outlaw listed the stores that received demand letters. Outlaw was able to supplement these interrogatory responses based on spreadsheets prepared by Tauler Smith attorneys. In reviewing the spreadsheets, it appears that: (1) approximately 203 stores in Texas received demand letters in December 2017; (2) approximately 2,520 stores in Texas received demand letters between December 2017 and August 2018; (3) approximately 32 stores in Arkansas received demand letters between December 2017 and February 2018; (4) approximately 448 stores in Illinois received demand letters between December 2017 and October 2018; (5) approximately 177 stores in Pennsylvania received demand letters between February 2018 and May 2018; (6) approximately 228 stores in Tennessee received demand letters between December 2017 and June 2018; and (7) approximately 348 stores in Washington received demand letters between February 2018 and October 2018. *See* Exhibit "1," Outlaw Laboratory, L.P.'s Fourth Supplemental Responses to The Stores' Discovery Requests.

10. Based on my review of spreadsheets provided or prepared by Tauler Smith, at least 3,000 demand letters were issued. Tauler Smith has not given me anywhere near 3,000 demand letters.

11. In reviewing my email correspondence with Robert Tauler, I believe that Tauler Smith (and Tauler) is withholding information and documentation. For example, on May 1, 2019, Tauler emailed me the following (Outlaw Laboratory Supp. Prod. 3833) about the Tauler Smith database:

| | |
|---|---|
| **From:** | Robert Tauler <rtauler@taulersmith.com> |
| **Sent:** | Wednesday, May 01, 2019 3:02 PM |
| **To:** | Sean Reagan |
| **Cc:** | Eric Boss; Shawn Lynch |
| **Subject:** | Re: Texas Counsel |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

OK, before you decide to go forward let me know as I can provide you with the data from our database, which will have more information than the raw data Andrew has, including attorney notes regarding the defendants' prior responses, settlement offers, etc.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

12. Likewise, on May 6, 2019, Tauler emailed me the following (Outlaw Laboratory Supp. Prod. 3695) and attached one of the spreadsheets discussed above, which contained information about the demand letters that were issued:

**Subject:** Re: Texas Counsel
**Date:** Monday, May 6, 2019 at 9:35:14 PM Central Daylight Time
**From:** Robert Tauler
**To:** Sean Reagan
**CC:** Eric Boss, Shawn Lynch
**Attachments:** Texas Targets as of 2019-05-01.xlsx

**CONFIDENTIAL AND PRIVILEGED**

Sean,

Here is our data set for Texas, which I recommend you use as a reference point. I don't have individualized data for settlement amounts, revenue, or costs in this format.

If you want me to walk you through the attached or discuss the project generally, I am free to discuss tomorrow.

Thank you,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

13. On May 31, 2019, Tauler emailed me the following (Outlaw Laboratory Supp. Prod. 3704) and mentioned that his firm had "a lot of material" for my review:

**Subject:** Re: NB Wholesale
**Date:** Friday, May 31, 2019 at 4:54:30 PM Central Daylight Time
**From:** Robert Tauler
**To:** Sean Reagan
**CC:** Eric Boss
**Attachments:** Motions to Dismiss FAC.zip

Well hell that makes things a whole lot easier.

I think it threw me off that they didn't provide leave to amend and closed the case.

I have attached the briefs for your review. It's better to just re-file as you said. I will withdraw the appeal.

Let me know if you need anything else from our files. We have a lot of material, including one prime retail chain in Texas that would make for a good target.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

14. Later, on June 12, 2019, Tauler emailed me the following (Outlaw Laboratory Supp. Prod. 3707) about his firm's ability to "almost instantly" produce information and "customized reports" about the stores Outlaw would pursue in litigation:

> **Subject:** Re: Landmark Industries/Time Wise
> **Date:** Wednesday, June 12, 2019 at 2:50:56 PM Central Daylight Time
> **From:** Robert Tauler
> **To:** Sean Reagan
> **CC:** Eric Boss, Shawn Lynch
>
> Sean,
>
> I don't know what database you are referring to, but I don't recommend using the gogetit website to access data as it does not contain all the information you need like who we have already settled with.
>
> We have a very powerful CRM that will save you a ton of time and I think it is important for you to have access to information as efficiently as possible. For the first ones we can get you the reports ourselves and if you want down the road we can train you up. If you send me any group of targets I can send you customized reports. For example, if you want "Shell gas stations in Austin Texas" or "Rhino 8 Platinum sales in Waco Texas" we can get you that almost instantly.
>
> Let me know and don't hesitate to call me as I have the correct answer to every question you have.
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd., Suite 510
> Los Angeles, CA 90017
> (213) 927-9270
> www.taulersmith.com

15. Unsurprisingly, Tauler Smith was able to retrieve information when it was requested to do so. Specifically, on June 28, 2019, Tauler Smith was asked to provide the total number of "targets" in various states (Outlaw Laboratory Supp. Prod. 3728). Within days, Tauler Smith was able to access its records and send the following email:

> **From:** Daniela Kimble <dkimble@taulersmith.com>
> **Date:** July 4, 2019 at 1:22:43 AM GMT+2
> **To:** Eric Boss <eric@pulaskilawfirm.com>
> **Cc:** Robert Tauler <rtauler@taulersmith.com>
> **Subject: Re: Outlaw**
>
> Hello Eric,
>
> I have attached an Excel file with the target data for the states requested. The total number of targets for each state is listed below:
>
> - Arkansas - 32
> - Oklahoma - 5
> - Nebraska - 0
> - Illinois - 449
> - Pennsylvania - 177
> - Tennessee - 228
> - South Dakota - 0
> - North Dakota - 0
> - Washington - 348
>
> Please let me know if you need anything else.
>
> Best,
> Daniela Kimble
> Tauler Smith LLP
> 626 Wilshire Blvd., Suite 510

16. Therefore, I believe that Tauler Smith is withholding documents from not only its client, but also from the parties in this lawsuit that would be responsive to certain discovery requests.

17. True and correct copies of the emails referenced above are attached as Exhibits 2 and 3.

18. I declare under the penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct to the best of my knowledge. Executed on December 16, 2020, in Harris County, Texas.

By: */s/ Sean Reagan*