UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS **ORDER DENYING MOTION FOR SANCTIONS** **[ECF No. 300]** |

On October 1, 2020, the Stores filed a Motion for Sanctions pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent powers.  ECF No. 300.  Tauler Smith filed its Response on November 2, 2020.  ECF No. 329.  On November 16, 2020, the Stores filed a Reply.  ECF No. 332.  For the reasons discussed below, the Motion is **DENIED**.

## I.   BACKGROUND

The parties are familiar with the facts of this lawsuit, which has lasted for more than two and a half years since Plaintiff and Counter-Defendant Outlaw Laboratory, LP ("Outlaw") filed its Complaint on May 2, 2018.  Instead, the Court will focus on the facts

relevant to this motion.  The Stores argue that throughout this lawsuit, Tauler Smith has exhibited lack of professionalism and filed frivolous motions and other papers.

The Stores request sanctions based upon the following filings or actions: (1) Outlaw's Motion for Judgment on the Pleadings and its Reply, ECF Nos. 80, 83; (2) Outlaw's various oppositions to the Stores' Second Amended Counterclaim, ECF Nos. 97, 143-1, 164, 204-1, 225; (3) Tauler Smith's Motion to Strike and its Reply, ECF Nos. 156-1, 173; (4) Outlaw's Motion for Rule 11 Sanctions and its Reply, ECF Nos. 102, 107; (5) Tauler Smith's Motion to Disqualify Counsel and the related papers, ECF Nos. 191-1, 212, 220-3, 227-1; (6) Tauler Smith's Response to the Stores' Motion for Reconsideration, ECF No. 237; (7) Outlaw's Response to the Defendants' Motion for Summary Judgment, ECF No. 94; (8) Tauler Smith's Response to the Stores' Motion to Certify Class, ECF No. 194; and, finally, (9) various instances of conduct relating to discovery.

## II.    DISCUSSION

### A.    Section 1927 Sanctions

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "does not authorize imposition of sanctions to reimburse a party for the ordinary costs of trial." *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985).  Instead, it is a measure against "excessive costs for unreasonably multiplying proceedings." *Gadda v. Ashcroft*, 377 F.3d 934, 943 n.4 (9th Cir. 2004).

In order to impose sanctions, the Court must find "subjective bad faith," which "is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police*

*Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (emphasis in original) (quotations omitted), *as amended* (Feb. 20, 2002).  In the context of Section 1927, frivolousness refers to "legal or factual contentions so weak as to constitute objective evidence of improper purpose."  *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).  "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith."  *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal citations omitted).  The Ninth Circuit has not yet addressed the burden of proof to find bad faith.  *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).  Instead, district courts have applied the "clear and convincing" evidence standard.  *See, e.g.*, *Lucas v. Jos. A. Bank Clothiers, Inc.*, 217 F. Supp. 3d 1200, 1204 (S.D. Cal. 2016).

The Court first observes that three of the nine issues raised by the Stores (Issues 6 to 8, *supra* page 2 of this Order) are opposition briefs responding to the Stores' motions.  Tauler Smith's arguments, which the Stores describe in their opening brief, ECF No. 300-1 at 12–14,[1] may have occasionally contained positions that the Court ultimately disagreed with, but that does not make them frivolous.  Tauler Smith's arguments do not rise to the level described in *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, where attorneys concocted factually unsupported arguments to excuse their client's violation of a temporary restraining order.  *See* 210 F.3d 1112, 1114–16 (9th Cir. 2000).

The Stores' primary grounds for their motion relates to the litigation of the *Noerr-Pennington* immunity doctrine.  However, the reality is that the case is complex as it involves multiple parties and complicated issues and doctrines.  The procedural background behind the *Noerr-Pennington* disputes illustrates the Court's point.  In the

---

[1] References to specific page numbers in a document filed in this case correspond to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

18-cv-840-GPC-BGS

first instance, the Court sided with Counter-Defendant Outlaw and granted the Stores an opportunity to file an amended counterclaim. *In re Outlaw Labs., LP Litig.*, 352 F. Supp. 3d 992 (S.D. Cal. 2018). After the amended counterclaims were filed, the Court sided with the Stores. ECF No. 56.

