UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**ORDER OVERRULING TAULER SMITH LLP'S OBJECTION TO MAGISTRATE JUDGE ORDER**<br><br>**[ECF No. 315]** |

Before the Court is Tauler Smith LLP's ("Tauler Smith") Objection to Magistrate Judge Bernard G. Skomal's Order that was issued on October 14, 2020. (ECF No. 315.) Magistrate Judge Skomal's Order ("MJ Order") denied Tauler Smith's motion to modify in part the case schedule, in which Tauler Smith argued that modification is necessary to conduct discovery relating to the settlement between the "Stores" (consisting of the parties Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc.) and "Outlaw" (consisting of the parties Outlaw Laboratory, LP, Michael Wear, and Shawn Lynch). (ECF No. 311.) Tauler Smith argues that the MJ Order applied the wrong legal standard and relied on the wrong set of facts. (Mem. P. & A. Supp. Obj. 1–2, ECF No. 315-1.)

1

Having considered the Magistrate Judge's Order, the Parties' papers, and the applicable law, the Court **OVERRULES** Tauler Smith's Objection for the reasons discussed below.

### RELEVANT BACKGROUND

The discovery period for the instant case closed in June 2020. (Case Schedule Modification Order 8–9, ECF No. 197.) In setting the operative case schedule, Magistrate Judge Skomal stated: "Any party seeking an extension to complete fact discovery must identify the *specific* written discovery or deposition they are unable to complete by the June 1, 2020 deadline." (*Id.* at 9 (emphasis in original).) Parties seeking an extension were also directed to address, among others: the date by which the discovery can be completed, and the other parties' positions on whether an extension should be granted. (*Id.*)

On July 7, 2020, the Stores and Outlaw notified the Court that they had reached a settlement of the Stores' claims against Outlaw ("Settlement"). (Joint Notice Settlement, ECF No. 249.) On September 15, 2020, the Court ordered that the Stores provide a copy of the Settlement, (Order Denying Mot. Permanent Inj. 1–2, ECF No. 290,) and the Stores did so. Afterwards, on September 29, 2020, Tauler Smith contacted Magistrate Judge Skomal's Chambers on reopening discovery. A corresponding Minute Order directed parties to file a motion, in which the motion "must identify the specific discovery the party seeks, why it is only being sought now, and address how the discovery is relevant and proportional to the needs of the case." (Min. Order, ECF No. 296.) Subsequently (but on the same day as the Minute Order), Tauler Smith moved to reopen discovery relating to the Settlement, and modify the case schedule accordingly. (Mot. Modify in Part Case Schedule, ECF No. 298.) Tauler Smith stated that the discovery would be limited to:

> (a) the settlement and the related preparation of testimony provided by Lynch and Wear pursuant to the Section I.3 of the settlement agreement, and
> (b) the disposition of the [redacted] settlement payment by Outlaw under

Section I.2 of the agreement that could reduce or eliminate the Stores' damages claimed against [Tauler Smith].

(Mem. P. & A. Modify in Part Case Schedule 4, ECF No. 298-1.)

Magistrate Judge Skomal denied Tauler Smith's request.  (MJ Order, ECF No. 311.)  The MJ Order stated that Tauler Smith's request failed to comply with the Court's previous orders and failed to meet the standards necessary for the Court to amend scheduling orders.  (*Id.* at 8–16.)

On October 28, 2020, Tauler Smith filed this Objection to the MJ Order.  (ECF No. 315.)  On November 25, 2020, the Stores and Outlaw filed a Joint Opposition to Tauler Smith's Objection.  (ECF No. 337.)  Tauler Smith filed its Reply on December 9, 2020.  (ECF No. 338.)

## **LEGAL STANDARD**

Discovery issues are generally considered non-dispositive.[1]  *See, e.g.*, *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 3072307, at *2 (S.D. Cal. July 15, 2019) (citing *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1996)).  And if a party objects to a non-dispositive pretrial ruling by a magistrate judge, the court reviews or reconsiders the magistrate judge's ruling under the "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72(a).  This standard is a "far more deferential standard," which is "clearly intended . . . to [make the non-dispositive ruling] be final unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination."  *United States v. Abonce-Barrera*, 257 F.3d 959, 968–69 (9th Cir. 2001).

---

[1] Accordingly, Tauler Smith's reliance on Rule 72(b) of the Federal Rules of Civil Procedure is inapposite, because the provision concerns "Dispositive Motions." Relatedly, the reference to de novo review in *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) concerns dispositive motions, and therefore is also inapplicable.

**DISCUSSION**

Tauler Smith argues that Magistrate Judge Skomal's Order should be overturned for two reasons. First, Tauler Smith argues that the MJ Order relied, at least in part, on the wrong standard for when a court considers modifying a case schedule. (Mem. P. & A. Supp. Obj. 6–10, ECF No. 315-1.) Second, Tauler Smith argues that the Order relied on the wrong set of facts, specifically focusing on the Settlement itself yet ignoring the "nature and circumstances behind the settlement." (*Id.* at 10.)

