UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.: 18-cv-840-GPC-BGS<br><br>**ORDER DENYING (1) EX PARTE MOTION TO PREVENT DISCLOSURE OF PRIVILEGED MATERIALS, AND (2) MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>**[ECF Nos. 321, 327]** |

Pending before the Court are several pretrial disclosure issues initially raised by the now-dismissed "Outlaw Defendants" (consisting of Outlaw Laboratory, L.P., Michael Wear, and Shawn Lynch). *See* ECF No. 321, 327. Upon considering the moving documents, the case record, and the developments that have occurred in this lawsuit, the Court **DENIES** the motions filed by the parties.

## BACKGROUND

The dispute over the parties' pretrial disclosure relates to Outlaw Defendants' protest that Tauler Smith, LLP ("Tauler Smith"), Outlaw Defendants' former counsel and now the main counter-defendant in this case, is producing documents that should be

1

protected as attorney-client privilege. Specific to the dispute in front of this Court, Tauler Smith submitted its Pretrial Disclosures on October 9, 2020, which discussed in part the possibility of using certain evidentiary exhibits, including Exhibits R and S. *See* ECF No. 309 at 7.[1] Exhibit R is represented to be "Emails between Tauler Smith, Mike Wear, and Shawn Lynch." *Id.* Exhibit S is represented to be "Emails between Robert Tauler and Sean Reagan [counsel for the Outlaw Defendants in the instant lawsuit]." *Id.*

Outlaw Defendants filed an Ex Parte Motion requesting the Court to conduct an *in camera* review of these two Exhibits and to prevent Tauler Smith from further disclosing materials protected under the attorney-client privilege. *See* ECF No. 321 at 2–3. While Tauler Smith opposes the Ex Parte Motion, *see* ECF No. 326, Tauler Smith also filed a Motion to File Document Under Seal (specifically Exhibit S) out of an abundance of caution. ECF No. 327. Tauler Smith also represents that Exhibit R has not been produced, and disclosed only to Outlaw Defendants' counsel. *See* ECF No. 326 at 2.

Outlaw Defendants did not file any reply brief relating to their Ex Parte Motion, and did not respond to Tauler Smith's Motion to File Document Under Seal. In addition, Outlaw Defendants are no longer parties to the instant lawsuit. The Court granted Outlaw Defendants' Joint Motion to be dismissed in this case. *See* ECF No. 363.

## DISCUSSION

The Court **DENIES** Outlaw Defendants' Ex Parte Motion for several reasons. First, Outlaw Defendants are no longer a party to this lawsuit, and thus their Ex Parte Motion is moot. *See, e.g.*, *United Ass'n of Journeyman & Apprentices of the Plumbing & Pipe Fitting Indus., Underground Util./landscape Loc. Union No. 355 v. Maniglia Landscape, Inc.*, No. 17-CV-03037-RS (LB), 2019 WL 7877821, at *1 to *2 (N.D. Cal.

---

[1] References to specific page numbers in a document filed in this case correspond to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

July 25, 2019) (denying the Laborers Trustees' motion for a protective order as moot because they were no longer parties to the lawsuit after the court's partial summary judgment order); *Autodesk, Inc. v. Alter*, No. 16-CV-04722-WHO, 2017 WL 1862505, at *7 n.3 (N.D. Cal. May 9, 2017) (denying Disney's motion to seal as moot because Disney was no longer a party to the action).  Second, Outlaw Defendants did not comply with Local Civil Rule 83.3.g in filing their Ex Parte Motion.  The Rule requires any ex parte motion to include an affidavit or declaration explaining the circumstances behind the ex parte filing.  *See* CivLR 83.3.g.2.  Lacking such affidavit or declaration, the Court may dismiss the Ex Parte Motion for failure to follow procedure.  *See* CivLR 41.1.b.

Third and most importantly, the Ex Parte Motion lacks merit.  Exhibit R cannot be the basis to claim a breach of attorney-client privilege, since it has not been produced and Tauler Smith only disclosed the underlying documents to Outlaw Defendants' counsel.  *See* ECF No. 326-1 at 5 (email exchange record).  At minimum, any *in camera* review will be better suited during an *in limine* hearing.

As to Exhibit S, Outlaw Defendants cannot assert attorney-client privilege for the underlying documents.  Outlaw Defendants have the burden of establishing the existence of any attorney-client privilege.  *Regents of Univ. of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 278 (S.D. Cal. 2018) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1070–71 (9th Cir. 1992)).  And any communication "made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection." *Id.* at 279 (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007)).  *See generally* Edna S. Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 1.III (6th ed. 2017) (discussing the elements for attorney-client privilege, which includes the communication to be "made between privileged persons").

Exhibit S consists of several email communications, and each email includes Mr. Eric Boss, an attorney at the Pulaski Law Firm.  Important to note, Pulaski Law Firm

(and Mr. Boss) was not retained to provide legal advice, but merely to fund the alleged "Outlaw Enterprise's" litigation scheme against various stores. *See* ECF No. 293 at 4, 10 (discussing Pulaski Law Firm's involvement). Thus for the purpose of establishing attorney-client privilege, Pulaski Law Firm is not an "attorney," but instead a third-party litigation funder. *Cf. United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (discussing that "communications with attorneys for the purpose of non-legal advice are not privileged"); *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("[Appellant's] clients did not approach him for legal advice and assistance, but rather with the aim of finding meritorious litigation to finance. Such business activities do not involve [appellant's] services as an attorney and thus do not arise out of the attorney-client relationship."). The Outlaw Defendants have failed to establish how the communication shared with a third-party litigation funder retains the attorney-client privilege protection. *Cf. Finjan, Inc. v. SonicWall, Inc.*, No. 17CV04467BLFVKD, 2020 WL 4192285, at *4 (N.D. Cal. July 21, 2020) (declining to grant attorney-client privilege for communications shared with a litigation funder); *Sanchez Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12912316, at *4 (S.D. Cal. Apr. 6, 2015) (rejecting "common interest" privilege when the court construed the non-party movant's role as that of a third-party financier of plaintiff's attorney's fees and costs). *See generally* Grace M. Giesel, *Alternative Litigation Finance and the Attorney-Client Privilege*, 92 Denv. U. L. Rev. 95 (2014) (discussing that attorney-client privilege does not extend to litigation finance entities, and rejecting the possible grounds such as the joint client doctrine, the common interest doctrine, and the agency doctrine).

      Because the Court does not consider the underlying documents in Exhibit S to be protected under attorney-client privilege, the Court also **DENIES** Tauler Smith's Motion to File Document Under Seal, ECF No. 327, which was filed purely out of caution and as a reaction to the Outlaw Defendants' Ex Parte Motion.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Outlaw Defendants' Ex Parte Motion to Prevent Tauler Smith's Disclosure of Privileged Materials, ECF No. 321, and **DENIES** Tauler Smith's Motion to File Document Under Seal, ECF No. 327.

**IT IS SO ORDERED.**

Dated:  June 29, 2021

Hon. Gonzalo P. Curiel
United States District Judge