1
2
3
4
5
6
7         UNITED STATES DISTRICT COURT
8        SOUTHERN DISTRICT OF CALIFORNIA
9

10   IN RE: OUTLAW LABORATORY,           Case No.  3:18-cv-840-GPC-BGS
     LP LITIGATION
11                                       **PRETRIAL ORDER**
12
13                                       Pretrial Conf:  Aug. 27, 2021
                                         Time:           1:30 p.m.
14                                       Judge:          Hon. Gonzalo Curiel
                                         Court:          2D
15
16
17                                       Trial Date:     March 8, 2022
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 16.1.f.6, Roma Mikha, Inc.; NMRM, Inc. and Skyline Market, Inc. (collectively, "the Stores"), and Tauler Smith LLP, hereby submit their proposed Pretrial Order. This proposed order follows the format set forth in Local Rule 16.1.f.6.c, with headings that correspond to the numerical headings set forth therein.

## 1.    Statement of the Nature of the Case for the Jury

The Plaintiffs in this case are three San Diego convenience stores called Roma Mikha, Inc. (which operates under the name "Bobar 2"), NMRM, Inc. (which operates as "Sunset Liquor"), and Skyline Market. The Defendant is a law firm named Tauler Smith, LLP.

This case is about Outlaw Laboratory's hiring Tauler Smith to prosecute claims against sellers and distributors of products that were the subject of FDA warnings. Tauler Smith then sent a "demand letter" to each of the Stores on behalf of its then-client, Outlaw Laboratory. Those letters asserted that the Stores were unlawfully selling the products that were the subject of the FDA warnings. The demand letters stated that the Stores' sales of these pills violated a federal law called the Lanham Act (which prohibits certain forms of false advertising), and another federal law called the Racketeer Influenced Corrupt Organizations Act, or "RICO." The letters demanded that the store either pay to Outlaw a "one-time settlement" ranging from $9,765 to $14,000, or be sued. Skyline Market chose the settlement option, paying $2,800 to Outlaw. Bobar 2 and Sunset Liquor did not settle.

Thereafter, Tauler Smith and Outlaw filed a lawsuit against Bobar 2 and 49 other San Diego convenience stores. In response, Bobar 2 sued Outlaw Laboratory and Tauler Smith LLP. The other two plaintiffs—Sunset Liquor and Skyline Market—joined in that lawsuit. The Stores claimed that Outlaw's demand letters and ensuing litigation themselves constituted a violation of the RICO Act. For its part, Outlaw Laboratory has settled the Stores' claims against it.

The Court has dismissed the complaint that Outlaw filed against the Stores. The issue that will be decided in this trial is whether Defendants' actions violated the RICO Act, and if so, what the proper remedy should be.  Tauler Smith denies all of the claims against it, and maintains it did nothing wrong.

**2.    Causes of Action to be Tried**

The only causes of action in this case are the Stores' RICO claims against Tauler Smith, under 18 U.S.C. § 1962(c) (First Cause of Action, SAC ¶¶ 82-89), and § 1962(d) (Second Cause of Action, SAC ¶¶ 90-95.  The Stores also seek the remedy of rescission on behalf of Skyline Market.  SAC ¶¶ 96-99.

**First Cause of Action (18 U.S.C. § 1962(c))**.

**a.  elements**

- Tauler Smith's conduct;
- of an enterprise;
- through a pattern;
- of racketeering activity;
- causing injury to the plaintiffs' 'business or property' by the conduct constituting the violation.

*See In re Outlaw, LP Litig.*, 352 F. Supp. 3d 992, 1000 (S.D. Cal. 2018).

**b.  damages**

- Roma Mikha, Inc.:  Lost sales ($4,400) trebled.
- NMRM, Inc.:  Lost sales ($5,280) trebled.
- Skyline Market, Inc.:  Settlement ($2,800) legal fees ($500), trebled.
- Attorneys' fees.  18 U.S.C. § 1964(c).

**c.  defenses**

None of the elements are met

No predicate act.

   No fraud.

   Claim is barred by the Release.

No proximate cause (intervening cause).

No legally cognizable damage.

