**SERGENIAN LAW, A.P.C.**
David A. Sergenian (SBN 230174)
2355 Westwood Blvd. #529
Los Angeles CA 90064
Telephone: (213) 435-2035
Email: david@sergenianlaw.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Bld., Suite 1000
Beverly Hills, CA 90212
Telephone: (213) 861-7797
Email: kevin@kcjlawgroup.com

*Attorneys for Counter-Defendant*
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No. 18-cv-840-GPC-BGS<br><br>**REPLY IN SUPPORT OF COUNTER-DEFENDANT TAULER SMITH LLP'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Date:        February 18, 2022<br>Time:       1:30 p.m.<br>Courtroom: 2D<br>Judge:      Hon. Gonzalo P. Curiel |

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT ........................................................................................................1

    A.   A Plaintiff Seeking Only Attorney's Fees and Costs of Suit Cannot Establish That It Continues to Have Article III Standing .............................1

    B.   The Fact That This Is an Old Case That Has Required the Expenditure of Judicial Resources Cannot Save the Stores' Claims from Mootness ...........5

    C.   There Is No Support for the Stores' Argument That the One Satisfaction Rule Can Be Avoided by a Plea for Attorney's Fees and Costs of Suit ........7

    D.   There Is No Support for the Stores' Argument That the Stores' Claims Would Only Be Moot if the RICO Statute Were Repealed .........................8

    E.   There Is No Support for the Stores' Argument That Tauler Smith Is Required to Pay the Stores' Attorney's Fees to Moot the Stores' Claims ....9

III. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*American Pipe Construction Co. v. Utah*,
  414 U.S. 538 (1974) .................................................................................................6

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ...................................................................................................5

*Bayer v. Neiman Marcus Grp., Inc.*,
  861 F.3d 853 (9th Cir. 2017) ................................................................................8, 9

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016) ............................................................................................9, 10

*Clark v. City of Lakewood*,
  259 F.3d 996 (9th Cir. 2001) ...................................................................................5

*Cobb v. Brede*,
  No. C 10-03907 MEJ (N.D. Cal. Jan. 6, 2012) .......................................................2

*Cohen v. Trump*,
  No. 3:13-CV-2519-GPC, 2017 WL 1135556 (S.D. Cal. Mar. 27, 2017) ...............3

*Davis v. United States*,
  No. 16-cv-6258-TEH, 2017 WL 1862506 (N.D. Cal. May 9, 2017) .....................4

*Deposit Guaranty Nat. Bank v. Roper*,
  445 U.S. 326 (1980) .................................................................................................9

*Diamond v. Charles*,
  476 U.S. 54 (1986) ...................................................................................................8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) .....................................................................................2, 5, 6, 7

*Genesis Healthcare Corp.*,
  569 U.S. 66 (2013) ..........................................................................................3, 6, 9

*Hamana v. Kholi*,
  2010 WL 3292953 (S.D. Cal. Aug. 19, 2010) .........................................................3

*In re Nat'l Mortg. Equity Corp. Mortg. Pool*,
  636 F. Supp. 1138 (C.D. Cal. 1986) ........................................................................7

*Izenberg v. ETS Services, LLC*,
  589 F. Supp. 2d 1193 (C.D. Cal. 2008) ...............................................................4, 7

*Jacobus v. Alaska*,
  338 F.3d 1095 (9th Cir. 2003) .................................................................................6

*Lewis v. Continental Bank Corp.*,
   494 U.S. 472 (1990) ................................................................................. 3, 6, 8, 9

*Luman v. NAC Mktg. Co., LLC*,
   2017 WL 3394117 (E.D. Cal. Aug. 8, 2017) ................................................ 3, 4, 4 n.2

*Menjivar v. Trophy Properties IV DE, LLC*,
   2006 WL 2884396 (N.D. Cal. Oct. 10, 2006) ...................................................... 2

*Religious Tech. Ctr. v. Wollersheim*,
   796 F.2d 1076 (9th Cir. 1986) ............................................................................ 3

*Steel Co. v. Citizens for Better Environment*,
   523 U.S. 83 (1998) ........................................................................................ 8, 9

*Students for a Conservative Am. v. Greenwood*,
   391 F.3d 978 (9th Cir. 2004) ........................................................................... 6, 7

*T.K. v. Adobe Sys. Inc.*,
   2018 WL 1812200 (N.D. Cal. Apr. 17, 2018) ..................................................... 4

*Thole v. U. S. Bank*,
   140 S. Ct. 1615 (2020) ...................................................................................... 8

*Uthe Tech. Corp. v. Aetrium, Inc.*,
   808 F.3d 755 (9th Cir. 2015) ............................................................................. 7

