**SERGENIAN LAW, A.P.C.**
David A. Sergenian (SBN 230174)
2355 Westwood Blvd. #529
Los Angeles, CA 90064
Telephone: (213) 435-2035
Email: david@sergenianlaw.com

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
Email: kevin@kjclawgroup.com

*Attorneys for Counter-Defendant*
*Tauler Smith LLP*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORY, L.P. LITIGATION | Case No. 3:18-cv-00840-GPC-BGS<br><br>**TAULER SMITH LLP'S CONSOLIDATED OPPOSITION TO THE STORES' MOTION *IN LIMINE* NOS. 1-5**<br><br>Date:    February 11, 2022<br>Time:    1:30 p.m.<br>Court:   2D<br>Judge:   Hon. Gonzalo P. Curiel |

TAULER SMITH LLP'S CONSOLIDATED OPPOSITION TO THE STORES' MOTION *IN LIMINE* NOS. 1-5

Tauler Smith LLP ("Tauler Smith") respectfully submits the following consolidated opposition to the five motions *in limine* filed by Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc. (together, the "Stores"). Because each motion *in limine* bears on the same issues—namely, (i) whether certain evidence is relevant, and if so, (ii) whether it is more prejudicial than probative—Tauler Smith addresses each motion *in limine* in this single consolidated opposition.

## I. INTRODUCTION

The only remaining defendant in this case is Tauler Smith, one of several law firms that former defendant Outlaw Laboratory ("Outlaw") hired to prosecute claims against sellers of certain sex enhancement pills. The Stores claim Tauler Smith is liable under the civil RICO statute due to the contents of three demand letters sent on behalf of its then-client (Outlaw). In particular, the Stores contend that the demand letters were fraudulent because they were not supported by facts or law.

Given the Stores' claims, it is critical that Tauler Smith be allowed to present evidence that the letters were supported by (i) criminal prosecutions brought by the federal government under a RICO theory, as well as subsequent convictions and victim reports filed in those cases (MIL No. 2); (ii) Tauler Smith's own success in advancing the theories challenged here in other courts, as well as subsequent default judgments obtained in other federal courts under the same theories asserted in the subject letters (MIL No. 3); and (iii) research and testing as to the contents of the products, namely their potentially harmful and undisclosed contents (MIL No. 4).

Similarly, the settlement agreement between Plaintiffs and former co-defendants Outlaw, Mike Wear, and Shawn Lynch is directly relevant to the issue of damages set off, and also relevant to impeach the testimony of Messrs. Wear and Lynch (MIL No. 1).

Finally, as to matters relating to Gaw | Poe LLP (the Stores' counsel), as the Pretrial Order anticipates, Tauler Smith "may" call Mark Poe at trial. Not only is Mr. Poe a witness in this case—indeed, he submitted a factual declaration purporting to describe how he

1

discovered Tauler Smith's alleged fraud[1]—but his testimony about the settlement agreement is directly relevant to offset. (MIL No. 5.) For this reason, Tauler Smith reserved the right to call Mr. Poe as a witness at trial. Recognizing, however, that Mr. Poe is also the Stores' trial counsel, Tauler Smith respectfully requests the opportunity to make an offer of proof during trial (outside the jury's presence), should it decide to call Mr. Poe, in advance of any blanket ruling excluding Mr. Poe's testimony.

## II. LEGAL STANDARDS

Evidence is relevant if (i) "it has any tendency to make a fact more or less probable than it would be without the evidence," and (ii) "the fact is of consequence in determining the action." *See* Fed. R. Evid. 401; *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is 'of consequence in determining the action' generally requires considering the substantive issues the case presents."). As a result, relevancy is a fluid concept and typically presents a rather low barrier to admissibility. *See, e.g.*, *Forrest v. Parry*, 930 F.3d 93, 114 (3rd Cir. 2019) (explaining the "bar for what constitutes relevant evidence is low"); *Crawford*, 944 F.3d at 1077 ("Rule 401's basic standard of relevance … is a liberal one") (internal quotes omitted).

Even if evidence is relevant, of course, the Court may still exclude it under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Undue prejudice means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*, Advisory Committee Notes, 1972 Proposed Rules; *see also Old Chief v. United States*, 519 U.S. 172, 180; *Dollar v. Long Mfg., N.C., Inc.*,

---

[1] As this Court's Summary Judgment Order observed, "Mr. Poe filed a declaration noting that he was interviewed by a Vice Media reporter, had communicated with him via email 36 times, as a result learned new information regarding the involvement of Outlaw's partners and Tauler Smith in the Enterprise, and ultimately incorporated those facts into the newly amended complaint." ECF No. 293 at p. 2 (citation omitted).

561 F.2d 613, 618 (5th Cir. 1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair'"), *cert. denied*, 435 U.S. 996 (1978).

