UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE OUTLAW LABORATORY, LP LITIGATION. | Case No.: 18-cv-840-GPC-BGS<br><br>**ORDER VACATING TRIAL DATE AND GRANTING PLAINTIFF'S MOTIONS IN LIMINE** |
|---|---|

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

## I. TRIAL SCHEDULING

This case is currently set for a five-day trial beginning on March 8, 2022. Due to the unavoidable congestion of the Court's trial calendar, and the precedence to which criminal cases are entitled under the Court's Constitutional obligations, the Court HEREBY VACATES the trial date previously set for this case. A status hearing is set for July 15, 2022 at 1:30 PM.

## II. PLAINTIFF'S MOTIONS IN LIMINE

Pending before the Court are Plaintiffs'[1] motions in limine. ECF Nos. 388, 389, 390, 391, 392. The Court will address each in turn.

### A. Motion in Limine No. 1: Amount of Outlaw Settlement (ECF No. 388)

Plaintiffs move to exclude the dollar amount of the settlement paid by Outlaw Laboratory, Michael Wear, and Shawn Lynch ("the Outlaw defendants") as part of the 2021 Settlement between the Outlaw defendants and Plaintiffs. ECF No. 388. Under Federal Rule of Evidence ("Rule") 408(a), a settlement agreement is inadmissible as evidence, unless for a narrow purpose such as proving a witness' bias or prejudice. Fed. R. Evid. 408(a). To that end, evidence that Michael Wear and Shawn Lynch agreed to testify as part of the settlement agreement is admissible because it goes to the issue of potential bias. However, the settlement amount itself is inadmissible. The Court further concludes that presenting the amount of the settlement to the jury has the potential to confuse and mislead the jury. The Court HEREBY GRANTS Motion in Limine No. 1 and excludes the dollar amount of the settlement reached between the Outlaw Defendants and the Stores.

---

[1] Because only the claims of Counterclaimants the Stores (Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc.) remain in this action, the Court will refer to them as "Plaintiffs" or "the Stores" for ease of reference.

**B.     Motion in Limine No. 2: Criminal Prosecutions of Others (ECF No. 389)**

Plaintiffs move to exclude "all evidence and argument regarding any criminal prosecutions of importers or other sellers of 'sex enhancement pills' of the type that underlie this litigation, and further to exclude evidence and argument regarding the criminal indictment of one of the owners of Outlaw Laboratory, Michael Wear." ECF No. 389 at 2. Specifically, Tauler Smith proposes to call a Mr. Nam Hyun Lee as a witness and admit his guilty plea. *See* ECF No. 384 (Pretrial Order) at 9, 18. Tauler Smith also lists as exhibits Michael Wear's indictment for conspiracy to distribute marijuana and an order setting Wear's bail conditions. *Id.* at 18 (Exs. X and Y).

The Court will exclude evidence of Michael Wear's indictment as inadmissible impeachment evidence under Rule 609. Fed. R. Evid. 609. Tauler Smith does not propose evidence of Wear's actual conviction, nor is it clear why distributing marijuana is a crime that would have any bearing on the credibility of Wear's potential testimony. In addition, the Court finds that evidence of Michael Wear's indictment for these crimes is of very low probative value, if any, and not relevant to the issues to be decided at trial.

The Court will also exclude evidence of Mr. Nam Hyun Lee's conviction, including his guilty plea and any related documents. Mr. Lee's situation is substantially different from the context of the instant litigation, in that Mr. Lee was prosecuted by the government for smuggling and importing drugs, rather than sued by a private party for retail sales under RICO and/or the Lanham Act. Thus, his prosecution, conviction, and criminal history have extremely low probative value, if any, and little relevance to the issues central to this case. The Court will also exclude this evidence based on a tendency to confuse the jury, who might think that the government's success in prosecuting Mr. Lee lends credence to Tauler Smith's actions as a non-governmental actor.

