UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.:  18-cv-840-GPC-BGS<br><br>**ORDER DENYING COUNTER-DEFENDANT TAULER SMITH LLP'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** |

On January 7, 2022, Counter-Defendant Tauler Smith ("Tauler Smith") filed a Motion to Dismiss the Second Amended Counterclaim ("SACC"), which is the operative Complaint in what remains of this action. ECF No. 385.  On January 24, 2022, Defendant Roma Mikha, Inc. ("Roma Mikha"), Third-Party Plaintiff NMRM, Inc. ("NMRM"), and Third-Party Plaintiff Skyline Market, Inc. ("Skyline Market") (collectively, "the Stores" or "Plaintiffs[1]") filed their Opposition. ECF No. 387. On January 31, 2022, Tauler Smith

---

[1] Because the original Plaintiffs have been dismissed from the case, leaving the Stores in the position of Plaintiff, the Court will refer to the Stores as the Plaintiffs in this case.

1  replied. ECF No. 393. On February 17, 2022, the Court vacated the scheduled hearing on
2  the motion and took the matter under submission.

3  **I.   BACKGROUND**

4  The Court has recounted the procedural history of the case in detail elsewhere
5  (ECF No. 293) and will merely provide a short summary here. Outlaw Laboratory
6  initially hired Tauler Smith to bring claims against retailers and distributors of male
7  enhancement pills that were the subject of various FDA warnings. Tauler Smith sent out
8  "demand letters" to each of the Stores on behalf of its then-client, Outlaw Laboratory.
9  The letters asserted that the Stores were unlawfully selling products subject to FDA
10 warnings, and that the Stores' sales of the pills violated the Lanham Act and the
11 Racketeer Influenced Corrupt Organizations Act ("RICO"). The letters sought a
12 settlement from each store in order to avoid a lawsuit that would be brought by Tauler
13 Smith on behalf of its client, Outlaw (collectively, "the Enterprise"). Skyline Market
14 chose to settle, while other stores did not. Tauler Smith and Outlaw then brought a
15 lawsuit against the Stores. In response, the Stores counter-sued Outlaw and Tauler Smith,
16 claiming that the demand letters and ensuing litigation themselves constituted a violation
17 of RICO. Outlaw Laboratories and its founders Michael Wear and Shawn Lynch
18 (collectively, the "Outlaw defendants") have since settled with the Stores, leaving Tauler
19 Smith as the only remaining Counter-Defendant in the case. The Stores initially entered
20 in a settlement agreement with the Outlaw Defendants on June 24, 2020. ECF 359-1, Ex.
21 A. A dispute between Tauler Smith and the Stores regarding the settlement agreement led
22 the parties to the 2020 settlement agreement to modify the 2020 agreement and file a
23 Joint Notice of Settlement of the Stores' Claims Against Outlaw Laboratory, Michael
24 Wear, and Shawn Lynch, and Motion to Dismiss Same ("2021 Settlement"). ECF No.
25 362. According to the terms of the 2021 Settlement, the Outlaw Defendants paid the
26 Stores $125,000 in consideration of dismissal. The remaining causes of action to be tried

are the Stores' RICO claims against Tauler Smith under 18 U.S.C. § 1962(c) and § 1962(d). The Stores also seek the remedy of rescission of a settlement agreement on behalf of Skyline Market.

Tauler Smith now argues under Fed. R. Civ. P. ("Rule") 12(b)(1) that Plaintiffs the Stores lack standing because the Stores have been fully compensated by the amount of the 2021 Settlement. ECF No. 385-1 at 12. According to Tauler Smith, this compensation exceeds what Plaintiffs might have received at trial as treble damages, and thus Plaintiffs' claim is moot because the Stores have received all the relief they could have obtained through suit. *Id.* Tauler Smith thus urges the Court to dismiss the Second Amended Counterclaim for lack of subject matter jurisdiction due to mootness. To this point, the Stores counter that RICO provides for mandatory attorney's fees, and thus if the Stores prevail at trial the Court will be required to award fees and costs as part of the relief to which the Stores are entitled. ECF No. 387 at 3. Therefore, because this outstanding relief remains to be determined and awarded, the Stores have not yet received all the relief they are entitled to receive under RICO, and their case is therefore not moot.

