MARK POE (Bar No. 223714)
  mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
  rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
  ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for the Stores

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: OUTLAW LABORATORY, LP LITIGATION | Case No.   3:18-cv-840-GPC-BGS<br><br>**THE STORES' OPPOSITION TO TAULER SMITH'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**<br><br>Date:   May 20, 2022<br>Time:   1:30 p.m.<br>Court:   2D<br>Judge:   Hon. Gonzalo Curiel |

As the Court carefully explained in denying Tauler Smith's motion to dismiss, "[s]tanding and mootness should not be confused," and "'[a] lawsuit . . . becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through further litigation.'" Order Denying Mot. to Dismiss at 6, 7 (Dkt. No. 398) (quoting *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) (emphasis in *Chen*)). By appearances, Tauler Smith did not even read that order, so it continues to describe the issue on which it seeks certification as "whether a claim consisting solely of attorneys' fees and costs satisfies Article III's injury-in-fact requirement." Mem. at 4. But the "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Hill v. Norfolk and Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987). Tauler Smith's motion should be denied, because even if it were focused on the salient issue, it fails to meet two of the three requirements for section 1292(b) certification.

***First***, there is no "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to whether a midstream settlement by one defendant that fails to afford the plaintiff "all of the relief he or she could receive," *Chen*, 819 F.3d at 1144, renders the case moot as to a remaining defendant. This is sufficiently shown by the fact that Tauler Smith is unable to find a single case in the history of the judiciary where such an outcome has been sanctioned. Instead, in support of its argument that "reasonable jurists could debate" the issue, Mem. at 4, it recycles the same line of cases it had cited in its motion to dismiss, which—as the Court explained—all "deal[t] with a deficiency of pleading at the outset of litigation—a different issue than the one presented before this Court." Order at 5.

The only new wrinkle Tauler Smith adds is that some of the cases from that line were "decided at the summary judgment stage." Mem. at 4 (referencing *Evans v. City of Chicago*, 434 F.3d 916, 931-32 (7th Cir. 2006) and *Hotel, Motel, Restaurant & Hi–Rise Employees & Bartenders v. Pier 66 Co.*, 599 F. Supp. 761, 765 (S.D. Fla.

1984)).  But that is a distinction without a difference.  Summary judgment was granted by the district court in *Evans* because the plaintiff "lacked standing to bring [the RICO] claim" since he claimed only financial losses in conjunction with personal injuries and for pre-filing attorneys' fees he had incurred.  434 F.3d at 923-24.  The appellate court agreed that such injuries "do not provide a plaintiff with standing under the civil RICO statute."  434 F.3d at 931.  Identically, summary judgment was granted in *Hotel, Motel* because the only injury the union claimed was pre-filing attorneys' fees, such that "the Union fails to state a cause of action under federal RICO law."  599 F. Supp. at 765.  This Court's order correctly distinguished such cases, because regardless of the stage of the proceeding at which the case was dismissed, the "fatal deficiencies were present in the case from the beginning."  Order at 5 n.2.

***Second***, granting the motion would not "advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The only thing left to do in this case is to hold a trial.  Tauler Smith does not cite any case where either a district court or the Court of Appeals has certified a section 1292(b) issue on the eve of trial.  And for good reason—if Tauler Smith wins at trial, then the case will be over, and the issue presented in its motion (even when properly framed) will be irrelevant.  If Tauler Smith loses, on the other hand, it can then appeal both its trial loss and this Court's mootness ruling in a single appeal.

Tauler Smith's proposal, in contrast, would serve only to drag out the "ultimate termination" of this four-year-old case.  28 U.S.C. § 1292(b).  Although Tauler Smith nowhere contemplates what an appellate timeline would look like, even if both this Court and the Ninth Circuit granted permission for an interlocutory appeal, *id.*, obtaining such permission from the Ninth Circuit would likely take six months, and if it were granted, the appellate process would take another 18-24 months.  And because that appellate panel would not be empowered to overrule *Chen* or the Circuit's other mootness precedent, the case would inevitably be remanded for trial

some time in 2024 or 2025. Much more efficient to hold the trial first, and then allow the Ninth Circuit to address all of the issues in a single appeal.

## CONCLUSION

For the foregoing reasons, Tauler Smith's motion should be denied.

Dated: March 15, 2022                    GAW | POE LLP

                                         By:   s/ *Mark Poe*
                                                Mark Poe

1 | **CERTIFICATE OF SERVICE**

2 | Case No. 3:18-cv-840-GPC-BGS

3  I HEREBY CERTIFY that on the date stamped in the header above, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the following document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

GAW | POE LLP

By:   s/ *Mark Poe*
      Mark Poe
      Attorneys for Defendants,
      Counterclaimant, and Third-Party Plaintiffs