UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OUTLAW LABORATORIES, LP LITIGATION | Case No.:  18-cv-840-GPC<br><br>**ORDER DENYING COUNTER-DEFENDANT TAULER SMITH LLP'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**<br><br>**[ECF No. 399]** |

On March 14, 2022, Counter-Defendant Tauler Smith ("Tauler Smith") filed a motion for certification of an interlocutory appeal as to "whether a RICO claim consisting solely of a prayer for attorneys' fees and costs of suit satisfies Article III's injury-in-fact requirement, regardless of the stage of the litigation." ECF No. 399 at 2. Defendants ("the Stores") filed an opposition. ECF No. 400. Tauler Smith replied. ECF No. 402. Having considered the parties' arguments and filings, the Court HEREBY DENIES Tauler Smith's motion for certification of an interlocutory appeal. The Court finds this matter suitable for disposition on the papers and HEREBY VACATES the hearing date previously set for May 20, 2022.

1

18-cv-840-GPC

## I. BACKGROUND[1]

The instant motion is related to Tauler Smith's previous Motion to Dismiss, ECF No. 385. In that motion, Tauler Smith argued that the Stores lacked Article III standing to pursue their claims because the Stores' settlement with the Outlaw Defendants for $125,000 constituted full satisfaction, and thus under the one satisfaction rule, mooted any claims they might have against the Outlaw Defendants' joint tortfeasor, Tauler Smith. ECF No. 385-1 at 13. This Court rejected that argument in denying Tauler Smith's motion to dismiss. ECF No. 398 at 8. In its March 4, 2022 Order, ECF No. 398, ("March 4th Order"), the Court distinguished Tauler Smith's cited authority because the cited cases involved deficiencies in pleading present at the outset of litigation, where plaintiffs had never successfully established concrete financial injuries supporting standing. *Id.* at 5-6. This Court concluded that Tauler Smith had not satisfied its heavy burden in establishing that there remains no effective relief whatsoever that the Court can provide, because there is still a live controversy as to Tauler Smith's own potential liability under RICO, and because there remain two forms of relief available to the Stores which the Court has the power to award: judgment against Tauler Smith and mandatory attorney's fees and costs as provided for by the RICO statute. *Id.* at 8.

Tauler Smith now moves this Court to certify the Court's March 4th Order for interlocutory appeal under 28 U.S.C. § 1292(b), phrasing the issue thus: "whether a RICO claim consisting solely of a prayer for attorneys' fees and costs of suit satisfies Article III's injury-in-fact requirement, regardless of the stage of litigation?" ECF No. 399-1 at 2.

---

[1] The Court has provided a fuller account of this case's procedural and factual history elsewhere, and therefore the Court proceeds directly to the specific matter at hand. *See* ECF No. 293; ECF No. 398 at 2.

## II. DISCUSSION

### A. Legal Standard for Certification of Interlocutory Appeal

Under the final judgment rule, a Court of Appeal has jurisdiction over appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291; *Couch v. Telescope*, 611 F.3d 629, 632 (9th Cir. 2010). "Thus parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Id.* (citing *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008)). A narrow exception to the final judgment rule exists as laid out in 28 U.S.C. § 1292(b), which states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

In other words, before a Court of Appeal has jurisdiction to hear an interlocutory appeal, the district court must certify its order for appeal. This requires that the district court determine: (1) that there is a controlling question of law; (2) that there is substantial ground for difference of opinion as to that controlling question; and (3) that an immediate resolution of the question may materially advance the ultimate termination of the litigation. *ICTSI Oregon, Inc. v. Int. Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

The controlling question must be one of law, not fact, and its resolution must materially affect the outcome of litigation in the district court. *Id.* The "substantial grounds" prong is satisfied when novel legal issues are presented, "on which fair-minded jurists might reach contradictory conclusions." *Id.* (citing *Reese v. BP Expl. (Alaska) Inc.*,

643 F.3d 681, 688 (9th Cir. 2011). Finally, the "materially advance" prong is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the district court proceedings. *Id.* (citing *In re Cement*, 673 F.2d at 1027).

"The decision to certify an issue for interlocutory appeal is discretionary . . . and the district court should apply the requirements strictly and certify for interlocutory appeal only when exceptional circumstances justify a departure from the well-established policy of postponing appellate review until after a final judgment." *Stiner v. Brookdale Sr. Living, Inc.*, 383 F.Supp.3d 949, 957 (N.D. Cal. 2019) (internal quotation marks and citations omitted). The party seeking the interlocutory appeal bears the burden of demonstrating that the certification requirements have been met. *Couch*, 611 F.3d at 633.

### B. Whether Tauler Smith has met its Burden

#### 1. Controlling Question of Law

Tauler Smith argues that the question presented is a controlling one, because if the Appeals Court establishes that the Stores in fact lack standing, or that their claim has been mooted, then the case will end. Because the question of standing goes to the fundamental question of jurisdiction, the Court concludes that there is a controlling question of law to be addressed, as required by 28 U.S.C. § 1292(b).

