MARK POE (Bar No. 223714)
mpoe@gawpoe.com
RANDOLPH GAW (Bar No. 223718)
rgaw@gawpoe.com
SAMUEL SONG (Bar No. 245007)
ssong@gawpoe.com
VICTOR MENG (Bar No. 254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Roma Mikha, Inc., NMRM, Inc. and Skyline Market, Inc.

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

Attorneys for Counter-Defendant Tauler Smith LLP

**SERGENIAN LAW, A PROFESSIONAL CORPORATION**
David A. Sergenian (SBN 230174)
2355 Westwood Blvd. #529
Los Angeles, CA 90064
Telephone: (213) 435-2035
e-Mail: david@sergenianlaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: OUTLAW LABORATORY, LP LITIGATION

Case No. 3:18-cv-840-GPC-BGS

**JOINT WITNESS LIST**

Trial: March 14, 2023
Time: 8:30 a.m.
Judge: Hon. Gonzalo Curiel
Court: 2D

# JOINT WITNESS LIST

Pursuant to this Court's Jury Trial Preparation and Scheduling Order, Roma Mikha, Inc.; NMRM, Inc. and Skyline Market, Inc. (collectively, "the Stores," or Plaintiffs), and Tauler Smith LLP, hereby submit the below witness list.

| **Name** | **Party Calling** | **Time Estimate** | **Substance of Testimony** |
|---|---|---|---|
| Raid "Roy" Mikha | Plaintiffs | Direct: .75<br>Cross: 1 | Roma Mikha, Inc. and NMRM, Inc.'s receipt of the demand letter and reactions and responses thereto. Those stores damages through their halt of sales of the challenged products. |
| Fred Mokou | Plaintiffs | Direct: .75<br>Cross: 1 | Skyline Market's receipt of the demand letter and its reactions and responses thereto. Skyline Market's reasons and considerations that went into its decision to settle based on the demand letter. |
| Rami Abbouna[1] | Plaintiffs | Direct: .25<br>Cross: .25 | Magic Market's receipt of the demand letter and its reactions and responses thereto. |

[1] In the event that Mr. Abbouna, Ms. Esshaki, and/or Mr. Watson becomes unavailable, the Stores reserve the right to substitute in one or more of the other store witnesses they identified as "expect to call" or "may call" witnesses in the Pretrial Conference Order. ECF No. 384 at 5-7. All of those witnesses were the proprietors of one or more of the retailers named as defendants in the *San Diego Outlet* case that Tauler Smith filed on behalf of Outlaw Laboratory that was the genesis of this action. Contrary to Tauler Smith's claim below, all of these witnesses were identified as witnesses pursuant to the supplemental Rule 26(a) disclosures that the Stores served on Tauler Smith's counsel on June 1, 2020, under the same case caption that appears above.

| | | | |
|---|---|---|---|
| Hala Esshaki | Plaintiffs | Direct: .25<br>Cross: .25 | Criscola Liquor's receipt of the demand letter and its reactions and responses thereto. |
| Mark Watson | Plaintiffs | Direct: .25<br>Cross: .25 | Midway M3 Shell's receipt of the demand letter and its reactions and responses thereto. |
| Joseph Valerio | Plaintiffs | Direct: 1.0<br>Cross: 2 | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's role in conducting the Enterprise, its interactions with recipients of the demand letter, and Tauler Smith's receipt and disposition of funds from the scheme. |
| Michael Wear | Plaintiffs | Direct: 1.5<br>Cross: 2 | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's, Outlaw's, and other members' respective roles in conducting the Enterprise. |
| Shawn Lynch | Plaintiffs | Direct: 1.0<br>Cross: 2 | The origins and operations of the scheme described in the Stores' operative pleading, including Tauler Smith's, Outlaw's, and other members' respective roles in conducting the Enterprise. |
| Robert Tauler | Plaintiffs | Direct: 1.5 | The origins and operations of the scheme described in the |

| | | | |
|---|---|---|---|
| | | Cross: Reserved for case in chief. | Stores' operative pleading, including the roles of Tauler Smith and other members in conducting the Enterprise, the scope of the scheme, the amount of money it has taken in as a result. |

**Tauler Smith's Witnesses & Objections**

| Name | Party Calling | Time Estimate | Substance of Testimony |
|---|---|---|---|
| Robert Tauler | Defendant | Direct: 1.5<br>Re-cross: .5 | Mr. Tauler is the managing partner of Tauler Smith, one of the defendants in this case. Mr. Tauler will testify about the legal services he was hired to provide on Outlaw's behalf and the resulting litigation he initiated. |
| Matthew J. Smith | Defendant | Direct: .75<br>Cross: .5 | Mr. Smith is a partner of Tauler Smith, one of the defendants in this case. Mr. Smith will testify about the legal services his firm was hired to provide on Outlaw's behalf and the resulting litigation it initiated. |
| Freddie Garmo | Defendant | Direct: .75 | Mr. Garmo was counsel for Plaintiff Skyline when it signed the Release contained in the Settlement Agreement. |

| | | | |
|---|---|---|---|
| | | Cross: .5 | He will testify about the circumstances behind Skyline's execution of the Release and the legal impact of it. |
| Eric Boss | Defendant | Direct: .75<br>Cross: .5 | Mr. Boss is an attorney who works at the Pulaski Law Firm. He will testify about the financing his firm provided to Outlaw as part of its investigation into Plaintiffs' misconduct. |

In addition, insofar as "[Store 1]" "[Store 2]" and "[Store 3]" on the Stores' Witness List refers to Hala Esshaki, Rami Abbouna, and Mark Watson, respectively, Tauler Smith objects on the following grounds.

*First*, Tauler Smith objects on the grounds that the witnesses were not disclosed pursuant to Rule 26(a), which provides that a party's Rule 26 disclosures must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are not allowed to call witness not disclosed under Rule 26(a). *See, e.g.*, Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").

*Second*, allowing other store owners—none of whom are parties to this case—to offer similar incident evidence testimony against Tauler Smith would be unduly prejudicial. *See* Fed. R. Evid. 403; *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 914 (8th Cir. 2017) (courts should be "mindful that admitting similar-incident evidence

carries the risk of raising extraneous controversial points, lead[ing] to a confusion of the issues, and present[ing] undue prejudice disproportionate to its usefulness.") (internal quotation marks omitted).

Dated: March 1, 2023

GAW | POE LLP

By: s/ *Mark Poe*
Mark Poe
Attorneys for the Stores

KJC LAW GROUP, A.P.C.

By: */s/ Kevin J. Cole*
Kevin J. Cole
Attorneys for Tauler Smith

# CERTIFICATE OF SERVICE

Case No. 3:18-cv-840-GPC-BGS

I HEREBY CERTIFY that on the date stamped in the header above, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the following document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

GAW | POE LLP

By: s/ *Mark Poe*
Mark Poe
Attorneys for the Stores