Freddy A. Garmo, Esq. (SBN 176933)
GARMO & GARMO, LLP
5464 Grossmont Center Dr., Ste. 300
La Mesa, CA 91942
Tel: (619) 441-2500
Fax: (619) 631-6444

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re Outlaw Laboratory, LP Litigation** | Case No. 3:18-cv-840-GPC-BGS Consolidated with 3:18-cv-1882-GPC-BGS<br><br>**Memorandum of Points and Authorities in Support of Witness Freddy Garmo's Motion to Quash Non-Party Trial Subpoena (Fed. R. Civ. P. 45)**<br><br>Date:  March 13, 2023<br>Time:  3:30 PM<br>Dept.:  2D |

Freddy A. Garmo, Esq. of Garmo & Garmo LLP (the "Subpoenaed Party") hereby submits the following memorandum of points and authorities in support of his Motion to Quash the Subpoena to Appear and Testify at Trial (the "Trial Subpoena") issued to him by Third Party Defendant Tauler Smith LLP on or about February 28, 2023.

## I.
## INTRODUCTION

The Trial Subpoena should be quashed.  The testimony sought is not relevant and is subject to the attorney-client privilege. Immediately upon service, the Subpoenaed Party communicated his objection to counsel for Tauler Smith LLP, who has refused to withdraw the Trial Subpoena. The Subpoenaed Party was forced to incur legal fees and costs in bringing this Motion to Quash the Trial Subpoena.

Respectfully, the Court should recognize that the testimony sought by Tauler Smith is irrelevant and protected by the attorney-client privilege. As no exception or waiver is applicable, the Trial Subpoena should be quashed.

## II.
## STATEMENT OF FACTS

**A.     The Subpoenaed Party's Involvement with a Pre-Litigation Settlement.**

In 2018, the Subpoenaed Party was retained by Skyline Market, Inc. and its officers/directors/shareholders in connection with a demand letter that Skyline Market, Inc. received from Tauler Smith LLP on behalf of Outlaw Laboratory, LP. The demand letter was accompanied by an unfiled copy of a federal lawsuit. The Subpoenaed Party assisted Skyline Market, Inc. and its officers/directors/shareholders in reaching a settlement with Outlaw Laboratory, LP. See the Declaration of Freddy Garmo in support of this Motion (the "Garmo Dec.") at ¶4.

**B.     Service of the Trial Subpoena on March 6, 2023 and Notice of Objection.**

On or about March 6, 2023, the Subpoenaed Party was served with the subject Trial Subpoena. See Garmo Dec. at ¶3.  A true and correct copy of the Trial Subpoena dated February 28, 2023 is attached to the Garmo Dec. as **Exhibit A**.

The same day, the Subpoenaed Party contacted Kevin Cole, Esq. of KJC Law Group, APC, by phone to discuss the nature of the testimony intended to be elicited via the Trial Subpoena. Mr. Cole indicated that he intended to elicit the following areas of testimony: (1) the terms and conditions contained in the settlement agreement between Skyline Market, Inc. and Outlaw Laboratory LP; (2) whether the settlement agreement had been fraudulently induced by Tauler Smith and/or Outlaw Laboratory LP; and (3) what the Subpoenaed Party had advised Skyline Market, Inc. regarding the demand letter they had received from Tauler Smith on behalf of Outlaw

Laboratory LP. See Garmo Dec. at ¶3. In response, the Subpoenaed Party replied that due to the attorney-client privilege; his testimony would be very limited to things outside the attorney-client privilege.  See Garmo Dec. at ¶5.  To date, Mr. Cole has not agreed to withdraw the Trial Subpoena, leaving the Subpoenaed Party with no other option but to file this Motion.

### III.
### THE TESTIMONY SOUGHT TO BE ELICITED IS NOT RELEVANT TO THE ISSUES REMAINING IN THE CASE

Each party generally has the right to obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case.  FRCP 26(b)(1).  The Subpoenaed Party is not a party to this action and has been forced to conduct extensive research into the pleadings to determine why his testimony would be relevant to Tauler Smith's defenses in this case.  Based on the aforementioned research, it appears that the only remaining issue to be determined is whether the Outlaw Laboratory defendants or Tauler Smith violated the RICO Act. However, none of the areas of testimony identified by Mr. Cole are relevant to the counterclaimants' RICO claims against Tauler Smith. The pre-litigation settlement that the Subpoenaed Party assisted with in 2018 has absolutely no relevance to whether Tauler Smith engaged in a scheme to defraud in violation of the RICO Act.

As none of the testimony topics relate to Tauler Smith's alleged violations of RICO, they are irrelevant, unduly burdensome and intended only to harass the Subpoenaed Party who is not a party to this action and, as such, provided protections from incurring significant expense resulting in compliance. *See* FRCP 45(d)(2)(B)(ii). It would be a significant expense and undue hardship on the Subpoenaed Party to appear and provide testimony. The burden of the Trial Subpoena far outweighs its likely benefits given that the information sought is irrelevant to the issues remaining in this case.

# IV.
# THE TESTIMONY SOUGHT FROM THE SUBPOENAED PARTY IS PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE

Tauler Smith LLP seeks testimony from the Subpoenaed Party in his capacity as prior counsel for the Skyline Market, Inc. and its officers/directors/shareholders. See Garmo Dec. at ¶3-4.  The only testimony the Subpoenaed Party can give is clearly protected by the attorney-client privilege.  The attorney-client privilege protects confidential communications between a client and an attorney from disclosure "(1) (w)here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf* (9th Cir. 2010) 610 F3d 1148, 1156; *Exxon Mobil Corp. v. Hill* (5th Cir. 2014) 751 F3d 379, 382.  While there are some exceptions, the Subpoenaed Party is not aware of any applicable exception, and to date, there has not been a waiver of the attorney-client privilege.

All communications between the Subpoenaed Party and his former clients are privileged.  See Garmo Dec. at ¶5.  Tauler Smith has not articulated how any limited, non-privileged information testimony from the Subpoenaed Party would be remotely relevant to its defense.  This subpoena is nothing more than a flagrant attempt to harass and annoy the Subpoenaed Party by requesting what any law student would know is privileged information.  The Court should impose Rule 11 sanctions against Tauler Smith for this frivolous request.  The Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter if no exception or waiver applies.  See FRCP 45(d)(3)(A)(iii).  The Subpoenaed Party does not have any testimony to proffer that is not subject to the privilege.

///

# V.
# <u>CONCLUSION</u>

For the foregoing reasons, the Trial Subpoena should be quashed. Pursuant to Rule 45(d)(1)—and possibly Rule 11, at the Court's discretion—the Court should impose a sanction jointly and severally on Tauler Smith LLP and its counsel for the out of pocket costs and reasonable attorneys' fees that the Subpoenaed Party incurred in filing this motion.


DATED: March 9, 2023          s/ Freddy Garmo
                              GARMO & GARMO, LLP
                              BY:  FREDDY A. GARMO, ESQ.

# CERTIFICATE OF SERVICE

In Re: Outlaw Laboratory, LP Litigation, Case No.: 3:18-cv-00840- GPC-BGS

I hereby certify that on March 9, 2023, copies of Witness Freddy Garmo's Memorandum of Points and Authorities in Support of his Motion to Quash Non-Party Trial Subpoena (Fed. R. Civ. P. 45) were filed electronically through the Court's CM/ECG system, and served by U.S. mail on all counsel of record unable to accept electronic filing.

DATED: March 9, 2023                    s/ Veronica Lopez
                                        GARMO & GARMO, LLP
                                        BY:  VERONICA LOPEZ, ESQ.