Starting with Outlaw's Motion for Judgment on the Pleadings, ECF No. 80, which included Outlaw's third presentation of the *Noerr-Pennington* immunity claim, the Stores find Tauler Smith's conduct sanctionable. But this is not convincing to the Court. To maximize the odds of winning a judgment on the pleadings, it makes sense for the party to bring all claims that it views as legitimate, which will include certain arguments that were defeated at the motion to dismiss stage but may be more convincing to the court once additional facts have developed.

And once Tauler Smith became a newly added Counter-Defendant under the Second Amended Counter-Complaint, it had every right to present all affirmative defenses that it deemed were plausible—even if this meant the Stores would be hearing the *Noerr-Pennington* defense for the fourth and fifth time, ECF Nos. 97, 143-1. A contrary conclusion would have chilling consequences, where once the defense counsel is sued as a separate defendant, counsel could have few legal theories available because he or she exhausted them all when representing the client. In addition, as Tauler Smith pointed out, the Court had explicitly stated that the issue was better suited for consideration at the motion to dismiss stage rather than as part of an opposition to file a new amended counterclaim. ECF No. 113 at 12. Therefore, the double iteration was inevitable, if not invited.

Lastly, just because Tauler Smith took the sixth (hopefully last) bite at the *Noerr-Pennington* apple through its Motion for Reconsideration, ECF No. 204, does not demonstrate bad faith. The Court did not accept Tauler Smith's position and ruled accordingly. ECF No. 243. However, Tauler Smith's Motion and its Reply still

1    presented plausible arguments and related legal authorities to support its view.  The fact

2    that the Court has granted the Stores' own Motion for Reconsideration, ECF No. 251,

3    demonstrates that on occasion the motions are warranted.  In sum, no part of this six-

4    tiered journey rose to the level of "vexatiousness."  *Cf. La Jolla Spa MD, Inc. v. Avidas*

5    *Pharm., LLC*, No. 17-CV-1124-MMA(WVG), 2019 WL 4141237, at *23 (S.D. Cal. Aug.

6    30, 2019) (issuing a sanction against defense counsel in part for arguments that were "so

7    ludicrous that any competent attorney would refrain from employing," in addition to

8    other toxic behavior throughout the deposition).

9         The Stores also point to Tauler Smith's Motion to Strike, ECF No, 156-1, as a

10   basis for sanction.  The Stores argue that this is another example of Tauler Smith re-

11   litigating an issue already decided by the Court.  This argument fails to take into account

12   that the motions were filed by different attorneys on behalf of different parties.  The

13   original Motion to Strike was filed by Tauler Smith on behalf of the defendant Outlaw.

14   Once Tauler Smith became a separate defendant, it had the right to litigate the case and

15   their attorney had the duty to present plausible motions on behalf of his or her client.  The

16   Stores in their Reply brief argue that Tauler Smith's briefing was neither well-researched

17   nor meritorious, but the Court does not impose sanctions or find subjective bad faith

18   purely based on the party's subjective opinion of the opposing briefs.

19        Next, the Stores consider Tauler Smith's Rule 11 Motion and Motion to Disqualify

20   Counsel as warranting sanctions because, according to the Stores, the only factual support

21   behind the Motions was Mr. Robert Tauler's declarations.  To start, this characterization

22   is incorrect.  *See, e.g.*, ECF No. 102-4 (email exchange); ECF No. 107-1 Exs. A, C, D

23   (deposition and emails); ECF No. 212-1 Ex. B (billing records).

24        Specifically pertaining to Tauler Smith's disqualification motion, the Court has

25   disagreed with Tauler Smith but did not find it engaged in gamesmanship.  ECF No. 244

26   at 16 (discussing the nature of disqualification motions containing the risk of being

27

28

invoked for tactical purposes and "the Court's impression that the motion *may* have been filed for 'tactical purposes'" (emphasis added)).  In fact, the very next sentence discussed how the Court was "sympathetic to Tauler Smith's concern that Gaw | Poe's [the Stores' counsel] relationship to Mr. Valerio may lead to an ethical violation." *Id.*  This is far from the fact pattern described in *Lahiri v. Universal Music & Video Distribution Corp.*, where the attorney attempted to recuse a judge (thereby placing a judge unfamiliar with the attorney's protracted history of disreputable acts) by hiring the judge's former law firm to defend him, along with a slew of other deceptive practices.  606 F.3d 1216, 1221–22 (9th Cir. 2010).