Both arguments lack merit. The Court initially observes that Tauler Smith's failure to comply with the Magistrate Judge's orders serve as an independent basis to deny its discovery request. Magistrate Judge Skomal has flagged that Tauler Smith's request failed to: (1) identify "the *specific* written discovery or deposition" it seeks to conduct (whereas Tauler Smith has only identified a discovery "topic"); (2) identify a date by which the discovery can be completed; (3) fully address relevancy; and (4) address proportionality. (MJ Order 7–8, ECF No. 311 (emphasis in original).) The Magistrate Judge has discretion to address a party's failure to comply with court orders. *See* Local Civil Rule 83.1.a. Therefore, regardless of the "applicable" standard or "wrong" set of facts that Tauler Smith so contends, the Magistrate Judge's dismissal of Tauler Smith's discovery request was neither clearly erroneous nor contrary to the law.

On the first ground for Objection, the MJ Order did not "conflate" the *City of Pomona* standard with the "excusable neglect" standard. The explicit application of the *City of Pomona* standard can be found in pages 13–14 of the Order, with in-depth discussions on certain factors provided in pages 9–13. (ECF No. 311.) Contrary to Tauler Smith's characterization, the Magistrate Judge's discussion of the "excusable neglect" standard is done "[i]n addition, to the extent the excusable neglect standard also applies." (*Id.* at 14.) No part of that description indicates that the standard displaced the *City of Pomona* analysis, or even influenced the application of the *City of Pomona*

4

factors. The MJ Order remains valid even after every discussion/reference relating to excusable neglect is struck.

In fact, the Order's *supplemental* discussion of the excusable neglect standard was necessary for the Magistrate Judge to close off any alternative basis for Tauler Smith's discovery request. Federal Rule of Civil Procedure 6(b) is clearly applicable because it concerns the extension of time "[w]hen an act may or must be done within a specified time," such as a request for additional discovery when the discovery period already expired. Indeed, since Tauler Smith requested an extension of 120 days for its discovery, (Mem. P. & A. Modify in Part Case Schedule 9, ECF No. 298-1,) the Magistrate Judge's discussion on whether to grant such extension pursuant to Rule 6(b) was warranted.[2] It certainly was not done in clear error or contrary to law.

Because the Court agrees with the MJ Order, it declines to respond to Tauler Smith's backdoor attempt to re-argue its *City of Pomona* analysis, (*see* Mem. P. & A. Supp. Obj. 7–10, ECF No. 315-1.). Each factor has been fully addressed by the Magistrate Judge. The Court is aware that Tauler Smith is attempting to introduce new arguments that were not presented to the Magistrate Judge. The Court will not entertain them since "objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." *Jones v. Sweeney*, No. 1:04CV6214 AWIDLB, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Rosenfeld v. U.S.*

---

[2] To the extent that Tauler Smith disagrees with the Magistrate Judge's conclusion that there was no excusable neglect, (*see* Mem. P. & A. Supp. Obj. 7, ECF No. 315-1; Reply 2, ECF No. 338,) the Court finds the Magistrate Judge's explanation on the issue persuasive. Tauler Smith was aware of the circumstances leading up to the Settlement and the Settlement's possibility, which means the fact that the parties settled after the discovery deadline is not a legitimate excuse. (*See* MJ Order 11–13, ECF No. 311.)

5

*Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

On the second ground for Objection, the Magistrate Judge did not rely on the "wrong set of facts."  At best, this is wholly Tauler Smith's fault, since it was Tauler Smith that "provided no authority for its assertion a co-defendant is entitled to discovery about a plaintiff's settlement with a co-defendant even though the Court specifically ordered it to address relevancy." (MJ Order 14, ECF No. 311.)  Magistrate Judge Skomal did not "overlook" the "nature and circumstances" behind the Settlement.  To the contrary, the MJ Order has flagged the "ill-will between the parties" and how the Magistrate Judge needed to intervene eight different times over the course of this lawsuit.  (*Id.* at 9–10.)  This indicates that the Magistrate Judge is fully aware of how "unique and unusual" this case is, (Reply 2, ECF No. 338,) and the request was dismissed despite it.

Even setting aside all of this, the MJ Order discussed how discovery would be barred by work product privilege, which functioned as an independent reason to reject Tauler Smith's request.  (MJ Order 14 n.8, ECF No. 311.)  In sum, there is no indication that Magistrate Judge Skomal relied on the wrong facts.  The Court concludes that no part of the Magistrate Judge's analysis amounted to clear error or being contrary to law.

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Tauler Smith's Objection to the Magistrate Judge's Order, which denied Tauler Smith's request to open limited discovery on the settlement agreement between the Stores and Outlaw.

**IT IS SO ORDERED.**

Dated:  January 11, 2021

Hon. Gonzalo P. Curiel
United States District Judge