Plaintiffs lack standing because they received more than their claimed damages in the settlement with Outlaw.

Plaintiffs' claims were satisfied by the settlement with Outlaw.

Tauler Smith LLP is entitled to an offset due to the settlement with Outlaw.

**Second Cause of Action (18 U.S.C. § 1962(d))**.

**a. elements**

- the existence of an enterprise
- that engaged in a pattern
- of racketeering activity;
- causing injury to the plaintiffs' 'business or property' by the conduct of the enterprise;
- Tauler Smith knowingly agreed to facilitate the scheme.

*See United States v. Fernandez*, 388 F.3d 1199, 1229-30 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005).

- Tauler Smith agreed to the overall objective of the conspiracy;

**b. damages**

- Roma Mikha, Inc.:  Lost sales ($4,400) trebled.
- NMRM, Inc.:  Lost sales ($5,280) trebled.
- Skyline Market, Inc.:  Settlement ($2,800) legal fees ($500), trebled.
- Attorneys' fees.  18 U.S.C. § 1964(c).

**c. defenses**

None of the elements are met

No predicate act.

No fraud.

Claim is barred by the Release.

No proximate cause (intervening cause).

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

No legally cognizable damage.

Plaintiffs lack standing because they received more than their claimed damages in the settlement with Outlaw.

Plaintiffs' claims were satisfied by the settlement with Outlaw.

Tauler Smith LLP is entitled to an offset due to the settlement with Outlaw.

**Rescission Remedy Based on Fraud for Skyline Market**

**a. elements (for the Court sitting in equity)**

- a misrepresentation by false representation, concealment, or nondisclosure;
- knowledge of the falsity;
- an intent to induce reliance;
- justifiable reliance on the misrepresentation;
- resulting damage;
- Skyline Market has timely given notice of rescission;
- Skyline Market has restored everything of value it has received under the contract.

*See Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 128 (1966)

**b. relief**

- Skyline Market, Inc.:  Settlement ($2,800) legal fees ($500).

**c. defenses**

No fraud.

Claim is barred by the Release.

No proximate cause (intervening cause).

**3.     Witnesses**

**The Stores' Witnesses**

a.  **Expect to call**[1]

| Name | Substance of Testimony |
|------|------------------------|
| Raid "Roy" Mikha | Roma Mikha, Inc. and NMRM, Inc.'s receipt of the demand letter and reactions and responses thereto.  Those stores damages through their halt of sales of the challenged products. |
| Fred Mokou | Skyline Market's receipt of the demand letter and its reactions and responses thereto.  Skyline Market's reasons and considerations that went into its decision to settle based on the demand letter. |
| Mark Watson | Midway M3 Shell's receipt of the demand letter and its reactions and responses thereto. |
| Hala Esshaki | Criscola Liquor's receipt of the demand letter and its reactions and responses thereto. |
| Sam Kassab | Bel Air Market's receipt of the demand letter and its reactions and responses thereto. |
| Robert Gappy | Little Brown Jug's receipt of the demand letter and its reactions and responses thereto. |
| Joseph Valerio | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's role in conducting the Enterprise, its interactions with recipients of the demand letter, and Tauler Smith's receipt and disposition of funds from the scheme. |
| Michael Wear | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's, Outlaw's, and other members' respective roles in conducting the Enterprise. |

---

[1] As discussed at the conference of counsel, the expect to call / may call witness lists are subject to change depending on witnesses' availability at the time of trial.

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

| Shawn Lynch | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's, Outlaw's, and other members' respective roles in conducting the Enterprise. |
|---|---|
| Robert Tauler | The origins and operations of the scheme described in the Stores' operative pleading, including the roles of Tauler Smith and other members in conducting the Enterprise, the scope of the scheme, the amount of money it has taken in as a result. |
| Mathew Smith | The origins and operations of the scheme described in the Stores' operative pleading, including the roles of Tauler Smith and other members in conducting the Enterprise. |

**b. Expert Witnesses**

- None

**c. May call**

Each of the following individuals is the proprietor of one or two of the Stores named in the *San Diego Outlet* complaint, who would be called to testify about the store's experience in receiving the demand letter, and the store's reactions and responses thereto. As noted in footnote 2, the need to call some of the following witnesses will be based on the availability of the store owners listed in the "expect to call" section, depending on when the trial takes place.