*Walter v. Palisades Collection LLC*,
   480 F. Supp. 2d 797 (E.D. Pa. 2007) .................................................................. 2

**Statutes**

33 U.S.C. § 1365 .................................................................................................. 5

Fed. R. Civ. P. 12(h)(3) ....................................................................................... 3

## I. INTRODUCTION

In its moving papers, Tauler Smith established that because the Stores settled their claims for an amount that exceeds their claim for treble damages, the Stores no longer have Article III standing because they no longer can establish an injury-in-fact. In response, the Stores do not dispute that they bear the burden of establishing that they have Article III standing at every stage of litigation. The Stores do not dispute that the settlement paid by the Outlaw Defendants fully satisfied the Stores' claims for treble damages. The Stores do not cite to any case where a court held that a claim consisting solely of a prayer for attorney's fees and costs of suit could satisfy the Article III's injury-in-fact requirement, nor do the Stores cite to any case that disagrees with the line of cases cited by Tauler Smith holding that a claim solely for attorney's fees and costs cannot establish the injury-in-fact that a RICO plaintiff must prove to establish Article III standing.[1] Although the Stores present several variations on a theme, their opposition boils down to one argument: that because the Stores continue to seek attorney's fees and costs of suit, they have Article III standing. None of the Stores' authorities support their argument, and the cases cited in the moving papers (and in the opposition) squarely reject this argument. The Stores have failed to meet their burden of showing that they continue to have Article III standing to pursue their RICO claims. Furthermore, there is no support for the Stores' assertion that a claim for attorney's fees and costs of suit can circumvent the one satisfaction rule, which the Ninth Circuit has explicitly held applies to RICO claims. Accordingly, Tauler Smith's Motion to Dismiss should be granted.

## II. ARGUMENT

### A. A Plaintiff Seeking Only Attorney's Fees and Costs of Suit Cannot Establish That It Continues to Have Article III Standing

The Stores' entire opposition is fatally flawed because there is no basis for a plaintiff to continue to assert Article III standing absent an injury-in-fact. Under the au-

---

[1] As officers of the Court, undersigned counsel represent that they not aware of any such contrary authority.

thorities cited in the moving papers, this means something more than a claim for attorney's fees and costs. The reason why a claim seeking only attorney's fees and costs is insufficient to meet a RICO plaintiff's burden of establishing Article III standing at every stage of litigation is clear: if all a RICO plaintiff needed to do was to seek attorney's fees and costs, every plaintiff asserting a RICO claim would automatically establish standing simply by seeking fees and costs, even if they conceded that they suffered no concrete injury. The courts, wisely, reject such a tautological argument because it would do away entirely with the Article III standing requirement of establishing an injury-in-fact. *See, e.g.*, *Menjivar v. Trophy Properties IV DE, LLC*, 2006 WL 2884396, at 11–12 (N.D. Cal. Oct. 10, 2006) ("If legal fees associated with a RICO lawsuit itself could constitute the RICO injury, the injury requirement would cease to have any meaning."). No court of which undersigned counsel is aware has accepted the Stores' "illogical" argument, which would turn RICO's injury requirement into a "nullity." *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 805 (E.D. Pa. 2007).

        The Stores ignore these authorities (cited on pages 7–9 of Tauler Smith's opening brief) and instead argue that because "all" the cases cited in pages 9 and 10 of Tauler Smith's opening memorandum were decided—according to the Stores—at the motion to dismiss stage based on standing, that they have no relevance to a motion to dismiss based on mootness. As a preliminary matter, the Stores are incorrect: the order in *Cobb v. Brede* granting summary judgment on standing grounds was issued in the 18th month of litigation in that case. (*See* Ex. 1 to Request for Judicial Notice.) Although the order refers to "standing," technically speaking, it was a mootness case because the case was decided on summary judgment 18 months into the case. This is so because, with certain exceptions that do not apply in this case, "the doctrine of mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189–90 (2000) (citations omitted).

Apart from the fact that Tauler Smith's motion to dismiss addresses mootness rather than standing, the Stores fail to offer any reason or authorities to support its contention that a bare claim for attorney's fees and costs of suit does not confer standing at the outset of litigation but does confer standing once litigation has been underway for a long period of time. That position is untenable. Subject matter jurisdiction must be addressed at all stages of litigation. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). There are no authorities cited by the Stores or of which Tauler Smith is aware that hold that a RICO plaintiff can bootstrap the injury-in-fact requirement onto a claim for attorney's fees and costs solely because satisfaction of claims for treble damages happens mid-litigation as opposed to prior to litigation commencing. In fact, that is the very point of the mootness doctrine: mootness requires dismissal if a plaintiff no longer has standing. *See Genesis Healthcare Corp.*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990)).