## III. ARGUMENT

### a. All Evidence Informing the Contents of the Demand Letters is Admissible; MIL Nos. 2-4 Should Be Denied

The Stores' theory of this case is that the demand letters were fraudulent because they were not supported by facts or law.  Critical to Tauler Smith's defense, therefore, is that the letters were *not* fraudulent because they *were* supported by facts and law.  There being no fraud, there can be no predicate act to support the allegations of racketeering under RICO.  *See, e.g.*, *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407 (8th Cir. 1999) ("Though mail fraud can be a predicate act, mailings are insufficient to establish the continuity factor unless they contain misrepresentations themselves. The court must look to the underlying scheme to defraud.") (citing *Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.*, 986 F.2d 1208, 1215 (8th Cir. 1993) (refusing to consider a letter containing no indications of fraud as the beginning mail fraud predicate act); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1414 (3d Cir. 1991) ("[T]he continuity question should not be affected by the fact that a particular fraudulent scheme involved numerous otherwise 'innocent' mailings ....")).

For example, that the federal government initiated criminal prosecutions against importers and distributors of the same pills at issue here is probative that Tauler Smith's demand letter using the same theory was also reasonable.  In other words, if the federal government believed it could satisfy its heavy burden to establish guilt beyond a reasonable doubt against sellers of sex enhancement pills under a RICO theory, it should also be reasonable for Tauler Smith to conclude it could establish civil liability under a much lower standard (preponderance of the evidence).  Certainly, Tauler Smith should be able to present this evidence in its defense and allow the jury to weigh the evidence.

Despite the Stores' concerns about juror confusion, misleading proof, or prejudicial impact, these concerns can be mitigated by a limiting instruction to the jury, explaining why the evidence is being introduced (namely, to establish the contents of the demand letters and the basis behind them).

Likewise, Tauler Smith's own success in advancing the theories challenged here in other courts—as well as subsequent default judgments obtained in other federal courts under the same theories asserted in the subject letters—is highly relevant: it establishes Tauler Smith's defense that the demand letters were supported by law.  Again, to the extent there are Rule 403 concerns, those can be mitigated with a limiting instruction.

Finally, evidence about the research and testing as to the contents of the sex enhancement pills—namely their potentially harmful and undisclosed contents—is relevant for the same reasons: it establishes the factual basis behind the allegations in the letters, which disproves the Stores' contention the letters were fraudulent.

### b. Evidence of the Settlement Agreement is Directly Relevant to Offset (MIL No. 1)

Similarly, the settlement between Plaintiffs and former co-defendants Outlaw, Mike Wear and Shawn Lynch is directly relevant to damages set off.  It is also relevant to impeach the testimony of Messrs. Wear and Lynch, who are contractually bound to provide testimony favorable to Plaintiffs as part of their settlement.

In addition, the criminal indictment against Michael Wear, which occurred only months before the settlement agreement was entered into, provides a reason for Mr. Wear's willingness to settle the case at all costs.  In other words, the indictment is not going to be used to attack Mr. Wear's credibility because he stands accused of committing unrelated crimes; rather, the indictment of Mr. Wear provides a rationale as to why Mr. Wear settled when he did, and why he had to agree to Plaintiffs' terms, including agreeing to testify for them.  To the extent there is a concern about the prejudicial impact of the indictment, a limiting instruction can be provided to the jurors as to the relevance and purpose of the evidence.

### c. Tauler Smith Should Be Permitted to Make an Offer of Proof at Trial as to Mr. Poe's Testimony (MIL No. 5)

As the Pretrial Order anticipates, Tauler Smith "may" call Mr. Poe at trial. Not only is Mr. Poe a witness in this case—as described earlier, he submitted a factual declaration purporting to describe how he discovered Tauler Smith's alleged fraud—but his testimony about the settlement agreement is directly relevant to offset. (MIL No. 5.) For this reason, Tauler Smith reserved the right to call Mr. Poe as a witness at trial. However, as explained earlier, recognizing that Mr. Poe is also the Stores' trial counsel, Tauler Smith respectfully requests the opportunity to make an offer of proof during trial (outside the jury's presence), should it decide to call Mr. Poe, in advance of any blanket ruling excluding Mr. Poe's testimony.

## IV. CONCLUSION

Tauler Smith respectfully requests the Court deny the Stores' motions *in limine*, all of which are intended to seriously hamstring Tauler Smith's defense.

DATED: February 2, 2022

Respectfully submitted,

KJC LAW GROUP, A.P.C.

By:   /s/ Kevin J. Cole
Kevin J. Cole, Esq.
*Attorneys for Counter-Defendant Tauler Smith LLP*

5
TAULER SMITH LLP'S CONSOLIDATED OPPOSITION TO THE STORES' MOTION *IN LIMINE* NOS. 1-5

# CERTIFICATE OF SERVICE

I hereby certify that, on February 2, 2022, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: February 2, 2022                                KJC LAW GROUP, A.P.C.

                                        By:   /s/ Kevin J. Cole
                                              Kevin J. Cole, Esq.
                                              *Attorneys for Counter-Defendant*
                                              *Tauler Smith LLP*