The Court further excludes Tauler Smith's Exhibit B, "selected criminal prosecutions over related products throughout the country" for the same reasons

articulated above, related to Mr. Lee. The Court HEREBY GRANTS Motion in Limine No. 2 and excludes evidence regarding the criminal prosecutions of any persons, including Michael Wear and Nam Hyun Lee.

### C. Motion in Limine No. 3: Denials of Demurrers and Motions to Dismiss in Other Outlaw Cases (ECF No. 390)

Plaintiffs seek to exclude Tauler Smith's Exhibit H, which consists of three orders: (1) the overruling of a demurrer brought by one of the defendants in *Outlaw Laboratory v. Lucky Liquor & Mini Mart, et al.* (L.A. Sup. Ct. No. SC129302); (2) the overruling of a demurrer in an unspecified California jurisdiction, Case No. BC706471, brought by defendants Overland Mobil Mart and MV Petroleum Corp.; and (3) the denial of a motion to dismiss brought by a defendant in *Outlaw Laboratory v. US1 Novelties LLC*, *et al.*, No. 18-cv-2065-AT in the Northern District of Georgia. *See* ECF No. 390 at 2.

All three of these cases are decisions on the pleadings stage—i.e., they do not look to the underlying merits of the action, but simply assess whether Outlaw met its burden of pleading at the outset of litigation. As such, they have very little probative value for Tauler Smith's proposed use: to show that courts ruled in Outlaw's favor on the merits, thus making it reasonable for them to send the demand letters at issue. The Court finds that these cases have a high likelihood of confusing the jury, which outweighs their minimal probative value, as a jury is unlikely to understand the difference between a motion on the pleadings and a motion on the merits. In addition, any explanation of the difference would waste valuable trial time while producing little benefit for either side.

To be clear, the Court is unconvinced that these three cases lend support for Tauler Smith's contention in the first place. If Tauler Smith were offering cases predating the instant litigation in which a judge had ruled in their favor, even at the pleadings stage, that would be one thing. But each of the three cases offered in Exhibit H was decided *after* Tauler Smith and Outlaw filed the initial Complaint in this action. Therefore, any

decision rendered in Tauler Smith and Outlaw's favor in these three cases could not possibly have lent credence to Tauler Smith's legal theory and supported the legal soundness of the letters to the Stores before they were sent. Even if such orders could be assumed to a post-hoc vindication of Tauler Smith's approach—which, since they are not orders on the merits, they cannot be—the Court finds that the cases are excludable evidence due to their low probative value and tendency to confuse the jury and waste time at trial. Given the timing of the decisions, the cases certainly do not lend support to the theory that Tauler Smith's demands were supported by their own legal victories at the time that the demand letters were sent out in the instant action. The Court therefore GRANTS Motion in Limine No. 3.

### D. Motion in Limine No. 4: Health Effects Attributed to Subject Pills (ECF No. 391)

Plaintiffs seek to exclude evidence or arguments as to adverse health effects allegedly caused by the sexual enhancement pills at issue, including Tauler Smith's proposed witness, Maxine Fleming. ECF No. 391 at 2. According to Tauler Smith's witness list, Ms. Fleming will be called to testify that her husband had a stroke after consuming the subject pills.

The Court will exclude Ms. Fleming's testimony on several grounds. First, the testimony of a nonparty as to her husband's stroke has little or no relevance to the question of Tauler Smith's potential liability under RICO. Second, such testimony would have a tendency to confuse and mislead the jury into thinking that such health effects formed a reasonable basis for Tauler Smith's legal theory in sending the letters. Third, such testimony would constitute improper lay witness opinion under Rule 701, which precludes lay persons from expressing an opinion on scientific matters beyond the realm of an ordinary person's knowledge. Fed. R. Evid. 701. That includes, as here, the

precise medical causation of a stroke, which is the subject only of proper expert testimony.