Tauler Smith also argues, pursuant to Rule 12(b)(6), that the Second Amended Counterclaim should be dismissed because awarding damages to the Stores from Tauler Smith would violate the "one satisfaction rule." ECF No. 385-1 at 15. According to Tauler Smith, the one satisfaction rule bars a plaintiff from recovering the same damage from one coconspirator that has already been recovered from another—i.e. it bars a plaintiff from double recovery. The Stores argue that the one satisfaction rule does not bar their recovery because the Stores, if successful, will be entitled to attorney's fees and costs that far outweigh the difference between their damages and the amount of the 2021 Settlement. ECF No. 387 at 5. While the Stores agree that if Tauler Smith is found liable, it will be entitled to an offset in the amount of the 2021 Settlement, that offset "will not

3

come close to satisfying the combined damages, costs, and mandatory fees for which it will be liable," thus negating any risk of double recovery or unjust enrichment. *Id.*

## II. DISCUSSION

### A. Tauler Smith's Motion to Dismiss for Mootness Pursuant to Fed. R. Civ. P. 12(b)(1)

The doctrines of standing and mootness both pertain to a federal court's subject matter jurisdiction under Article III, and thus are properly raised under a Rule 12(b)(1) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Under the jurisdictional strictures of Article III, a federal court can only adjudicate a live case or controversy, and therefore, a case becomes moot and no longer justiciable when the issues presented are no longer live or where the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). An actual controversy must exist at all stages of the court's review, not merely at the time the complaint was filed. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

The basic question in determining mootness is whether there is a present controversy between the parties as to which effective relief can be granted. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998). "The party asserting mootness bears the heavy burden of establishing that there remains no effective relief a court can provide." *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (citing *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). "An action becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). The question is not whether the precise relief sought at the time the case was filed is still available, but whether there can be any effective relief. *McCormack v. Herzog*, 788 F.3d 1017, 1024 (9th Cir. 2015).

Civil RICO states that any person injured in his business or property by reason of a violation of § 1962 *shall* recover "threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). "An award of reasonable attorney's fees and costs under RICO is mandatory." *Valadez v. Aguallo*, No. C 08-03100 JW, 2009 WL 10680866, at *4 (N.D. Cal. Dec. 10, 2009) (collecting cases) (awarding attorney's fees of $123,480 even where plaintiffs only received nominal damages of $1 on their RICO claim).

The question Tauler Smith has brought before the Court is thus whether any effective relief remains to be awarded in this case, or whether the case is moot because there remains no effectual relief whatsoever that is in the Court's power to grant. Tauler Smith cites to a litany of cases to argue that a case is moot for lack of standing where attorney's fees are the plaintiff's sole injury, and that the only relief remaining to the Stores is precisely this type of attorney's fee. ECF No. 385-1 at 14. However, each of the cases upon which Tauler Smith relies is distinguishable because it deals with a deficiency of pleading at the outset of litigation—a different issue than the one presented before this Court. *See, e.g., Cobb v. Brede,* No. C 10-03907 MEJ, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) (plaintiffs' suit explicitly disavows seeking damages, and thus there is no federal jurisdiction because requirements of diversity jurisdiction cannot be met)[2];

---

[2] Tauler Smith argues that because *Cobb v. Brede* was decided "in the 18th month of litigation in that case," it is not a case that deals with whether the injury was properly plead at the outset. Regardless of the timing of the decision, the fact remains that in *Cobb*, the plaintiffs stated repeatedly and from the beginning of the litigation that they explicitly were *not* seeking damages. *Cobb,* 2012 WL 33242 at *3 ("In their SAC, Plaintiffs are adamant that they are not seeking any damages.") Nor did they properly plead diversity between the parties. These fatal deficiencies were present in the case from the beginning, i.e. the complaint and amended complaint—thus distinguishing the instant suit from *Cobb*.