#### 2. Substantial Ground for Difference of Opinion

Next, Tauler Smith argues that there is substantial ground for a difference of opinion because the Ninth Circuit has not addressed the issue as framed by Tauler Smith. Furthermore, Tauler Smith argues that reasonable jurists could disagree, and cites to a litany of cases in support of the proposition that attorneys' fees do not constitute the requisite injury to support standing under RICO. The Stores counter that there is no ground for a difference of opinion because Tauler Smith is unable to point to any cases, in this circuit or in others, where "a midstream settlement by one defendant that fails to

afford the plaintiff all of the relief he or she could receive . . . renders the case moot as to a remaining defendant." ECF No. 400 at 2.

One of the cases Tauler Smith cites in support of its argument, *Menjivar v. Trophies IV DE, LLC*, No. C 06-03086 SI, 2006 WL 2884396 (N.D. Cal. Oct. 10, 2006), is one which the Court already distinguished in its Order denying Tauler Smith's motion to dismiss. ECF No. 398 at 6. *Menjivar* is therefore of no help to Tauler Smith in this motion either. Nor does the Court find that any of Tauler Smith's other cited cases are sufficient to convince this Court that there is substantial ground for a difference of opinion on the issue. Strictly speaking, none of the cited cases speak directly to the situation in this case, as all of the cited authority involves contexts where the plaintiff was never able to plead a cognizable injury from the outset. *See Evans v. City of* Chicago, 434 F.3d 916, 931-32 (7th Cir. 2006) (no cognizable injury under RICO for personal injury or for attorneys' fees flowing from personal injury); *Kashelkar v. Rubin & Rothman*, 97 F.Supp.2d 383, 391 (S.D.N.Y. 2000) (no cognizable RICO injury because plaintiff was only ever able to plead personal injury, not injury to business or property); *Hotel, Motel, Restaurant & Hi-Rise Employees & Bartenders v. Pier 66 Co.*, 599 F.Supp.761, 765 (S.D. Fla. 1984) (no cognizable RICO injury because union was only ever able to allege attorneys' fees/costs, rather than any other injuries to business or property). Whether or not the issue of injury came before the deciding court in these cases at the motion to dismiss stage or at summary judgment does not change the fact that plaintiffs in the cited cases were *never* able to point to any cognizable injury under RICO. These cases therefore do not demonstrate that courts have disagreed as to the circumstances present *here*: where the Stores had adequately pled injury under RICO, and then a settlement with one defendant left open the issues of attorneys' fees, costs, and judgment as to another defendant. The Court finds that Tauler Smith has not carried its burden in showing that "exceptional circumstances justify a departure from the well-established

5

1 policy of postponing appellate review until after the entry of a final judgment." *Coopers
2 & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (superseded on other grounds as stated
3 in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017)).

### 3. Whether Immediate Resolution Would Materially Advance Litigation

Certification will not materially advance the litigation where an interlocutory appeal would prolong the litigation rather than advance its resolution. *Syufy Enters. V. Am. Multi-Cinema, Inc.*, 694 F.Supp. 725, 729 (N.D. Cal. 1988). Tauler Smith argues that if the Court of Appeals takes up the question after this Court certifies it for appeal, and finds in Tauler Smith's favor, then the need for trial will be obviated. ECF No. 399-1 at 3. The Stores argue that certification would drag out the case further because an appeal could take over two years, including the time it would take to obtain permission from the Ninth Circuit for the appeal itself, and trial may proceed anyway if Tauler Smith loses the interlocutory appeal. The Court agrees that Tauler Smith has not met its burden to show that an interlocutory appeal would materially advance the litigation. Because the only stage remaining is trial itself, an appeal at this stage is much more likely to prolong the litigation rather than shorten it. There are no steps of the litigation short of trial itself that could be bypassed by the interlocutory appeal. *Cf. T.P. by and through S.P. v. Walt Disney Parks and Resorts U.S., Inc.*, 445 F.Supp.3d 665, 671 (C.D. Cal. 2020) (interlocutory appeal would materially advance litigation by allowing parties to skip additional bellwether phases); *Thompson v. Crane Co.*, No. 11-00638 LEK-RLP, 2012 WL 2359950, at *7 (interlocutory appeal would materially advance litigation by obviating need for summary judgment stage).

## III. CONCLUSION

Tauler Smith has not met its burden in demonstrating that all three statutory elements of 28 U.S.C. § 1292(b) are met. This Court therefore DENIES the motion to certify an interlocutory appeal.

**IT IS SO ORDERED.**

Dated:  May 6, 2022

Hon. Gonzalo P. Curiel
United States District Judge