As to the discovery disputes, the Stores bring two incidents to the Court's attention: (1) Tauler Smith's insistence on having another Rule 26(f) conference first before responding to the Stores' discovery requests; and (2) Tauler Smith's oppositions to the interrogatories and document requests.  On the first incident, Magistrate Judge Bernard G. Skomal has spoken: "Tauler Smith's assertion that an additional Rule 26(f) conference was required before it was required to respond to discovery, was not frivolous, particularly given this district practice in cases in a different procedural posture than this one."  ECF No. 180 at 17.  This Court agrees.  On the second incident, the Court finds no reason to believe that the altercation was more than what occurs in regular discovery disputes.  Magistrate Judge Skomal's Order presents no indication that the objections were vexatious—even after considering the Stores' select passages, ECF No. 300-1 at 20, which are more of the Magistrate Judge's disagreements with the merits of Tauler Smith's arguments.  *See* ECF No. 215.  Tauler Smith certainly did not "ignore" discovery requests or "fail[] to respond" to a motion to compel, as was the case in *Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549, 1553–54 (D. Nev. 1997); *cf. Lahiri*, 606 F.3d at 1222 (misquoting the law, misciting a concurrence as binding, asserting a

1    "contrived" claim, attempting to recuse a judge by hiring his former law firm, and

2    misleading the court with a deceptive settlement agreement, all in the span of five years).

3    The Court disagrees with the Stores' position on the wrongfulness of Tauler

4    Smith's filings and such disagreement will not support a cross-motion for sanctions by

5    Tauler Smith. The Court is mindful of the fact that many of the alleged repetitive claims

6    were the result of Tauler Smith becoming an independent defendant midway through the

7    lawsuit. The supposedly "repetitive motions" or "extraordinary volume of paperwork"

8    have not been results of frivolousness or bad faith. *Cf. Hartke v. Westman Prop. Mgmt.,*

9    *Inc.*, No. 315CV01901GPCDHB, 2016 WL 3286347, at *5 (S.D. Cal. June 14, 2016).

10   The Court does find the documented interactions between the two parties,

11   especially some of the statements made by Mr. Tauler, troubling. *See, e.g.*, ECF No.

12   300-6 at 11 ("I know you have daddy issues. So, really, I'm going to be your daddy for

13   the next two years."); ECF No. 300-26 at 2 ("I've got Poe tied up for the next three years

14   at least and by the end of it he won't even have a liquor store to represent."). In addition

15   to being unprofessional and lacking in civility, such statements are baffling from a

16   strategic or tactical perspective since they will raise the temperature of the litigation and

17   can be used against counsel, as evidenced by this sanctions motion.

18   Nevertheless, the Court has counseled Tauler Smith previously and cautions it to

19   take out their frustration and vent their resentments elsewhere. Ultimately the Stores

20   have not proven subjective bad faith by clear and convincing evidence. As discussed,

21   subjective bad faith arises in two ways: (1) knowingly or recklessly raising a frivolous

22   argument; or (2) arguing a meritorious claim for the purpose of harassment. *See B.K.B. v.*

23   *Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). On the first, the Court's prior

24   analysis demonstrates that Tauler Smith's filings were not frivolous, let alone made

25   knowingly or recklessly. On the second, the Stores are conflating "harassment" with "for

26   the purpose of harassment." Tauler Smith's motions were necessary to advocate for its

27

28

18-cv-840-GPC-BGS

then-client Outlaw, and later itself.  Mr. Tauler may have harassed the Stores, but no court filings themselves constituted harassment, nor was harassment the reason behind the filings.