| **Name** | **Substance of Testimony** |
|---|---|
| Wisam Asmar | Big City Liquor's receipt of the demand letter and its reactions and responses thereto. |
| Tony Mattia | Servall Liquor's receipt of the demand letter and its reactions and responses thereto. |
| Laith Farida | Cardiff Gas's receipt of the demand letter and its reactions and responses thereto. |

| Amer Suleman | Hillcrest Smoke Shop's receipt of the demand letter and its reactions and responses thereto. |
| --- | --- |
| Jwan Kalyana | Kalyana's receipt of the demand letter and its reactions and responses thereto. |
| Haitham Hermiz | HH Eagles Market's receipt of the demand letter and its reactions and responses thereto. |
| Mickel Dawood | Sunset Mini Mart's receipt of the demand letter and its reactions and responses thereto. |
| Mellad Odish | Midway Cigar's receipt of the demand letter and its reactions and responses thereto. |
| Mason Dabish | Greene Cat Liquor's receipt of the demand letter and its reactions and responses thereto. |
| Anmar Daoud | Blaze Smoke Shop's receipt of the demand letter and its reactions and responses thereto. |
| Khalid Toma | EB Junior Market's receipt of the demand letter and its reactions and responses thereto. |
| Joe Battou | Ideal Market's receipt of the demand letter and its reactions and responses thereto. |
| Rami Abbouna | Magic Market's receipt of the demand letter and its reactions and responses thereto. |
| Ayed ("Jeff") Mansour | The reactions of the store-owner customers of San Diego Cash & Carry to their receipt of the demand letter and their reactions and responses thereto. |

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**Tauler Smith's Witnesses**

    a.  **Expect to call**

| Name | Substance of Testimony |
|---|---|
| Robert Tauler | Mr. Tauler is the managing partner of Tauler Smith, one of the defendants in this case.  Mr. Tauler will testify about the legal services he was hired to provide on Outlaw's behalf and the resulting litigation he initiated. |
| Matthew J. Smith | Mr. Smith is a partner of Tauler Smith, one of the defendants in this case.  Mr. Smith will testify about the legal services his firm was hired to provide on Outlaw's behalf and the resulting litigation it initiated. |
| Roy Mikha | Mr. Mikha is the owner of Plaintiffs Roma Mikha, Inc. and NMRM, Inc., as well as various other stores in the San Diego area.  Mr. Mikha is expected to testify about his receipt of the demand letter and subsequent conduct, including his decision to stop selling the product at only one of the two stores that are parties.  Mr. Mikha is also expected to testify as to what facts he relied on in making his decisions and what damages he sustained, if any. |
| Fred Mokou | Mr. Mokhou is the owner of Plaintiff Skyline.  Mr. Mokhou is expected to testify as to his receipt of the demand letter and subsequent conduct, including his investigation of the claims and legal advice he received prior to signing a release of all claims related to the demand letter. |
| Mike Wear | Mr. Wear is a partner of co-defendant Outlaw Laboratory, LP, Tauler Smith's former client.  Mr. Wear will testify about the legal services Outlaw hired Tauler Smith to perform. |
| Shawn Lynch | Mr. Lynch is a partner of co-defendant Outlaw Laboratory, LP.  Mr. Lynch will testify about the legal services Outlaw hired Tauler Smith to perform. |

| Christopher W. Boss | Mr. Boss is an attorney who, like Mr. Tauler, was hired by Outlaw to prosecute similar cases in Michigan and has been successful in obtaining favorable judgments. He will testify about the legal services Outlaw hired him to perform and the results he achieved on its behalf. |
| --- | --- |
| Wesley Taulbee | Mr. Taulbee is an attorney who, like Mr. Tauler, was hired by Outlaw to prosecute similar cases in Georgia. He will testify about the legal services Outlaw hired him to perform and the results he achieved on its behalf. |
| Freddie Garmo | Mr. Garmo was counsel for Plaintiff Skyline when it signed the Release contained in the Settlement Agreement. He will testify about the circumstances behind Skyline's execution of the Release and the legal impact of it. |
| Wail Paulus | Mr. Paulus is the CEO of Trepco Imports, which supplies the Plaintiffs with the pills referenced in the underlying demand letters. He will testify about the FDA's characterization of the pills he supplied. |
| Leticia Kimble | Signatory of letters |
| Nam Hyun Lee | Defendant sentenced to eight years in prison for RICO for selling the same products at issue. |
| Maxine Fleming | Husband has stroke after consuming subject pills. |