The Stores' reliance on *Luman v. NAC Mktg. Co., LLC*, 2017 WL 3394117 (E.D. Cal. Aug. 8, 2017), is misplaced because there the court was not addressing a claim solely for attorney's fees and costs of suit. In *Luman*, the court found that the plaintiff had Article III standing in part because the defendant did not agree to the injunctive relief the plaintiff requested. Here, there is no injunctive relief sought by the Stores, nor is injunctive relief available to the Stores on their RICO claims, as the Court previously ruled. *See* Order Denying Motion for Permanent Injunction (ECF No. 290) (Sep. 15, 2020); *Hamana v. Kholi*, 2010 WL 3292953, at *2 (S.D. Cal. Aug. 19, 2010) (a "[c]ourt cannot issue injunctive relief based on a civil RICO claim."); *see also Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088 (9th Cir. 1986) ("Thus we conclude that Congress did not intend to give private RICO plaintiffs any right to injunctive relief."); *Cohen v. Trump*, No. 3:13-CV-2519-GPC, 2017 WL 1135556, at *3 n.6 (S.D. Cal. Mar. 27,

2017) ("[I]njunctive relief is not available to private parties under the civil RICO statute.")).[2]

Similarly, the Stores' reliance on *T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200 (N.D. Cal. Apr. 17, 2018), is misplaced because the court's reference to attorney's fees and costs was dicta. The plaintiff in *T.K.* had a claim for unpaid interest, which had not been mooted by the defendant's payment to the plaintiff. *Id*. at *20. Here, there is no claim for interest. Here, it is undisputed that the Stores have received a settlement amount in excess of their claimed treble damages, which fully satisfies their claims. Furthermore, the court in *T.K.* held that even if the plaintiff's claim were moot, given that the plaintiff had not yet moved for class certification, the court, following Ninth Circuit precedent, would not dismiss the plaintiff's claims based on mootness before the plaintiff was given the opportunity to seek class certification. *Id*. at *20–21 (citing *Davis v. United States*, No. 16-cv-6258-TEH, 2017 WL 1862506 (N.D. Cal. May 9, 2017)). Here, as the Court is aware, Skyline previously moved for class certification and that motion was denied.

Neither *Luman* nor *T.K.* present a case in which a court found that a plaintiff continued to have standing when its claims were reduced to a request for costs of suit and attorney's fees. Undersigned counsel is not aware of any case holding that a RICO plaintiff (or any other plaintiff) was found to have an injury-in-fact where the only extant relief requested was for costs of suit and attorney's fees. *Cf. Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1204 (C.D. Cal. 2008) ("As respects plaintiffs' claims regarding legal fees, the cost of filing a RICO action does not satisfy the concrete financial injury requirement.").[3]

---

[2] Furthermore, the court in *Luman* did not address any of the authorities cited by Tauler Smith in which courts have held that a request for attorney's fees and costs in a RICO case cannot establish Article III standing. The portion of the opinion addressing mootness is devoid of analysis or any citation to authority on the issue of whether a claim for attorney's fee or costs can save an otherwise mooted claim.

[3] The Stores also argue that the costs and attorney's fees they seek belong to the plaintiffs, not to the attorneys. As a factual matter, this is not true, as the Stores are aware.

### B. The Fact That This Is an Old Case That Has Required the Expenditure of Judicial Resources Cannot Save the Stores' Claims from Mootness

In pages 3 to 4 of the Opposition, the Stores rely on judicial exceptions to the mootness doctrine that do not apply here. In *Clark v. City of Lakewood*, 259 F.3d 996 (9th Cir. 2001), the issues on appeal were whether the owner of three adult businesses had standing to challenge the constitutionality of a city ordinance regulating adult businesses, and whether the owner's claims for declaratory, injunctive, and monetary relief had become moot after the businesses had closed. The Ninth Circuit found that the claims were not moot because the plaintiff stated his intention to resume businesses that were regulated by the ordinance. *Id*. at 1018–1021. Here, by contrast, there is no claim for declaratory relief or injunctive relief, this is not a challenge to the constitutionality of a statute, and there is no possibility that the Stores' claims will be revived.