The Court will also exclude Tauler Smith's proposed Exhibit O, "articles relating to the dangers and deaths associated with male sexual supplements," because of the evidence's low probative value as it relates to the issues at trial, and because such evidence would have a tendency to confuse and mislead the jury. The Court HEREBY GRANTS Motion in Limine No. 4.

### E. Motion in Limine No. 5: Matters Relating to Gaw Poe LLP (ECF No. 392)

Plaintiffs seek to exclude two matters relating to Gaw Poe LLP: (1) Tauler Smith's proposed Exhibit Z, "2/27/2019 wire sent from Akrum Alrahib to Gaw Poe" and (2) Tauler Smith's plan to call Mr. Poe, the Stores' trial counsel, as a potential witness during trial.

As to Exhibit Z, the Stores explain that "Tauler Smith has identified a February 2019 Comerica statement of Trendsettah USA, Inc. as its posposed Exhibit Z." ECF No. 392-1 at 3. Plaintiffs note that Trendsettah is "a former client who is wholly unrelated to this litigation." *Id.* at 2. Tauler Smith's Opposition to the motions in limine fails to address the issue of Exhibit Z at all, and the pretrial order chart of Tauler Smith's proposed exhibits does not provide any further description of Exhibit Z. Therefore, the Court will exclude Exhibit Z as wholly irrelevant to the litigation at hand.

Turning to whether Tauler Smith should be able to call Mr. Poe as a witness, the Court first looks to the California Rules of Professional Conduct, which govern attorneys appearing before courts in this state. *Real Estate Training International, LLC v. Nick Vertucci Cos., Inc.*, 124 F.Supp.3d 1005, 1006 (C.D. Cal. 2015). California Rule of Professional Conduct 3.7 states that a lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless the (1) lawyer's testimony relates to an

uncontested issue or matter; (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or (3) the lawyer has obtained formal written consent from the client. CA ST RPC Rule 3.7. The rule thus reflects that calling a party's advocate as a witness is disfavored. *See People v. Linton*, 56 Cal.4th 1146, 1148 (2013) ("Only in extraordinary circumstances should an attorney in an action be called as a witness, and before the attorney is called, defendant has an obligation to demonstrate that there is no other source for the evidence he seeks.")

Tauler Smith offers little by way of explanation for why Mr. Poe's testimony as a witness at trial would be necessary. *Cf. Benas v. Baca*, 2003 WL 21530209 (C.D. Cal. Jul. 1, 2003) (allowing attorney to testify as witness where testimony would be "highly relevant" to impeachment of percipient witness). In the pretrial order, Tauler Smith notes that "[a]lthough Tauler Smith recognizes it is unusual to call Plaintiffs' counsel at trial, doing so is necessary here because Mr. Poe personally provided evidence the Court relied on in denying summary judgment . . . Tauler Smith anticipates Mr. Poe will testify about the nature and circumstances behind the Vice News story." ECF No. 384 at 11. The Opposition briefing adds that "his testimony is directly relevant to offset." ECF No. 394. The Court concludes that these reasons are too thin to support the unusual and disfavored action of calling Mr. Poe, the Stores' lead trial counsel, as a witness at trial. Nothing in Tauler Smith's explanation points to why Mr. Poe, rather than any other witness, is absolutely necessary to provide testimony about the Vice News story. Nor is the Court convinced that Mr. Poe's testimony is necessary as to any offset issues— which, in any case, will most likely be a matter for the Court, not the jury, to decide after the liability phase of the trial has concluded. Allowing Tauler Smith to call Mr. Poe as a witness will lead to a cascade of potential issues involving disqualification and possible prejudice to Mr. Poe's clients. Weighing the possibility of that harm, the Court

HEREBY GRANTS Motion in Limine No. 5 and excludes Mr. Poe as a potential witness at trial.

### III.  CONCLUSION

The Court accordingly GRANTS Plaintiffs' Motions in Limine, ECF Nos. 388, 389, 390, 391, 392.

**IT IS SO ORDERED.**

Dated:  February 18, 2022

Hon. Gonzalo P. Curiel
United States District Judge