*Martinez v. Quality Loan Serv. Corp*, No. CV 08-07767 MMM (PJWx), 2009 WL 586725, at *9 (C.D. Cal. Feb. 10, 2009) (granting defendant's motion to dismiss because plaintiff failed to plead element of concrete financial loss, where only losses pled were the costs of bringing suit and prospective injuries); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1204 (granting defendant's motion to dismiss because plaintiff failed to establish concrete financial injury from the outset, where legal fees in bringing the action and prospect of foreclosure were only alleged harms); *Walter v. Palisades Collection LLC*, 480 F. Supp. 2d 797, 805 (E.D. Penn. 2007) (holding that plaintiffs had RICO standing because of past legal fees, but not based on prospective fees or fees incurred in bringing RICO action); *Menjivar v. Trophy Properties IV DE, LLC*, No. C 06-03086 SI, 2006 WL 2884396, at *12 (N.D. Cal. Oct. 10, 2006) (finding that legal fees incurred in bringing suit cannot, standing alone, constitute sufficient injury to support RICO standing). By contrast, the Stores have met the burden that plaintiffs in the cited cases could not: they adequately pled a RICO injury to support standing, based on their loss of sales and attorney's fees previously incurred as a direct result of the Enterprise's scheme. ECF No. 190 at 17 (Order denying Tauler Smith's Motion to Dismiss the Second Amended Countercomplaint). The cases to which Tauler Smith cites are thus distinguishable and offer little help in establishing that the Stores' case is moot. Standing and mootness should not be confused—though related, the doctrines are not identical. As the Supreme Court explained in *Friends of the Earth*, "the description of mootness as 'standing set in a time frame' is not comprehensive." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). While *Friends of the Earth* dealt with the specific context of "capable of repetition, yet evading review" mootness, it clearly establishes that a plaintiff's case may avoid mootness even if, under the circumstances in which mootness is challenged, the plaintiff would have lacked standing to bring the initial case. *Id.* at 191 (discussing how change in plaintiff's circumstances

will not moot action despite the fact that she would have lacked initial standing had she filed the complaint after her transfer). Accepting the argument that attorney's fees and costs are all the relief that is left to the Stores thus does not necessarily moot their case, even if such fees and costs would have been insufficient to establish the Stores' initial standing. Put another way, it is true that "an interest in attorney's fees is, of course, insufficient to create an Article III case or controversy *where none exists on the merits of the underlying claim*." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (emphasis added). Here, however, this Court has already adjudicated the issue and found that the Stores did establish a controversy on the merits of the underlying claim.

"A lawsuit . . . becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through further litigation." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) (emphasis in original). Though a full offer of settlement renders a case moot, "a settlement offer does not result in mootness, however, if it does not provide all the relief a court might award." *Bd. Of Governors of the Fed. Rsrv. Sys. v. Shoaib*, 43 F.3d 1478, 1478 (9th Cir. 1994). Here, the settlement agreement with the Outlaw defendants did not provide all the relief a court might award. Accordingly, the Stores' case is not moot because two forms of relief remain: the attorney's fees and costs that are mandatory under RICO, and the judgment against Tauler Smith prayed for in the Second Amended Counterclaim. *See* ECF No. 114 at 33 (praying "[f]or judgment against Outlaw Laboratory, LP, Michael Wear, Shawn Lynch, and Tauler Smith LLP"); *see also Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 59 F.Supp.3d 617, 631 (S.D.N.Y. 2014) (to moot a plaintiff's claim, defendant must make an offer of judgment, not just settlement); *Winston v. Stewart Title and Guar. Co.*, 920 F. Supp. 2d 631, 636 (D. Md. 2013) (finding that plaintiff's case was not mooted by settlement offer because outstanding forms of relief remained, including attorney's fees); c*f. Chen*, 819 F.3d at 1142 (finding that plaintiff did not have a continuing interest in the

court's finding of liability against the defendant because the complaint sought only statutory damages and injunctive relief, not judgment). The Court also finds persuasive two cases cited to by the Stores which involve statutes that, like RICO, mandate attorney's fees for a prevailing plaintiff. These cases found that the plaintiffs had not been offered complete relief because, *inter alia*, the defendant had not paid attorney's fees and costs. *Luman v. NAC Mktg. Co., LLC,* No. 2:13-cv-00656-KJM-AC, 2017 WL 3394117, at *3 (E.D. Cal. Aug. 8, 2017); *T.K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at *12 (although defendant refunded plaintiff sums of money at issue in suit, the refund did not offer complete relief because it did not include interest, attorney's fees, or costs).

The Court therefore finds that Tauler Smith has not satisfied its heavy burden of establishing that there remains no effective relief whatsoever that the Court can provide. There is still a live controversy as to Tauler Smith's potential liability under RICO, and there remain two forms of relief available to the Stores which the Court has the power to award: judgment against Tauler Smith and mandatory attorney's fees/costs. The settlement offer—which was entered into between the Stores and the Outlaw defendants, not the Stores and Tauler Smith—does not operate to moot the Stores' claim given the remaining availability of relief to the Stores. The Court therefore DENIES Tauler Smith's Rule 12(b)(1) Motion to Dismiss.