## B.    Sanctions Under the Court's Inherent Powers

This Court also has the inherent power to award attorney's fees as a sanction against bad faith conduct, such as an abuse of the judicial process.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).  The legal standard to issue a sanction based on the courts' inherent powers is similar to that for Section 1927 sanctions.  The Court must make an explicit finding of bad faith or conduct tantamount to bad faith.  *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)).  "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'"  *Id.* at 649 (citation omitted).  Delaying or disrupting the lawsuit could also demonstrate bad faith.  *Id.* (citation omitted).  "[A]n attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Since the legal standards for sanctions under Section 1927 versus under the courts' inherent powers are similar, the Court's application of the standard to the facts remain largely similar as well.  The Court does not find that Tauler Smith's conduct supports a finding of bad faith.

The Stores have raised two ways sanctions under the court's inherent powers may differ from what Section 1927 provides.  One is that sanctions under the court's inherent powers may extend to non-attorneys.  *See Primus Auto.*, 115 F.3d at 648.  With no finding of conduct that should be penalized, the object of the penalty is irrelevant.  The

8

1   other is, according to the Stores, ECF No. 300-1 at 28; ECF No. 332 at 10–12, that

2   conduct in one lawsuit for the tactical purpose of obtaining an advantage in another

3   lawsuit may constitute bad faith for sanctions under the court's inherent powers.  *See In*

4   *re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).  The Stores argue that Tauler

5   Smith's lawsuit in *Tauler Smith, LLP v. Valerio*, No. CV-20-00458 AB (ASX) (C.D.

6   Cal.) is sanctionable under the court's inherent powers because Tauler Smith filed the

7   *Valerio* lawsuit for harassment and tactical purposes.  But similar to the reasons discussed

8   on Tauler Smith's Motion to Disqualify Counsel, *supra* pages 5–6 of this Order, the

9   Court does not agree with the Stores' conclusion.  Tauler Smith's *Valerio* action and

10  Motion to Disqualify Counsel concerned a business relationship with a bookkeeping

11  contractor that turned sour.  If that contractor had sensitive information regarding the

12  Outlaw litigation, and if that contractor was then represented by the same adversarial

13  counsel of the Outlaw litigation, Tauler Smith had legitimate reasons for concern, which

14  the Court expressly noted.[2]  ECF No. 244 at 16.  Courts may have ultimately ruled

15  against Tauler Smith, but there is reason to believe that a preventative lawsuit could have

16  been the prudent move in such circumstances.  As such, the Stores have not offered clear

17  and convincing evidence that Tauler Smith sued the Stores to harass them, or that the

18  lawsuit was for "tactical purposes."

19  **III.    CONCLUSION**

20          Because the Court declines to find bad faith in Tauler Smith's conduct,[3] the Court

21  will not issue any sanctions under Section 1927 or the Court's inherent powers.  With no

22

23  _____

24  [2] For the same reasons, the Court does not find the Stores' claims based on Local Civil
    Rule 2.1.a.3.k persuasive.

25  [3] The Court is aware of the Stores' Requests for Judicial Notices, ECF Nos. 300-2, 332-1,
26  and overrules the Requests as moot because the Court did not need to rely on the
    documents to issue this Order.

27                                        9

28                                                                    18-cv-840-GPC-BGS

issuance of sanctions, the Court declines to address the award amount for a hypothetical, non-existent sanction.  Accordingly, **IT IS HEREBY ORDERED** that the Stores' Motion for Sanctions is **DENIED**.

The Court makes one final observation.  Plainly, strong animosity runs between the attorneys in this litigation and unfortunately that happens on occasion in the adversarial system that lawyers operate in.  The Court does not expect counsel to "eat and drink as friends."[4]  But the Court *does expect* the attorneys to represent their clients zealously, maintain professionalism and civility inside and outside of the courtroom, and contain their animosity to themselves.  *See* Local Civil Rule 2.1.a (discussing "Professionalism" and "Principles of Civility" as "Duties" owed to the Court and each other).  Ultimately, life is too short to be consumed by bitterness with a singular aim of make opposing counsel's life miserable.

**IT IS SO ORDERED.**

Dated:  December 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] "And do as adversaries do in law, Strive mightily, but eat and drink as friends."  W. Shakespeare, *The Taming of the Shrew*, Act 1, Scene 2.

18-cv-840-GPC-BGS