### b. Expert Witnesses

Without waiving its ability to call an expert witness at trial, Tauler Smith does not currently anticipate presenting any expert testimony in its defense.

### c. May call

| **Name** | **Substance of Testimony** |
| --- | --- |
| | |

| Eric Boss | Mr. Boss is an attorney who works at the Pulaski Law Firm.  He will testify about the financing his firm provided to Outlaw as part of its investigation into Plaintiffs' misconduct. |
|---|---|
| Jeff Mansour | Mr. Mansour is the CEO of San Diego Cash & Carry, the other supplier of pills to the Plaintiffs.  He will testify about the FDA's characterization of the pills he supplied. |
| Mark Poe | Mr. Poe is Plaintiffs' counsel.  Although Tauler Smith recognizes it is unusual to call Plaintiffs' counsel at trial, doing so is necessary here because Mr. Poe personally provided evidence the Court relied on in denying summary judgment.  *See* ECF # 293:40 at 3-5 (explaining "the evidence advanced by the Stores creates a factual dispute," citing the "declaration of Mr. Poe explaining how he obtained the information [regarding a Vice News story]").  Tauler Smith anticipates Mr. Poe will testify about the nature and circumstances behind the Vice News story. |
| Sean Reagan | Sean Reagan is Outlaw's counsel.  Although Tauler Smith recognizes it is unusual to call a party's counsel at trial, doing so is necessary.  Mr. Reagan was hired by Outlaw to pursue claims similar to those advanced by Tauler Smith in the State of Texas.  He will testify about the legal services Outlaw hired him to perform and the results he achieved on its behalf.  His testimony is important because the jury should understand the extent and number of law firms Outlaw hired in addition to Tauler Smith—and more importantly, that Tauler Smith is the only firm being sued (he has also produced documents in this case where he communicates directly with funders or Tauler Smith about the project). |

### 4.    Trial Exhibits

### <u>The Stores' Exhibits</u>

#### a.  Expect to offer

| No. | Description | Description |
|---|---|---|

| 1 | Outlaw v. San Diego Outlet Complaint | |
|---|---|---|
| 2 | 2015.03.30 Analyst Worksheet re Product Rhino 7 | FDA testing results showing non-detect for prescription drug. |
| 3 | 2018.02.07 Email chain | Email between Mike Wear and CFO of Pulaski Law Firm re funding of the Enterprise. |
| 4 | Table of JST expenses and funding | Table showing expenses of JST Distribution's investigation of targets and Pulaski's funding. |
| 5 | JST Invoices of expenses to Pulaski | Series of invoices from JST Distribution documenting its expenses in investigating targets. |
| 6 | 2018.04.02 Tauler Smith invoice to Outlaw | |
| 7 | 2018.08.01 Tauler Smith invoice to Outlaw | |
| 8 | 2018.11.01 Tauler Smith invoice to Outlaw | |
| 9 | Mikha Dep. Ex. 9 | 2019.07.16 Laboratory test results showing no prescription drugs for item claimed to be purchased from Roma Mikha, Inc. |
| 10 | 2018.12.02 Tauler Smith invoice to Outlaw | |
| 11 | 2020.07.03 Email chain | Email chain between Robert Tauler, Chris Boss, and others re dispute re distribution of Enterprise proceeds. |
| 12 | 2018.12.19 Capture Group invoice to Pulaski | Table of Capture Group expenses for mailing demand letters, with invoice to Pulaski for same. |