In *Friends of the Earth*, the plaintiff sued the owner of a wastewater treatment plant for violation of 33 U.S.C. § 1365. The defendant argued that the case had become moot after the defendant began to comply with the statute. The Supreme Court observed that "the doctrine of mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" 528 U.S. at 189 (citations omitted). However, noting an exception to this general rule, the Court observed that "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." *Id*. at 190. Accordingly, the Court invoked the "capable of repetition, yet evading review" exception to the mootness doctrine. *Id*. at 190–191. Under these circumstances, it may be more wasteful than frugal to find a case is

---

(*See* ECF No. 192-1 and ECF No. 192-15 at PageID 3512, 3529, 3537–3538 (engagement agreements with Stores stating that any award of attorney's fees and costs will be paid entirely to Gaw Poe LLP and disclaiming any right of the Stores to such proceeds).) In any event, even if the Stores had a right to costs and attorney's fees (which they do not), as set forth in this brief, it would not create Article III standing.

moot. *Id*. at 192. The Court warned, however, that "[t]his argument from sunk costs does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when parties have settled or a plaintiff pursuing a nonsurviving claim has died." *Id*. (citations omitted). Here, the Court is not confronted with a case concerning injunctive or declaratory relief, nor is this a case in which an alleged violation of statute is capable of repetition yet evading review. *Friends of the Earth*, therefore, has no application here and the Court should decline the Stores' invitation to retain jurisdiction solely because litigation has been ongoing for years.

The Stores point to *American Pipe Construction Co. v. Utah*, 414 U.S. 538, 539 (1974), and argue that the Court should not dismiss this case because other plaintiffs may subsequently sue Tauler Smith and, according to the Stores, the statute of limitations has been tolled. However, this is a purely hypothetical proposition as there are no plaintiffs in this action other than the Stores; the concern the Stores raise is entirely speculative. More importantly, even if other plaintiffs were to sue Tauler Smith, although those hypothetical plaintiffs might be able to establish their *own* standing, the addition of new plaintiffs would not confer standing on the Stores by transference. "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 569 U.S. at 72 (quoting *Lewis*, 494 U.S. at 477–478 (internal quotation marks omitted)). Accordingly, there is no merit to the Stores' argument that the hypothetical addition of new plaintiffs would somehow confer the Stores with a personal stake in the claims of these nonexistent strangers to this litigation.

The Stores also quote, without any context or elaboration (and improperly truncate the quotation without ellipses that would indicate alteration), the Ninth Circuit's comment in *Students for a Conservative Am. v. Greenwood*, 391 F.3d 978 (9th Cir. 2004), that "[m]ootness is a flexible justiciability doctrine that allows review 'if there are present effects that are legally significant.'" *Id*. at *1 (quoting *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003)). The Stores do not explain the relevance of this

quotation, which was stated in an order denying appellate review on the grounds that the plaintiff's prayer for injunctive relief was moot. *Id*. It certainly does not stand for the proposition that a court should deny a motion to dismiss where the plaintiff no longer has an injury-in-fact solely because the case has been ongoing for a long period of time, as the Stores suggest. *See Friends of the Earth*, 528 U.S. at 192 ("This argument from sunk costs does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when parties have settled or a plaintiff pursuing a nonsurviving claim has died.").

### C. There Is No Support for the Stores' Argument That the One Satisfaction Rule Can Be Avoided by a Plea for Attorney's Fees and Costs of Suit

The Stores' argument that the one satisfaction rule does not apply here because the Stores are seeking costs of suit and attorney's fees is inconsistent with the Ninth Circuit's jurisprudence on this issue. In *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 762 (9th Cir. 2015), the Ninth Circuit explicitly addressed "[w]hat constitutes 'full satisfaction' of a treble damages claim." *Id*. at 762 (quoting *In re Nat'l Mortg. Equity Corp. Mortg. Pool*, 636 F. Supp. 1138, 1151 (C.D. Cal. 1986)). In doing so, the Ninth Circuit endorsed the persuasive reasoning of the court in *In re National Mortgage*, which held that "the 'full satisfaction' to which treble damages claimants are entitled is 'three times the proven actual damages'—any award less than that amount constitutes an incomplete recovery." *Id*. (quoting *In re Nat'l Motrg.*, 636 F. Supp. at 1152).

The Stores counter by arguing that the *Uthe* opinion only entitles Tauler Smith to an offset, and that there will be no double recovery due to this offset. However, this only underscores the undeniable fact that the Stores' alleged injuries are less than the amount they received in settlement. The one satisfaction rule is "an equitable principle designed to prevent double recovery of damages arising from the same injury." *Uthe*, 808 F.3d at 757. A request for costs of suit and attorney's fees is not an injury-in-fact. *See, e.g.*, *Izenberg* 589 F. Supp. 2d at 1204 ("As respects plaintiffs' claims regarding le-

gal fees, the cost of filing a RICO action does not satisfy the concrete financial injury requirement.").