### B. Tauler Smith's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Tauler Smith further argues that the Court should dismiss the SACC pursuant to Rule 12(b)(6) because awarding Plaintiffs damages against Tauler Smith would violate the one satisfaction rule. "The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Technology Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) (holding that one satisfaction rule applies in the RICO context, but that it does

not bar plaintiffs from pursuing treble damages). The one satisfaction rule is a corollary to the principle that "payment made by a joint tortfeasor diminishes the claim against the remaining tortfeasors." *Id.* (citing *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1389-90 (9th Cir. 1987)).

      A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, i.e. whether the complaint lacks either a cognizable legal theory or facts sufficient to support a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). In reviewing the motion, the Court accepts the allegations in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Tauler Smith does not explain why a Rule 12(b)(6) motion is the proper vehicle to assert its one satisfaction rule argument, nor does the Court find any reasoning that suggests such a procedural move is proper. Indeed, Tauler Smith's one satisfaction rule argument is a variation of the Rule 12(b)(1) Motion discussed above, which argues in essence that the Stores cannot recover because the settlement from the Outlaw defendants has already made them whole under RICO. The argument does not address the legal sufficiency of the SACC itself, nor does it attack the factual allegations underlying the SACC.

      Even assuming *arguendo* that Rule 12(b)(6) is a proper vehicle for Tauler Smith's one satisfaction rule argument, the Court is not convinced that this equitable principle justifies dismissing the action itself. Rather, the one satisfaction rule provides guidance in the event that Tauler Smith is found liable and the Court is tasked with calculating how much the Outlaw defendants' settlement affects what remains, if anything, of Tauler Smith's liability. The animating purpose of the one satisfaction rule is to prevent double recovery and unjust enrichment. *Id.* at 761. Given that, if the Stores are successful in their RICO claims against Tauler Smith, the amount of attorney's fees will probably far exceed the settlement amount paid to the Stores by the Outlaw defendants, it seems highly likely

that an unjust enrichment issue will be avoided. *See Uthe*, 808 F.3d at 762 (noting that payments from a previous settlement constitute "partial credits toward the full measure of damages for which a defendant may be liable under RICO, and would not operate to unjustly permit double recovery.") If found liable, Tauler Smith could receive an offset based on the damages paid by the Outlaw defendants to the Stores, thus mitigating any risk of double recovery or unjust enrichment. The extent to which the one satisfaction rule might bar recovery against Tauler Smith, if at all, is an issue best resolved after trial. *Peters v. Equifax Info. Servs. LLC*, 2013 WL 12169355, at *3 (C.D. Cal. 2013) (offset issues, if any, could be handled post-trial by the trial judge if necessary); *Cheetham v. Specialized Loan Servicing LLC*, 2021 WL 2137823, at *2 (W.D. Wash. May 26, 2021) ("[E]ven if the 'one satisfaction rule' does apply, offset issues can be resolved post-trial."). The one satisfaction rule is therefore not a principle that bars the Stores' claims from reaching the trial stage at all. Accordingly, the Court HEREBY DENIES Tauler Smith's Rule 12(b)(6) Motion to Dismiss.

### C.   Tauler Smith's Request for Judicial Notice

Tauler Smith asks the Court to take judicial notice of a docket report for the case *Cobb v. Brede*, 3:10-cv-03907-MEJ, 2012 WL 33242 (N.D. Cal. Jan. 6, 2012), which Tauler Smith attached to its reply brief. ECF No. 393-1 at 2. Tauler Smith also asks this Court to take judicial notice of ECF Nos. 362-1 and 384 (Joint Motion to Dismiss Party Outlaw Laboratory, LP, Michael Wear, Shawn Lynch by Skyline Market, Inc. and Pretrial Order, respectively).

A court may take judicial notice of extrinsic facts beyond the pleadings without converting a Rule 12(b)(6) motion to a motion for summary judgment where the material is properly submitted as part of the complaint, or if the matter is of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). As Tauler Smith itself points out, judicial notice of a filing on the Court's own docket is unnecessary. *Harris by & through*

*Lester v. Cnty. of Sacramento*, 2018 WL 3752176, n.3 (E.D. Cal. Aug. 8, 2018). Therefore, the Court declines to take judicial notice of ECF Nos. 362-1 and 384. Relatedly, because the Court did not rely on the docket report submitted by Tauler Smith for *Cobb v. Brede*, the Court also declines to take judicial notice of that document.

## III.  CONCLUSION

For the reasons stated above, the Court HEREBY DENIES Tauler Smith's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6), ECF No. 385. The Court also DENIES Tauler Smith's request for judicial notice.

**IT IS SO ORDERED.**

Dated: March 4, 2022

Hon. Gonzalo P. Curiel
United States District Judge