| 13 | 2020.07.01 Email | Email from Robert Tauler to Wear, Lynch, Reagan re "Night GH" product. |
|----|------------------|----------------------------------------------------------------------|
| 15 | Outlaw's Responses to RFAs of Def. Kachi Enterprises | |
| 16 | Tauler Smith Supplemental Responses to the Stores' Interrogatories | |
| 19 | 2018.02.07 Demand Letter to Midway Cigars | |
| 20 | 2018.01.10 Demand Letter to Ebm Jr. Market | |
| 21 | 2018.02.07 Demand Letter to Big City Liquor | |
| 22 | 2018.02.07 Demand Letter to Sunset Mini Mart | |
| 26 | 2018.02.07 Demand Letter to Criscola's Liquor Store | |
| 28 | 2018.02.07 Demand Letter to Little Brown Jug Liquor | |
| 33 | 2018.02.07 Demand Letter to Bobar 2 Liquor Store | |
| 35 | 2018.02.07 Demand Letter to Bel Air Market | |
| 37 | Invoice from San Diego Cash & Carry | Invoice to Sunset Market, showing purchases of subject products. |
| 38 | Invoices from San Diego Cash & Carry | Series of invoices to Sunset Market, showing purchases of subject products. |

| 39 | Invoices from San Diego Cash & Carry | Series of invoices to Bobar Liquor #2, showing purchases of subject products. |
| --- | --- | --- |
| 40 | Video of Robert Tauler | A cell-phone video of Mr. Tauler in which he acknowledges "extorting people," and displays seemingly expensive jewelry. |
| 102 | Tauler Dep. Ex. 102 | List of federal lawsuits filed by Tauler Smith for JST Distribution. |
| 103 | Tauler Dep. Ex. 103 | 2017.03.22 JST Distribution Certificate of Formation |
| 105 | Tauler Dep. Ex. 105 | 2016.09.12 Outlaw Laboratory Certificate of Formation |
| 106 | Tauler Dep. Ex. 106 | 2017.12.21 Demand Letter to Bobar 2 Liquor Store (Roma Mikha, Inc.) |
| 107 | Tauler Dep. Ex. 107 | 2017.12.15 Demand Letter to Sunset Liquor (NMRM, Inc.) |
| 108 | Tauler Dep. Ex. 108 | 2018.02.07 Demand Letter to Skyline Market |
| 109 | Tauler Dep. Ex. 109 | 2018.05.03 Settlement Agreement for Skyline Market |
| 113 | Tauler Dep. Ex. 113 | Outlaw Laboratory Supp. Responses to Stores' Interrogatories |
| 114 | Tauler Dep. Ex. 114 | 2019.01.25 Tauler Smith Trust Report listing certain settlement proceeds. |
| 115 | Tauler Dep. Ex. 115 | 2017.01.02 Tauler Smith Invoice to Outlaw Laboratory |
| 116 | Tauler Dep. Ex. 116 | 2018.08.09 Letter from M. Poe to Tauler Smith |
| 117 | Tauler Dep. Ex. 117 | 2018.08.09 Email from R. Tauler To M. Poe |

| 118 | Tauler Dep. Ex. 118 | Tauler Smith Responses to Stores' First Interrogatories |
| --- | --- | --- |
| 119 | Tauler Dep. Ex. 119 | Tauler Smith's proffered list of all its settlements |
| 120 | Tauler Dep. Ex. 120 | 2018.07.28 Outlaw Settlement with an Arco in Federal Way, WA |
| 121 | Tauler Dep. Ex. 121 | 2018.10.12 Outlaw Settlement with multiple NJ stores |
| 122 | Tauler Dep. Ex. 122 | 2018.06.11 Outlaw Settlement with a Shell in Texas |
| 123 | Tauler Dep. Ex. 123 | 2018.12.11 Outlaw Settlement with Trop Stop Gas & Car Wash in Las Vegas, NV |
| 124 | Tauler Dep. Ex. 124 | 2018.09.19 Outlaw Settlement with Tucker Investment Corporation of Atlanta, GA |
| 125 | Tauler Dep. Ex. 125 | 2018.06.01 Letter from 7-11 General Counsel to franchisees describing opt-in settlement of Outlaw claims. |
| 126 | Tauler Dep. Ex. 126 | 2020.06.09 Declaration of Robert Tauler and Ex. A |
| 128 | Tauler Dep. Ex. 128 | 2019.01.10 Tauler Smith invoice to Outlaw Laboratory |