### D. There Is No Support for the Stores' Argument That the Stores' Claims Would Only Be Moot if the RICO Statute Were Repealed

In *Lewis*, the Supreme Court held that a plaintiff's "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim[.]" 494 U.S. at 480 (citing *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986)). The Stores attempt to cabin *Lewis* to the particular facts of that case and argue that the Stores' claims can only become moot if the RICO statute is repealed. There is nothing in the Supreme Court's opinion in *Lewis*, however, that states that the holding in that case applies only where a statute has been repealed.

To the contrary, many courts, including the Supreme Court, have relied on the principle enunciated in *Lewis* when addressing non-repealed statutes. For example, in *Thole v. U. S. Bank*, 140 S. Ct. 1615 (2020), the Supreme Court found that plaintiffs asserting ERISA claims could not rely on a $31 million claim for attorney's fees when they had no personal stake in the lawsuit because they would be entitled to the same amount of benefits no matter how the case turned out: "[A]n 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.' […] Because the plaintiffs themselves have no concrete stake in the lawsuit, they lack Article III standing." 140 S. Ct. at 1619 (citing *Lewis*, 494 U.S. at 480, and *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 107 (1998)).

To take one other example (of many), in *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853 (9th Cir. 2017), the Ninth Circuit addressed whether it was proper for the district court to grant summary judgment of the plaintiff's ADA claims on the grounds of mootness. Only equitable remedies were available to the plaintiff. *Id*. at 863. However, due to changed circumstances in his employment, the plaintiff could not establish entitlement to injunctive relief. *Id*. at 864–865. The Ninth Circuit rejected the plaintiff's ar-

gument that he could establish Article III standing based on a claim for attorney's fees and costs: "To the extent Bayer suggests his interest in attorney fees and legal costs associated with this action is sufficient to avoid mootness, it has long been established that such costs standing alone are insufficient to confer Article III jurisdiction 'where none exists on the merits of the underlying claim.'" 861 F.3d at 866–67 (quoting *Steel*, 523 U.S. at 107). As the Ninth Circuit observed, "a case or controversy sufficient to confer Article III jurisdiction exists only when succeeding in the litigation will afford 'the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.'" *Id*. (quoting *Steel*, 523 U.S. at 107).

Here, the Stores cannot rely solely on their request for costs of suit and attorney's fees to establish Article III standing. The authorities are uniform in this regard that a request for attorney's fees and litigation costs cannot save an otherwise moot claim.

### E. There Is No Support for the Stores' Argument That Tauler Smith Is Required to Pay the Stores' Attorney's Fees to Moot the Stores' Claims

The Stores argue that the Supreme Court's holding in *Genesis* would require Tauler Smith to pay all attorney's fees and costs in order for the Stores' claims to be moot. Nothing in the *Genesis* opinion, however, suggests that a Rule 68 offer only moots a plaintiff's claims if it contains an offer to pay attorney's fees and costs. To the contrary, the Court called into question its prior decision in *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980), which stated in dicta that a defendant in a class action should not be permitted to "pick off" party plaintiffs before an affirmative ruling was achieved. *Genesis*, 569 U.S. at 78. After distinguishing *Roper*, the Court observed: "Because *Roper* is distinguishable on the facts, we need not consider its continuing validity in light of our subsequent decision in *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). See *id*., at 480, 110 S. Ct. 1249, 108 L. Ed. 2d 400 ('[An] interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim')." *Genesis*, 569 U.S. at 78 n.5.

Similarly, nothing in the Supreme Court's opinion in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), supports the Stores' argument that their claims can only be mooted if the Stores receive all the attorney's fees and costs they seek. In *Gomez*, the Supreme Court held that an unaccepted settlement offer does not moot an individual plaintiff's claim. *Id*. at 162. The observation that the settlement offer in question did not include an offer to pay attorney's fees and costs (which are unavailable under the TCPA) had no bearing on the holding of the case and was not analyzed at all by the majority.

\* \* \*

There is no dispute among the authorities: if a plaintiff can only point to attorney's fees and costs, it cannot establish Article III standing. Here, the Stores concede that the only relief they seek is attorney's fees and costs. Under all the authorities cited by both parties, this is insufficient to confer Article III standing and the Stores' claims must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Tauler Smith respectfully requests that the Court grant this Motion and dismiss the Second Amended Counterclaim with prejudice.

Dated: January 31, 2022             Respectfully submitted,

**SERGENIAN LAW, A.P.C.**

By: */s/David A. Sergenian*
David A. Sergenian

**KJC LAW GROUP, A.P.C.**

By: */s/Kevin J. Cole*
Kevin J. Cole

*Attorneys for Counter-Defendant Tauler Smith LLP*