**d. Reserve the right to offer**

| No. | Description | Description |
| --- | --- | --- |
| 14 | Laboratory test results for "Red Mamba" | 2017.12.20 Lab test results to JST Distribution re a product called "Red Mamba" |
| 23 | 2018.02.07 Demand Letter to Blaze Smoke Shop | |

| 24 | 2018.02.07 Demand Letter to Point Loma Liquor | |
| 25 | 2018.02.07 Demand Letter to Servall Liquor | |
| 27 | 2018.02.07 Demand Letter to Greene Cat Liquors | |
| 29 | 2018.02.07 Demand Letter to Magic Market | |
| 30 | 2018.02.07 Demand Letter to Midway Wine & Spirits | |
| 31 | 2018.02.07 Demand Letter to Hilltop Liquor | |
| 32 | 2018.02.07 Demand Letter to Food Bargain Market | |
| 34 | 2018.02.07 Demand Letter to Hillcrest Smoke Shop | |
| 36 | 2017.12.15 Demand Letter to Palm Plaza Liquor | |
| 110 | Tauler Dep. Ex. 110 | 2018.06.22 Demand Letter to Lucky's Liquor |
| 111 | Tauler Dep. Ex. 111 | 2018.02.22 Demand Letter to Citgo |
| 112 | Tauler Dep. Ex. 112 | 2018.08.14 Email showing Demand Letter to a BP in North Carolina |

The Stores further reserve the right to introduce any exhibit identified herein by Tauler Smith, should the need arise.

### **Tauler Smith's Exhibits**

    **a. Expect to offer**

| No. | Description | Description |
|-----|-------------|-------------|
| A. | 5/4/2018 Settlement Agreement | Skyline's settlement agreement with Outlaw |
| B. | Criminal Prosecutions | Selected criminal prosecutions over related products throughout the country |
| C. | 2/7/2018 Demand Letter | Tauler Smith's demand letter to Skyline |
| D. | 3/20/2020 Outlaw Laboratory LP's Interrogatory Responses | Outlaw's discovery responses identifying the various attorneys it hired to perform the same services Tauler Smith performed |
| E. | 9/16/2016 Outlaw Laboratory LP Certificate of Filing | Corporate document showing the establishment of Outlaw in Texas and identifying its principals |
| F. | 5/7/2018 Skyline Payment Letter Sent by Garmo & Garmo LP to Tauler Smith | Proof of settlement funds paid by Skyline to Tauler Smith |
| G. | 10/30/2019 Default Judgement in Case No. 18-12497, *Outlaw Laboratory, LP v. 902 Dort Inc., et. al.* | Default judgments entered against various stores in the Eastern District of Michigan |
| H. | 10/10/2018 Notice of Ruling on Demurrer to First Amended Complaint in Case No. SC129302, *Outlaw Laboratory LP v. Lucky Liquor & Mini Mart, et. al.* | Court rulings denying motions to dismiss filed by other stores |
| I. | 6/30/2020 Outlaw Laboratory LP Supplemental Production of Testing Results | Pill test results |

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

| | | |
|---|---|---|
| J. | 1/31/2019 Outlaw Laboratory LP Responses to Special Interrogatories, Set 1 | Outlaw's discovery responses (SRogs) |
| K. | 5/18/2020 Outlaw Laboratory LP Responses to Requests for Admission, Set 1 | Outlaw's discovery responses (RFAs) |
| L. | 1/25/2018 Complaint in Case No 3:18-ca-557, *Outlaw Laboratory LP v. Al-Eryani Wholesale Inc.* | Complaints filed against distributors |
| M. | 7/10/2017 RTP Labs Sample Analysis Report | Pill test results |
| N. | FDA Public Notifications | FDA's classification of the pills at issue |

**b. Reserve the right to offer**

| No. | Description | Description |
|---|---|---|
| O. | Various news articles | Articles related to the dangers and deaths associated with male sexual supplements |
| P. | Invoices from PEG Nutrition LLC to Outlaw Laboratory LP | |
| Q. | 6/23/2020 Settlement Agreement | Settlement agreement between Outlaw Laboratory LP and the Stores |
| R. | Emails between Tauler Smith, Mike Wear, and Shawn Lynch | |
| S. | Emails between Robert Tauler and Sean Reagan | |

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

| T. | Emails between Mark Poe, Sean Reagan, Mike Wear, and Shawn Lynch related to the Settlement Agreement | |
|---|---|---|
| U. | Tauler Smith Engagement Agreements | |
| V. | Hasim Distribution Products List | |
| W. | 9/28/2020 Hasim Guilty Plea | |
| X. | Wear Indictment | January 16, 2020 Indictment of Michael Wear |
| Y. | Order Setting Conditions of Release on Michael Wear | Pretrial release conditions imposed on Michael Wear in his criminal case |
| Z. | 2/27/2019 wire sent from Akrum Alrahib to Gaw Poe | |
| AA. | Physical sampling of male enhancement pills (actual pills) from the various stores at issue in this case | |

**5.     Statement of Stipulated Facts**

Per L.R. 16.1.f.6.c.5, the stipulated facts are set forth on a separate page at the end of this document.

**6.     Deposition Transcripts to be Offered at Trial**

**The Stores**

Depending on need, the Stores may offer at trial the following excerpts of the

18

June 29, 2019 deposition of Robert Tauler, under Federal Rule of Civil Procedure 32(a):

68:11-73:12

81:18-82:25

92:8-93:17

141:17-142:4

144:7-146:9

149:25-152:21

153:13-161:15

165:1-11

170:4-176:13

176:15-179:24

180:16-184:2

186:19-190:25

191:21-192:15

193:1-194:16

207:16-208:3

210:10-214:4

217:19-218:21

219:5-222:17

223:21-224:18

226:1-23

235:1-236:4

237:19-239:1

**Tauler Smith**

Tauler Smith does not anticipate presenting any deposition testimony at trial.

7.    **Jury Instructions**

The parties will submit their proposed jury instructions in conformance with Fed. R. Civ. P. 51 and L.R. 51.1 by the date set forth in L.R. 16.1.f.9.b.

**8.     Form of Trial**

This case will be tried to a jury.

**9.     Time Estimate for Trial.**

The trial is estimated to take about five (5) full days.

Dated:  August 27, 2021

Hon. Gonzalo P. Curiel
United States District Judge

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

## **STIPULATED FACTS**

1. Outlaw Laboratory is a Texas company that sells nutritional supplements online through its website www.outlawlaboratory.com.

2. Outlaw Laboratory is owned by two individuals named Michael Wear and Shawn Lynch.

3. Among the products Outlaw Laboratory sells is an "all natural" "male enhancement product" sold under the names TriSteel and TriSteel 8-hour.

4. A Texas company called JST Distribution worked to identify stores around the country that were selling male enhancement products believed to contain prescription drugs, using funding from a Houston law firm called Pulaski Law Firm.

5. The Pulaski Law Firm's funding to identify potential "target" stores exceeded $1.3 million.

6. Tauler Smith sent a demand letter to each of the three store plaintiffs in this case, on behalf of its client Outlaw Laboratory.

7. The plaintiff Skyline Market agreed to pay Outlaw Laboratory a settlement of $2,800 to avoid being sued and signed a Release.

8. The plaintiff Sunset Liquor did not pay a settlement and has not been sued by Outlaw Laboratory.

9. The plaintiff Bobar 2 did not pay a settlement, and was sued by Outlaw Laboratory along with 49 other retail stores in the San Diego area that also sold male enhancement pills believed to contain prescription drug ingredients.

10. The Court has dismissed Outlaw Laboratory's claims against Bobar 2 and the other store-defendants, concluding that Outlaw's complaint failed to state a viable legal claim against the stores.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRETRIAL ORDER
Case No. 3:18-CV-840-GPC-BGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRETRIAL ORDER
CASE NO. 3:18-CV-840-GPC-BGS